UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Matthew-Lane Hassell
Plaintiff(s)

v.

Case No. 1:23-cv-00472

Cheryl L. Kimbark
Defendant(s)

MOTION TO/FOR       Dismissal With Prejudice

(enter title of motion)

1. Mr. Hassell is not filing this claim in good conscience and good faith, and as required by law the complaint failed to state a claim that the law recognizes as enforceable against Cheryl L. Kimbark. Matt Hassell has not provided any fact or common-sense details to support a demand for any financial compensation.

2. Mr. Hassell in his lawsuit has outlined Title 18 § 3571 which the law outlines as, "A defendant who has been found guilty of an offense may be sentenced to pay a fine". This is a frivolous and false claim, wasting the courts time and is not applicable to Cheryl L. Kimbark because she has not been found guilty of any offense and not subject to a fine.

3. Mr. Hassell in his lawsuit references Section 626:8 'Criminal Liability for Conduct of Another' states that, "A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both". This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable.

4. Mr. Hassell in his lawsuit references Section 626:2 - 'General Requirements of Culpability' which states, "A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense". This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable.

5. Mr. Hassell in his lawsuit references Section 633:2 'Criminal Restraint', which states, "A person is guilty of a class B felony if he knowingly confines another unlawfully in circumstances exposing him to risk of serious bodily injury". This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable. The family court deemed his supervised visitations at 3 Stoneleigh Drive as appropriate and valid given his obvious instabilities and questionable judgements. Mr. Hassell is free to arrive at the set court time and is free to leave at any time. No one restrains him at the home on 3 Stoneleigh Drive, Derry, NH. His claim to risk serious bodily injury can be proven as perjury with pictures of him sleeping on my couch during his visitation time with Phoenix.

USDCNH-101 (Rev. 12/1/21)

Case 1:23-cv-00472-JL-AJ   Document 10   Filed 11/14/23   Page 2 of 7

Enter text of motion using numbered paragraphs (explain what you want the court to do). The field will expand as you type.

6. Mr. Hassell in his lawsuit references Section 633:3 'False Imprisonment' which states, "A person is guilty of a misdemeanor if he knowingly confines another unlawfully, as defined in RSA 633:2, so as to interfere substantially with his physical movement". This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable. The family court deemed his supervised visitations at 3 Stoneleigh Drive as appropriate and valid given his previous alcohol violations and violence, we have supporting documentation that outlines his lack in judgment (Arrest # 20-563-AR). Mr. Hassell is free to arrive at the set court time and is free to leave at any time. No one interferes substantially with him at the home on 3 Stoneleigh Drive, Derry, NH and his physical movements are not limited.

7. Mr. Hassell in his lawsuit references Section 641:1 'Perjury'. This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable. There are several documented cases where Mr. Hassell has provided false statements to the family court and noted herein and in the History sections (reason why he missed court 12/18/22).

8. Mr. Hassell in his lawsuit references Section 641:2 'False Swearing'. This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable. As outlined in the History Section (A) Cheryl L. Kimbark contacted the Manchester Police Department on 11/12/22, to request a welfare check for Devin Kimbark and Phoenix Hassell. Cheryl L. Kimbark did not complete a police report.

9. Mr. Hassell in his lawsuit references Section 641:4 'False Reports to Law Enforcement'. This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable. On 11/12/22 when the Manchester Police were called to perform a welfare check, no police report was filed.

10. Mr. Hassell in his lawsuit references Section 644:11 'Criminal Defamation'. This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable. Mr. Hassell has filed documents knowingly completed with false claims about Cheryl L Kimbark as outlined in Historical Section (A).

11. Mr. Hassell states in his pleadings under Count III FACTS (page 4), a false statement. He states that 'Cheryl Kimbark filed a false police report'. As outlined in the Historical Section (A), Cheryl Kimbark contacted the Manchester Police for a welfare check and did not file any reports.

12. Mr. Hassell states in his pleadings under Count III FACTS (page 4), a false statement. The statement is listed as number 2), "Cheryl Kimbark claimed to police that, Ms. Kimbark (Devin) was trying to leave our domicile...". As outlined in the Historical Section (A), Cheryl Kimbark was able to hear Mr. Hassell on the phone, yelling aggressively. Based on previous violent interactions with Devin Kimbark, involving the Manchester Police, Cheryl L. Kimbark requested a welfare check, out of fear for Devin Kimbark and Phoenix Hassell's safety and well-being. Also noted in the Historical section, Mr. Hassell only moved his truck once he was told police were on their way. He was in fact not allowing Devin Kimbark and Phoenix Hassell to leave his home.

13. Mr. Hassell states in his pleadings under Count III FACTS, a false statement. The statement is listed as number 1), "Mark and Cheryl Kimbark, who without having any firsthand knowledge of any claims being made, involved the City of Manchester Police". Cheryl L. Kimbark did in fact, have firsthand knowledge from the phone call she was having with Devin Kimbark, as outlined in the Historical Section (A). Based upon Mr. Hassell's previous behavior (18 convictions) Cheryl L. Kimbark believed Devin Kimbark and Phoenix Hassell were in grave danger. (Documentation attached).

