UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Matthew-Lane Hassell
 Plaintiff(s)

v.                                                      Case No. 1:23-cv-00472

Mark Kimbark
 Defendant(s)

MOTION TO/FOR                    Dismissal With Prejudice

(enter title of motion)

Overview

1. Mr. Hassell is not filing this claim in good conscience and good faith, and as required by law and in its entirety the complaint failed to state a claim that the law recognizes as enforceable against Mark Kimbark.  Mr. Hassell has not provided any fact or common-sense details to support a demand for any financial compensation.

2. To help make it clear to the Plaintiff, to do something in good faith is defined as doing something that you seriously believe is right, honest, or legal.  There is nothing within the lawsuit Mr. Hassell has filed which clearly states anything that is right, honest, or legal.

3. Though nothing to do with the lawsuit at hand, Mr. Hassell continues to push a narrative that we (Devin, Cheryl, and I) started the court processes against him in order to keep Phoenix away from him, however this is just not true and I offer it as a point of perjury.  Mr. Hassel initiated the court processes (see historical section) by submitting a false ex parte motion to the Manchester Family Court.  His motion stated multiple slanderous things about the family, which we will be taking legitimate legal action in future proceedings.  We will seek legal counsel for these proceedings.  It was this ex parte motion, as well as the countless other manifesto type documents with threatening and vile statements that he submitted to family court, that forced Devin to obtain legal counsel for the family court proceedings to ensure an appropriate legal course, and the health and safety for all involved in this matter.

4. Mr. Hassell has indeed caused physical harm to Devin, and she will testify under oath to that fact.  Additionally through his own admission to Cheryl and myself, Mr. Hassell stated that he had, "picked her up and threw her down the stairs", and that he, "didn't intend to hurt her".  Devin, Cheryl and I are gravely concerned for our family but most of all Phoenix.

5. Mr. Hassell believes that we (Devin, Cheryl and I) are keeping Phoenix from him and again this is a false claim and it's the family court that has justly stipulated these supervised visitations.  The family courts did this because of Mr. Hassell's inability to mentally grasp very basic legal concepts as well as the fact that he has zero control over this situation.  His bizarre pleadings, actions at both courts, shouting over judges in court (facing no contempt), written threats to myself (enclosed), denouncing his US citizenship in open court, will hopefully lead to the courts reducing his toxic time with Phoenix, not increasing it like Mr. Hassell believes.

**Overview - Continued**

6. In a recent document from Mr. Hassell it insinuates that he's not a deadbeat father.  To assist the Plaintiff I provide a basic definition.  A deadbeat father is one who neglects his responsibilities as a parent, especially one who does not pay child support.  The following facts will outline how Mr. Hassell's actions are in fact in lock step with this definition.

7. Mr. Hassell kicked the mother of his child and his child out in the cold November 16th, 2022, with nothing the but the clothes on their backs and would not allow Devin (mother) to retrieve any necessary items needed to properly cloth and care for their 3 week old baby.  He stated to police that those items were, "In my house and they are my things".  Mr. Hassell has a control issue that is backed by historical violent, combative, and non-compliant behavior with authority.  I assume he believed having Devin and the baby's things would in some way provide a level of control over Devin or the situation, when in fact this twisted mentality provided the opposite.  Even after police offered to moderate the exchange of their items, Mr. Hassell refused to allow Devin access to the items needed for the proper care, health, and safety of Phoenix.  These are not actions of a loving and caring father.

8. In the following 9 months, Mr. Hassell refused to provide any financial support to Phoenix until Child Support Services initiated forced garnishments from Mr. Hassell's paycheck on August 16th, 2023.  Mr. Hassell is actively contesting that the financial responsibilities to his own child are, "unconstitutional".  These are not the actions of a loving and caring father.

9. Mr. Hassell still owes back child support of $8,266.98.  Mr. Hassell has not brought a single diaper, set of wipes, a gift, absolutely nothing for a child he states is, "his" for over a year.  These are not the actions of a loving and caring father.

