UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

FILED - USDC -NH
2023 DEC 11 PM 12:30

Matthew-Lane Hassell

Plaintiff(s)

v.

Case No. 1:23-cv-00472-JL-AJ

Devin Kimbark

Defendant(s)

MOTION TO/FOR     Dismissal With Prejudice

(enter title of motion)

Overview

1. Mr. Hassell is not filing this claim in good conscience and good faith, as required by law and in its entirety the complaint failed to state a claim that the law recognizes as enforceable against Devin Kimbark. Mr. Hassell has not provided any fact or common-sense detail to support a demand for any financial compensation.

2. I am filing this response as an act of good faith, however I was not properly served. It is my understanding that a State Sheriff is responsible for hand serving me? My lawsuit documentation was left with my 16-year-old brother while I was at work on 11/20/2023.

3. Though nothing to do with the lawsuit at hand, Mr. Hassel continues to push a narrative that I started the court process against him, to keep our daughter Phoenix away from him. This is simply not true and I offer this as a point of perjury. Mr. Hassell initiated the court processes by submitting an Ex Parte motion to the Manchester Family Court. His motion contained multiple slanderous things about myself and my family. It was in fact this Ex Parte motion, as well as the countless other "manifesto" type documents including threatening and vile statements, that started our family court proceeding and ultimately granted me 100% residential and decision-making rights. This also resulted in me securing legal counsel to ensure the family court proceedings took appropriate course for the health and safety of all involved.

4. During our nearly four year relationship I have experienced multiple physical and mental abuses by Mr. Hassell. This can be verified by multiple domestic assault police reports and I will testify under oath to all counts of assault.

5. Mr. Hassell believes that I am "keeping" our daughter from him and this is a false claim. Derry Family Court stipulated the supervised visitation times. The Family Courts did this due to Mr. Hassell's inability to provide a reasonable argument showing his emotional and financial stability, and ability to safely share care for our daughter. His bizarre filings and pleadings, refusal to help financially, denouncing his citizenship in open court, and complete disregard to rules, law and regulations will prove his inability to mentally take responsibility for a minor child.

USDCNH-101 (Rev. 12/1/21)

Overview - Continued

6. On November 12, 2022, Mr. Hassell refused to allow myself, a nursing mother, to leave his home with our child to visit my parents, as I had done every Sunday for the last several weeks. The night prior, we had been arguing as Mr. Hassell's recent "political views" had become fearful to me. Mr. Hassell recently started following the "Sovereign Citizen" movement approximately six months into my pregnancy. I found it troublesome and began to fear for his mental state. On November 11, 2022 we had been arguing about Mr. Hassell's political views which I refused to "study" as he had been doing every night. Mr. Hassell was even holding meetings in his living room for several months. Mr. Hassell was harassing me because I had not signed my name "properly" on Phoenix's birth certificate.

7. Mr. Hassell has always had a dream of "getting rich quick" without having to actually work hard for it. This includes: his daily lottery ticket purchases, losing almost ten thousand dollars in Crypto that he took out of his business company loan, requesting child support from not only myself but my parents, and now the courts. It is disgraceful to be doing such while in the same statement claim he is "acting in good faith" and choosing to justify that he is doing so in the best interest of our daughter.

8. Mr. Hassell has an extensive criminal background, that continued after we met. It was with these proofs, his nonsensical and extremely concerning "manifesto" to the courts, as well as his own self submitted proof of negligence with "mistaking his court cases" (not appearing to his own filed Ex Parte hearing) that I was granted 100% residential and decision-making rights for our daughter. Mr. Hassell admitted to the courts in writing that he missed the Ex Parte due to a DWI court case, then in a later filing he stated he had COVID. I submit this as another point of perjury.

