```
FILED - USDC -NH
2023 DEC 20 PM 2:55
```

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Matthew-Lane: Hassell, } | | |
| Plaintiff } | CIVIL ACTION NUMBER: 1:23-cv-472-JL-AJ | |
| } | | |
| V. } | U.S. District Court | |
| } | District of New Hampshire | |
| Devin Aileen Kimbark } | | |
| DOES 1 - X } | | |
| Defendant/(s) } | | |
| _____} | | |

## RESPONSE TO MOTION FOR DISMISSAL WITH PREJUDICE
### 9 Pages

Matthew-Lane: Hassell, Agent
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

Devin Aileen Kimbark
3 Stoneleigh Dr.
Derry, New Hampshire 03038
Phone Number Unknown
Dak0292@yahoo.com

**20th of December, 2023**

  Comes now, Matthew-Lane: Hassell (here and after, known as Matt and/or Claimant), a PropriaPersona Sui Juris, who respectfully requests that this Honorable Court, honor the relief sought and states as follows;

I declare under penalty of perjury and pains this document/response is factual and truthful to the best of my abilities.

  I object to ATTORNEY GENERAL John Formella's representation of the three New Hampshire State Judicial Officers. He is an imposter and has no valid oath of office and no valid BAR card. He should be prosecuted to the full extent of the law, for violations of U.S.C.A. Title 18 Section 912 Impersonating an officer of the United States.

I have previously brought complaints to the ATTORNEY GENERAL (and others) including John Formella, against civil officers involved in this controversy (see attachment 1 proof of mailing). It is therefore a conflict of interest for him or any subordinates of the OFFICE OF THE ATTORNEY GENERAL (hereinafter known as AG) to represent the Judicial Officers. He should know better.

I have reviewed the presented legal argument, and I find the assertions made regarding the Rooker-Feldman Doctrine, Judicial Immunity, EleventhAmendment Sovereign Immunity, and the Younger Doctrine to be lacking in standing. The defense almost seems amateurish. Sure, there are many cases the Attorney General has presented, but none of them specifically address issues presented herein.

I watched a Moor in a court case speak about a 'magic bank account' known as the Cestui Que Trust, which supposedly was paid to every American born people. Then the judge asked for proof. The Moor was unable to prove his claims and the judge rightfully denied his Motion. The same is true here. The judge should read the Defendant's Motion to Dismiss and deny it. The answer presented by the AG is all hearsay. None of the three (3) judges which, the AG is representing have filed an Affidavit, which rebuts my Affidavit. That means my unrebutted Affidavit stands as truth and is prima facie evidence in the case.

This is true as a matter of law, according to the Federal Court decision, Group v. Finletter, 108 F. Supp. 327 (1952) it was decided that; "Defendant has filed no counter affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A."

Group supra was held and in U.S. v. Kis, 658 F2d, 526 (7th Cir 1981) it was expanded when the Federal Court decided; "Non Rebutted Affidavits are "Prima Facie Evidence in the Case." So, since all the AG has to offer is hearsay, I respectfully demand his Motion to Dismiss be denied.

None of the cases, though properly presented, address decisions and holdings of the case Webster BIVENS, Petitioner vs. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS. 91 S.Ct. 1999 (1971).

Bivens supra, identifies several issues which prevent a party from suing Federal agents and those decisions lead to the several issues which may prevent a party from suing state civil officers.

In my Affidavit, BEFORE I filed the lawsuit, I put all civil officers on NOTICE that any claim of immunity is a fraud. Read my Affidavit presented to Devin Kimbark, by and through her attorney. It clearly states (claims):"Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241, 242, 42 U.S.C. 1983, 1985, 1986 and State Constitutions as well as the Constitution for the United States of America."

I wrote in a later Affidavit (which is part of this case) that the judges and attorney Jennifer DiTripano violated clearly established constitutional protections, including but not limited to violations of due process, equal protection under the law and the Supremacy Clause (U.S. Const. Art. 6, Cl. 2). None of those claims have been rebutted under penalty of perjury. Therefore they stand as truth and the case must proceed.

