

**UNITED STATES POSTAL SERVICE.**

HOOKSETT
1328 HOOKSETT RD STE 45
HOOKSETT, NH 03106-9716
(800)275-8777

08/04/2023                                     12:28 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® Flat Rate Env | 1 | | $9.65 |

Concord, NH 03301
Flat Rate
Expected Delivery Date
Sat 08/05/2023
Insurance                                         $0.00
Up to $100.00 included
Certified Mail®                                   $4.35
Tracking #:
70222410000128400867
Return Receipt                                    $3.55
Tracking #:
9590 9402 8074 2349 0110 29

Total                                            $17.55

Grand Total:                                     $17.55

Cash                                             $20.00
Change                                           -$2.45

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Save this receipt as evidence of
insurance. For information on filing an
insurance claim go to
https://www.usps.com/help/claims.htm
or call 1-800-222-1811

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.

UFN: 324814-0114
Receipt #: 840-50300034-2-7317478-2
Clerk: 20

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Attorney General John Formella
33 Capital St
Concord, NH, 03301

9590 9402 8074 2349 0110 29

2. Article Number (Transfer from service label)
7022 2410 0001 2840 0867

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

State of New Hampshire
Department of Justice
33 Capitol St.
Concord, NH 03301

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$9.65

Total Postage and Fees
$

Sent To  Attorney General John Formella
Street and Apt. No., or PO Box No.  33 Capital St.
City, State, ZIP+4®  Concord, N.H. 03301

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 2410 0001 2840 0867

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH  03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

**MATTHEW LANE HASSELL**
**45 FALCON CREST WAY**
**MANCHESTER NH  03104**

Case Name:     **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:   **656-2022-DM-00737**

Enclosed please find a copy of the Court's Order dated August 31, 2023 relative to:

> **Petitioners Motion to Challenge, Contest, Rebuke and Rebuttal the Narrative Order from Hearing Held 17th of July, 2023 and to Challenge Jurisdiction**

August 31, 2023

Robin E. Pinelle
Clerk of Court

(846)
C:  Jennifer L DiTrapano, ESQ; NH DHHS Office of Child Support

Matthew-Lane: Hassell
45 FALCON CREST WAY
MANCHESTER, NEW HAMPSHIRE 03104
(603) 231-0844
mhas191@yahoo.com

RECEIVED
AUG 0 4 2023
BY:_____

### THE STATE OF NEW HAMPSHIRE
### NEW HAMPSHIRE CIRCUIT COURT
### 10th CIRCUIT - FAMILY DIVISION - DERRY
### 10 COURTHOUSE LANE
### DERRY, N.H. 03038
### JUDICIAL BRANCH

## NH CIRCUIT COURT
## Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964
## 4th of August, 2023

### STATE OF NEW HAMPSHIRE

U.S. District Court
District of New Hampshire
55 Pleasant Street
Room 110
Concord, NH 03301

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW HAMPSHIRE

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

**ROCKINGHAM,**
**ss**

10th CIRCUIT COURT
FAMILY DIVISION-DERRY
656-2022-DM-00737

| | |
|---|---|
| Matthew-Lane: Hassell authorized agent of **MATTHEW LANE HASSELL** **Petitioner** ) ) ) ) | |
| | CASE NO.: 656-2002-DM-00737 |
| **VS.-** ) ) ) | 10th Circuit- Family Division- Derry |
| **Devin Aileen Kimbark** **Attorney Jennifer L. DiTrapano** **Respondent** ) ) ) ) ) | |



## MOTION TO CHALLENGE, CONTEST, REBUKE AND REBUTTAL THE NARRATIVE ORDER FROM HEARING HELD 17TH OF JULY, 2023 AND TO CHALLENGE JURISDICTION

1) On the 17th of July, 2023 a Pretrial hearing was held, where I ( Petitioner ) brought up several issues ( criminal and civil rules of procedure ) and entered into the court a statement/motion for such, to be put into evidence at the earliest possible opportunity ( that was returned instead ) to including but not limited to those listed below and further grounds and means is added to for the depth and seriousness these issues shall cover;

2) Orders were signed and dated on the 18th of July, 2023 but was held until August 1st of 2023 to be mailed to Petitioner ( proof to follow this motion ), which further proves the fraud and criminal activity from the judge and the 10th Circuit-Family Division-Derry Court in its conspiracy criminal activity upon petitioner and gives grounds, cause and means for all of petitioners criminal complaints and claims for damages, to include but not limited to disqualification of a judge by; New Hampshire Rules of Civil Procedure violations rule 1.2, 2.2, 2.3, 2.11, NH Rev Stat § 626:2 (2022)-General Requirements of Culpability. –I. A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense. He may be guilty of a violation without regard to such culpability. When the law defining an offense prescribes the kind of culpability that is sufficient for its commission, without distinguishing among the material elements thereof, such culpability shall apply to all the material elements, unless a contrary purpose plainly appears, NH Rev Stat § 626:8 (2022) Criminal Liability for Conduct of Another. –I. A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both, treason, terrorism, extorsion, Title 18 Chapter 73 Obstruction of Justice 1505, 1506, 1509, 1512 (2)(A), (2)(B)(i), (2)(B)(ii), racketeering, conspiracy, criminal restraint, false imprisonment, falsifying an official document, false swearing, perjury, 633:1 Kidnapping. – I. A person is guilty of kidnapping if he knowingly confines another under his control with a purpose to: (a) Hold him for ransom ( child support and visitation ) or as a hostage; or (b) Avoid apprehension by a law enforcement official; or (c) Terrorize him or some other person; or (d) Commit an offense against him, Official Oppression pursuant to NH Rev Stat § 643:1 and amongst other Constitutional, Federal and State Violation(s).

3) Territorial Jurisdiction 2022 New Hampshire Revised Statutes 625:4-Territorial Jurisdiction. I am challenging and contesting such Jurisdiction in this matter and a Trial by Jury with an Article III Federal Judge presiding is requested, demanded and instructed for.

   a) Comment; Jurisdiction has been challenged and must be decided given priority as mentioned below.

   b) Basso v. Utah Power & Light Co., 495 F 2d 906, 910. "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." US v. Will 449 US 200, 216 (1980) When a judge acts where he or she does

ii)   Comment; Jurisdiction has been challenged, the previous presiding
      Judge ( Michael L. Alfano ) has recused himself and this document will
      show by the current presiding Judge's conduct, that has been
      challenged and contested the only appropriate Jurisdiction would be not
      in the tribunal district courts but the Superior Federal Court with a trial
      by jury and a Article III Federal Judge presiding and therefore all orders
      set forth are absolutely void in the fullest sense of terms. Dillon v. Dillon,
      187 P 27. "Thus, where a judicial tribunal has no jurisdiction of the
      subject matter on which it assumes to act, its proceedings are
      absolutely void in the fullest sense of the term."

iii)  Comment; This Stare Decisis Decision by the U.S. Supreme Court has
      already stated how the orders and lack of authority of the tribunal
      district court are nullities, and all who are involved in this matter are
      therefore trespassers against me and gives cause and grounds to not
      only my schedule fees but also my claim for damages. Elliot v. Piersol, 1
      Pet. 328, 340, 26 U.S. 328, 340 (1878) Under Federal law which is
      applicable to all states, the U.S. Supreme Court stated that if a court is
      "without authority, its judgments and orders are regarded as nullities.
      They are not voidable, but simply void; and form no bar to a recovery
      sought, even prior to a reversal in opposition to them. They constitute no
      justification; and all persons concerned in executing such judgments or
      sentences, are considered, in law, as trespassers".

b)   Pursuant to NH Rev Stat § 458-A:6 (2022) - Priority. – If a question of existence or
     exercise of jurisdiction under this chapter is raised in a child-custody proceeding, the
     question, upon request of a party, shall be given priority on the calendar and handled
     expeditiously.

     i)    Comment; Since the question was raised, although maybe unusual ( as said by
           Judge Kerry P. Steckowych in his orders from this hearing ) for the Judge as an
           Administrative Law Judge to administer the law correctly and not just what
           he/she feels like by what is standard or normal in his masquerading as a Judge,
           setting a hearing months away is not giving the proper priority on the calendar
           and being handled expeditiously. To include but not limited to Stare decisis
           decisions by; Pfizer v. Lord, 456 F.2d 532; cert denied 92 S Ct 2411; US Ct App
           MN, (1972).  Judges must maintain a high standard of judicial performance with
           particular emphasis upon conducting litigation with scrupulous fairness and
           impartiality. 28 USCA § 2411;

     ii)   Comment; This motion will show the Judges conduct has disregarded
           fairness and due process and gives grounds and cause for priority to be
           given in this matter and to be handled expeditiously. Cannon v.
           Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694 Acts
           in excess of judicial authority constitutes misconduct, particularly where
           a judge deliberately disregards the requirements of fairness and due
           process.

