**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Matthew-Lane: Hassell

    v.                                    Civ. No. 23-cv-472-JL

Devin Aileen Kimbark, et al.

## REPORT AND RECOMMENDATION

Plaintiff Matthew-Lane: Hassell[1] has sued the mother of his child, her parents ("the Kimbark defendants"), and several New Hampshire judges[2] ("the judicial defendants") involved in child custody and support proceedings in state court.  He generally

---

[1] The punctuation plaintiff uses in his name, as well as several of his arguments, are hallmarks of a so-called "sovereign citizen" filing.  See, e.g., Compl. (Doc. No. 1) ¶ 23 ("It is a fact that: I am a Texas National.  I am an inhabitant of New Hampshire. . . . I am the holder in due course of the trust involved in this controversy as MATTHEW LANE HASSELL"); id. ¶ 24 ("It is a fact that: I do not accept the classification of a UNITED STATES citizen resident, person, or any other corporate legal fiction."); see also U.S. Bank N.A. v. Janelle, No. 2:20-cv-00337-JAW, 2021 WL 4847901, at *7-8 (D. Me. Oct. 18, 2021) (describing the various hallmarks of sovereign citizen pseudolitigation and decrying the "widespread practice of pro se litigants submitting court filings that are nothing more than a collection of legal-sounding but false rules that purport to be law" (cleaned up)).

[2] The defendants are Devin Aileen Kimbark, the mother of plaintiff's child (born in October 2022), Ms. Kimbark's parents, Cheryl and Mark Kimbark, and Judges Todd H. Prevett, Michael L. Alfano, and Kerry P. Steckowych, each of whom issued rulings in court proceedings involving Mr. Hassell and Devin Kimbark.

claims that the defendants violated various provisions of state
and federal constitutional and statutory law in connection with
those proceedings.  Mr. Hassell seeks damages and injunctive
relief.  Before the court are motions to dismiss filed by the
defendants, (Doc. Nos. 10, 11, 14, 15) to which the plaintiff
has timely objected (Doc. Nos. 13, 16, 17, 18).  See Fed. R.
Civ. P. 12(b)(1), (6).  Pursuant to LR 72.1, the motions have
been referred to the undersigned Magistrate Judge for a report
and recommendation.  For the reasons that follow, the district
judge should grant the defendants' motions and dismiss this case
in its entirety.

### Standard of Review

When evaluating motions under Fed. R. Civ. P. 12(b)(1) and
12(b)(6), the court assumes "the truth of all well-pleaded
facts" and draws "all reasonable inferences in the plaintiff's
favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006)
(analyzing case under Rule 12(b)(6)); Fothergill v. United
States, 566 F.3d 248, 251 (1st Cir. 2009) (analyzing case under
Rule 12(b)(1)).

"Because federal courts are courts of limited jurisdiction,
federal jurisdiction is never presumed." Viqueira v. First Bank,
140 F.3d 12, 16 (1st Cir. 1998). The party asserting federal
jurisdiction has the burden of demonstrating its existence. Id.
Dismissal under Rule 12(b)(1) at the pleading stage is

appropriate only when the facts alleged in the complaint, taken
as true, do not support a finding of federal subject-matter
jurisdiction. Fothergill, 566 F.3d at 251. A 12(b)(1) challenge
to the court's subject-matter jurisdiction must be addressed
before addressing the merits of a case. Acosta-Ramírez v. Banco
Popular de Puerto Rico, 712 F.3d 14, 18 (1st Cir. 2013).

To survive dismissal under Rule 12(b)(6), a complaint must
contain sufficient factual material to "state a claim to relief
that is plausible on its face." Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007). "While a complaint attacked by a Rule
12(b)(6) motion to dismiss does not need detailed factual
allegations . . . [f]actual allegations must be enough to raise
a right to relief above the speculative level[.]" Id. at 545
(internal citations omitted). "A claim has facial plausibility
when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable
for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009). In addition, "an adequate complaint must include not
only a plausible claim but also a plausible defendant."
Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 594 (1st Cir.
2011).

## Background

The underlying foundation of Mr. Hassell's lawsuit is that
the Kimbark defendants lied to police and the judicial

3

defendants in an effort to increase the child support Mr.

Hassell would be ordered to pay and decrease his visitation

rights with his and Devin Kimbark's child.  He asserts that, as

a result of the defendants' acts, he is allowed only two hours

per weekend day of supervised visitation, and was ordered to pay

"the highest amount of child support prescribed by law." Compl.

(Doc. No. 1) ¶ 7.

