# **RESPONSE TO MAGISTRATE REPORT AND RECOMMENDATIONS**
(12 Pages)

**2021 WL 4847901 Only the Westlaw citation is currently available. United States District Court, D. Maine. U.S. BANK N.A., AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4, Plaintiff, v. Diane JANELLE, Shane Janelle, and Stephen Monaghan, Defendants. No. 2:20-cv-00337-JAW (2021).**

The Defendants say that this Court's orders are "void for want of cause of action: no evidence of purported movant standing to grant jurisdiction to court for want of proof of possession and ownership of the mortgage note with the endorsement and the mortgage with the endorsement for compliance to Maine Title 14 § 6321 to commence either BIDDC-RE-16-090 and 2:20-cv-0037-JAW." Id. (emphasis in original).

If the Magistrate Judge cannot comprehend a simple Claim for Damages, it is perhaps from all the rules like these, which confuse non-lawyers. The Defendants come into 2 groups, each relying on the participation of the other. This is an oversimplified timeline.

1) If Defendant, Ms. Kimbark did not lie and misrepresent the Plaintiff in lower court proceedings, the judges would have had no choice but to properly follow court protocol and schedule hearings before a significant deprivation of rights occurred and thus afford both parties "due process of law" and "equal protection of the law." At that point nobody did anything wrong except Ms. Kimbark.
2) Then, the remainder of the Kimbark family (Mr. Mark Kimbark, a.k.a. Mr. Kimbark and Mrs. Cheryl Kimbark a.k.a. Mrs. Kimbark) gave aid and comfort when they allowed Ms. Kimbark and the minor child to move into their house (residence). All safe and proper.
3) It was not until Mr. and Mrs. Kimbark chose to pay for an attorney on behalf of Ms. Kimbark, that they took an active part in financing and giving safe haven to a reported liar. The adults (Mr. and Mrs. Kimbark) knew Ms. Kimbark did not have sufficient reason nor authority to deprive the father of rights to the child. Also see Haines –vs.- Kerner, 404 U.S. 519.

**Nisselson v. Lernout 469 F.3d 143; 2006 U.S. App. LEXIS 27562; 47 Bankr. Ct. Dec. 89 United States Court of Appeals for the First Circuit (2006), Decided No. 05-1774.**
The court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor."

**Fothergill v. United States 566 F.3d 248 *; 2009 U.S. App. LEXIS 10938 United States Court of Appeals for the First Circuit May 21, 2009, Decided No. 08-1365, No. 08-1951.**

The court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor."
Additionally using the standard of the 12 (b), (6) rule.

**Dr. Jaime Viqueira v. First Bank et al,140 F.3d 12 *; 1998 U.S. App. LEXIS 6550 **; 40 Fed. R. Serv. 3d (Callaghan) 618 United States Court of Appeals for the First Circuit March 30, 1998, Decided No. 97-2127.**
"Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed."
Additionally using the standard of the 12 (b), (1) rule.

**Acosta-Ramírez v. Banco Popular de Puerto Rico 712 F.3d 14 *; 2013 U.S. App. LEXIS 6813 **; 20 Wage & Hour Cas. 2d (BNA) 810; 2013 WL 1320411, United States Court of Appeals for the First Circuit April 3, 2013, Decided No. 12-1887.**
The courts subject-matter jurisdiction must be addressed before addressing the merits of a case.

**Bell Atl. Corp. v. Twombly 550 U.S. 544; 127 S. Ct. 1955; 167 L. Ed. 2d 929; 2007 U.S. LEXIS 5901; 75 U.S.L.W. 4337; 2007-1 Trade Cas. Supreme Court of the United States November 27, 2006, Argued ; May 21, (2007). (CCH) P75,709; 68 Fed. R. Serv. 3d (Callaghan) 661; 20 Fla. L. Weekly Fed. S 267; 41 Comm. Reg. (P & F) 567.**
"State a claim to relief that is plausible on its face."
"Factual allegations must be enough to raise the right to relief above the speculative level."

**Ashcroft v. Iqbal 556 U.S. 662; 129 S. Ct. 1937; 173 L. Ed. 2d 868; 2009 U.S. LEXIS 3472; 77 U.S.L.W. 4387; 2009-2 Trade Cas. Supreme Court of the United States December 10, 2008, Argued; May 18, (2009).**
"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

**Penalbert-Rosa v. Fortuno-Burset 631 F.3d 592; 2011 U.S. App. LEXIS 1780; 31 I.E.R. Cas. (BNA) 1297 United States Court of Appeals for the First Circuit January 28, 2011, Decided Nos. 09-2391, 10-1410.**
"an adequate complaint must include not only a plausible claim but also a plausible defendant."