14. It's abundantly clear that Mr. Hassell is not satisfied with the lower level family court decisions that are in favor of the plaintiffs daughter Devin Kimbark (who has solely cared for Phoenix Hassell). Therefore, every person involved with this case is subjected to Mr. Hassell's offensive, unverified allegations and nonsensical repetitive filings at both the family courts and now this Civil Court Lawsuit. Mr. Hassell has denounced his citizenship in family court, identifies himself as a sovereign citizen or, "sentient being that resides on the land". We have spent a small fortune in the family court to ensure our family is safe from Mr. Hassell's delusional arguments. It is our desire, based on Mr. Hassell's previous repetitive filings, his lack of clear judgment, and the threatening manifesto documents Mr. Hassell continues to file at family court, that this proceeding be dismissed with prejudice. Our goal would be to prevent future harassment of our family and Mr. Hassell's continued efforts to overtax the NH court system with immaterial, nonsensical and inappropriate pleadings.

15. Motion to dismiss with prejudice, as Mr. Hassell does not recognize the court's rulings. Similar to a sovereign citizen (he states sentient being), it could be argued that if the court lacks power over the plaintiff, the case should be dismissed with prejudice for lack of personal jurisdiction.

16. Motion to dismiss with prejudice, as Mr. Hassell has shown the vexatious nature of his actions, with his attempt to file inappropriate nonsensical motions. This action supports the request for the defendants motion to dismiss with prejudice.

17. Should the Honorable Judge decide not to grant the dismissal motion, Cheryl L. Kimbark respectfully requests that the court provide an additional 60 days to provide an official 'Answer to Claims'.

## Historical Section

A. 11/12/22
   1. At approximately 11am, Devin Kimbark and Mr. Hassell were arguing. Mr. Hassell would not allow Devin Kimbark to leave with Phoenix Hassell (newborn) for a pre-planned visit with Mark and Cheryl Kimbark. Mr. Hassell parked his vehicle behind Devin Kimbark's vehicle, and refused to move his truck which blocked Devin Kimbark and Phoenix Hassell from leaving. Cheryl L. Kimbark could hear Mr. Hassell shouting aggressively. Mr. Hassell took the house key he had allowed Devin Kimbark to use, and would not allow Devin Kimbark to re-enter the house to retrive baby items for the visit with her parents. Cheryl Kimbark called the Manchester Police to perform a welfare check, as there have been previous domestic violence incidents where Manchester Police were called to Mr. Hassell's domicile.

   2. Mr. Hassell only moved his truck, once learning the police were called. Though operational the day prior, Devin Kimbark's Jeep did not start. It was observed that the battery was dead. The car was parked inside the garage. During this time there was a 3-way text message chain, between Mark Kimbark, Cheryl Kimbark and Devin Kimbark. Mark Kimbark and Brodan Kimbark (age 15) were practicing driving (required driving hours). Mark Kimbark drove to Mr. Hassell's address to assist if needed. Mark Kimbark parked down the street and informed Devin Kimbark that he was nearby.

   3. At approximately 12pm Manchester Police arrived on scene (Officers Connors, Daigneault, Pereira). Mr. Hassell had refused to assist Devin Kimbark in starting the vehicle and refused to allow anyone to assist in getting the vehicle moved from the garage as it was "in his house and considered his property". As the listed owner of the Jeep, the Manchester Police Officers asked Mark Kimbark if he wanted to file a report for a stolen vehicle and Mark Kimbark said 'yes'. It was only then that Mr. Hassell agreed to assist in getting the vehicle moved from his garage and helped jump start the car.

   4. At approximately 1pm Mr. Hassell refused to allow Devin Kimbark to re-enter his home to obtain clothing for herself (she was in flip flops and no coat) and Phoenix Hassell (without warm clothes, breast milk) and other items necessary to care for their baby. Mr. Hassell stated they were, "his" and in, "his" home. Devin Kimbark and Phoenix Hassell had to leave his domcile with nothing but the clothes on their backs. Devin Kimbark, who was breast feeding at the time, didn't even have the charging cord or appropriate attachments to pump for their three week old infant. Devin Kimbark even had to leave her two cats at Mr. Hassell's apartment.