10. Mr. Hassell states that he is threatened and fears for his life while on supervised visitation to our home, however most weekends he falls asleep on our couch (we have photos).  Again his filings and statements are complete fabrications and lies that change through throughout the lifecycle of this nonsense.  He perjures himself with nearly every document filed in court.  These are not the actions of someone in fear for their life.  From my limited knowledge, this is perjury.

11. Due to his actions, Mr. Hassell forced the family to purchase duplicate items which will be added to a future lawsuit against Mr. Hassell.  We will obtain guidance from legal counsel prior to filing.  It's these facts, not nonsense references to court cases that do not apply to family court or the lawsuit at hand.  Due to the listed items above, Mr. Hassell has shown all parties involved, and by definition offered herein, that he is in fact a deadbeat father.

12. Bell vs. Hood is not applicable to the family as no one was arrested and no items were searched and seized from Mr. Hassell's home, thus this reference is nonsensical and unintelligent.

13. Being mad at the family court is not a legal and legitimate reason to file suit against the family, judges, court personnel, or anyone else for that matter.

14. Mr. Hassell goes onto to state things about how the lower-level courts did not provide remedy on 5th Amendment violations which has no intelligent reference to myself, my family, or family court.

15. The reference to 5 US Code a Section 552b has no application here and the complaint fails to state a claim that the law recognizes as enforceable in this case.

Overview - Continued

16. Mr. Hassell has stated multiple times that we have filed false claims against him. In his pleadings he doesn't provide factual evidence and thus the complaint fails to state a claim that the law recognizes as enforceable in this case. No police report was ever filed thus no false claim was filed against him.

17. Mr. Hassell has also stated in multiple filings with family courts and now civil court that Cheryl and I have filed false claims against Mr. Hassell, which is a perjury. I will be filing a future slander lawsuit against Mr. Hassell for these false claims against me and my family.

18. Mr. Hassell continues to make reference to the fact that we have final impact on how the court decides visitation, at this point this is outside of our judgement and fully in the hands of family court. As a reminder this was because Mr. Hassell initiated his nonsensical ex parte motion and manifesto, where he later perjured himself to the courts about why he missed that ex parte court date.

19. If Mr. Hassell was working in good faith and truly wanted to be a dad, he would have submitted to a mental evaluation (per court order) and submitted to drug testing (per court order). Mr. Hassell still has not submitted, stating that the court does not have jurisdiction over him and his sentient being self?

20. Fact, Mr. Hassell refused to see Phoenix for 20 weeks, from November 16, 2022, to April 1st, 2023. Phoenix was not taken from him; he made a personal choice to throw Devin and Phoenix out, take Devin's key, and not to partake in their babies life. He did not attempt to see, "his daughter" and did so only after the Judge in family court asked him why he did not see her when he had the opportunity to do so. These are not the actions of a loving and caring father.

21. By his own hands, Mr. Hassell has a clear pattern as displayed with his disrespect for law enforcement, the court system, against Devin physically, our family, as well as his 18 previous convictions. He is a danger to anyone that is around him.

22. Mr. Hassell makes reference to a phone call I made approximate 11pm, two days prior to submitting Cheryl Kimbark's Motion for Dismissal with Prejudice. The downloadable and fillable motion form stated that we had to try and discuss the Motion for Dismissal with Mr. Hassell, but he did not answer or return a call. I'm hopeful that we achieved the courts level of good faith effort to speak with Mr. Hassell about the Motion to Dismiss with Prejudice, as Mr. Hassell did confirm our good faith effort with his certified letter supporting this fact. That letter will be added to this document package as a reference.

23. Mr. Hassell has made a credible threat against my person and family. Mr. Hassell threatened me in his certified letter, **"Imagine how much more I am willing to do for a daughter, which is mine"?** Only God knows what he is referencing here, but I believe it to be a direct threat against myself or anyone of my family including Phoenix. Mr. Hassell insinuates that Devin is not my daughter however, I adopted Devin on April 26th, 2018, and she bares my namesake and I love her.