9. Mr. Hassel refuses to help me financially with our daughter, even after the courts ordered for him to do so. He refused to even bring diapers, wipes, gift/card for our daughter's birthday, clothes/shoes as she grows, groceries as her palate expands. Mr. Hassell does not attend all doctor appointments though he has access to all dates and times. Mr. Hassell did not show any interest where our daughter attends daycare, that is until Monday August 28, 2023. She's been in daycare since January 2023. Mr. Hassell did not attempt to call or ask for pictures of our daughter on Christmas 2022, claiming it's "not my responsibility to ask how she was doing".

10. Mr. Hassell claims to "fear for his life" during visitation at my home. I have several photos of Mr. Hassell sleeping on my living room couch with his phone on the other side of the room illegally videotaping and recording myself and my family. We have asked him numerous times to not video us in our home and he refuses to stop. In good faith, I have continued to allow him in my home to visit with our daughter. I've requested that this be addressed in Family Court.

11. Bell V Hood is not applicable to the family as no one was arrested and no items were searched nor seized from Mr. Hassell, thus this reference is nonsensical and unintelligent.

12. Being upset or not agreeing with the Family Court's findings and rulings are not just cause to file lawsuits against myself, my family, judges, court personnel, etc.

13. Mr. Hassell goes on to state things about how the lower-level courts did not provide remedy to the 5th Amendment violations which has no relevant reference to myself, my family or the Family Court.

Overview - Continued

14. The reference to 5 US Code A Section 552B has no application and the complaint fails to state a claim that the law recognizes as enforceable in this case.

15. Mr. Hassell has stated multiple times that my family has filed false criminal claims against him. In his pleadings he does not provide factual evidence, and thus the complaint fails to state a claim that the law recognizes as enforceable in this case. No police report was ever filed against him. Police findings of November 12, 2022 attached for proof.

16. Mr. Hassell continues to refer to me "having final impact on how the courts decide visitation". This is in fact untrue as the judges have made their rulings based on the evidence given to them.

17. It is a fact, I gave Mr. Hassell numerous opportunities to visit with our daughter at my home. Due to his violent past, I did not trust being with him alone. He refused. It was not until the judge during our "Temporary Hearing" asked him if he had seen our daughter and he admitted in open court that he had not, while he was given the opportunity.

18. Mr. Hassell admitted he plans to continue to file frivolous paperwork with the courts and others (as he has done multiple times with the Family Courts) to harass myself, my family, my counsel, Child Support Services, judges and anyone else that Mr. Hassell does not agree with.

20. Had Mr. Hassell completed his court directed orders, perhaps the Family Court would have reached an amicable agreement on visitation. Mr. Hassell has instead continued to argue and mock the courts, make outlandish demands, and show his complete disregard to court process. Mr. Hassell is using our daughter as a "political statement". I have proven to the courts that our daughter is not a "trophy to be won".

Motion to Dismiss with Prejudice

1. Mr. Hassell is not filing this claim in good conscience and food faith, and as required by law the complaint fails to state a claim that the law recognizes as enforceable against Devin Kimbark. Mr. Hassell has not provided any fact or common-sense detail to support a demand for any financial compensation.

2. Mr. Hassell in his lawsuit has outlined Title 18 3571 which the law outlines as "A defendant who has been found guilty of an offense may be sentenced to pay a fine". This is a frivolous and false claim, wasting then courts time and is not applicable as I have not been found guilty of any offence and am not subject to a fine.

3. Mr. Hassell in his lawsuit references Section 633:2 "Criminal Restraint" which states "a person is guilty of a class B felony if he knowingly confines another unlawfully in circumnutates exposing him to risk of serious bodily injury". This is a frivolous and false claim, a waste of the courts time and is not applicable to Devin Kimbark as Mr. Hassell has failed to state a claim that the law recognizes as enforceable. Derry Family Court found that supervised visitations between Mr. Hassell and our daughter Phoenix were in her best interest. The courts ruled that supervised visitations would be best suited in my home at 3 Stoneleigh Drive Derry, NH. His claim to risk serious bodily injury can be proven as perjury with the countless photos of him sleeping on my living room couch with our daughter.