In Rooker-Feldman, attorneys prepared both cases, so they failed to properly NOTICE the civil officers involved, they must obey state and federal constitutions and laws. I did not make that mistake. The attorney received 3 affidavits, on behalf of Miss Kimbark, which have those exact words (quoted in the previous paragraph). All 3 judges have, during the course of their duties, handled that paperwork. They have been NOTICED. It also says clearly in Point #7 of the same affidavit; "This is a self-executing contract. Notice to the principal is notice to the agent, notice to the agent is notice to the principal. You are hereby bound to inform all of your superiors and subordinates involved in this matter and which may have future interactions with my person or me."

As far as the U.S. Constitution 11th Amendment (immunity), my claims void their "immunity" because they acted outside of their employment contract and violated their oaths to defend and protect the New Hampshire and U.S. Constitutions. As soon as they violated their oaths they no longer represent the government in accordance with (Brookfield Const. Co. v. Stewart, 339 F.2d 753, (1964). Therefore, there is no case in the lower court. Therefore the Rooker-Feldman issue is moot.

Furthermore, Amdt 11.6.4 Tort Actions Against State Officials

In Tindal v. Wesley, the Court adopted the rule of United States v. Lee, a tort suit against federal officials, to permit a tort action against state officials to recover real property held by them and claimed by the state and to obtain damages for the period of withholding.

State immunity afforded by the Eleventh Amendment has long been held not to extend to actions against state officials for damages arising out of willful and negligent disregard of state laws. The reach of the rule is evident in Scheuer v. Rhodes, in which the Court held that plaintiffs were not barred by the Eleventh Amendment or other immunity doctrines from suing the governor and other officials of a state alleging that they deprived plaintiffs of federal rights under color of state law and seeking damages, when it was clear that plaintiffs were seeking to impose individual and personal liability on the officials. There was no executive immunity from suit, the Court held; rather, the immunity of state officials is qualified and varies according to the scope of discretion and responsibilities of the particular office and the circumstances existing at the time the challenged action was taken.

I am clearly suing the civil officers of the court on their individual and official capacity, which removes another issue addressed in Bivens supra. Any law, code, rule or statute which demands I get permission to sue prior to filing must have been drafted by lawyers so as to deny the people our fundamental right to petition the government for redress of grievances which is protected by the First Amendment.

Not only did the judges and lawyer ignore those protections and provisions, they perhaps waged war against the New Hampshire and U.S. Constitutions by denying full faith and credit to judicial proceedings by ignoring multiple "Superior Court" decisions. (Superior Court is herein defined to mean; decisions of State Supreme Courts and Federal Courts and Federal Appellate Courts and the U.S. Supreme Court). I have exhausted remedies and not been satisfied with the results so I must bring this controversy to the federal courts. Declaratory relief is unavailable. All state judges may be paid by the federal government through the Social Security Act, which potentially disqualifies all state judges from hearing this controversy.

Instead of the frivolous smoke screen presented by the AG which is completely without merit, he would have served better to defend his clients by proving the actions of the judges were protected under their employment contract. Because he cannot, he did not use the Title 5 U.S. Code Section 552h (b), also known as the Sunshine Act (also see Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985)), to protect his clients. I guess he realizes like I do that their actions in the lower court are indefensible.

Rooker-Feldman appears to misinterpret the Supremacy Clause, which, when correctly applied, should emphasize the federal court's role in ensuring constitutional principles prevail. Almost 75 years after Rooker-Feldman the Supreme Court heard Printz v. U.S. 521 US 898 (1997) in which the Honorable Chief Justice Scalia, who was then quoting James Madison (At Page 10) held (decided) "The great innovation of this design, was that our citizens would have two political capacities, One state and one federal, each protected from incursion by the other, a legal system unprecedented in forum and design establishing two forms of government each with its' own obligations to the people the local or municipal authorities for distinct and independent portions of the supremacy. This separation of the two spheres is one of the Constitutions structural protections of liberty."