     iii)  Comment; It is clearly shown that Judge Kerry P. Steckowych ( by false
           false narrative orders and the record from the hearing held on the 17th
           of July, 2023 and the motions and pleadings that have been denied and
           or rejected ) has exceeded his oath of office ( which is also treason and
           terrorism ) and no longer represents the government and the orders set
           against me to include child support order, visitation, sanctions or any
           like such are a complete nullity. Brookfield Construction Co. v. Stewart
           A.K.A. Brookfield Construction Co., Inc., and Baylor Construction Corp.,
           Appellants, v. J. George STEWART, Individually and as Architect of the

Capitol, Appellee. 339 F.2d 753, 119 U.S. App. D.C. 254.  Once a
Government Official exceeds his Oath of Office, his employment
contract or his jurisdiction, he no longer represents the government.
Courts may not step in and either stay or compel executive action
unless executive official was acting in excess of his statutory authority or
transgressed a constitutional limitation, and mere fact that he might be
acting erroneously or perhaps even tortuously does not vest courts with
jurisdiction to act.

iv)  Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S.
at 220, 1 S. Ct. at 261 (1882) "No man [or woman] in this country is so
high that he is above the law. No officer of the law may set that law at
defiance with impunity. All the officers of the government from the
highest to the lowest, are creatures of the law, and are bound to obey
it." Cooper v. Armstrong, 358 US 1, 78 S. Ct. 1401 (1958).  "No state
legislator or executive or judicial officer can war against the Constitution
without violating his undertaking to support it.".

v)  Forrester v. White, 484 U.S. 219 (1988), 108 S. Ct. 538, 98 L.Ed.2d 555
(1988) (state court judge did not have absolute immunity from damages
suit under S 1983 for his decision to demote and dismiss a probation
officer); (b) Judges have long enjoyed absolute immunity from liability in
damages for their judicial or adjudicatory acts, primarily in order to
protect judicial independence by insulating judges from vexatious
actions by disgruntled litigants. Truly judicial acts, however, must be
distinguished from the administrative, legislative, or executive functions
that judges may occasionally be assigned by law to perform. It is the
nature of the function performed — adjudication — rather than the
identity of the actor
Comment; I am clearly able to show the violations of State Statutes,
Federal law and Constitutionally Protected Rights are being violated in
this matter and no immunity or protections shall be given to any and all
trespassers involved in such. Harlow v. Fitzgerald, 457 U.S. 800 (1982),
QUALIFIED IMMUNITY is designed to shield government officials from
actions "insofar as their conduct does not violate clearly established
statutory or constitutional rights of which a reasonable person would
have known."

vi)  Julliard v. Greenman, 110 US 421: "There is no such thing as a power of
inherent sovereignty in the government of the United States .... In this
country sovereignty resides in the people, and Congress can exercise no
power which they have not, by their Constitution entrusted to it: All else
is withheld."

c)  NH Rev Stat § 633:4 Interference With Custody- Section II. A person is guilty of a
misdemeanor if such person knowingly takes, entices away, detains or conceals any
child under the age of 18, or causes any such child to be taken, enticed away, detained
or concealed, with the intent to detain or conceal such child from: (a) A parent, guardian
or other person having lawful parental rights and responsibilities as described in RSA
461-A;
i)  Comment; This is to include but not limited to visitation and all listed
Stare Decisis Court Decision listed herein; also see Black vs. Clark's
Greensboro, Inc., 263 N.C. 226, 139 S.E.2d 199, 201 (1964). Any

exercise of force, or expressed or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or go where he does not wish to go, is an imprisonment.

ii) Regenold v. Baby Fold, Inc., 369 NE 2d 858; 68 Ill 2d 419, appeal dismissed 98 S Ct 1598, 435 US 963, IL, (1977). Parent's right to custody of child is a right encompassed within protection of this amendment which may not be interfered with under guise of protecting public interest by legislative action which is arbitrary or without reasonable relation to some purpose within competency of state to effect.

iii) Santosky v. Kramer, 102 S Ct 1388; 455 US 745, (1982). Even when blood relationships are strained, parents retain vital interest in preventing irretrievable destruction of their family life; if anything, persons faced with forced dissolution of their parental rights have more critical need for procedural protections than do those resisting state intervention into ongoing family affairs.

iv) Stanley v. Illinois, 405 US 645, 651; 92 S Ct 1208, (1972). The Court stressed, "the parent-child relationship is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection." A parent's interest in the companionship, care, custody and management of his or her children rises to a constitutionally secured right, given the centrality of family life as the focus for personal meaning and responsibility.

v) Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."
Comment; This previously decided decision gives further grounds and cause for my rico act claim for damages and the depth of criminality that the district court has acted upon me. Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991): The law requires that the official seeking immunity to bear the burden of demonstrating that immunity attaches to the particular function. County or city employees could not bear the burden of demonstrating that sabotage, terrorism, extortion, theft under color of law, discrimination, racketeering, violation of due process, and takings without compensation attaches to their particular function of upholding the Constitution and protecting the property and rights of tax-paying citizens and property owners; therefore, the County would not be immune, either for the conduct of criminals posing as city or county employees.

d) NH Rev Stat § 633:3 (2022) - False Imprisonment. -- A person is guilty of a misdemeanor if he knowingly confines another unlawfully, as defined in RSA 633:2, so as to interfere substantially with his physical movement.

i)  Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now. Fox v. McCumin, 205 Iowa 752, 21 8 N.W. 499, 501 (1928); Sergeant v. Watson Bros. Tramp. Co., 244 Iowa 185, 52 N.W.2d 86,93 (1952). Every confinement of the person is an imprisonment, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets.

ii)  Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

iii)  Colter vs. Lower and Others, 35 Ind. 285, 286-87, 9 Am. Rep. 735 (1871). There is a marked distinction between malicious prosecution and false imprisonment. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is false imprisonment.

e) NH Rev Stat § 633:2 (2022) - Criminal Restraint. – I. A person is guilty of a class B felony if he knowingly confines another unlawfully in circumstances exposing him to risk of serious bodily injury.

i)  Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now. Smith v. United States, 502, F.2d.512 (1974) Government may not prohibit or control the conduct of a person for reasons that infringe upon constitutionally guaranteed freedoms.

ii)  Burlington Transp. Co. v. Josephson, 153 Fed. 2d 372, 276 (1946). The only thing the plaintiff needs to plead and to prove is one of two things, either (1) that the defendant made an arrest or imprisonment, or (2) that the defendant affirmatively instigated, encouraged, incited, or caused the arrest or imprisonment.

iii)  Daniels vs. Milstead, 221 Ala. 353, 128 So. 447, 448 (1930); De Armond vs. Saunders, 43 Ala. 263, 9 So.2d 747, 751 (1942). In false imprisonment, the essence of the tort is that the plaintiff is forcibly deprived of his liberty, and the good intent of the defendant, or the fact that he had probable cause for believing that an offense was committed, and acted in good faith, will not justify or excuse the trespass.

f) Rule 2.3. Bias, Prejudice, and Harassment- As an Administrative Law Judge, Judge Kerry P. Steckowych get incentives to be bias and prejudice against by the Social Securities Act-Title IV-D-Section 458-Incentives to the State.

i)    Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now, including the denied with the numerous pleadings and motions, over many months for an Evidentiary Hearing by the previous Judge in this matter that recused himself ( Judge Michael L. Alfano ). In re: J.S. and C., 324 A 2d 90; supra 129 NJ Super, at 489.  A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution.

ii)    In the Interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584, (1980). Parent's interest in custody of their children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection.)

iii)    Yick Wo v. Hopkins, 118 US 356, (1886). Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" was discriminatory and violates the equal protection clause of the Fourteenth Amendment.

g)    I requested and demanded my case be set for a Trial by Jury with an Article III Judge to preside, to be sooner than the originally stated 90 days the Judge said in the hearing held on the 17th of July, 2023, a new hearing will be set forth, not the false fraudulent and deceptive narrative and practices ( N.H. Rev. Stat. § 421-A:8 ) the Judge ( mentioned above ) has given to his unlawful order ( Kindly give clarification to the lawful law making such order lawful ), of just requesting an Article III Judge as stated by above mentioned judge. The request for a trial by jury with an Article III or Article III federal judge is still requested, demanded for and instructed, by the obvious false fraudulent narrative ( legal fraud ) of Judge Kerry P. Steckowych. State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967).  No rubber-stamp "signature" "The United States Supreme Court ... stressed the need for 'individualized review' to avoid the issuance of 'rubber stamp' warrants." Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

h)    It is also requested, demanded and instructed that any and all report(s), record(s), recording(s), reference(s), reporter(s) or any like such be immediately and with haste made available, as evidence to the many fraudulent narratives and orders, both from the Hearings held on the 22nd of March, 2023 and the most recent Hearing held on the 17th of July, 2023.

i) By the several inaccuracies I have pointed out so far to Judge Kerry P. Steckowych narrative order, in this one order from this hearing ( mentioned above ) and there is more ( along with all other narrative orders in this matter ), this is Prima Facie Evidence of which shall make all orders null and void, immediately and with haste. U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud.