     Mr. Hassell further alleges that, in the early stages of

the child custody proceedings, one of the judicial defendants

granted Devin Kimbark "sole decision making and sole residential

responsibility" and issued an ex parte restraining order against

him.  Id. ¶¶ 5-6.  He also asserts that the judicial defendants

thereafter "denied [him] evidentiary hearings," and "ordered

[him] to drug testing but did not do the same with" Devin

Kimbark.  Id. ¶ 7; see id. ¶ 13.  Ultimately, Mr. Hassell claims,

the judicial proceedings caused the New Hampshire Department of

Health and Human Services' Bureau of Child Services to garnish

his wages.  Id. ¶ 12.

     According to Mr. Hassell, the judicial defendants' rulings

were the result of the Kimbark defendants' "hearsay and perjury

claims with no evidence to prove such." Id. ¶ 7.  He further

insists that he filed numerous "unrebutted affidavits" that the

judicial defendants "repeatedly ignored." Id. ¶ 15. They did

so, Mr. Hassell alleges, because they were "biased and

prejudiced" against him "due to the Social Securit[y] Act." Id.
¶¶ 16–17).[3]

Mr. Hassell claims that the defendants, individually and
collectively, violated: 1) the Racketeer Influenced and Corrupt
Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68; 2) The First,
Fourth, Fifth and Fourteenth Amendments to the Federal
Constitution; and 3) several provisions of the New Hampshire
Constitution.  Compl. (Doc. No. 1) at 8-9. He asks this court
to: 1) make changes to the state court's custody and child
support orders; 2) order the state to cease its wage
garnishment; 3) restrain state judges from making any future
changes to custody "until the Social Security Act is voided,
repealed, cancelled"; 4) restrict the type of evidence state
court judges can receive in any future child custody
proceedings; 5) award him $6 million dollars in damages; and 6)
sanction all defendants for violating various New Hampshire
criminal statutes.  Id. at 10-12.

---

[3] Mr. Hassell bases this allegation against the judicial
defendants on his belief that, under the Social Security Act,
the defendants "get paid by the federal government" when they
award one parent "significantly more time and access to the
child." Id. ¶ 19.  Therefore, he concludes, the judicial
defendants ruled in Devin Kimbark's favor due to their own
personal financial interests.  Id. ¶¶ 17, 19. Although it
appears that there are no provisions of the Social Security Act
that call for payment to state court judges as Mr. Hassell
alleges, the court need not resolve that issue in order to rule
on the pending motions.

## Discussion

A. Rooker-Feldman Doctrine

The claims against all defendants are subject to dismissal pursuant to the Rooker-Feldman doctrine.  Under the Rooker-Feldman doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Tyler v. Sup. Jud. Ct., 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)).

> The [Rooker-Feldman] doctrine prevents losing litigants "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," as only the Supreme Court has jurisdiction to review the decision of a state court in civil litigation.

Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The application of the doctrine turns on whether the plaintiff's federal suit is "in effect, an end-run around a final state court judgment." Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 66 (1st Cir. 2018); see also Mandel v. Town of Orleans, 326 F.3d 267, 271-72 (1st Cir. 2003) (vacating a preliminary injunction order concerning child custody under the Rooker-Feldman doctrine and noting that the doctrine generally prevents a parent from attempting to invalidate a child custody order in federal district court).

Where, as here, Mr. Hassell expressly seeks the reversal and/or alteration of the New Hampshire state court's child custody orders, the Rooker-Feldman doctrine deprives this court of subject matter jurisdiction, and therefore dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(1).[4]

B.  Judicial Defendants

Even if the Rooker-Feldman doctrine did not apply to this case – or all facets of it -- judges have "absolute immunity from civil liability for any normal and routine judicial act," regardless of the legal theory behind any particular claim.  Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "[Judicial] immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive. Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity." Cok, 876 F.2d at 2 (citations omitted).

"Child custody determinations are 'normal and routine' judicial acts" that trigger immunity.  Thibodeau v. Yazinski,

---

[4] That Mr. Hassell also seeks damages as a result of the state court decisions, rather than just an order reversing those decisions, does not insulate his complaint from the effects of Rooker-Feldman.  Considering a claim for damages based on state court decisions would impermissibly "require reviewing the merits of the [state court's] decision[s]." Sinapi v. Rhode Island Bd. Of Bar Examiners, 910 F.3d 544, 549. (1st Cir. 2018).

7

No. 17-CV-665-JD, 2018 WL 3520846, at *2 (D.N.H. June 20, 2018),
report and recommendation adopted, 2018 WL 3520828 (D.N.H. July
20, 2018).  In addition, neither Mr. Hassell's complaint nor his
objections to the judicial defendants' motions indicate that
these defendants acted "in the clear absence of all
jurisdiction."  Accordingly, the judicial defendants are
entitled to immunity and the claims against them are subject to
dismissal pursuant to Fed. R. Civ. P. 12(b)(6); see Imbler v.
Pachtman, 424 U.S. 409, 430 (1976) (affirming 12(b)(6) dismissal
based on absolute immunity).