**Tyler v. Supreme Judicial Court of Mass. 914 F.3d 47; 2019 U.S. App. LEXIS 2794 United States Court of Appeals for the First Circuit January 28, 2019.**
"Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."

Answering on the challenge of the Rooker-Feldman Doctrine:
**Lance v. Dennis 546 U.S. 459; 126 S. Ct. 1198; 163 L. Ed. 2d 1059; 2006 U.S. LEXIS Supreme Court of the United States February 21, (2006).**
Also;
**Rossi v. Gemma 489 F.3d 26 *; 2007 U.S. App. LEXIS 12534 ** United States Court of Appeals for the First Circuit May 31, 2007, Decided No. 06-2020, No. 06-2021.**
The district court regarded the § 1983 actions as simply a re-litigation of the battle the property owners had already lost and dismissed the claims.
The Younger doctrine is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings.
Abstention is appropriate when the requested relief would interfere
(1) with an ongoing state judicial proceeding;
> COMMENT: The moment the first judge and each judge violated his oath of office (to defend and protect the New Hampshire Constitution et al, and/ or the United States Constitution et al, and/ or employment contract (Canons of Law) and/ or violates state laws (statutes) and/ or Federal Laws (U.S.C.A.) and/ or exceeded his authority; he no longer represents the government (Brookfield Construction Co. v. Stewart 339 F.2d 753, 119 U.S. App. D.C. 254 (1964) and therefore, there is no ongoing litigation in the state courts. According to the Plaintiff in his Affidavit, all 3 judges have violated some the above provisions listed in the Claim for Damages. The Claims which the Plaintiff made, must be disproven by the Defendants or it must be accepted as true in accordance with Group v Finletter, 108 F. Supp. 327 (1952) in which it was decided; "Defendant has filed no counter affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A."

(2) that implicates an important state interest; and
> COMMENT: All across the United States attorneys like DiTrapano have been accused of "coaching" their clients to make false statements, as Plaintiff asserts Ms. Kimbark has made, and the opposing party (which in this case is the Plaintiff) is injured and denied natural rights to their progeny for extended periods of time, typically 6 months to 2 years (in Plaintiff's case it has been over 14 months) and the accuser is not prosecuted in any way.

(3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.
> COMMENT: To deny this claim is to deny justice. A police report which proves Ms. Kimbark lied (see Doc. No. 15 Att: 1), and the judges have denied Plaintiff opportunity to be heard. That is the crux of the problem, the judges cannot play both sides of the fence. By denying Plaintiff his opportunity to a fair hearing, is proof positive, prima facie, clear and unambiguous violations of due process. If Plaintiff cannot be heard by the

judge then, neither can Ms. Kimbark and then just as Plaintiff contends, the judges have nothing to substantiate their denial of the minor child from the Plaintiff, which all 3 Defendant Judges have done.

Rooker-Feldman doctrine in not applicable. In the quote offered the case is denied because it challenges federal constitutional issues. Plaintiff claims the Rooker-Feldman doctrine denies redress of government, which is protected by both New Hampshire Constitution Section 1, Art. 10. [Right ofRevolution.] "Government being instituted for the common benefit, protection, and security, of the whole community, and not for the private interest or emolument of any one man, family, or class of men; therefore, whenever the ends of government are perverted, and public liberty manifestly endangered, and all other means of redress are ineffectual, the people may, and of right ought to reform the old, or establish a new government. The doctrine of nonresistance against arbitrary power, and oppression, is absurd, slavish, and destructive of the good and happiness of mankind." and the U.S. Constitution 1st Amendment, and therefore must be stricken from the record because it is void ab initio in accordance with Article 6 Clause 2 of the U.S. Constitution. Prove Plaintiff was allowed due process. Prove Plaintiff was afforded equal protection under the law. Prove the court protected the natural rights of the Plaintiff to the care and custody of the minor child. This is a federal issue because the state courts in every city in the United States unjustly deny rights based on hearsay.

A doctrine a lawyer wrote to oppose another lawyer in court and thereby deny the oppositions right to redress is a fraud upon the court. The RF doctrine is void on it's face. It's just because the BAR will not sue the BAR because they each have a superior duty to the court and not to the client (as mentioned in the Claim for Damages) in accordance with Corpus Juris Secundum Volume 7 Attorney and client (section) § 76 and so the BAR made a decision that the BAR can decide the BAR cannot sue the BAR because the BAR says so.