   5. At approximately 2pm Mr. Hassell disconnected Devin Kimbark's cell phone.

   6. Mr. Hassell never called the house to check on infant Phoenix.

B. 11/14/2022
   1. Mr. Hassell filed an ex parte motion with the Manchester Court with several slanderous and perjuring statements about Mark and Cheryl Kimbark, their home, and their dog. Ex parte hearing was 11/30/22.
   2. Manchester Police attempted once again to recover necessary items (clothes, shoes, baby items) from Mr. Hassell, he refused, even after receiving a personal call from an Officer.
   3. Mr. Hassell had offered to care and love Devin Kimbark's two cats until she could get her belongings. However, Mr. Hassell dropped the cats off at the Manchester Animal Shelter without warning, refusing to provide his name at the shelter, which forced hardship on the cats and the shelter. Mr. Hassell never notified Devin Kimbark that the cats were dropped off. Devin Kimbark only found out when the shelter found one of the cats had a microchip.

C. 11/30/2022
   1. Mr. Hassell did not show up to his ex parte hearing at the Manchester Court, stating in a later court filing on 12/5/22 that he was, "having trouble with alcohol, got into some legal trouble and paperwork got mixed up and I had the wrong date". It is our observation that Mr. Hassell only filed this claim as harassment. He also perjured himself with a later family court filing on 8/29/23 stating to the court, "I was unable to appear due to sickness COVID and the flu". These documents are submitted for reference.
   2. For the 11/30/22 ex parte hearing, Devin Kimbark through her lawyer filed a parenting plan which stated Mr. Hassell had a time set to visit Phoenix Hassell at Devin Kimbark's residence at 3 Stoneleigh Drive, Derry, NH every Saturday and Sunday between 12pm - 1:30pm. Mr. Hassell did not visit Phoenix until after the 3/22/23 Family Court date (~4 months).
   3. The Manchester Judges notice of decision was received on 12/13/22 and ruled that Devin Kimbark had full decision making rights for Phoenix Hassell, granted the change in venue to Derry Family Court, gave Mr. Hassell 10 days to return all of Devin Kimbark and Phoenix Hassell's items, and provided him with supervised visitation.
D. 12/5/2022
   1. Due to Mr. Hassell missing the 11/30/22 ex parte motion in Manchester Court, he requested a new court date. His request was denied. Mr. Hassell still had not contacted Phoenix Hassell.
E. 12/15/2022
   1. Lt Scott DiGaetano - contacted Mr. Hassell with regard to a civil standby. Mr. Hassell still had not contacted Phoenix Hassell.
F. 12/16/2022
   1. Mr. Hassell contacted Devin Kimbark's attorney to schedule a pick up time for Devin Kimbark and Phoenix Hassell's items from his home. Mr. Hassell still had not contacted Phoenix Hassell.
G. 1/11/2023
   1. First appearance by phone. Parenting plans submitted. Mr. Hassell still had not contacted Phoenix Hassell.
H. 1/22/2023
   1. Mr. Hassell submitted paperwork to the attorney, "It is to be known, there will be no correspondence with Devin Kimbark going forward".
I. 2/6/2023
   1. Mediation date. Scheduled time ended early as Mr. Hassell refused to positively participate in parental negotiations. Mediator ended the session.
J. 3/22/23
   1. First Appearance at Derry Family Court. Mr. Hassell submitted documents to the court; refusing to pay child support (claimed unconstitutional), refusing to participate in visitation, refusing court ordered drug testing, and denounced his US citizenship in open court.
   2. Family court judge asked Mr. Hassell if he had visited his daughter at all and Mr. Hassell admitted that he had refused to visit Phoenix Hassell. At this time, Phoenix Hassell was 20 weeks old. Mr. Hassell's MOTION for OBJECTION to ORDERS from 22nd of March, 2023 enclosed.
K. 4/1/2023
   1. First visitation since November 2022.

Date: 11/13/2023

_Cheryl Hunt_____
Signature

## MEMORANDUM OF LAW

Pursuant to LR 7.1(a)(2), every motion shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary.

☐ I have attached a supporting memorandum of law to this motion.

☑ I have NOT attached a memorandum of law because none is required (explain your reasoning below).

> The plaintiff has not provided a good faith level of detail to support financial compensation.

USDCNH-101 (Rev. 12/1/21)

## CONCURRENCES SOUGHT

Pursuant to LR 7.1(c), any party filing a motion other than a dispositive motion (a dispositive motion seeks an order disposing of one or more claims in favor of the moving party, for example, a motion to dismiss or a motion for summary judgment) shall certify to the court that a good faith attempt has been made to obtain concurrence/agreement in the relief sought. If concurrence is obtained, the moving party shall so note.

I certify the following (choose one):

☐ All parties have assented/agreed to this motion.

☑ I made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

☐ I have NOT attempted to obtain concurrence/agreement because it is not required.

## CERTIFICATE OF SERVICE

I hereby certify that this motion was electronically filed in the court's electronic filing system and served on the following persons on the date and in the manner specified below:

Person(s) served electronically (via ECF):

Person(s) served by mail. Please include address(es):

Matthew Lane Hassell
20 Arlington Street Unit D
Nashua, NH 03060

Person(s) served by hand:

Date of Service:

Signature:

Name:

Address:

Phone:

Email:

USDCNH-101 (Rev. 12/1/21)