24. As a father of three children, grandfather, 10 year youth sport coach for football/lacrosse/basketball, as a 10 year Scout Leader, as a United States Navy Veteran, and as a 25+ year employee of a company that supports and defends our Troops, I contend and certify that Mr. Hassell is a threat to anyone that is around him including his daughter. I contend that unless this court stops his nonsense, Mr. Hassell will absolutely continue to file frivolous paperwork with this court and others (like he has done multiple times with the family courts) in an effort to harass my family, the courts, lawyers, judges or anyone who Mr. Hassell doesn't agree with. I'm hoping that this court can show Mr. Hassell that it indeed has the authority to penalize Mr. Hassell for the frivolous nature of his filings and stops him from wasting everyone's time.

==Motion to Dismiss with Prejudice==

1. Mr. Hassell is not filing this claim in good conscience and good faith, and as required by law the complaint failed to state a claim that the law recognizes as enforceable against Mark Kimbark. Matt Hassell has not provided any fact or common-sense details to support a demand for any financial compensation.

2. Mr. Hassell in his lawsuit has outlined Title 18 § 3571 which the law outlines as, "A defendant who has been found guilty of an offense may be sentenced to pay a fine". This is a frivolous and false claim, wasting the courts time and is not applicable to Mark Kimbark because she has not been found guilty of any offense and not subject to a fine.

3. Mr. Hassell in his lawsuit references Section 626:8 'Criminal Liability for Conduct of Another' states that, "A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both". This is a frivolous and false claim, a waste of the courts time and is not applicable to Mark Kimbark because he failed to state a claim that the law recognizes as enforceable.

4. Mr. Hassell in his lawsuit references Section 626:2 - 'General Requirements of Culpability' which states, "A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense". This is a frivolous and false claim, a waste of the courts time and is not applicable to Mark Kimbark because he failed to state a claim that the law recognizes as enforceable.

5. Mr. Hassell in his lawsuit references Section 633:2 'Criminal Restraint', which states, "A person is guilty of a class B felony if he knowingly confines another unlawfully in circumstances exposing him to risk of serious bodily injury". This is a frivolous and false claim, a waste of the courts time and is not applicable to Mark Kimbark because he failed to state a claim that the law recognizes as enforceable. The family court deemed his supervised visitations at 3 Stoneleigh Drive as appropriate and valid given his obvious instabilities and questionable judgements. Mr. Hassell is free to arrive at the set court time and is free to leave at any time. No one restrains Mr. Hassell at the home on 3 Stoneleigh Drive, Derry, NH. His claim to risk serious bodily injury can be proven as perjury with pictures of him sleeping on my couch during his visitation time with Phoenix.

6. Mr. Hassell in his lawsuit references Section 633:3 'False Imprisonment' which states, "A person is guilty of a misdemeanor if he knowingly confines another unlawfully, as defined in RSA 633:2, so as to interfere substantially with his physical movement". This is a frivolous and false claim, a waste of the courts time and is not applicable to Mark Kimbark because he failed to state a claim that the law recognizes as enforceable. The family court deemed his supervised visitations at 3 Stoneleigh Drive as appropriate and valid given his previous alcohol violations and violence, we have supporting documentation that outlines his lack in judgment (Arrest # 20-563-AR). Mr. Hassell is free to arrive at the set court time and is free to leave at any time. No one interferes substantially with him at the home on 3 Stoneleigh Drive, Derry, NH and his physical movements are not limited.

Motion to Dismiss with Prejudice - Continued

7. Mr. Hassell in his lawsuit references Section 641:1 'Perjury'. This is a frivolous and false claim, a waste of the courts time and is not applicable to Mark Kimbark because he failed to state a claim that the law recognizes as enforceable. There are several documented cases where Mr. Hassell has provided false statements to the family court and noted herein and in the History sections (reason why he missed court 12/18/22).

8. Mr. Hassell in his lawsuit references Section 641:2 'False Swearing'. This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable. As outlined in the History Section (A) Cheryl L. Kimbark contacted the Manchester Police Department on 11/12/22, to request a welfare check for Devin Kimbark and Phoenix Hassell. Mark and Cheryl L. Kimbark did not complete a police report.