4. Mr. Hassell in his lawsuit references 633:3 "False Imprisonment" which states "A person is guilty of a misdemeanor if he knowingly confines another unlawfully, as defined in RSA 633:2, so as to interfere substantially with his physical movement". This is a frivolous claim, a waste of the courts time, and is not applicable to Devin Kimbark as Mr. Hassell as failed to state a claim that the law recognizes as enforceable. Derry Family Court found it appropriate to have supervised visitation at 3 Stoneleigh Drive Derry, NH given Mr. Hassell's proven alcohol violations, violence, and an obvious lack of judgement.  Mr. Hassell is free to arrive at a pre-determined time and is free to leave at any time. No one interferes substantially with him at the home on 3 Stoneleigh Dr Derry, NH and his physical movements are not limited.

5. Mr. Hassell in his lawsuit references Section 641:1 "Perjury". This is a false claim, a waste of the courts time and is not applicable to Devin Kimbark as Mr. Hassell fails to state a claim that the law recognizes as enforceable. There are however noted proof with several documented points where Mr. Hassell has provided false statements to the courts.

6. Mr. Hassell in his lawsuit references Section 641:4 "False Swearing". This is a frivolous and false claim, a waste of the courts time and is not applicable to Devin Kimbark as Mr. Hassell failed to state a claim that the law recognizes as enforceable. Mr. Hassell has knowingly completed and filed documents with slanderous and vile claims about me.

7. Mr. Hassell in his lawsuit references Section 641:4 "False Report to Law Enforcement". This is a frivolous and false claim, a waste of the courts time and is not applicable to me as Mr. Hassell has failed to state a claim that the law recognizes as enforceable.  On November 12, 2022 I advised the police that I had suspicions that Mr. Hassell had done something to corrupt my vehicle in an effort to keep me from leaving his home with our daughter, but had no proof. My vehicle has never had a problem with the battery previously, and since leaving, has not had a battery issue since. No police report was filed.

Motion to Dismiss with Prejudice - Continued

8. Mr. Hassell in his lawsuit references Section 644:11 "Criminal Defamation". This is a frivolous and false claim, a waste of the courts time and is not applicable to Devin Kimbark as Mr. Hassell has failed to state a claim that the law recognizes as enforceable.

Relief

1. It is abundantly clear that Mr. Hassell is not satisfied with the Family courts process and decisions. Therefore, every person involved with this case is subject to Mr. Hassell's offensive, unverified allegations as well as nonsensical, repetitive filings at both the Family Courts and now this Civil Court Lawsuit. Mr. Hassell has denounced his citizenship in family court, as well as in his submitted lawsuit. He identifies himself as a "Sovereign Citizen" or "Sentient Being That Resides on the Land". My family and I have spent a small fortune in the family court to ensure my family is safe from Mr. Hassell and his delusional arguments. It is my request that based on Mr. Hassell's previous repetitive filings, lack of clear judgement, and the threatening "manifestos" continuously submitted to the courts that this proceeding be Dismissed with Prejudice. My goal is to try and prevent future harassment of myself and my family, and Mr. Hassell's continued efforts to overtax the State of New Hampshire's court system with immaterial, nonsensical, and inappropriate pleadings.

2. Motion to dismiss with prejudice as Mr. Hassell does not recognize the court's rulings.

3. Motion to dismiss with prejudice as Mr. Hassell has shown the vexatious nature of his actions, with his attempts to file inappropriate, nonsensical motions.

4. Should the honorable Judge decide not to grant the dismissal motion, Devin Kimbark respectfully requests that the court provide an additional 60 days to provide an official "Answer to Claims".