Printz *supra*, clearly instructs the people to go to the federal courts when the state courts deny their rights, as is the case here. There has been no final decision. I did not lose in state court, that case is still ongoing pending a stay so this court may decide issues unresolvable in the New Hampshire State Courts.

Furthermore, jurisdiction has been established, so this matter can be heard in the U.S. District Court District of New Hampshire under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, but the sole and exclusive right of every jurisdiction to decide the outcome of my claims reside within the sole and exclusive right (reicht) of the people and is another fundamental principle as stated in the Bill of Rights of the New Hampshire Constitution Article 7. State Sovereignty - The people of this State have the sole and exclusive right of governing themselves as a free, sovereign, and independent State; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in Congress assembled. June 2, 1784. Therefore, jurisdiction must reside within the people (Jury).

I do not contend injuries caused by the judgment of the lower court, it is just a building. I claim injuries caused by the civil officers of the court violating their oath of office to defend and protect the New Hampshire and U.S. Constitutions. Specifically, I contend the state court denied me equal protection and due process amongst other constitutional issues. I also contend the civil officers violated state and federal laws, which is another reason to change venue from state court to federal court, in accordance with Printz *supra*.

Furthermore, ATTORNEY GENERAL John M. Formella states on page 15, Section III, paragraph 6 (six), line 3 (three) " And finally, there is no reason to believe that Plaintiff did not have an opportunity to raise any constitutional claim related to the proceedings in the state court."

I have in fact raised multiple claims within the state court proceedings and the record and pleadings on file will prove this fact (Claimant offers the Court a few documents entered into the state court as well as decisions being denied by the judicial officers in this controversy as proof) see attachments (42 Pages).

I have in multiple pleadings cited Superior Court decisions giving notice to the Judicial officers their orders are nullities (null and void). Also see Federal Rule of Civil Procedure 60 (specifically (a) - (b)(6)). I don't know what part is unclear? Is it the null? Or the void?  And is also cited by Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732. "A universal principle as old as the law is that proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property."

TAYLOR v. RIOJAS Per Curiam 592 U.S. ___ (2020). SUPREME COURT OF THE UNITED STATES TRENT MICHAEL TAYLOR v. ROBERT RIOJAS, et al. on petition for writ of certiorari to the united states court of appeals for the fifth circuit No. 19–1261. Decided November 2, 2020 Destroys qualified immunity and the necessity of putting government officials on previous NOTICE when lacking such NOTICE would protect the officials due to lack of due process of law and exhaustion of remedy, specifically clearly established precedents which every reasonable government official [officer] should know." I refer to the unrebutted Affidavit that I have entered into the State Court and has been received by Officer of the Court Jennifer L. DiTrapano.

Civil Officers of New Hampshire only have immunity when they obey the New Hampshire Constitution and U.S. Constitution. All civil officers and all people only have immunity when they obey New Hampshire and Federal Laws. As it says in my earliest paperwork, Point 3 of my Affidavit to Devin Kimbark, by and through her attorney Jennifer L. DiTrapano) "Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241, 242, 42 U.S.C. 1983, 1985, 1986 and State Constitutions as well as the Constitution for the United States of America."

I must ask, if there is to be no accountability/liability for public officials as ATTORNEY GENERAL John Formella claims they are "immune" and there is no checks and balances to the separation of powers granted and the good administration of government of the lower courts and their agents and friend(s) within the States, what is the point of having a Federal and/or State Constitution? Would this not be a clear violation of the whole "scheme" of government?

If there is no due process of law (5th Amendment) and equal protection under the law (14th Amendment) and constitutionally protected government restrictions and natural and unalienable rights. Then what stops the possible injury and harms and the possible usurpation of authority and powers not granted to them (the corporate municipality of the state for the United States enterprise ) by the Constitution and the possible administrative malfeasance of the State Court and its agents and agencies and "court friends" and possibly leads to the deprivation of the recht of the people and the possible moral turpitude thereof, to harvest fruits from the forbidden tree?