j) The Judge in this matter has used the previous judges false narrative orders to the hearing held on the 22nd of March, 2023 where it states I claimed to not be an American Citizen, to be a sovereign citizen and or sentient being which I challenge the accuracies to this also and the Jurat/Affidavit of Truth that the court and Attorney has had with no rebuttal to ( United States v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). Non Rebutted Affidavits are "Prima Facie Evidence in the Case.) ( Stancle v. State 917 So. 2d 911 (2005) Because this court must treat all unrefuted allegations as true, a movant's allegations are accepted as true unless they are conclusively refuted by the record. See Thruman v. State, 892 So. 2d 1085 (2004), ( Melorich Builders v. THE SUPERIOR COURT of San Bernadino County (Serbia) 207 Cal Rptr. 47 (Cal. App. 4 Dist. 1984) Uncontested Affidavit taken as true in Opposition of Summary Judgment ) and shall also be evidence to this fraudulent narrative, possibly from not actually doing his due diligence and going through the record(s), report(s), transcript(s) or any like such to include but not limited to reading into said Jurat and the legal and lawful means thereof.

    i. Comment; Again, I have to challenge the Judges in this matter who have given many false fraudulent narratives ( legal fraud ) in their orders and gives further grounds and cause for the orders to be a complete nullity. Wilson v Omaha Tribe, 442 US 633 667, 61 L. Ed. 2d 153 99 S Ct. 2529 (1979) (quoting from the United States v Cooper Corp. 312 US 669 604 85 L. Ed. 1071 61 S Ct. 742 (1941) See also Will v Michigan State Police 491 US 58, 105 L. Ed. 2d 45, 109 S Ct. 2304 which states in pertinent part: "In common usage, the term person does not include the sovereign, [and] statutes employing the [word] are normally construed to exclude it."

k) Yick Wo v Hopkins 118 U.S. 356 (1886) which states in pertinent part: "For the very idea that one may be compelled to hold his life or the means of living, or any material right essential to the enjoyment of life at the mere will of another, seems to be intolerable in any free country where freedom prevails, as being the essence of slavery itself." And goes on to state: "Sovereignty itself is of course not subject to law, for it is the author and source of law, but in our system while

sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts." "...The Congress cannot revoke the Sovereign power of the people to override their will as thus declared." Perry v. United States, 294 U.S. 330, 353 (1935).

l) Comment; By the several inaccuracies I have pointed out so far to Judge Kerry P. Steckowych narrative order, in this one order from this hearing ( mentioned above ) and there is more ( along with all other narrative orders in this matter ), this is Prima Facie Evidence of which shall make all orders null and void, immediately and with haste and is a misuse of information pursuant to NH Rev Stat § 643:2 (2022 - Misuse of Information. – A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if, knowing that official action is contemplated or in reliance on information which he has acquired by virtue of his office or from another public servant, he: I. Acquires or divests himself of a pecuniary interest in any property, transaction or enterprise which may be affected by such action or information; or II. Speculates or wagers on the basis of such action or information; or III. Knowingly aids another to do any of the foregoing.

m) By the judge in this matter denying, returning and or requesting to reject my evidence and claim for damages under the rico act, giving false accuracies in such orders, is further committing fraud against me and therefore shows further his bias, prejudice(s) and harassment and shall be disqualified pursuant to rule 2.11 and the narrative orders to the entirety of this matter shall be null and void and the claims made by Attorney Jennifer L. DiTrapano can only be seen as Perjury pursuant to NH Rev Stat § 641:1 (2022) Perjury. –I. A person is guilty of a class B felony if in any official proceeding: (a) He makes a false material statement under oath or affirmation, or swears or affirms the truth of a material statement previously made, and he does not believe the statement to be true; or (b) He makes inconsistent material statements under oath or affirmation, both within the period of limitations, one of which is false and not believed by him to be true. In a prosecution under this section, it need not be alleged or proved which of the statements is false but only that one or the other was false and not believed by the defendant to be true. II. "Official proceeding" means any proceeding before a legislative, judicial, administrative or other governmental body or official authorized by law to take evidence under oath or affirmation including a notary or other person taking evidence in connection with any such proceeding. "Material" means capable of affecting the course or outcome of the proceeding. A statement is not material if it is retracted in the course of the official proceeding in which it was made before it became manifest that the falsification was or would be exposed and before it substantially affected the proceeding. Whether a statement is material is a question of law to be determined by the court.

n)  U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud. *Comment; I have clearly let it be known, I am not a citizen to the United States Federal Government to the District of Columbia. Wheeling Steel Corp. v. Fox, 298 U.S. 193, 80 L. Ed. 1143, 56 S. Ct. 773  The U.S. citizens [citizens of the District of Columbia] residing in one the states of the union, are classified as property and franchises of the federal government as an "individual entity".

o)  It is stated that the mother ( respondent ) has concerns that I ( petitioner ) fled the State of Texas to avoid criminal charges and that continues to be a flight risk during the hearing held on the 22nd of March, 2023 ( which no evidence has been provided for and all motions and pleadings have been denied for an evidentiary hearing for proof to such claims, that do not exist ). I do not recall Respondent ever saying anything, but her Attorney has made all claims against me. Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

p)  It is stated in the orders given ( orders stated and dated on the 18th of July, 2023, but by the mailing package, was not mailed out until the 1st of August, 2023, proof of mailing envelope to accompany this motion and shows further the fraud of the court in this matter ) that " the court has set the parameters for the Final Hearing and has recused itself from hearing any further matters relating to these parties based on Father's allegations that the court has been biased against him", which is Prima Facie Evidence of the Judges bias, prejudice and harassment, in an attempt to obstruct justice pursuant to Title 18 U.S. CODE CHAPTER 73 Obstruction of Justices 1505, 1506, 1509, 1512 (2)(A), (2)(B)(i), (2)(B)(ii) and Official Oppression pursuant to NH Rev Stat § 643:1 (2022) – Official Oppression. – A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if, with a purpose to benefit himself or another or to harm another, he knowingly commits an unauthorized act which purports to be an act of his office; or knowingly refrains from performing a duty imposed on him by law or clearly inherent in the nature of his office. Pierson v. Ray, 386 U.S. 547 at 567 (1967). "When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudice " Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984).  The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake.
Comment; No due process of law or equal protection under the law have been given to Plaintiff but has been denied and rejected on all accounts, which gives further cause and grounds to challenge jurisdiction, the lawfulness in which these matters have been presided over and to bring forth civil criminal complaints on all conspirators in this conspiracy ( N.H. Rev. Stat. § 629:3 ) against petitioner in the entirety of this matter.

q)  Which also gives grounds and cause to my Claim for Damages under the rico act, violation(s) of Constitutionally protected rights and NH Rev Stat § 625:5 (2022) – Civil Actions – This code does not bar, suspend, or otherwise affect any right or liability for damages, penalty, forfeiture or other remedy authorized by

law to be recovered or enforced in a civil action, regardless of whether the conduct involved in such civil action constitutes an offense defined in this code. Kentucky v. Graham 473 US 159 (1985). "To succeed on a personal capacity claim against a government official, plaintiff must prove that the official, acting personally under color of state law, deprived Plaintiff of a constitutionally protected right."

*Comment; I have proven on multiple accounts the Judges in this matter ( one has recused himself, the current Judge said on record, which shall be provided by the court as evidence, that he shall recuse himself ( Judge Kerry P. Steckowych ) but now has made falsifying statements in his order contradicting such ) to bring forth my claim for damages, that has been rejected multiple times. Griswold v. Connecticut, 381 US 479, (1965). The Constitution also protects "the individual interest in avoiding disclosure of personal matters." Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care, company, love and affection of his children, and this cannot be taken away from him without due process of law. There is a family right to privacy which the state cannot invade or it becomes actionable for civil rights damages. Palmore v. Sidoti, 104 S Ct 1879; 466 US 429. Reality of private biases and possible injury they might inflict were impermissible considerations under the Equal Protection Clause of the 14th Amendment.

r) NH Rev Stat § 633:11 (2022) – Civil Remedy. –I. A victim may bring a civil action against a person that commits an offense under this subdivision for damages, injunctive relief, or other appropriate relief.
*Comment; The Judicial Branch, Circuit Courts and Administrative Law Judges involved in this matter are supposed to protect me against these violations and have failed to do so, which is further prima facie evidence of their bias, prejudice(s) and harassment against me and or the seeking of profits through the Social Securities Act-Title IV-D-Section 458-Incentives to the State as previously decided by Gross v. State of Illinois, 312 F 2d 257; (1963). State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. My natural rights as a father have continuously been violated, along with Constitutionally protected rights, Federal Law Violations and State Statute Violations and this must cease and desist immediately and with haste.Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985). The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment (First) and Amendments 5, 9, and 14. The several states have no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985).

s) Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976).
*Comment; The burden of proof is now put upon the court, judges, magistrates, government or any like such that my rights and freedoms that are questioned and therefore irreparable injuried, is not a fact and are not more than mere allegations that the court has been biased against me, as Judge Kerry P. Steckowych claimes, in his order from the 18th of July, 2023 from the hearing

held on the 17th of July, 2023.

t) Bell v. City of Milwaukee, 746 f 2d 1205, 1242^Q45; US Ct App 7th Cir WI, (1985).  The parent-child relationship is a liberty interest protected by the Due Process Clause of the 14th Amendment.
   \* Comment; I ask again, kindly give clarification to the due process of law that has been given to petitioner.