C.   Abstention

     In addition to the Rooker-Feldman doctrine and judicial
immunity, application of the Younger abstention doctrine also
dictates dismissal.  Younger embodies a "strong federal policy
against federal-court interference with pending state judicial
proceedings absent extraordinary circumstances." Middlesex Cty.
Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431
(1982).  Abstention is appropriate in this case because Mr.
Hassell's requested relief "would interfere (1) with an ongoing
state judicial proceeding; (2) that implicates an important
state interest; and (3) that provides an adequate opportunity
for the federal plaintiff to advance his federal constitutional
challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).
Mr. Hassell's requested relief satisfies all elements of the

Younger test, and therefore, as an alternative to Rooker-Feldman

and judicial immunity, the court should abstain from exercising

jurisdiction over these claims pursuant to Younger. Rogers v.

Garner, No. 16-CV-520-JL, 2017 WL 1011456, at *2 (D.N.H. Feb.

15, 2017), report and recommendation adopted, No. 16-CV-520-JL,

2017 WL 1011436 (D.N.H. Mar. 14, 2017) (dismissing action

attempting to interfere with divorce proceedings).

D.   Failure to State a Claim

     In addition to the bases for dismissal listed above, Mr.

Hassell's claims against the Kimbark defendants are subject to

dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a

claim for which relief can be granted.

     1. Constitutional Claims

     Mr. Hassell's claims that the Kimbark defendants violated

his constitutional rights cannot proceed because Federal

constitutional protections apply only against governmental

action, that is, restrictions or discrimination imposed by state

actors. 42 U.S.C. § 1983; Goldstein v. Galvin, 719 F.3d 16, 24

(1st Cir. 2013); see also Jarvis v. Village Gun Shop, Inc., 805

F.3d 1, 8 (1st Cir. 2015). Governmental action is also a

required element of a claim under the New Hampshire

Constitution. HippoPress, LLC v. SMG, 150 N.H. 304, 308 (2003).

The Kimbark defendants are indisputably private actors.

Accordingly, Mr. Hassell's constitutional claims should be dismissed.

    2.   RICO

Although not entirely clear from the complaint, it appears that Mr. Hassell is asserting that the Kimbark defendants committed RICO violations when they made false claims in connection with the relevant child custody proceedings. See 18 U.S.C. § 1964(c). To state a civil RICO claim, a plaintiff must allege four elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. Giuliano v. Fulton, 399 F.3d 381, 386 (1st Cir. 2005). A pattern of racketeering activity is "at least two acts ... within ten years of each other" that "violate[ ] one of the federal laws specified in the RICO statute." Id., 399 F.3d at 387. The list of activities which may be considered "racketeering activity" includes mail and wire fraud and is extensive, though all such activities could be fairly described as criminal in nature. See Douglas v. Hirshon, 63 F.4th 49, 55 (1st Cir. 2023); 18 U.S.C. § 1961(1) (listing the acts which may constitute racketeering activity, including, inter alia, murder, kidnapping, gambling, robbery, fraud of various flavors, embezzlement, forgery, witness intimidation, counterfeiting, slave trafficking, sexual exploitation of children, and economic espionage).

Mr. Hassel's complaint contains only unsupported legal conclusions that the defendants committed "fraud and bank fraud and securities fraud and coercion and intimidation and retaliation and conspiracy to commit such acts."  Compl. (Doc. No. 1) at 8. None of the acts he complains of meet the statute's definition of "racketeering activity." See Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991), abrogated on other grounds by United States v. Velazquez-Fontanez, 6 F.4th 205, 213 n.2 (1st Cir. 2021). ("[I]t would be unjust if a RICO plaintiff could defeat a motion to dismiss simply by asserting an inequity attributable to a defendant's conduct and tacking on the self-serving conclusion that the conduct amounted to racketeering.") Therefore, the complaint fails to state a claim for relief under section 1964(c) and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## Conclusion

Based on the foregoing, the district judge should grant the defendants' motions to dismiss (Doc. Nos. 10, 11, 14, 15).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co.,

617 F.3d 554, 564 (1st Cir. 2010).   Any issues not preserved by

such objection(s) are precluded on appeal. See id. Failure to

file any objections within the specified time waives the right

to appeal the district court's Order.   See Santos-Santos v.

Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
                              Andrea K. Johnstone
                              United States Magistrate Judge


February 14,  2024

cc:   Matthew-Lane Hassell, pro se
      Devin Aileen Kimbark, pro se
      Cheryl L. Kimbark, pro se
      Mark Kimbark, pro se
      Nathan W. Kenison-Marvin, Esq.