As government unless the Defendants file a counter Affidavit, the Defendants simply have no say whatsoever. It is a matter of Stare Decisis Non Rebutted Affidavits are "Prima Facie Evidence in the Case in accordance with U.S. v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). It was also decided; [28]Affidavits are often the only supporting evidence for the issuance of a search or arrest warrant, which, as noted above, requires a higher standard of proof. Affidavits alone should therefore certainly be sufficient to prove a prima facie case in summons enforcement proceedings. I understand there is a difference between Kis supra and these issues but the underlying issue is the same. In Kis supra, the Defendant could file a counter-affidavit and then it would be up to the judge to decide which of the 2 (TWO) Affidavits is more plausible. Then and only then can the judge decide which is "truth." Without a counter-affidavit, which is the case here, the judiciary is bound to decide in favor of the Affiant.

**\*\*\*Efreom v. McKee 46 F.4th 9 \*; 2022 U.S. App. LEXIS 23026 \*\*; 2022 WL 3483975 United States Court of Appeals for the First Circuit August 18, 2022, Decided No. 21-1382.**

4

Also,
***Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280; 125 S. Ct. 1517; 161 L. Ed. 2d 454; 2005 U.S. LEXIS 2929; 73 U.S.L.W. 4266; 18 Fla. L. Weekly Fed. S 206 Supreme Court of the United States; March 30, (2005).**

**Klimowicz v. Deutsche Bank Nat'l Trust Co. 907 F.3d 61; 2018 U.S. App. LEXIS 29545 United States Court of Appeals for the First Circuit (2018).**
The application of the doctrine turns on whether the plaintiff's federal suit is "in effect, an end-run around a final state court judgment" Plaintiff claims that once a state officer violates his oath or employment contract he no longer represents the government and therefore each and every of the orders are a nullity.

**Mandel v. Town of Orleans 326 F.3d 267; 2003 U.S. App. LEXIS 7097 United States Court of Appeals for the First Circuit April 15, (2003).**
Vacating a preliminary injunction order concerning child custody under the Rooker-Feldman doctrine and noting that the doctrine generally prevents a parent from attempting to invalidate a child custody order in federal district court.
Was that order even lawful? How often is generally? Did the people who presented those pleading use state constitutional issues?
**Rooker-Feldman is at least quasi-jurisdictional, premised on the rule that among federal courts only the U.S. Supreme Court has authority to invalidate state civil judgments.**

**Cok v. Cosentino 876 F.2d 1; 1989 U.S. App. LEXIS 7407 United States Court of Appeals for the First Circuit May 26, (1989).**
Judges have "absolute immunity from civil liability for any normal and routine judicial act," regardless of the legal theory behind any particular claim.
COMMENT: Again, treason written by lawyers. Cok does not justify judges denying fair and equal access prior to due process of law. Especially here where there is not a single criminal charge and not a single affidavit to support the judges denial of fair access to the child.

**Stump v. Sparkman 435 U.S. 349; 98 S. Ct. 1099; 55 L. Ed. 2d 331; 1978 U.S. LEXIS 74 Supreme Court of the United States Argued January 10, 1978 ; March 28, 1978; Petition For Rehearing Denied June 5, (1978).**
(Judicial) immunity applies no matter how erroneous the act may have been, how injurious its consequence, how informal the proceeding, or how malicious the motive. Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.
That is void now. It is in violation of both state and federal constitution. Specifically in Article 2 Section 4 of the U.S. Constitution et al, "The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors."

**Thibodeau v. Yazinski Case No. 17-cv-665-JD United States District Court for the District of New Hampshire June 18, 2018, Decided; June 20, (2018).**
"Child custody determinations are 'normal and routine' judicial acts" that trigger immunity.
What a fraud. Only when the judge obeys the Canons of Law, which these judges violated, Constitutional restrictions, which these judges violated, thus these judges have no immunity. Wrap your head around this, "The people created the government and one controls what they create. Therefore, the people have immunity superior to that claimed by the judiciary. Certainly, Thibodeau supra does not mean to implicate that a judge can deny a parent to the minor child without an in depth and thorough investigation, where both parties have been allowed a fair and unbiased hearing before a significant deprivation of rights is ordered."