9. Mr. Hassell in his lawsuit references Section 641:4 'False Reports to Law Enforcement'. This is a frivolous and false claim, a waste of the courts time and is not applicable to Mark Kimbark because he failed to state a claim that the law recognizes as enforceable. On 11/12/22 when the Manchester Police were called to perform a welfare check, no police report was filed.

10. Mr. Hassell in his lawsuit references Section 644:11 'Criminal Defamation'. This is a frivolous and false claim, a waste of the courts time and is not applicable to Cheryl L. Kimbark because he failed to state a claim that the law recognizes as enforceable. Mr. Hassell has filed documents knowingly completed with false claims about Cheryl L Kimbark as outlined in Historical Section (A).

11. Mr. Hassell states in his pleadings under Count III FACTS (page 4), a false statement. He states that 'Cheryl Kimbark filed a false police report'. As outlined in the Historical Section (A), Cheryl Kimbark contacted the Manchester Police for a welfare check and did not file any reports.

12. Mr. Hassell states in his pleadings under Count III FACTS (page 4), a false statement. The statement is listed as number 2), "Cheryl Kimbark claimed to police that, Ms. Kimbark (Devin) was trying to leave our domicile...". As outlined in the Historical Section (A), Cheryl Kimbark was able to hear Mr. Hassell on the phone, yelling aggressively. Based on previous violent interactions with Devin Kimbark, involving the Manchester Police, Cheryl L. Kimbark requested a welfare check, out of fear for Devin Kimbark and Phoenix Hassell's safety and well-being. Also noted in the Historical section, Mr. Hassell only moved his truck once he was told police were on their way. He was in fact not allowing Devin Kimbark and Phoenix Hassell to leave his home.

13. Mr. Hassell states in his pleadings under Count III FACTS, a false statement. The statement is listed as number 1), "Mark and Cheryl Kimbark, who without having any firsthand knowledge of any claims being made, involved the City of Manchester Police". Cheryl L. Kimbark did in fact, have firsthand knowledge from the phone call she was having with Devin Kimbark, as outlined in the Historical Section (A). Based upon Mr. Hassell's previous behavior (18 convictions) Cheryl L. Kimbark believed Devin Kimbark and Phoenix Hassell were in grave danger. (Documentation attached).

Motion to Dismiss with Prejudice - Continued

14. It's abundantly clear that Mr. Hassell is not satisfied with the lower level family court decisions that are in favor of the plaintiffs daughter Devin Kimbark (who has solely cared for Phoenix Hassell). Therefore, every person involved with this case is subjected to Mr. Hassell's offensive, unverified allegations and nonsensical repetitive filings at both the family courts and now this Civil Court Lawsuit. Mr. Hassell has denounced his citizenship in family court, identifies himself as a sovereign citizen or, "sentient being that resides on the land". We have spent a small fortune in the family court to ensure our family is safe from Mr. Hassell's delusional arguments. It is our desire, based on Mr. Hassell's previous repetitive filings, his lack of clear judgment, and the threatening manifesto documents Mr. Hassell continues to file at family court, that this proceeding be dismissed with prejudice. Our goal would be to prevent future harassment of our family and Mr. Hassell's continued efforts to overtax the NH court system with immaterial, nonsensical and inappropriate pleadings.

15. Motion to dismiss with prejudice, as Mr. Hassell does not recognize the court's rulings. Similar to a sovereign citizen (he states sentient being), it could be argued that if the court lacks power over the plaintiff, the case should be dismissed with prejudice for lack of personal jurisdiction.

16. Motion to dismiss with prejudice, as Mr. Hassell has shown the vexatious nature of his actions, with his attempt to file inappropriate nonsensical motions. This action supports the request for the defendants motion to dismiss with prejudice.

17. Should the Honorable Judge decide not to grant the dismissal motion, Mark Kimbark respectfully requests that the court provide an additional 60 days to provide an official 'Answer to Claims'.