**Historical Section**

A. 11/12/22
   1. At approximately 11am, Devin Kimbark and Mr. Hassell were arguing. Mr. Hassell would not allow Devin Kimbark to leave with Phoenix Hassell (newborn) for a pre-planned visit with Mark and Cheryl Kimbark. Mr. Hassell parked his vehicle behind Devin Kimbark's vehicle, and refused to move his truck which blocked Devin Kimbark and Phoenix Hassell from leaving. Cheryl L. Kimbark could hear Mr. Hassell shouting aggressively. Mr. Hassell took the house key he had allowed Devin Kimbark to use, and would not allow Devin Kimbark to re-enter the house to retrive baby items for the visit with her parents. Cheryl Kimbark called the Manchester Police to perform a welfare check, as there have been previous domestic violence incidents where Manchester Police were called to Mr. Hassell's domicile.

   2. Mr. Hassell only moved his truck, once learning the police were called. Though operational the day prior, Devin Kimbark's Jeep did not start. It was observed that the battery was dead. The car was parked inside the garage. During this time there was a 3-way text message chain, between Mark Kimbark, Cheryl Kimbark and Devin Kimbark. Mark Kimbark and Brodan Kimbark (age 15) were practicing driving (required driving hours). Mark Kimbark drove to Mr. Hassell's address to assist if needed. Mark Kimbark parked down the street and informed Devin Kimbark that he was nearby.

   3. At approximately 12pm Manchester Police arrived on scene (Officers Connors, Daigneault, Pereira). Mr. Hassell had refused to assist Devin Kimbark in starting the vehicle and refused to allow anyone to assist in getting the vehicle moved from the garage as it was "in his house and considered his property". As the listed owner of the Jeep, the Manchester Police Officers asked Mark Kimbark if he wanted to file a report for a stolen vehicle and Mark Kimbark said 'yes'. It was only then that Mr. Hassell agreed to assist in getting the vehicle moved from his garage and helped jump start the car.

   4. At approximately 1pm Mr. Hassell refused to allow Devin Kimbark to re-enter his home to obtain clothing for herself (she was in flip flops and no coat) and Phoenix Hassell (without warm clothes, breast milk) and other items necessary to care for their baby. Mr. Hassell stated they were, "his" and in, "his" home. Devin Kimbark and Phoenix Hassell had to leave his domcile with nothing but the clothes on their backs. Devin Kimbark, who was breast feeding at the time, didn't even have the charging cord or appropriate attachments to pump for their three week old infant. Devin Kimbark even had to leave her two cats at Mr. Hassell's apartment.

   5. At approximately 2pm Mr. Hassell disconnected Devin Kimbark's cell phone.

   6. Mr. Hassell never called the house to check on infant Phoenix.

B. 11/14/2022
   1. Mr. Hassell filed an ex parte motion with the Manchester Court with several slanderous and perjuring statements about Mark and Cheryl Kimbark, their home, and their dog. Ex parte hearing was 11/30/22.
   2. Manchester Police attempted once again to recover necessary items (clothes, shoes, baby items) from Mr. Hassell, he refused, even after receiving a personal call from an Officer.
   3. Mr. Hassell had offered to care and love Devin Kimbark's two cats until she could get her belongings. However, Mr. Hassell dropped the cats off at the Manchester Animal Shelter without warning, refusing to provide his name at the shelter, which forced hardship on the cats and the shelter. Mr. Hassell never notified Devin Kimbark that the cats were dropped off. Devin Kimbark only found out when the shelter found one of the cats had a microchip.