This would be clear and erroneous obfuscation to enslave the people for peonage, amongst other Federal and State Constitution violations and Federal Laws and State Statute violations.

Furthermore, this would be act(s) of torture in severe mental and emotional distress in the destruction of the family structure to finance a corrupt legal system for the misappropriation of funds such as but not limited to child support through the Social Security Act Title IV-D Section 458 by the corporate agency and court friend, known as the Bureau of Child Support Services as well.

In conclusion, the legal argument presented by ATTORNEY GENERAL John M. Formella lacks a robust foundation, especially when viewed through the lens of constitutional obligations. It is imperative to recognize and fulfill the fiduciary duty to the Federal and State Constitution and the Supremacy Clause.

WHEREFORE, Petitioner, Matthew-Lane: Hassell, a Propria Persona Sui Juris, respectfully demand and instruct that this Honorable Court Honor and Order the following relief:

A. I pray this honorable court deny Defendant(s) MOTION to dismiss the claims against them in its entirety and continue these proceedings;

B. That this honorable court honor temporary relief of unsupervised visitation with the minor child each weekend until these matters can be resolved fully from Friday evening at 6:00 P.M. until Sunday evening at 6:00 P.M.;

C. That this honorable court bar ATTORNEY GENERAL John Formella or any under him of representing the Defendant(s);

D. That this honorable court reduce child support payments to $200.00 per month until such time as the court can reach a final decision on the issues presented in the papers and pleadings on file. If Mr. Hassell should lose this tort, all such payments be totaled any under payments be set to judgment as arrears.
The reason for this request is the amount of child support orders is at the maximum amount allowed by law and is causing Plaintiff financial hardship while the mother Devin Kimbark has not provided credible proof of financial expenses to substantiate such amount;

E. Order any future filings which the defendant(s) makes, which are not under penalty of perjury be stricken from the record by this honorable Court;

F. Honor any such further relief(s) as justice may require.

All Rights Reserved Without Prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_ Date: 20th of December, 2023

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

County of Hillsborough, ss.
State of New Hampshire
On this 20th day of December, 2023
Matthew Hassell
know to me or proven to be the instrument subscriber personally appeared before me and acknowledged that he/she executed the foregoing instrument.
_____ Notary Public

NASTASIA Y GARABEDIAN
Notary Public - New Hampshire
My Commission Expires May 17, 2028

Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to ATTORNEY GENERAL John M. Formella.

POINTS AND AUTHORITIES TO FOLLOW (1 PAGE)

TAYLOR v. RIOJAS Per Curiam 592 U.S. ___ (2020). SUPREME COURT OF THE UNITED STATES TRENT MICHAEL TAYLOR v. ROBERT RIOJAS, et al. on petition for writ of certiorari to the united states court of appeals for the fifth circuit No. 19–1261.   Decided November 2, 2020 Destroys qualified immunity and the necessity of putting government officials on previous NOTICE when lacking such NOTICE would protect the officials due to lack of due process of law and exhaustion of remedy, specifically clearly established precedents which every reasonable government official [officer] should know."

Brookfield Const. Co. v. Stewart, 339 F.2d 753,(1964).
Once a Government Official exceeds his Oath of Office, his employment contract or his jurisdiction, he no longer represents the government. Courts may not step in and either stay or compel executive action unless executive official was acting in excess of his statutory authority or transgressed a constitutional limitation, and mere fact that he might be acting erroneously or perhaps even tortuously does not vest courts with jurisdiction to act.

Group v Finletter, 108 F. Supp. 327 (1952).
Defendant has filed no counter affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A.

U.S. v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). Non Rebutted Affidavits are "Prima Facie Evidence in the Case.

Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985). Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976). Also see Griswold v. Connecticut, 381 US 479, (1965).

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

(Intentionally Blank - AFFIDAVIT to follow 23 points, 16 pages)