u) Carson v. Elrod, 411 F Supp 645, 649; DC E.D. VA (1976).  No bond is more precious and none should be more zealously protected by the law as the bond between parent and child."
   \*Comment; Again, I ask where has any protections of the law or constitution been administered for petitioners' bond with his child or the rights thereof, or more so zealously protected by the law for the bond between a father and a child, as all petitioner as seen is the lack thereof and moreso a zealous protection against the law to deprive and prevent such bond between a father and child.

v) **Rule 2.9 Emergency and Ex Parte Relief**
   Ex Parte.  Subject to the provisions of RSA 458:16 and RSA 461-A:9, an emergency order may be granted without written or oral notice to the other party or attorney only if it clearly appears to the Court from specific facts shown by sworn statement or by the verified petition that immediate and irreparable injury, loss, or damage shall result to the applicant, the children, or the marital estate before the other party or attorney can be heard.  If the other party is represented or has filed an appearance, normally no relief will be granted without notice to the other party and an opportunity to be heard. An ex parte order may be requested by motion of the petitioner/attorney prior to service of the petition.  A hearing shall be scheduled within thirty (30) days of the issuance of an ex parte order.  In addition, the party against whom the orders are issued may file a written request with the court for a hearing on such orders, which hearing shall be held no later than five (5) days after the request is received.
   \*Comment; Petitioner is requesting emergency and ex parte relief of One Hundred Thousand U.S.D. ( $ 100,000.00 ) or the highest percentage to that the court can issue, for the criminal violations and acts by the Administrative Law Judges that have been involved in this Court matter ( mentioned above ) that has brought many undue cost(s), undue hardship(s) and undue burden of loss(es) upon Petitioner and is still continuous to where Petitioner needs adequate means to further defend his natural right(s) in all that that encompass(es), seek possible legal representation for these litigation matters, cost(s) for witness(es), cost(s) for false fraudulent narrative drug test(s), cost(s) for false fraudulent narrative mental health evaluation(s), cost(s) for LADC test(s), cost(s) for travel expenses, cost for loss of personal work wage(s) or any like such and all those moving forward until this matter is concluded. The emergency and ex parte relief shall be paid back to the court by whichever party/s to be found at fault and or guilty in this matter.

WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Per/Pro Se, respectfully request, demand and instruct that this Honorable Court:

A. Grant Petitioner immediate 50/50 custodial grantorship of infant child, with retrograde of custodial parenting time to start immediately and with haste.

B. Grant Petitioner a Trial by Jury with an Article III or Article III Federal Judge to preside over this matter, in its entirety.

C.  Order an immediate Cease and Desist to the Bureau of Child Support Services being sought against Petitioner.

D.  Grant Petitioner immediately, expeditiously and with haste the requested Rule 2.9 Emergency and Ex Parte Relief of One Hundred thousand ( $ 100,000.00 ) U.S.D. or the maximum the Courts can release, which shall be seen to Petitioner as the first honorable and good faith attempt by the Courts, for the criminal acts the Judges mentioned above are guilty of and a beginning point to remedy such complaints brought forth by Petitioner ( to include but not limited to any and all Claim for Damage(s) Rico Act Violation(s) ) and possibly bring immunities, protections and closure to the seeking of Petitioners criminal complaints against any and all acting government employees, Judges, magistrates, entities, corporations or any like such in this matter.                                                                                  1.  This would not remedy any criminal complaints and seeking of justice and relief for Respondent, Respondents Family Members, Respondents Attorney or the firm she is employed by.

E.  Order Respondent to immediately seek LADC and Mental Health Psychological Testing.

F.  Order Respondent to immediately start Four Times ( 4x ) a week alcohol testing ( Tuesday, Wednesday, Saturday and Sundays ).

NEW HAMPSHIRE RULES OF CIVIL PROCEDURE, PARENS PATRIAE DOCTRINE

All Rights Reserved Without Prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

Dated: 4th of August, 2023

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]

I certify that a copy of the above mentioned motion has been hand delivered, forwarded by email and or sent by USPS mail to opposing counsel Attorney Jennifer L. Ditrapano.

**Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991).** Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.
**Comment; Merely saying motion is inappropriately filed is inadequate and insufficient cause for dismissal or rejection, you must explain the proper formalities and allow me an opportunity to replead.**



NH CII
10th C
10 Cou
Derry, NH 03038

RETURN SERVICE REQUESTED

FIRST-CLASS

US POSTAGE—PITNEY•BOWES

ZIP 57074
02 7H
0004004226   $ 003.75⁰
AUG 01 2023

Matthew Hassell
45 Falcon Crest Way
Manchester, NH 03104

# STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

**10th Circuit—Family Division—Derry**
**Case No. 056-2022-DM-00737**

### In The Matter of Matthew Hassell (Father) and Devin Kimbark (Mother)

### <u>ORDER</u>

On June 5, 2023, Father filed into the above captioned marital case a claim for damages purportedly under the RICO act and the Federal Constitution. He named as defendants the county of Rockingham, the City of Manchester, the State of New Hampshire, the N.H. judicial branch, the clerks of court, the Manchester N.H. Police department, his opposing counsel in this case, certain named police officers, certain named judges, the NH Office of child support, and any and all unnamed public servants, among other defendants.

At the March 22, 2023 temporary hearing on the parenting petition, Father stated that he was not an America Citizen. He claimed to be a sovereign citizen and/or sentient being and stated that he was not subject to the laws of the state of New Hampshire, including laws relating to the payment of child support or child custody.

Mother testified that she has been a victim of domestic violence, and that she has concerns that Father fled the State of Texas to avoid criminal charges and that he could be a flight risk. The parties are the parents of Phoenix Hassell, dob 10/22/2022.

The court finds that the claim for damages under the Rico act and Federal Constitution that was filed in this case was inappropriately filed, and is without merit. The pleading is rejected in its entirety, and will be returned to Father. The case will be assigned to a different judge for the next hearing, which is scheduled as a pretrial hearing.

<u>The Clerk's office is requested to reject the pleading entitled claim for damages under Rico Act and Violations of Constitutional law, and to return it to Father by mail at his listed address, and to reschedule the July 26, 2023 hearing with a different judge.</u>

**SO ORDERED.**

_6/13/23_
Date

_2_
Signature of Judge
MICHAEL L ALFANO
JUDGE
Printed Name of Judge

I Do Not Accept or Consent, nor Understand Counter offer
Void Where Prohibited By Law
All Rights Reserved Without Prejudice UCC.1-

**Matthew-Lane: Hassell, Agent**

**45 Falcon Crest Way**
**Manchester, New Hampshire [03104]**
**(603) 231-0844**

**15th of June, 2023**



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

**NH CIRCUIT COURT**
**Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964**
**15th of June, 2023**

**STATE OF NEW**
**HAMPSHIRE**

**ROCKINGHAM**
**,ss**

**10th CIRCUIT COURT**
**FAMILY DIVISION-DERRY**

**656-2022-DM-00737**

**In the Matter of**

**Matthew-Lane: Hassell and Devin Aileen Kimbark**

**MOTION TO CHANGE/MOVE JURISDICTION AND VENUE TO AN OUT-OF- STATE FEDERAL COURT**
**AND TO BE HEARD/PRESIDED BY AN ARTICLE III FEDERAL JUDGE FOR DEPRIVATION OF RIGHTS**
**AGAINST PETITIONER AND CLAIM(S) FOR DAMAGE(S)**

1) On March 22, 2023, the Court held a Temporary Hearing and Structuring Conference in the above-entitled matter.

2) On March 23, 2023, the Court issued Temporary Orders.

3) On April 5, 2023, Petitioner filed a Motion for Objection to Orders From 22nd of March, 2023 with the Court.

4) On April 14, 2023, Respondent filed an Objection to Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

5) On April 14, 2023, the Court issued an Order denying Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

6) On April 24, 2023, Petitioner filed an Objection to Motion for Objection to Motion for Objection to Orders From 22nd of March, 2023.

7) On May 15, 2023, Respondent filed a Motion for Contempt due to Petitioner's unwillingness to be forced and coerced to orders and or contracts, by claims of hearsay (without due process of law) by an incompetent client, to subject himself to investigative purposes to help narrate false claims against Petitioner and to complete a 10-panel hair follicle drug test and pay child support as ordered by the Court on March 23, 2023.

8) On May 17, 2023, Petitioner filed an Opposition to Respondent's Motion for Contempt.

9) As by the many ongoing pleading(s) and demand(s) for relief and justice by Petitioner, that has been denied on every account in this matter, in its entirety, to Petitioner and also the infant child in this matter, Phoenix Hassell as well. Which by the clear DEPRIVATION OF RIGHTS and lack of any DUE PROCESS OF LAW, among other complaint(s) and or STATE and FEDERAL VIOLATION(S) to these so-called proceedings in the name of justice, for which none can be found, afforded or has been given to Petitioner. Which it is, my comprehension, and I ask for clarification to this, is this grounds/cause for mistrial and is this grounds/cause for Claim(s) for Damage(s) and Justice?