**Imbler v. Pachtman 424 U.S. 409; 96 S. Ct. 984; 47 L. Ed. 2d 128; 1976 U.S. LEXIS 25 Supreme Court of the United States (1976).**
[Again,] judicial immunity was lost when Plaintiff was not afforded the constitutional protections of due process of law and equal protection of the law. The N.H.R.C.P. mentioned are contingent upon the fact that the judges obeyed their oath of office, which they clearly did not. Show me a single affidavit or shred of evidence to support their claims that they made a correct and unbiased decision to deprive Plaintiff of the child for over a year. They are not immune from prosecution, criminal nor civil. They must be impeached and sanctioned and prosecuted to the full extent of the law in accordance with Article 2 Section 4 U.S. Const.

**Middlesex County Ethics Comm. v. Garden State Bar Association 457 U.S. 423; 102 S. Ct. 2515; 73 L. Ed. 2d 116; 1982 U.S. LEXIS 2638; 50 U.S.L.W. 4712 Supreme Court of the United States (1982).** This is covered extensively in Rossi *supra*. Additionally;
There are extraordinary circumstances, a father has been denied fair and equal access to his child, absent evidence to support the mother's claims that Plaintiff may be a danger to the child.
According to Middlesex, [HN5] The lawyer who is charged with unethical conduct in New Jersey may have counsel, discovery is available, and all witnesses are sworn."
COMMENT: In the proceedings in question, Plaintiff was never afforded the same opportunity, to offer discovery and have Ms. Kimbark sworn (to tell the truth under pains and penalties of perjury), which is another example of due process violations which deprive the judiciary of immunity. Lawyers and judges expect it when they are in the defendant's table, but ignore it when they sit behind the bench and the prosecution's table.
Middlesex also decided; "The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims."
Again, by denying Plaintiff due process of law, the state proceedings did not "afford an adequate opportunity to raise constitutional claims." Which is again, a

denial of due process and denial of equal protection, stripping the judiciary of immunity.

Rossi v. Gemma supra, has been addressed earlier to keep the multiple responses to the multiple incorrect uses of Rooker-Feldman in the area it was first used by defendants.

**Rogers v. Garner Civil No. 16-cv-520-JL Reporter 2017 U.S. Dist. LEXIS 36237 United States District Court for the District of New Hampshire February 15, (2017).**
"Dismissing action attempting to interfere with divorce proceedings." There was no marriage, this is a strict custody hearing. In over a year the Plaintiff here is only allowed 2 hours a week supervised visits without cause. Plaintiff was ordered to receive an increase in time of 2 hours every 3 months and after over a year still only allowed the 2 hours. No affidavits against him, no evidence he is unfit.

**Goldstein v. Galvin 719 F.3d 16 *; 2013 U.S. App. LEXIS 11643 **; 2013 WL 2466861 United States Court of Appeals for the First Circuit June 10, (2013).**
Using the operator's name in the announcement was government speech and could not ground a First Amendment retaliation claim. Allowing the operator to weave a First Amendment retaliation claim out of something so mundane as an official's issuance of a true statement, not couched in inflammatory terms, about a matter of public concern, would trivialize the United States Constitution.
It follows inexorably that a person sued only in his official capacity is neither identical to, nor in privity with, the same person sued in his individual capacity.The upshot is that a person who is sued in one capacity (whether official or individual) cannot assert a defense of claim preclusion in a later action in which he is sued in a different capacity.
COMMENT: It is up to the civil officer to prove his actions of withholding a minor child from one parent or the other is a function of government. Since there is no Affidavit to shield the civil officers from liability, they are possibly civilly and criminally liable. In Goldstein, the statements made were also deemed true, hence no liability. Here, in Hassell, there is no proof the statements were true, hence the civil officer is liable for his actions. Also Mr. Kimbark is a civil officer of the United States just the same as the judges. Mr. Kimbark has an oath of office and a Security Clearance.

**Jarvis v. Vill. Gun Shop, Inc. 805 F.3d 1 *; 2015 U.S. App. LEXIS 18946 United States Court of Appeals for the First Circuit October 30, (2015).**
Governmental action is also a required element of a claim under the New Hampshire Constitution.

**HippoPress, LLC v. SMG, 150 N.H. 304 (2003).**
Terminated employee's action against his employer was dismissed where his state law claims were preempted by the Labor Management Relations Act

(LMRA) and his constitutional claims failed because he had not alleged that his former employer was a state actor (or that it was acting in concert with a state actor) when it terminated his employment.
We do contend that the family is in conspiracy through their attorney to deprive Plaintiff of rights secured and protected by both State and Federal Constitutions.