## Historical Section

A. 11/12/22

1. At approximately 11am, Devin Kimbark and Mr. Hassell were arguing. Mr. Hassell would not allow Devin Kimbark to leave with Phoenix Hassell (newborn) for a pre-planned visit with Mark and Cheryl Kimbark. Mr. Hassell parked his vehicle behind Devin Kimbark's vehicle, and refused to move his truck which blocked Devin Kimbark and Phoenix Hassell from leaving. Cheryl L. Kimbark could hear Mr. Hassell shouting aggressively. Mr. Hassell took the house key he had allowed Devin Kimbark to use, and would not allow Devin Kimbark to re-enter the house to retrive baby items for the visit with her parents. Cheryl Kimbark called the Manchester Police to perform a welfare check, as there have been previous domestic violence incidents where Manchester Police were called to Mr. Hassell's domicile.

2. Mr. Hassell only moved his truck, once learning the police were called. Though operational the day prior, Devin Kimbark's Jeep did not start. It was observed that the battery was dead. The car was parked inside the garage. During this time there was a 3-way text message chain, between Mark Kimbark, Cheryl Kimbark and Devin Kimbark. Mark Kimbark and Brodan Kimbark (age 15) were practicing driving (required driving hours). Mark Kimbark drove to Mr. Hassell's address to assist if needed. Mark Kimbark parked down the street and informed Devin Kimbark that he was nearby.

3. At approximately 12pm Manchester Police arrived on scene (Officers Connors, Daigneault, Pereira). Mr. Hassell had refused to assist Devin Kimbark in starting the vehicle and refused to allow anyone to assist in getting the vehicle moved from the garage as it was "in his house and considered his property". As the listed owner of the Jeep, the Manchester Police Officers asked Mark Kimbark if he wanted to file a report for a stolen vehicle and Mark Kimbark said 'yes'. It was only then that Mr. Hassell agreed to assist in getting the vehicle moved from his garage and helped jump start the car.

4. At approximately 1pm Mr. Hassell refused to allow Devin Kimbark to re-enter his home to obtain clothing for herself (she was in flip flops and no coat) and Phoenix Hassell (without warm clothes, breast milk) and other items necessary to care for their baby. Mr. Hassell stated they were, "his" and in, "his" home. Devin Kimbark and Phoenix Hassell had to leave his domcile with nothing but the clothes on their backs. Devin Kimbark, who was breast feeding at the time, didn't even have the charging cord or appropriate attachments to pump for their three week old infant. Devin Kimbark even had to leave her two cats at Mr. Hassell's apartment.

5. At approximately 2pm Mr. Hassell disconnected Devin Kimbark's cell phone.

6. Mr. Hassell never called the house to check on infant Phoenix.

B. 11/14/2022

1. Mr. Hassell filed an ex parte motion with the Manchester Court with several slanderous and perjuring statements about Mark and Cheryl Kimbark, their home, and their dog. Ex parte hearing was 11/30/22.

2. Manchester Police attempted once again to recover necessary items (clothes, shoes, baby items) from Mr. Hassell, he refused, even after receiving a personal call from an Officer.

3. Mr. Hassell had offered to care and love Devin Kimbark's two cats until she could get her belongings. However, Mr. Hassell dropped the cats off at the Manchester Animal Shelter without warning, refusing to provide his name at the shelter, which forced hardship on the cats and the shelter. Mr. Hassell never notified Devin Kimbark that the cats were dropped off. Devin Kimbark only found out when the shelter found one of the cats had a microchip.

C. 11/30/2022

1. Mr. Hassell did not show up to his ex parte hearing at the Manchester Court, stating in a later court filing on 12/5/22 that he was, "having trouble with alcohol, got into some legal trouble and paperwork got mixed up and I had the wrong date". It is our observation that Mr. Hassell only filed this claim as harassment. He also perjured himself with a later family court filing on 8/29/23 stating to the court, "I was unable to appear due to sickness COVID and the flu". These documents are submitted for reference.