C. 11/30/2022
  1. Mr. Hassell did not show up to his ex parte hearing at the Manchester Court, stating in a later court filing on 12/5/22 that he was, "having trouble with alcohol, got into some legal trouble and paperwork got mixed up and I had the wrong date". It is our observation that Mr. Hassell only filed this claim as harassment. He also perjured himself with a later family court filing on 8/29/23 stating to the court, "I was unable to appear due to sickness COVID and the flu". These documents are submitted for reference.
  2. For the 11/30/22 ex parte hearing, Devin Kimbark through her lawyer filed a parenting plan which stated Mr. Hassell had a time set to visit Phoenix Hassell at Devin Kimbark's residence at 3 Stoneleigh Drive, Derry, NH every Saturday and Sunday between 12pm - 1:30pm. Mr. Hassell did not visit Phoenix until after the 3/22/23 Family Court date (~4 months).
  3. The Manchester Judges notice of decision was received on 12/13/22 and ruled that Devin Kimbark had full decision making rights for Phoenix Hassell, granted the change in venue to Derry Family Court, gave Mr. Hassell 10 days to return all of Devin Kimbark and Phoenix Hassell's items, and provided him with supervised visitation.
D. 12/5/2022
  1. Due to Mr. Hassell missing the 11/30/22 ex parte motion in Manchester Court, he requested a new court date. His request was denied. Mr. Hassell still had not contacted Phoenix Hassell.
E. 12/15/2022
  1. Lt Scott DiGaetano - contacted Mr. Hassell with regard to a civil standby. Mr. Hassell still had not contacted Phoenix Hassell.
F. 12/16/2022
  1. Mr. Hassell contacted Devin Kimbark's attorney to schedule a pick up time for Devin Kimbark and Phoenix Hassell's items from his home. Mr. Hassell still had not contacted Phoenix Hassell.
G. 1/11/2023
  1. First appearance by phone. Parenting plans submitted. Mr. Hassell still had not contacted Phoenix Hassell.
H. 1/22/2023
  1. Mr. Hassell submitted paperwork to the attorney, "It is to be known, there will be no correspondence with Devin Kimbark going forward".
I. 2/6/2023
  1. Mediation date. Scheduled time ended early as Mr. Hassell refused to positively participate in parental negotiations. Mediator ended the session.
J. 3/22/23
  1. First Appearance at Derry Family Court. Mr. Hassell submitted documents to the court; refusing to pay child support (claimed unconstitutional), refusing to participate in visitation, refusing court ordered drug testing, and denounced his US citizenship in open court.
  2. Family court judge asked Mr. Hassell if he had visited his daughter at all and Mr. Hassell admitted that he had refused to visit Phoenix Hassell. At this time, Phoenix Hassell was 20 weeks old. Mr. Hassell's MOTION for OBJECTION to ORDERS from 22nd of March, 2023 enclosed.
K. 4/1/2023
  1. First visitation since November 2022.

Date: 12/11/23

Signature: [signature]

## MEMORANDUM OF LAW

Pursuant to LR 7.1(a)(2), every motion shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary.

☐ I have attached a supporting memorandum of law to this motion.

☒ I have NOT attached a memorandum of law because none is required (explain your reasoning below).

> The plaintiff has not provided a good faith level of detail to support financial compensation.

USDCNH-101 (Rev. 12/1/21)

## CONCURRENCES SOUGHT

Pursuant to LR 7.1(c), any party filing a motion other than a dispositive motion (a dispositive motion seeks an order disposing of one or more claims in favor of the moving party, for example, a motion to dismiss or a motion for summary judgment) shall certify to the court that a good faith attempt has been made to obtain concurrence/agreement in the relief sought. If concurrence is obtained, the moving party shall so note.

I certify the following (choose one):

☐ All parties have assented/agreed to this motion.

☑ I made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

☐ I have NOT attempted to obtain concurrence/agreement because it is not required.

## CERTIFICATE OF SERVICE

I hereby certify that this motion was electronically filed in the court's electronic filing system and served on the following persons on the date and in the manner specified below:

Person(s) served electronically (via ECF):

Person(s) served by mail. Please include address(es):

Matthew Lane Hassell
20 Arlington Street Unit D
Nashua, NH 03060

Person(s) served by hand:

Date of Service: _____

Signature: _[signed]_
Name: Devin Kimbark
Address: 3 Stoneleigh Dr. Derry, NH 03038
Phone: 603.404.3043
Email: dak0292@yahoo.com

USDCNH-101 (Rev. 12/1/21)