10) It is my comprehension and I implore you to correct me if I am wrong, that these so-called orders are possibly not lawful orders pursuant to TITLE 18 U.S. CODE § 1691 – Seal and Teste of Process - All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof?; and not a rubber stamp/copy of seal and signature, and possibly other state and federal violation(s)?

11) It is my comprehension and I implore you to correct me if I am wrong, that these so-called proceedings and the action(s) taken against Petitioner, by any and all who are complicit in conspiring against Petitioner to deprive him of any Due Process of Law; to include but not limited to Attorney Jennifer L. DiTrapano asking for sanction(s) to be placed upon Petitioner, giving no clarification as to law(s) or reason(s) for cause or grounds, which sanction(s) Petitioner should have placed and how Petitioner violated any lawful laws for such pleadings for sanction(s) to be placed upon him are possibly in violation of TITLE 18 U.S. CODE CHAPTER 73 § 1512 - Tampering with a witness, victim, or an informant - (a)(2)(A), (2)(B), (2)(B)(i), (2)(B)(ii), (C), (b)(1), (b)(2), (b)(2)(A), (b)(2)(B), (b)(3), (c)(1), (c)(2), (d)(1), (d)(2), (d)(3), (d)(4) and possibly other state and federal violation(s)?

12) It is my comprehension and I implore you to correct me if I am wrong, that these so-called proceedings are possibly in violation of TITLE 18 U.S. CODE CHAPTER 73 § 1513 - Retaliation against a witness, victim, or an informant and possibly other state and federal violation(s), which includes but not limited to sanction(s) being placed upon Petitioner for possibly ( which an Evidentiary Hearing may have clarified/proven ) no more than his motions entered to the court has already proven his case by Superior Court Stare Decisis decisions, known as case law I do believe in this country and the possible Violation(s) of State and Federal Laws, which an Evidentiary Hearing that Attorney Jennifer L. DiTrapano is apparently willing to go to any length(s) to prevent as to plead for sanction(s), which one can only assume is to further deprive Petitioner of another Constitutionally protected right, and that would be Petitioners Constitutionally Protected First Amendment Right to Freedom of Speech?

13) It is also my comprehension and I implore you to correct me if I am wrong, that these so-called proceedings in the name of justice are possibly in violation of TITLE 18 U.S. CODE CHAPTER 73 § 1505 - Obstruction of proceedings before departments, agencies, and committees and possibly

other state and federal violation(s), which Petitioner asks for much needed clarification and cause to the entirety of this matter and the numerous motions Petitioner has entered to the Court for which Petitioner has been denied?

14) There has been no Judicial Hearing to set these Orders against me that first did not VIOLATE and or TRESPASS(ES) against my Constitutionally Protected Right(s), Due Process of Law, Equal Protection Under the Law, to be Honorably and in Good Faith instructed to any inaccuracies to my filings and a chance to replead and possibly other STATE and FEDERAL VIOLATION(S), that shall be answered to and or for in this matter, in all that that encompass(es).

15) Given some of the possible facts and truth(s), violations to federal law and complaint(s) petitioner has brought to the attention of you Judge, on more than one occasion, by more than one mean(s), in the what can only be seen as a fruitless, frivolous, Honorable and Good Faith Pursuit by Petitioner to Equally, Lawfully, Competently, and with Giving Fair Notice of the intention(s) and or competent mindset of Petitioner and where it adheres from for the aforementioned above matter, in its entirety. The only PRIMA FACIE EVIDENCE for a CAUSE to why you Judge would administer the law as you have in this matter against Petitioner and infant child is presumed for Profit(s) and or possibly personal prejudice(s) and bias you have with and or for Petitioner. Some Evidence of this can be found in the SOCIAL SECURITIES ACT, TITLE IV, PART D, SECTION 458. and the constant rubber stamped denial of all Petitioners pleading(s) and or demand(s).

**WHEREFORE**, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:

A.   It is DEMANDED:

    a.   Given the possible fact(s), Laws and Claim(s) by Petitioner that would possibly be proven, if Petitioner was not being deprived his Constitutionally Protected rights and was afforded Due Process of Law;

    b.   Since Petitioner has and is being denied any chance to adequately plead and or replead his case;

    c.   Having multiple Federal Law Violation(s) acted upon Petitioner and infant child in this matter;

    d.   It is DEMANDED, VENUE AND JURISDICTION be moved to an out-of state Federal Court to be presided over and heard by a ARTICLE III FEDERAL JUDGE to rule in this matter, in its entirety, to include but not limited to: Claim(s) for Damage(s), to investigate the Deprivation of Petitioner and infant child ( Phoenix Hassell ) Constitutionally Protected Rights, Justice and Relief that has been denied on all account(s) related to these so-called proceedings in the name of Justice.

B.   Move Venue and Jurisdiction in this matter Out-of-STATE, to be presided over and by an ARTICLE III FEDERAL JUDGE, in and with FEDERAL COURT Proceeding(s) and Procedure.

C.   Immediately and with haste Rescind all unlawful Orders that TRESPASS ( or has TRESPASSED ) against Petitioner and infant child in this matter, in its entirety, until such:

    a.   A ARTICLE III FEDERAL JUDGE can be appointed to and for this matter

    b.   Due Process of Law can be established

D.   Immediately and with Haste until such ARTICLE III FEDERAL JUDGE is appointed and presiding over this matter:

    a.   Order Petitioners Parenting Plan and Parenting Decree be adhered to and complied with

by Respondent, her attorney and any and all others complicit in these unlawful acts against Petitioner and infant child.

    b.   Order Petitioner be awarded retrograded time of Custody of Phoenix Katherine Hassell going back to 12th of November, 2022 to Current.

    c.   Order an Immediate CEASE AND DESIST to and for the BUREAU OF CHILD SUPPORT SERVICES in favor of Petitioner and all action(s) to coerce Petitioner to contract with the BUREAU OF CHILD SUPPORT SERVICES are null and void.

E.   Grant any such further relief as justice may, will and or can require.

F.   VOID WHERE PROHIBITED BY LAW

G.   Furthermore, Matthew saith not.


NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE

VOID WHERE PROHIBITED BY LAW

All Rights Reserved Without Prejudice U.C.C. 1-308


Date: 15th of June, 2023

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com


I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney Jennifer L. Ditrapano.

# *STATE OF NEW HAMPSHIRE*
## JUDICIAL BRANCH

**10th Circuit—Family Division—Derry**
**Case No. 656-2022-DM-00737**

### In The Matter of Matthew Hassell (Father) and Devin Kimbark (Mother)

## <u>ORDER</u>

On July 17, 2023, Father once again presented to the court to be filed into the above captioned marital case a, "Amended" Claim for Damages purportedly under the RICO act and the Federal Constitution. He has presented the same pleadings to the court once again as of June 21, 2023, and June 27, 2023. He again named as defendants the County of Rockingham, the City of Manchester, the State of New Hampshire, the N.H. Judicial Branch, the Clerks of court, the Manchester N.H. Police Department, his opposing counsel in this case, certain named police officers, certain named judges, the NH Office of Child Support, and any and all unnamed public servants, among other defendants. He also attempted to file a Statement to be entered as evidence.

At the March 22, 2023, Temporary Hearing on the parenting petition, Father stated that he was not an America Citizen. He claimed to be a Sovereign Citizen and/or Sentient Being and stated that he was not subject to the laws of the State of New Hampshire, including laws relating to the payment of child support or child custody.

Mother testified that she has been a victim of domestic violence, and that she has concerns that Father fled the State of Texas to avoid criminal charges and that continues to be a flight risk. The parties are the parents of Phoenix Hassell, dob 10/22/2022.

The court finds that the father's claims for damages under the Rico Act and Federal Constitution filed more than once in this case were inappropriately filed and are without merit whatsoever. The pleading is rejected in its entirety, as there is nothing plead therein that actually comes under the RICO statute.  The pleadings shall be returned to Father.

The Pretrial Hearing on July 17, 2023, occurred as ordered. The court set the parameters for the Final Hearing and has recused itself from hearing any further matters relating to these parties based on father's allegation that the court has been biased against him.

The Clerk's office shall reject the pleadings entitled Claim for Damages Amended under Rico Act and Violations of Constitutional Law and father's Statement to Be Entered into Evidence and return them to Father by mail at his listed address. In particular the Statement is premature and should have been reserved for potential admission for the Final Hearing. Any of mother's responsive pleadings shall be returned as well, as those matters are moot based on this order.

**SO ORDERED.**

_____
Date

_____
Signature of Judge  Kerry P. Steckowych
Judge



# STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

**10th Circuit—Family Division—Derry**
**Case No. 656-2022-DM-00737**

### In The Matter of Matthew Hassell (Father) and Devin Kimbark (Mother)

### ORDER

On June 5, 2023, Father filed into the above captioned marital case a claim for damages purportedly under the RICO act and the Federal Constitution. He has presented the same pleadings to the court once again as of June 21, 2023, and June 27, 2023. He again named as defendants the County of Rockingham, the City of Manchester, the State of New Hampshire, the N.H. Judicial Branch, the Clerks of court, the Manchester N.H. Police Department, his opposing counsel in this case, certain named police officers, certain named judges, the NH Office of Child Support, and any and all unnamed public servants, among other defendants.