**Giuliano v. Fulton 399 F.3d 381; 2005 U.S. App. LEXIS 3745 United States Court of Appeals for the First Circuit March 7, (2005).**
To state a RICO claim, a Plaintiff must allege 4 elements: 1) conduct; 2) of an enterprise; 3) through a pattern; of racketeering activity. A pattern of racketeering activity is "at least two acts… within ten years of each other" that "violate [ ] one of the federal laws specific in the RICO statute."
The Supreme Court has identified two methods for establishing continuity. Under
the "closed-ended" approach, continuity is established by showing a series of related predicates extending over a substantial period of time that amount to a threat of continued criminal activity.
"…but may state a claim so long as the alleged racketeering acts themselves include a specific threat of repetition extending indefinitely into the future or are part of an ongoing entity's regular way of doing business."
This is because too few acts would suggest that the defendants were engaged in only "sporadic activity," and too short a period of time would suggest that defendants were not engaged in "long-term criminal conduct." Some cases, however, fall into a middle ground where the duration and extensiveness of the alleged conduct does not easily resolve the issue. In these cases, the court examines other indicia of continuity, including whether the RICO allegations concerns only a single scheme that is not far reaching. In such cases, courts decline to find the requisite continuity.
Merely alleging that the defendant used a governmental body as a tool for facilitating a racketeering scheme that ultimately harmed the plaintiff is not enough to transform a narrow scheme into a broad and far reaching scheme for purposes of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.S. § 1961 et seq.
"According to Giuliano, the [**11] alleged conspirators have persisted in their misrepresentations [*386] to the state courts and to the Commission." How closely that statement applies to this case. Ms. Kimbark, with the aid of her mother and father (Mr. and Mrs. Kimbark) through their attorney, misrepresented the Plaintiff to the state courts [and to the Commission]"
Because the RICO statute was only intended to reach long-term criminal conduct, "predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." See notes on RICO under 18 U.S. Code § 1961 – Definitions, listed below.

**Douglas v. Hirshon 63 F.4th 49; 2023 U.S. App. LEXIS 6799 United States Court of Appeals for the First Circuit March 21, (2023).**

This is moot. Plaintiff concedes that no wire fraud can be proven to exist but reserves his rights to bring future claims if such can be proven and noticed (due process to respond). Bank fraud in violation of U.S.C.A. Title 18 Section 1344 and Securities fraud in violation of Title 18 Section 1348.

**\*\*\*Miranda v. Ponce Federal Bank 948 F.2d 41; 1991 U.S. App. LEXIS 25552 United States Court of Appeals for the First Circuit October 29, (1991).** Again, the reason it appears is because of lawyer definitions. See 18 U.S. Code § 1961- Definitions below.

**18 U.S. Code 1961 - Definitions**
(1) "racketeering activity" means:
(A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year;
(2) "State" means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of theUnited States, any political subdivision, or any department, agency, or instrumentality thereof;
(4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;
(5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;

  This case involves extortion and kidnapping. Granted, this case does not fit the usual idea of kidnapping, but the Plaintiff has had almost no meaningful relationship with the minor child and the courts and the family are depriving him of rights secured and protected by both state and federal constitutions under color of law. If the family is or are members of government is moot in this case because they are conspiring with agents of government and therefore co-conspirators and therefore subject to the same pains and penalties as the major players and perpetrators in the conspiracy.
The State of New Hampshire has a political subdivision or department or agency, knowing how lawyers like to misconstrue words, the court and therefore the judges are a subdivision of the State.
"enterprise" "includes [the Kimbark's,] any individual,... "or other legal entity,..." So unlike the lawyers who wrote Giuliano, we actually read through the statute looking for the benefit of the people, not the government.
The pattern exists in a few different ways;
A) Judge Michael L. Alfano has denied me multiple evidentiary hearings and denied me due process of law, equal protection under the law and truth in evidence, more than three (3) times and the Kimbark's, by and through their

attorney, not only participated in those denials of constitutionally protected rights, the Kimbark's and the attorney each benefitted from the "kidnapping" done under duress, which deprived Plaintiff of rights secured and protected by State and Federal Constitutions (remember the et al used previously to describe both constitutions) under color of law. The moment each judge violated the Canons of Law, State or Federal Constitutional protections and U.S.C.A. Title 18 Sections 241 and 241, they no longer represented the government and therefore any coerced appearances were also done in violation of multiple other federal laws (and the corresponding state laws).