2. For the 11/30/22 ex parte hearing, Devin Kimbark through her lawyer filed a parenting plan which stated Mr. Hassell had a time set to visit Phoenix Hassell at Devin Kimbark's residence at 3 Stoneleigh Drive, Derry, NH every Saturday and Sunday between 12pm - 1:30pm. Mr. Hassell did not visit Phoenix until after the 3/22/23 Family Court date (~4 months).

3. The Manchester Judges notice of decision was received on 12/13/22 and ruled that Devin Kimbark had full decision making rights for Phoenix Hassell, granted the change in venue to Derry Family Court, gave Mr. Hassell 10 days to return all of Devin Kimbark and Phoenix Hassell's items, and provided him with supervised visitation.

D. 12/5/2022

1. Due to Mr. Hassell missing the 11/30/22 ex parte motion in Manchester Court, he requested a new court date. His request was denied. Mr. Hassell still had not contacted Phoenix Hassell.

E. 12/15/2022

1. Lt Scott DiGaetano - contacted Mr. Hassell with regard to a civil standby. Mr. Hassell still had not contacted Phoenix Hassell.

F. 12/16/2022

1. Mr. Hassell contacted Devin Kimbark's attorney to schedule a pick up time for Devin Kimbark and Phoenix Hassell's items from his home. Mr. Hassell still had not contacted Phoenix Hassell.

G. 1/11/2023

1. First appearance by phone. Parenting plans submitted. Mr. Hassell still had not contacted Phoenix Hassell.

H. 1/22/2023

1. Mr. Hassell submitted paperwork to the attorney, "It is to be known, there will be no correspondence with Devin Kimbark going forward".

I. 2/6/2023

1. Mediation date. Scheduled time ended early as Mr. Hassell refused to positively participate in parental negotiations. Mediator ended the session.

J. 3/22/23

1. First Appearance at Derry Family Court. Mr. Hassell submitted documents to the court; refusing to pay child support (claimed unconstitutional), refusing to participate in visitation, refusing court ordered drug testing, and denounced his US citizenship in open court.

2. Family court judge asked Mr. Hassell if he had visited his daughter at all and Mr. Hassell admitted that he had refused to visit Phoenix Hassell. At this time, Phoenix Hassell was 20 weeks old. Mr. Hassell's MOTION for OBJECTION to ORDERS from 22nd of March, 2023 enclosed.

K. 4/1/2023

1. First visitation since November 2022.

Date: 2 6 NOV 2023

_____
Signature

## MEMORANDUM OF LAW

Pursuant to LR 7.1(a)(2), every motion shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary.

☐   I have attached a supporting memorandum of law to this motion.

☒   I have NOT attached a memorandum of law because none is required (explain your reasoning below).

The plaintiff has not provided a good faith level of detail to support financial compensation.

## CONCURRENCES SOUGHT

Pursuant to LR 7.1(c), any party filing a motion other than a dispositive motion (a dispositive motion seeks an order disposing of one or more claims in favor of the moving party, for example, a motion to dismiss or a motion for summary judgment) shall certify to the court that a good faith attempt has been made to obtain concurrence/agreement in the relief sought. If concurrence is obtained, the moving party shall so note.

I certify the following (choose one):

☐ All parties have assented/agreed to this motion.

☒ I made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

☐ I have NOT attempted to obtain concurrence/agreement because it is not required.

## CERTIFICATE OF SERVICE

I hereby certify that this motion was electronically filed in the court's electronic filing system and served on the following persons on the date and in the manner specified below:

Person(s) served electronically (via ECF):

Person(s) served by mail. Please include address(es): ☒

Matthew Lane Hassell
20 Arlington Street Unit D
Nashua, NH 03060

Person(s) served by hand:

Date of Service: _____

Signature: *Mark Kimball*

Name: MARK KIMBARK

Address: 3 STONELEIGH DR
DERRY, NH 03038

Phone: 603-881-3975

Email: _____

Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844 (DO NOT CALL)
mhas191@yahoo.com

*HARASSING MAIL* (handwritten annotation)

Dear Mr. MARK E. KIMBARK,

I am in receipt of your voicemail from 11pm. on the 12th of November, 2023. It is assumed by your voicemail, that you are attempting an agreement to remedy the lawsuit filed against you and you would like to privately settle this matter before court. I am open and receptive to such remedy. As your voicemail did not list any remedies that you are proposing but did state that you are trying to do so in a good faith manner, I am curious as to your offer.
Calling at 11 pm. on a night that I have to work the next day does not seem like a good faith attempt to me. I would love to reach an amicable solution with your daughter Devin, in regards to her and my child. I have been unsuccessful in doing so for a year now. Otherwise I would not have chosen to litigate. I have come with clean hands and good faith and full disclosure, in an attempt to get fair and equal access from Devin to our child.

You and your wife have filed a false police report against me. You and your wife have supported your daughter Devin Kimbark financially and emotionally, while she has libeled and slandered me in writing and in court. You have supported Devin and conspired to deprive me of my child and that does not show me you have acted in good faith in the past year. So, I simply must ask, what has changed?

The seriousness of your conduct and behavior in this matter, is what led me to litigate against you and your family. I do not see your actions for the past year as a good faith. I see it as hostile and aggressive without substantiation. I have never done anything malicious to you or your family and the opposite cannot be said. You and your family have done everything in your power to deprive me of natural rights to Phoenix.
So, exactly how are you acting in good faith? The reality is, if you and Devin's mother did not financially support Devin, she would be in a completely different situation. She is an adult, which does not show signs of being able to support herself, let alone our (Devin and my) child. What does she need my $1,000.00 a month for? Diapers? Formula?
Kindly send your proposal in writing, not in a totally disrespectful phone call at 11:00 PM. I will gladly respond to all serious offers timely. Will you stop insulting me when I am visiting my daughter? Here is your greatest problem, which makes you look less than sincere; you would do a lot for a step-daughter, (Devin) is not even your daughter. **Imagine how much more I am willing to do for a daughter, which is mine? (emphasis added).** A seemingly drunken phone call, late in the night is not good faith when held to that standard, is it?

*VILE THREAT* (handwritten annotation)

As cited by an article in the Derry, N.H. newspaper just this past weekend, the New Hampshire Supreme Court has recognized; "As to the private interest of the parents, we have

consistently recognized that the right to raise and care for one's children is a fundamental liberty interest protected by the state Constitution." It went on to say; "Parental rights are natural, essential, and inherent rights within the meaning of the state Constitution," and "the loss of one's children can be viewed as a sanction more severe than imprisonment." To add to this the U.S. Constitution holds such rights as the state Constitution does and the U.S. Supreme Court has recognized and decided in multiple cases, similar decisions. I have brought such to the attention of the court and the Officer of the Court that represents your daughter (Devin Kimbark) Attorney Jennifer L. DiTrapano. None of you have made any attempt in good faith to respond to by any medium reasonable under the circumstances. None of you have even allowed more time with Phoenix. You and each of you have done the exact opposite and repeatedly done everything in your power to deprive me of rights to Phoenix. Your actions speak loudly.

You, Mr. Kimbark, have insulted me and interfered numerous times with my supervised custodial visitations while at your residency. You have consistently mocked me and made light of me and insulted me. When I recorded visits, you and each of you complain that I am somehow harassing you by recording, when that is the only thing which stopped the 'hazing.' Why don't you explain to Devin that in the end I will win and all she is doing is wasting money and time. I will get 50/50 custody.

Did you read and verify my statistics, which I presented to the court? Data gathered for over 40 years, which I presented to Devin and the court proves not having a father in the child's life puts that child at every statistical disadvantage. So put your ego aside and begin to do the right thing and show me some glimmer that you are not acting in bad faith, for that is all I see and I can properly demonstrate that to the court through your actions.

Kindly send all correspondence through the preferred method of communication to email address mhas191@yahoo.com and/or domicile located at 20 Arlington St. Unit D Nashua, New Hampshire [03060].

I look forward to hearing from you.

ALL RIGHTS RESERVED WITHOUT PREJUDICE U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

Date: 4th of November, 2023

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844 (DO NOT CALL)
mhas191@yahoo.com