On June 30, 2023, and again on July 3, 2023, father filed identical documents with the court, however he now marks them as "exhibits". Because there is no matter pending relative to those pleadings, there is no need for exhibits to be filed with the court. The court finds that the father's claims for damages under the Rico Act and Federal Constitution filed more than once in this case were inappropriately filed and are without merit whatsoever. The current exhibits are hereby rejected in their entirety, as there is nothing pending in this court that would require such documents to be filed. The pleadings are contrary to law, and repeated attempts to file identical documents has caused a waste of court resources and time in order to deal with them repeatedly. As such, the exhibits shall be returned to Father.

The Clerk's office shall reject the latest, identical pleadings entitled "exhibits" and return them to Father by mail at his listed address.

**SO ORDERED.**

7/7/23
Date

Signature of Judge

Kerry P. Steckowych
Judge
Printed Name of Judge

I, Matthew-Lane: Hassell, Challenge, Contest, rebuke and rebuttle the accuracy, claims and Judgment of Kerry P. Steckowych in this order that I filed anything into the court on July 3, 2023. It is presumed the Judge in this matter has committed legal fraud by such Fraudulent False narrative and it is requested, Demanded and instructed that the Judge Recuse themself immediately and a Trial by Jury be set with an Article III Judge to Preside in this Matter, in it's entirety to include but not limited to criminal investigation into this Matter-

104

See Reverse Side

This shall be on the record, for the record and let the record show, I have lost all faith in the justice system as I can not get a Fair, Equal or Impartial trial and it appears the sudge, the attorney, amongst others are only acting with criminal acts and intension, for profits and Personal bias against me, this case shall be dismissed with Prejudice and criminal prosecution shall be administered to all those for all crimes committed to include but not limited to treason for failure of their oath of office to defend the Constitution.

All Righs Reserved    Without Prejudice UCC. 1-308
VOID Where Prohibited By Law

10th of July, 2023          Matthew - Lorne: Hassell

Matthew-Lane: Hassell, Agent
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603)231-0844

30th of May, 2023



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

**NH CIRCUIT COURT**
**Telephone: 1-855-212-1234 TTY/TDD Relay: (*800*) 735-2964**
**30th of May, 2023**

### STATE OF NEW HAMPSHIRE

ROCKINGHAM,
ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY

656-2022-DM-00737

### In the **Matter** of

Matthew-Lane: Hassell and Devin Aileen
Kimbark

### MOTION FOR CLARIFICATION AND EVIDENTIARY HEARING

1. NOW COMES, Petitioner, Matthew-Lane: Hassell, a Natural Individual, Pro Se:

2. On March 22nd, 2023, the court held a Temporary Hearing and Structuring Conference in the above-entitled matter.

3. A Evidentiary Hearing was demanded several times, during the above-mentioned hearing, Propria Persona, Pro Se and on the record, for the record, by myself, to and for the accusations, claims and statements, without proof, being made against me by and through Attorney Jennifer L. DiTrapano for and by her incompetent client.



4. On April 5th, 2023 I, Propria Persona, submitted in a Motion for Objection to Orders set forth from the March 22nd, 2023 Hearing, that are being either forced and/or coerced upon me and my person, lacking in due process of law, denying me equal protection under the law, that's constitutionally protected and denying me my unalienable rights, under the disguise of law, which is, the color of law.

5. My demand for an Evidentiary Hearing was denied and orders were set forth against me, without proof, or equal protection under the law, in a means to libel me and to coerce me into non-consensual contracts. It is my comprehension this could be Prima Facie evidence of a violation to 18 U.S.C. § 241 and would prevent the court from acting Honorably and in good faith.

6. **Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991).** Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

7. On the 15th of May, 2023 Attorney Jennifer L. DiTrapano filed a Motion for Contempt against me.

8. On the 17th of May, 2023, I Matthew ( Propeia Persona ) filed an Opposition to Attorney Jennifer DiTrapanos pleading to have me be seen as in Contempt.

9. I am in receipt of the judge's Order, which is a statement of, " a thirty ( 30 ) minute hearing will be scheduled, for all issue(s) ".

10. Will this be an Evidentiary Hearing?

11. I ask who(s) issue(s) will be answered?

12. Will I be given a chance to replead for an Evidentiary Hearing after these issue(s) are explained?

13. Will these issue(s) be explained in Legalese ( which I do not speak or understand ) or Common Law definitions?

14. Will these issue(s) be explained with full disclosure, being true, accurate and complete?

15. Will I be able to get a written copy of the explanation(s) to these issue(s)?


WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:

A. I demand that since I am in Proper Person, the judge must instruct me as to the deficiencies to my pleading(s) and allow me the opportunity to replead for an EVIDENTIARY HEARING.

B. I demand a date be set forth for a Judicial Evidentiary Hearing for Attorney Jennifer L. DiTrapano, to provide proof and to show cause to her claims, accusations and statements of hearsay, libeling me, provided only by an incompetent client and person of unsound mind..

C. Deny any pleadings to force and or coerce contract/(s) of any kind on me and or my person.

D. Deny any pleadings that trespass on my life, liberty or pursuit of happiness.

E. Grant any such further relief as justice may, will and or can require.

F. VOID WHERE PROHIBITED BY LAW

G. Furthermore, Matthew saith not.

NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE
VOID WHERE PROHIBITED BY LAW

Date: 5-30-23

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney
Jennifer L. Ditrapano.

6/6/22
Denied

MICHAEL L. ALFANO
JUDGE

Matthew-Lane: Hassell, Agent
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603)231-0844

30th of May, 2023



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

**NH CIRCUIT COURT**
**Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964**
**30th of May, 2023**

STATE OF **NEW** HAMPSHIRE

ROCKINGHAM,
ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY

656-2022-DM-00737

In the **Matter of**

Matthew-Lane: Hassell and Devin Aileen
Kimbark

RESPONSE TO RESPONDENT'S RESPONSE TO PETITIONER'S SECOND NOTICE OBJECTION TO
MOTION **FOR OBJECTION** FOR MOTION FOR OBJECTION TO ORDERS FROM 22ND OF MARCH
2023 AND OPPOSITION TO RESPONDENTS MOTION FOR **CONTEMPT**

1) On March 22, 2023, the Court held a Temporary Hearing and Structuring Conference in the
above-entitled **matter.**

2) On March 23, 2023, the Court issued Temporary Orders.

3) On April 5, 2023, Petitioner filed a Motion for Objection to Orders From 22nd of March, 2023



with the Court.

4) On April 14, 2023, Respondent filed an Objection to Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

5) On April 14, 2023, the Court issued an Order denying Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

6) On April 24, 2023, Petitioner filed an Objection to Motion for Objection to Motion for Objection to Orders From 22nd of March, 2023.

7) On May 15, 2023, Respondent filed a Motion for Contempt due to Petitioner's unwillingness to be forced and coerced to orders and or contracts, by claims of hearsay (without due process of law) by an incompetent client, **to subject himself to investigative purposes to help narrate false claims against Petitioner** and to complete a 10-panel hair follicle drug test and pay child support as ordered by the Court on March 23, 2023.

8) On May 17, 2023, Petitioner filed an Opposition to Respondent's Motion for Contempt.

9) Contrary to Respondent and or her Attorney's belief, their personal beliefs as Attorney DiTrapano has stated in her motions, are not, in fact, facts. Especially when the Attorney's information and beliefs are bought and or paid for in this matter.

10) This brings to question if possibly Attorney Jennifer L. DiTrapano is acting as much as a claimant against me, as much as she is representing her client?

11) Petitioners continuously files pleadings in an effort to exhaust remedy and seek competent, meeting of minds in this matter, however inartfully decreed to Attorney Jennifer L. DiTrapano.

12) Contrary to Attorney DiTrapanos beliefs, ideology and or prayers for relief, Petitioner is not responsible for her client(s) contract.

13) Respondent is incurring legal fees (that petitioner is not responsible for these contract fee(s)) to respond to all of Petitioner's pleadings, in an attempt by Petitioner to exhaust remedy with honor and good faith, without the need to further this matter, in a need for claim(s) for damage(s) (tortt(s)), to and or for, any and all, who have trespassed and or conspired to trespass, on Petitioner and or Phoenix Katherine Hassell and or their persons. Public and or Privately, legally and or lawfully, Criminally and or Equitably.

14) Respondent's Attorney's prayers for relief and personal beliefs, inappropriately request the Court to deprive the rights of petitioner, coerce and force contract(s) upon petitioner, set orders upon petitioner (under the color of law) and deprive a father (the petitioner) and infant child Phoenix Hassell) from one other.

WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:

A. Since I am in Proper Person, the judge must instruct me as to the deficiencies to my pleading(s) and allow me the opportunity to replead.

B. Respond to and answer, on a point by point basis with full disclosure to the Motion I filed in the 10th CIRCUIT - FAMILY DIVISION - DERRY COURTHOUSE on 24th of April, 2023 and on the 17th of May, 2023.

C. A date be set forth for a Judicial Evidentiary Hearing for Attorney Jennifer L. DiTrapano, to provide proof and to show cause to her claims, accusations and statements of hearsay, libeling me, provided only by an incompetent client and person of unsound mind..

D. Deny the request for her ( Attorney Jennifer DiTrapano ) client(s) (Devin Aileen Kimbark) contract fees, to be upheld by myself and or my person. I do not and will not contract with Attorney Jennifer L. DiTrapano, or any Attorney in this matter, nor am I responsible for fees accrued for her practiced services.

E. Deny any pleadings to force and or coerce contract/(s) of any kind on me and or my person.

F. Deny any pleadings that trespass on my life, liberty or pursuit of happiness.

G. Grant any such further relief as justice may, will and or can require.

H. VOID WHERE PROHIBITED BY LAW

I. Furthermore, Matthew saith not.

NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE
VOID WHERE PROHIBITED BY LAW

6/6/23 -
Denny
MICHAEL L. ALFANO
JUDGE

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

Date: 5-30-23

I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney Jennifer L. Ditrapano.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH  03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

**MATTHEW LANE HASSELL**
**45 FALCON CREST WAY**
**MANCHESTER NH  03104**

Case Name:     **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:   **656-2022-DM-00737**

Enclosed please find a copy of the Court's Order dated April 11, 2023 relative to:

**Respondents Motion for Clarification**

April 11, 2023

Robin E. Pinelle
Clerk of Court

(846)
C:  Jennifer L DiTrapano, ESQ

NHJB-2207-DF (07/01/2011)

STATE OF NEW HAMPSHIRE

ROCKINGHAM, ss
          10th CIRCUIT COURT

10th CIRCUIT COURT
FAMILY DIVISION-DERRY
656-2022-DM-00737

In the Matter of
Matthew Hassell and Devin Kimbark

<u>MOTION FOR CLARIFICATION</u>

  NOW COMES Devin Kimbark, by and through her attorney, and states as follows:

  1. On March 22, 2023, the Court held a Temporary Hearing and Structuring Conference in this matter.

  2. On March 23, 2023, the Court issued Temporary Orders.

  3. During the hearing, Respondent advised the Court she recently learned she has 88 hours of vacation time that needs to be used by May 2023.

  4. Respondent intends to travel with the minor child and her family to a family home in Myrtle Beach April 19-26, 2023. Petitioner has previously traveled to this home with Respondent and her family.

  5. In a good faith attempt to communicate and co-parent, Respondent discussed her vacation plans with Petitioner. Respondent advised Petitioner she would work with him to make up any parenting time he may miss.

  6. Petitioner advised Respondent she cannot leave the state with their minor child.

7.   During the March 22, 2023 Temporary Hearing, Respondent requested the Court grant her permission to travel to Myrtle Beach from April 19-26, 2023.

8.   The Narrative Order on Temporary Hearing states, in part, Mother, "is requesting vacation time from May 19-26. Father can make up any parenting. She requested this from Father, and he said no."

9.   It appears there is a scrivener's error regarding the month of travel. Respondent intends to travel in April 2023.

10.  The Temporary Orders are not clear as to whether Respondent's travel request was approved.

WHEREFORE, Devin Kimbark, by and through her attorney, respectfully request that this Honorable Court:

A.   Grant this Motion for Clarification;

B.   Clarify that Respondent may travel to Myrtle Beach with the minor child in April 2023;

C.   Clarify that the parties shall work together to allow Petitioner to make up any parenting time that may be missed; and

D.   Grant such further relief as justice may require.

March 31, 2023                     Respectfully Submitted,
                                   Devin Kimbark,
                                   By her attorney,


                                   _____
                                   Jennifer L. DiTrapano
                                   GERMAINE & BLASZKA, P.A.
                                   23 Birch Street
                                   Derry, NH  03038
                                   (603) 434-4125
                                   N.H. Bar No. 273938

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been forwarded by First-Class Mail and E-mail this 31st day of March, 2023 to Matthew Hassell.

_____
Jennifer L. DiTrapano

DATE: 4/11/23
MOTION GRANTED

_____
Michael L. Alfano, Judge

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH  03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

**MATTHEW LANE HASSELL**
**45 FALCON CREST WAY**
**MANCHESTER NH  03104**

Case Name:     **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:   **656-2022-DM-00737**

Please be advised that on March 22, 2023 the Court made the following Order relative to:

**Petitioners Motion for Evidentiary Hearing**

**"Motion Denied."**

**/s/ Judge Michael L. Alfano**

March 23, 2023

Robin E. Pinelle
Clerk of Court

(846)

C:  Jennifer L DiTrapano, ESQ; NH DHHS Office of Child Support

NHJB-2208-DF (07/01/2011)

# *STATE OF NEW HAMPSHIRE*
## JUDICIAL BRANCH

**10th Circuit—Family Division—Derry**
**Case No. 622-2022-DM-00737**

### In The Matter of Matthew Hassell (Father) and Devin Kimbark (Mother)

## <u>NARRATIVE ORDER ON TEMPORARY HEARING</u>

On March 22, 2023, the Court held a scheduling and temporary hearing in the above matter. Both parties appeared. Father was self-represented. Mother appeared with counsel.  The parties are the parents of  Phoenix Hassell, dob 10/22/2022.

At the outset, the parties completed the scheduling form with the court, which is approved and so ordered.

1.  <u>Temporary hearing.</u>

<u>Law</u>. Contrary to the position of Father, the court has jurisdiction to determine custody under RSA 490-D:2, parenting rights under RSA 461-A:3, and child support under RSA 458-C:1.

Under RSA 490-D:2:

Notwithstanding any law to the contrary and except for the limited need to allow an existing **case** to proceed with the same judge who had presided over it before the implementation of the judicial branch family **division**, following implementation of the **division** at a **division** site in accordance with <u>RSA 490-D:5</u>, jurisdiction over the following matters shall be exclusively exercised through the judicial branch family **division** as procedurally jurisdiction was previously exercised in the superior, district, and probate courts:
I. Petitions for divorce, nullity of marriage, alimony, custody of children, support, and to establish paternity.
II. Actions for support or custody for children of unwed parties.
III. Actions under RSA 169-B, relating to delinquent children except for concurrent jurisdiction with the district court to enter temporary detention orders under <u>RSA 169-B:11</u>, III and 169-B:12, IV(b).
IV. Actions under RSA 169-C, relating to abused and neglected children except for concurrent jurisdiction with the district court to enter orders under <u>RSA 169-C:6</u>, VI and <u>RSA 169-C:6-a</u>.
V. Actions under RSA 169-D, relating to children in need of services except for concurrent jurisdiction with the district court to enter orders under <u>RSA 169-D:8</u>, I, <u>RSA 169-D:9-a</u>, and <u>RSA 169-D:10</u>.
VI. Actions under RSA 173-B, relating to protection of persons from domestic violence except for concurrent jurisdiction with the district **division** to enter temporary protective orders under <u>RSA 173-B:4</u>.

VII. The adoption of children in abuse and neglect **cases** pursuant to RSA 169-C, termination of parental rights **cases** pursuant to RSA 170-C, and guardianships of the person of minors pursuant to paragraph VIII. Jurisdiction over private, agency, and international adoptions shall remain with the probate court.

VIII. The guardianship of the person of minors. In **cases** involving the guardianship of both the person of a minor and the estate of the same minor, jurisdiction shall remain with the probate court.

IX. The termination of parental rights.

X. The change of names of persons who apply therefor in matters relating to jurisdiction in paragraphs I-IX.

Under RSA 461-A:3 Procedure and Jurisdiction:

I. The procedure in cases concerning parental rights and responsibilities, including child support, shall be the same as the procedure for petitions for divorce and legal separation under **RSA** 458. Except as otherwise provided in this chapter, the court, upon proper application and notice to the adverse party, may revise and modify any order made by it, make such new orders as may be necessary, and may award costs as justice may require.

II. In cases where husband and wife or unwed parents are living apart, the court, upon petition of either party, may make such order as to parental rights and responsibilities and support of the children as justice may require. All applicable provisions of this chapter and of **RSA** 458-A, 458-B, 458-C, and 458-D shall apply to such proceedings.

III. The jurisdiction granted by this section shall be limited by the Uniform Child Custody Jurisdiction and Enforcement Act, if another state has jurisdiction as provided in that act.

For the purposes of interpreting that act and any other provision of law which refers to a custodial parent, including but not limited to **RSA** 458-A, any parent with 50 percent or more of the residential responsibility shall be considered a custodial parent.

Under RSA 458-C:1 Purpose.

The purpose of this chapter is to establish a uniform system to be used in the determination of the amount of **child support**, to minimize the economic consequences to children, and to comply with applicable federal law by using specific guidelines based on the following principles:

I. Both parents shall share responsibility for economic **support** of the **children**.

II. The children in an obligor's initial family are entitled to a standard of living equal to that of the obligor's subsequent families.

III. The percentage of net income paid for **child support** should vary according to the number of children and according to income level.

2. Today's hearing.

2

a. Father's position.

The child was born in October of 2022, and the parties separated on November 12, 2022. At today's hearing, Father stated on the record that he is a sentient being, and not an American citizen. He stated that he does not consent to a contract to pay child support. He wants both parties to pay for the child when the child in his/her care. Father stated that he wants a 51/49 percent parenting plan. He stated that Mother's family pads her up.

Father stated that he does not want the court to appoint a GAL. He stated that Mother is not willing to compromise and that she cannot be trusted with decision making. He is requesting sole decision making responsibilities. Father stated that Mother made false statements on where she has lived, and when she stated that Father fled the state to avoid criminal activities and to recover personal property.

Father presented a claim for personal property. The court explained on the record that this court cannot rule on personal property issues in a parenting case. Jurisdiction for those claims would lie in a separate proceeding in a civil court.

The court does not find that an evidentiary hearing would address any relevant issue that was not covered in today's hearing.

Father stated that he has only seen the child once since the separation. He has refused to agree to two hour visits supervised by Mother. Rather, he has chosen to not see the child at all. He stated that he will not be watched by false criminal complaints. The argument arose because he did not want to go to New York for thanksgiving. He wanted to stay home for Thanksgiving. Mother then chose to leave him and called her family. Her car battery was dead as she was trying to leave. He was accused of sabotage.

Father is requesting a one week on and off with the drop offs at day care. The child is in day care now. Mother was awarded sole decision making, and she picked the day care. He stated that he cannot afford the new day care.

b. Mother's position.

Counsel for Mother stated that between this Saturday and Monday, counsel received 9 emails from Father. Mother objects to an evidentiary hearing. She agrees that this court cannot resoslve property and phone issues, since the parties are not married. She objects to Father calling himself a prisoner, and the grandparents as visitation wardens. Mother is supportive of safe visitation.

Mother stated that the parties were together for approximately three years. Mother lives with her parents in Derry, where she moved back after the child was born. She stated that Father has a history of domestic violence and criminal activity.

Mother stated that she has a marital restraining order against Father, and wants it to continue to be in place. She stated that both parties drank alcohol heavily before the birth of the child, and then Mother stopped. She stated that Father continues to drink and use marijuana. She stated that Father deals drugs out of his home. She stated that he has thrown her down the stairs. He has 18 criminal charges against him, including four drunk driving charges, the latest in 2020, 2021. He has a 2021 stalking charge against him where she is the victim. He has three charges of simple assault, as well as charges of violation of bail orders and disobeying officers.

3

Mother stated that Father believes that he is sovereign being and not bound by New Hampshire law. He is from Texas, and he fled prior criminal charges. She stated that she is afraid that he will leave with the child. Mother stated that she has offered Father supervised parenting time and he refused. Mother is requesting sole decision making responsibilities. She stated that the child is thriving in her care and meeting all milestones and goals. Mother wants Father to have supervised parenting time with goal towards unsupervised.

Mother is requesting that Father have parenting time on Saturdays and Sundays from 10 am to 12 noon in her home for 3 months. This would increase to 10-1 pm after three months, and gradually from 10-4 pm. She is requesting he not use drugs or alcohol during his parenting time.

Mother stated that she has to use vacation time before the end of May, and she is requesting vacation time from May 19-26. Father can make up any parenting. She requested this from Father, and he said no.

Mother stated that the child is nursing and she cannot produce enough milk for multiple days. Father wants to use a homemade alternative to breast milk, which she objects to. Fathers' plan is for one week on and off, which is contrary to the pediatrician's recommendations, and would affect her breast milk.

Mother stated that Father is proposing changing the child's day care provider. She stated that the child is used to the day care and comfortable there. Mother is also satisfied and finds the day care clean and responsive.

Mother stated that Father's request for grandparent's visitation is not appropriate.

With regard to child support, Mother stated that Father's income is now $5,196 per month, and Mother's income is $3,054 per month. Mother pays $1,624 per month for day care. The child support guidelines amount is  $246 per week. Mother is requesting retroactive child support for 18 weeks at the rate of $246 per week, which totals $4,428. Mother is requesting that the arrearage be paid at the rate of $19 per week, which is $265 a week total payment until the arrearage is paid. She requests payment through the Bureau.

Mother has already filed her 2022 taxes, and claimed the child. She requests that the marital restraining order remain in place. Mother lives in Derry with her parents. The case was transferred from Manchester.

c.  Father's rebuttal.

In rebuttal, Father denied that he drinks alcohol. He stated that the DUI charges were from 2007, but this was contradicted by the criminal record provided by Mother.  Father stated that when Mother moved out, Mother was producing milk and freezing it.

3.  Findings and rulings.

For the reasons stated, Mother's proposed orders are approved. The signed parenting plan, USO and decree are attached hereto. Father is also ordered to complete a 10 panel hair follicle drug test within 21 days. The order is attached.

4

The Clerk's office is requested to schedule a 30 minute pretrial conference in approximately 90 days, as the docket permits. The parties are ordered to file and to exchange all of the documents at least 30 days before the hearing. This includes financial affidavits, proposed orders, and child support worksheets.

SO ORDERED.

3/23/23
Date

Signature of Judge

Michael L. Alfano
Printed Name of Judge

5

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - Family Division - Manchester
35 Amherst St.
Manchester NH  03101-1801

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

Case Name:   **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:   **656-2022-DM-00737**

## ORDER ON EX PARTE HEARING

Some of the parties appeared for a follow-up ex parte hearing on 11/30/22 at 10:00 am in this parenting matter.  Petitioner Matthew Hassell failed to appear.  Respondent Devin Kimbark appeared with Attorney Brian Germaine.  The parties have one child together, Phoenix Hassell (newborn).  Based on Petitioner's failure to appear, he is hereby defaulted.  Respondent provided a sworn offer of proof and a proposed order for the Court's consideration.

Respondent Devin Kimbark testified that the Petitioner's ex parte should be denied that this case should be transferred to the proper venue (Derry Family Division), as both parties live in Derry.  Respondent made a verbal request for her own ex parte orders, requesting sole decision-making responsibility, due to the Petitioner's erratic behavior and implicit threats contained in his "manifesto" (pleading #13).  Respondent cited Petitioner's statements in his manifesto where he openly questioned/denied this Court's jurisdiction over him or this case, and otherwise declaring that he will do what he wants.

Respondent is very concerned that Petitioner will abscond with the child.  Respondent states that all of Petitioner's family is in the southern U.S., and Petitioner had previously stated that he fled a legal matter in another state, abandoning his vehicle and possessions in order to avoid legal consequences.  Respondent requests a marital restraining order under RSA 461-A:10, as it appears that Petitioner's erratic behavior has been escalating over the past year.  In spite of all this, Respondent is hopeful that Petitioner will appear and this case may move forward in the normal course.

Based upon the evidence presented to the Court, and taking into account the reasonable inferences that can be drawn from the evidence, and taking into account the Petitioner's failure to appear, the Court finds that Petitioner has not sustained his burden of proof in this case.  The Court could not find that there is an *immediate and irreparable* injury or loss that will result to the Petitioner or the child, if relief were not granted.  The Petitioner's ex parte request (#2) is respectfully DENIED.

The Respondent's verbal requests for ex parte relief are hereby GRANTED.  The Court does find an *immediate and irreparable* injury or loss will result to the Respondent and the child, if relief were not granted.  See Supplemental Ex Parte Order, attached hereto.  The answer and cross-petition for parenting (#10) shall be scheduled in the ordinary course going forward.

NHJB-2010-DFPe (05/23/2017)

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, ss

9th CIRCUIT COURT
FAMILY DIVISION-MANCHESTER
656-2022-DM-737

In the Matter of
Matthew Lane Hassell and Devin Aileen Kimbark

*SUPPLEMENTAL EX PARTE*

RESPONDENT'S PROPOSED ORDER

1.   Petitioner's Ex-Parte Motion is denied.

2.   The parties' minor child Phoenix Katherine Hassell (d.o.b. 10-22-22) is 5 weeks old.  Respondent is nursing.

3.   The parties shall attend the CIP program and First Appearance. *[handwritten initials]*

4.   After attendance at First Appearance, the Court will schedule mediation in the normal course.

5.   The parties shall communicate by AppClose. *Respondent is awarded sole decision making + sole*

6.   ~~Temporarily, the Petitioner shall exercise parenting time at Respondent's home, located at 3 Stoneleigh Drive, Derry, New Hampshire, every Saturday and Sunday from 12-1:30 p.m.  Respondent shall supervise Petitioner's time with the parties' minor child.~~ *residential responsibility*

7.   Neither party shall disparage the other.

8.   Petitioner agrees to permit Respondent to come to his home, located at 45 Falcon Crest Way, within 10 days, to retrieve her personal belongings and the baby items purchased by her family. Petitioner shall not interfere or impede Respondent from removing her personal belongings and the baby items purchased by her family.

9.    Respondent  shall  return  the  cell  phone  purchased  by Petitioner upon the receipt of all of her personal belongings and the baby items purchased by her family.

10.   The Motion to Change Venue is granted.  *A 461-A:10 restraining order is hereby GRANTED against Petitioner*

So Ordered.

Dated: _11/30/22_

_____
Presiding Judge
*Todd H. Prevett*