Let the case continue and Plaintiff will subpoena the last 20 cases of each judge (redacted of course) to show in each of them an overwhelming majority show the same pattern. Attorneys are coached and taught to have your party make false allegations with impunity. One party is given a disproportionate amount of time. Most fathers get less than 24% of the time. It doesn't matter if I can prove the link to the payments, I can prove state judges routinely deny equal protection under the law and each of the judges violates due process of law, in that they routinely delay and deny hearings for more than 90 days. It is a rule of 3's; 3 days to return or decline a contract, 3 weeks to file motions and answers and the maximum amount of time is 3 months. It has been over a year that Plaintiff has been repeatedly denied equal access to the minor child and a fair and impartial hearing (trial). This is inexcusable and cannot be tolerated. To operate in such an enterprise it must coax and convince the instigators with purse money. After being coached by her attorney, to deny Plaintiff the child, without authority,

**Rogers v. Garner United States District Court for the District of New Hampshire February 15, 2017, Decided; February 15, 2017, Filed Civil No. 16-cv-520-JL.**
federal courts are required to abstain from enjoining ongoing state court proceedings absent **extraordinary circumstances**. . . . Under Younger, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates [certain] important state interests and [*6] (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims."
Rogers filed for: claims of discrimination and/or due process violations in the state proceedings. Not redress of government.
Rogers has failed to make a sufficient showing of bad faith or other extraordinary
circumstances that would warrant this court's exercise of its equitable powers in a manner that would alter the orders issued in that case.
Rogers's claims asserted against Judge Garnerconcern judicial acts.
COMMENT: The denial of fair and equal access to the minor child was not a judicial act. As it mentions in the paperwork, it was based on hearsay, not an affidavit and without evidence. So the judges must prove that such action is within the authority of their job description, which they have not.

Additionally, Rogers supra failed to prove due process violations. In Plaintiff's attachments, Plaintiff did prove due process violations by each of the judges.

## **CONCLUSION:**

In conclusion, given the Exhibits Plaintiff (Mr. Hassell) has already submitted as stated above, to the Court, and the conclusive facts thereof, and the fact all parties involved have unrebutted (undisputed) those facts, as well as Mr. Hassell's Schedule Fees are undisputed by the Courts and by BCSS and by the Judicial defendants and/or their representative/s and has been unrebutted/undisputed in the State Court by the Kimbark defendants or their agent, and the facts of Mr. Hassell's Affidavit in the State Court as well as within this Court (see Att: 2 Exhibit Doc. Nos 17) and all other parties have not entered any document/evidence under penalty of perjury, haven been given opportunity to do so, and all defendants have failed to properly support a defense and/or "genuine" dispute of plaintiff's assertion of facts and no defendant can claim "immunity", and any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution; Section 2, Article 17 and 38 and 39 Impeachment, and within the claims and truth by plaintiff, that are well-pleaded facts and draws all reasonable inferences in the plaintiff's favor and plaintiff has identified part of each claim on which summary judgment is sought, Mr. Hassell moves for Summary Judgment on the pleadings as a matter of law and pursuant to Fed. R. Civ. P. Rule 56. Summary Judgment (A) and (E) (2) and (3) -

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
(2) consider the fact undisputed for purposes of the motion;
(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.

To support Mr. Hassell's Summary Judgment on the pleadings, citing Person v. Lyft, Inc., 542 F.Supp.3d 1342 (2021). United States District Court, N.D. Georgia, Atlanta Division. Elcinda PERSON, et al., Plaintiffs, v. LYFT, INC., et al., Defendants. Civil Action File No. 1:19-CV-2914-TWT Signed 06/07/2021.

[1] A court should grant a motion for judgment on the pleadings when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. Fed. R. Civ. P. 12(c).

[2] A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6), 12(c).

[3] A complaint may survive a motion to dismiss for failure to state a claim even if it is improbable that a plaintiff would be able to prove the alleged facts; even if the possibility of recovery is extremely remote and unlikely. Fed. R. Civ. P. 12(b)(6).

[4] In ruling on a motion for judgment on the pleadings, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the nonmoving party. Fed. R. Civ. P. 12(c).

[9] To sufficiently plead the required agency relationship to support a claim for vicarious liability, plaintiff must allege sufficient facts to render it facially plausible that an agency relationship is present.

[10] Actual authority requires agency relationship, which requires: (1) principal to acknowledge that agent will act for it; (2) agent to manifest acceptance of undertaking; and (3) control by principal over actions of agent.

VOID WHERE PROHIBITED BY LAW
ALL RIGHTS RESERVED WITHOUT PREJUDICE 1-308

Date: 28th of February, 2024

_Matthew-Lane: Hassell_

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA.