FILED - USDC -NH
2024 FEB 28 PM 3:48

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Matthew-Lane: Hassell, et al }<br>　Plaintiff　　　　　　　　　　} | |
| 　　　　　　　　　　　　　　} | CIVIL ACTION NUMBER: 1:23-cv-472-JL-AJ |
| v.　　　　　　　　　　　　　} | |
| 　　　　　　　　　　　　　　} | |
| Devin Aileen Kimbark, et al.　} | |
| DOES I through C　　　　　　} | |
| (1 through 100)　　　　　　　} | |
| 　　Defendant/(s)　　　　　　} | |

## MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW
In re: RESPONSE TO MAGISTRATE
REPORT AND RECOMMENDATIONS
13 Pages

　　　　Comes now, Matthew-Lane; Hassell (here and after, known as Mr. Hassell and/or Plaintiff), with clean hands, in good faith, using fair business practices and full disclosure. A Propria Persona Sui Juris, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury and under my full commercial liability, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity.

　　　　This case (1:23-cv-00472-JL-AJ) is a landmark case, in which the Federal Question/s cannot be settled by small minds with inferior spirits and covert desires of wealth and prosperity. Our legal system has been infiltrated by people and persons who subverted the legal system to attempt to satisfy their avarice and those who use their status and influence to pervert justice to meet their unjust desires, through bribes, payoffs and campaign contributions.

　　　　The 3 judges of the lower courts (defendants in this matter) have no standing in law. One does not need to await a final decision. The judges individually and collectively violated their oath the moment they accepted the word of Ms. Devin Aileen Kimbark (hereinafter known as Ms. Kimbark), and sanctioned Mr. Matthew-Lane: Hassell (hereinafter known as Plaintiff or Mr. Hassell). Ms. Kimbark's claims were not under oath and therefore could not be criminally prosecuted if she lied in making those statements. The issue is; the false charges of Ms. Kimbark should have fallen on deaf ears. Her claims were not under oath and not under the pains and penalties of perjury. Nobody is to be believed unless under oath.

　　　　In the common law a judge could not even claim immunity, they either obey their oath or they are subject to the consequences of their actions. No man is above the law. The courts offer up all different inventions as to why and how the judges are immune from

prosecution. This is merely a fraud upon the court, perpetrated by lawyers. An employee is never immune when they do things which injure the boss. Lawyers come up with all variations of excuses and none of these excuses hold truth when compared to the U.S. Constitution, Article VI (6, SIX) Clause 2 (a.k.a. the Supremacy Clause) which says; *"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."*

And still lawyers keep lying and cheating and adding never ending exceptions, which keep getting disproven because the Supremacy Clause is constitutional and their newly invented excuses are overruled in a court of competent jurisdiction. The Supremacy Clause is not the be all end all, of the discussion. You must also include Article II (2, TWO) Section 4 which says; *"The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors."*

As it says in Plaintiff's paperwork, again and again, "Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution."

All the "Abatements" and/ or "U.C.C." and/ or "Signature by representative" and/ or "Rooker-Feldman doctrine" and/ or"Younger Doctrine" and/ or "In vacation" are void ab initio (no, not because of Marbury v. Madison, because of the herein mentioned Supremacy Clause and Article II Sec. 4). Because lawyers have been dishonest with their clients, in order to preserve their superior duty to the court, none of these laws, codes, doctrines, mandates, orders and the like, mention the above truths in law.

The People do not have to exhaust remedy when dealing with government. All civil officers of the United States must do is violate their oath of office (and with judges, canons of law included) and their immunity is void and any form of redress the people choose is at the discretion of the people. Yes, read that again, at our discretion. Either you allow remedy through the courts or the People reserve the right; how did the Declaration of Independence phrase it? *"That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their Safety and Happiness."*

I hereby decree the Judges are abolished from government and must be impeached and sanctioned and prosecuted to the full extent of the law based on the papers on file in this case for violations of the rights of the People (Matthew Lane Hassell and PH).

The moment the judge(s) (civil officers of United States and of the State of New Hampshire and of Hillsborough County and Rockingham County and other municipalities) acted upon Ms. Kimbark's unsupported accusations and then deprived Mr. Hassell of equal rights to the minor child PH, they violated their oath of office and waged war against the New Hampshire Constitution et al and the U.S. Constitution et al. Mr. Hassell repeatedly asked for an evidentiary hearing to clear his good name and the judges individually and collectively denied Mr. Hassell due process of law, thus further injuring him. It has been over a year and

the judges keep switching chairs and switching responsibilities and passing the buck in a conspiracy to deprive Mr. Hassell of his day in court.

FACTS OF THE CASE:

CLAIM AGAINST DEFENDANT JUDGES

**Violations of NHRCP:**

Each of the judicial defendants have violated the New Hampshire Rules of Civil Procedure (hereinafter known as NHRCP) 1 which (b) demands; "(b) The rules shall be construed and administered to secure the just, speedy, and cost-effective determination of every action."

Mr. Hassell may not be able to prove a conspiracy using a 'delay tactic', to deny him of rights but he can easily demonstrate by the fact it has been over a year, with repeated attempts to get to the truth, repeated motions for evidentiary hearings being denied, that the judges and each of them denied a "just, speedy and cost-effective determination" of this action. This left Mr. Hassell an injured and aggrieved party.

Each of the judges have repeatedly delayed justice, continued hearings and denied me due process and equal protection of the law and a fair hearing in violation of New Hampshire Rules of Civil Procedure (hereinafter known as NHRCP) and New Hampshire Canons of Law and the New Hampshire Constitution and the U.S. Constitution and the laws of the United States (U.S.C.A.) and the New Hampshire Revised Statutes.

**Violations of Canons of Law:**

Each of the judicial defendants have violated one or more of the following New Hampshire Canons of Law (hereinafter known as NHCL)

**Canon 1: A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.**

**Rule 1.1 Compliance with the Law:** Plaintiff contends that each of the judges have violated New Hampshire Revised Statutes and Federal Laws (U.S.C.A.), thus injuring me and trespassing against my rights.

**Rule 1.2 Promoting Confidence in the Judiciary.:**
Plaintiff contends that by the judicial defendants' violations of State and Federal constitutions, and State and Federal law, the judicial defendants did not promote confidence in the Judiciary. Being only allowed 2 hour weekend days visitation a week confirms Plaintiff's suspicions.

**Rule 1.3 Avoiding Abuse of the Prestige of Judicial Office.:**

The judicial defendants abuses the prestige of the Judicial Office by allowing Ms. Kimbark to advance her personal interest to our child, based on unproven allegations without allowing Plaintiff an opportunity to be heard, and thereby advancing her economic interest through child support. Plaintiff has lost all confidence for the Judicial Office.

**Canon 2: A judge shall perform the duties of judicial office impartially, competently, and diligently, and;**
**Rule 2.3 Bias, Prejudice, and Harassment and;**
**Rule 2.6 Ensuring the Right to Be Heard;**
**Rule 2.2 Impartiality and Fairness:**
The judicial defendants allowed hearsay, presented as truth, which was not subscribed and sworn or affirmed and attested, under pains and penalties of perjury, against the plaintiff to guide each of the judges in making their decisions, thereby acting impartially.
Todd H. Prevett et al, the first Judicial defendant, would not allow me to reschedule my only missed hearing. I was not represented by counsel. Though this allowed Ms. Kimbark, by and through her attorney to present their side of the case, Ms. Kimbark did not enter an affidavit, so all that was said and all that was presented to the court should have been denied as hearsay and unsubstantiated claims.
Then Michael L. Alfano et al, denied evidentiary hearings (due process) to ensure plaintiff was not heard, and therefore the judiciary could not make a competent decision in the routine of their duties.
Judge Kerry P. Steckowych et al, denied all pleadings by plaintiff, to include but not limited to jurisdictional challenges made by plaintiff, and admitted on the record in the hearing held on the 17th of July, 2023, he did not read the case file. This shows all judicial defendants acted unfairly and/or with bias and/or prejudice, and/or with a lack of diligence and/or competency and conspiracy, thus vexing and injuring plaintiff with repeated violations of the New Hampshire Canons of Law.

**New Hampshire State Constitution - Bill of Rights:**

Each of the judicial defendants have violated the New Hampshire Constitutional Restrictions (hereinafter known as NH Const.)

**Article 1. [Equality of Men; Origin and Object of Government.]. All men are born equally free and independent; Therefore, all government of right originates from the people, is founded in consent, and instituted for the general good.**
Each of the judicial defendants denied me equality, equal rights to the minor child.

**[Art.] 2. [Natural Rights.]** All men have certain natural, essential, and inherent rights among which are, the enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining happiness. Equality of rights under the law shall not be denied or abridged by this state on account of race, creed, color, sex or national origin. June 2, 1784,

Amended 1974 adding sentence to prohibit discrimination.

I have been denied my Natural Right to our child by each of the judges during their so-called routine duties.

**[Art.] 2-b. [Right of Privacy.]** An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent. December 5, 2018.

The judges have insisted on personal information for "voluntary uniform consent orders" and financial reports and other personal and private Information.

**[Art.] 4. [Rights of Conscience Unalienable.]** Among the natural rights, some are, in their very nature unalienable, because no equivalent can be given or received for them. Of this kind are the Rights of Conscience. June 2, 1784.

The judicial defendants have deprived the plaintiff of the unalienable right to the custody and care of PH. There is not now and can never be an equivalent given or received from this deprivement of one's child, the best that can be substantiated (given or received) is retroactive custody.
Plaintiff is and will always be injured by missing PH first steps and watching as she is tasting her first food/s and first union with god (baptism) and bonding with Ph, having her fall asleep in his arms and then tucking her in bed and there be there when she wakes up and all other memories plaintiff will never have in PH early years of life.

**[Art.] 5. [Religious Freedom Recognized.]** Every individual has a natural and unalienable right to worship God according to the dictates of his own conscience, and reason; and no subject shall be hurt, molested, or restrained, in his person, liberty, or estate, for worshiping God in the manner and season most agreeable to the dictates of his own conscience; or for his religious profession, sentiments, or persuasion; provided he doth not disturb the public peace or disturb others in their religious worship. June 2, 1784.

Again, I was denied participation in the Baptism of PH for no other reasons than prejudicial and biased judges acting in bad faith and bad behavior.

**[Art.] 7. [State Sovereignty.]** The people of this State have the sole and exclusive right of governing themselves as a free, sovereign, and independent State; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in Congress Assembled. June 2, 1784.
Certainly this extends to the Natural Right of the man to his progeny.

**[Art.] 23. [Retrospective Laws Prohibited.]** Retrospective laws are highly

injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses. June 2, 1784.

The statutes and policies and procedures used by the judicial defendants, are retrospective and repugnant laws to the New Hampshire State constitution et al, and the U.S. constitution et al. The Judicial defendants have used their (bias and prejudice) discretion, to enforce prohibited retrospective laws that have been unjust and injurious and oppressive against the Plaintiff. The judicial defendants discretion has led to violation, by either the judicial defendants or the Kimbark defendants to include but is not limited to; violation of State and Federal Laws.

**[Art.] 35. [The Judiciary; Tenure of Office, etc.]** It is essential to the preservation of the rights of every individual, his life, liberty, property, and character, **that there be an impartial interpretation of the laws, and administration of justice.** It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit. It is therefore not only the best policy, but for the security of the rights of the people, that the Judges of the Supreme Judicial Court should hold their offices so long as they **behave well;** subject, however, to such limitations, on account of age, as may be provided by the Constitution of the State; and that they should have honorable salaries, ascertained and established by standing laws.

Because of the judicial defendants administration of justice (ORDERS) were not had in an impartial interpretation of the laws, which is essential to the preservation of the rights of plaintiff, and his life, and his liberty, and his property, and his character, the judicial defendants clear violation to their Oath of Office and Canons of Law, have not shown they have behaved well, and should not hold their office.

**State Constitution - Oaths and Subscriptions Exclusion from Offices, Etc.**

*Part 2, Form of Government, Oaths and Subscriptions Exclusion from Offices, Etc., New Hampshire State Constitution.*

**[Art.] 84. [Oath of Civil Officers.]** Any person chosen governor, councilor, senator, or representative, military or civil officer, (town officers excepted) accepting the trust, shall, before he proceeds to execute the duties of his office, make and subscribe the following declaration, viz.

I, A.B. do solemnly swear, that I will bear faith and true allegiance to the United States of America and the state of New Hampshire, and will support the constitution thereof. *So help me God.*

I, A.B. do solemnly and sincerely swear and affirm that I will faithfully and impartially discharge and perform all duties incumbent on me as ................................................., according to the best of my abilities, agreeably

to the rules and regulations of this constitution and laws of the state of New Hampshire. *So help me God.*

Any person having taken and subscribed the oath of allegiance, and the same being filed in the secretary's office, he shall not be obliged to take said oath again.

Because all New Hampshire civil officers must have the Oath of Office which dictates they will "bear faith and true allegiance to the United States of America and the state of New Hampshire, and will support the constitution thereof." So, all civil officers must defend and protect the New Hampshire Constitution and the U.S. Constitution.

### NEW HAMPSHIRE REVISED STATUTES and FEDERAL LAWS:

**Each of the judicial defendants have violated the New Hampshire Revised Statutes and/ or U.S.C.A. (hereinafter known as State Laws or Federal Laws).**

NH Rev Stat § 643:1 - Official Oppression;

NH Rev Stat § 643:2 - Misuse of Information - II and III;

NH Rev Stat § 626:2 - General Requirements of Culpability – I and II (a) and (b) and (d);

NH Rev Stat § 626:8 - Criminal Liability for Conduct of Another – I and II (a) and (b) and (c) and III (a);

Title 18 U.S. Code § 1349 - Attempt and conspiracy;

NH Rev Stat § 629:3 Conspiracy – I and II;

NH Rev Stat § 629:1 Attempt – I and II;

Title 18 U.S. Code § 241 - Conspiracy against rights;

Title 18 U.S. Code § 242 - Deprivation of rights under color of law;

18 U.S. Code § 514 - Fictitious obligations - (a)(1) and (2) and (3);

NH Rev Stat § 629:2 Criminal Solicitation – I and III

N.H. Rev. Stat. § 506:3 - Assignment of Wages

NH Rev Stat § 641:4 - False Reports to Law Enforcement - I and II;

NH Rev Stat § 641:3 - Unsworn Falsification – I (b) (1)

25 Code of Federal Regulations § 11.405 Interference with custody - (a);

NH Rev Stat § 633:4 - Interference With Custody - I and II;

18 U.S. Code § 1001 - Statements or entries generally - (a)(1);

Sec. 403. [42 U.S.C. 603 2 I (bb);

NH Rev Stat § 626:7 - Defenses; Affirmative Defenses and Presumptions;

NH Rev Stat § 458-A:5 Effect of Child-Custody Determination;

NH Rev Stat § 458-A:6 Priority;

NH Rev Stat § 458-A:8 Appearance and Limited Immunity - I;

NH Rev Stat § 458-A:12 Initial Child-Custody Jurisdiction – III;

18 U.S. Code § 513 - Securities of the States and private entities - (a) and (b);

18 U.S. Code § 1341 - Frauds and swindles;

18 U.S. Code § 1513 - Retaliating against a witness, victim, or an informant - (b)(1) and (2) - ((g) A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.);

NH Rev Stat § 633:2 - Criminal Restraint - I;

NH Rev Stat § 633:3 (2022) - False Imprisonment;

U.S.C.A. Title 42 §1983;

CLAIM AGAINST DEFENDANT KIMBARK FAMILY which includes:
DEVIN AILEEN KIMBARK (a.k.a. Ms. Kimbark) and
CHERYL L. KIMBARK (a.k.a. Mrs. Kimbark) and
MARK EDWARD KIMBARK (a.k.a. Mr. Kimbark).
　　Each of the KIMBARK FAMILY defendants have violated the New Hampshire Rules of Civil Procedure 1 (hereinafter known as NHRCP) by hiring an attorney to delay and deny justice and prevent a fair hearing.
　　Mr. Hassell may not be able to prove a conspiracy using a 'delay tactic', to deny him of rights but he can easily demonstrate by the fact it has been over a year, with repeated attempts to get to the truth, repeated motions for evidentiary hearings being denied, that the

KIMBARK FAMILY and each of them denied a "just, speedy and cost-effective determination" of this action. This left Mr. Hassell an injured and aggrieved party.

Each of the KIMBARK FAMILY have repeatedly delayed justice, continued hearings and denied me due process and equal protection of the law and a fair hearing in violation of NHRCP and the New Hampshire Constitution and the U.S. Constitution and the laws of the United States (U.S.C.A.) and the New Hampshire Revised Statutes.

The first time police were called to intervene was over two (2) years ago. Ms. Kimbark and plaintiff left the bar and after driving a little bit, plaintiff could feel the alcohol taking affect so he pulled over. Ms. Kimbark was so angry plaintiff would not keep driving she began screaming at him on the side of the road. Someone else called law enforcement and when they arrived Ms. Kimbark claimed plaintiff had pushed her. Plaintiff was immediately guilty without proof. When Ms. Kimbark sobered up and realized what she had done and denied pursuing this false claim against the plaintiff.

The second time law enforcement was involved was at Plaintiffs domicile. Plaintiff had called law enforcement as Ms. Kimbark was acting irrational and verbally and physically assaulting plaintiff. Plaintiff was not seeking criminal charges against Ms. Kimbark, but needed the assistance from law enforcement to remove Ms. Kimbark from Plaintiff's domicile. Once again Ms. Kimbark made a false police report.

The third time law enforcement was called Ms. Kimbark was texting her mother saying Plaintiff would not allow her to leave. Mrs. Kimbark wrongfully called law enforcement that plaintiff sabotaged Ms. Kimbark's vehicle. Law enforcement upon investigating found no evidence of sabotage was made. Ms. Kimbark's battery was dead. Ms. Kimbark informed law enforcement no assault or threats were made by the plaintiff (see police report Att: 1).

On what grounds do the KIMBARK FAMILY have to justify detaining and restraining PH from the Plaintiff. This is kidnapping-domestic violence and criminal restraint and false imprisonment and interference with custody and holding PH for ransom, along with multiple other charges cited within this document (NHRS and U.S.C.A.).

The only way the courts could have denied Plaintiff is for the KIMBARK FAMILY to misrepresent him in an open court of law. They and each of them Ms. Kimbark and Mrs. Kimbark and Mr. Kimbark acted in conspiracy by and through their attorney JENNIFER L. DI TRAPANO and had ex-parte communications with colleagues within the judiciary to deny Plaintiff rights under color of law.

As Mrs. Kimbark mentioned to police, Mr. Kimbark works for the government, Mr. Kimbark wrote by his own hand (allegedly) that he Mr. Kimbark is a former Navy (Ret.) and a 25 year plus employee history of a company that supports and defends our troops" (Mr. Kimbarks motion to dismiss; Point 24 overview) as if that fact might sway or influence the judiciary. It shows cohesion and more to the point, he has an oath of office to defend and protect the U.S. Constitution and through employment the New Hampshire Constitution.

In accordance with Evans v. Newton 382 U.S. 296; 86 S. Ct. 486; 15 L. Ed. 2d 373; 1966 U.S. LEXIS 2530 Supreme Court of the United States November 9-10, 1965, Argued; January 17, (1966), "When private individuals or groups are endowed by the state with powers or functions governmental in nature, they become agencies or instrumentalities of the state and subject to its constitutional limitations." Thus, because Mr. Kimbark is a government contractor with an Oath to the New Hampshire Constitution, he is liable to the same constitutional limitations. Mr. Kimbark paid an

attorney in an attempt to deprive Plaintiff of Natural and Unalienable and Prerogative Rights, certainly due process of law and equal protection of the law. Their actions prove their intentions.

Evans also decided; "Conduct that is formally "private" may become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." Mr. Kimbark need not even appear, both he and Mrs. Kimbark allow the mother ((Ms. Kimbark) and child (PH). When Mr. Kimbark was a private citizen, his oath was moot. Once he used that in this jurisdiction, he opened the gates of his past and identified as a government agent. Of course he has the same state and federal constitutional restrictions and as important, oath to honor and defend and protect both constitutions.

Obviously the KIMBARK FAMILY said and wrote unsubstantiated defamatory statements to judges and gained the custody of the minor child. Plaintiff brought the original action to court because Ms. Kimbark denied him fair and equal access to the child. Parents have no right and no authority to deny a child to the other parent. It is cruel and unusual. To continue to lie and deny Plaintiff shows deliberate indifference. The order is void ab initio, because it is not based on any credible witness, it was done in fraud and Ms. Kimbark still does not testify under pains and penalties of perjury.

The KIMBARK FAMILY has only presented "conclusory" statements to the lower court. The KIMBARK FAMILY have proven themselves adverse witnesses. The lower court has no "actual conclusions" to work on. None of them even made a statement in the lower court under penalty of perjury so the judges had no credible witness and lacked judiciary authority. Therefore, to file an order which denied Plaintiff is a denial of due process and a denial of equal protection under the law.

## REQUEST FOR RELIEF:

WHEREFORE, Petitioner, Matthew-Lane: Hassell, a Propria Persona Sui Juris, respectfully demand and instruct that this Honorable Court, Honor and ORDER the following relief:

A.  Honor and grant Petitioner immediate 51/49 custodial grantorship of minor child with retroactive custodial parenting time to start immediately;

B.  Order both parties enjoy equal decision making responsibilities of child daycare and school and medical care, etc., and each party is to reimburse the other party for out-of-pocket expenses;

C.  Order an immediate Cease and Desist to the Bureau of Child Support Services wage garnishment and arrerages being sought against Petitioner and return all wages and arrearages unlawfully collected;

D.  I am requesting an amount in excess of Seventy Five Thousand Dollars;

E.  Honor Petitioner's Summary Judgment of Punitive and Injunctive and Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725 (undisputed)) amount in excess of Seventy Five Thousand Dollars as damages. The 3 Judges (Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych) shall each be sanctioned with the following violations;

     I.     For violating their oath of office and employment contract and authority. In failing to defend and protect the U.S. Constitution and the New Hampshire State Constitution and thereby injuring me;

     II.     For violations of the U.S. Constitution and denying me due process of law (5th Amendment) and equal protection under the law (14th Amendment), I demand their employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

     III.     For violations of New Hampshire State Constitution, Articles 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge and in accordance with Title 15 U.S. Code § 1 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

IV. For Federal and State Law violations Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych are to be sanctioned to the full extent of the law, as prescribed by Title 15 U.S. Code § 1 and Title 18 § 3571;

        A.     NH Rev Stat § 643:1 Official Oppression;

        B.     NH Rev Stat § 626:8 Criminal Liability for Conduct of Another I and II(a) and (b) and (c) and III(a);

        C.     NH Rev Stat § 626:2 General Requirements of Culpability I and II(a) and (b);

        D.     Title 18 U.S. Code § 241;

        E.     Title 18 U.S. Code § 242;

        F.     NH Rev Stat § 633:2 Criminal Restraint I;

        G.     NH Rev Stat § 633:3 False Imprisonment;

        H.     NH Rev Stat § 643:2 - Misuse of Information - II and III;

        I.     Title 18 U.S. Code § 1513 - Retaliating against a witness, victim, or an informant;

J.   Title 18 U.S. Code § 514 - Fictitious obligations;

K.   Title 18 U.S. Code § 513 - Securities of the States and private entities - (a) and (b);

F.  Devin Aileen Kimbark is to be sanctioned One Hundred Thousand ($100,000.00) U.S.D or to the fullest extent of the law, as prescribed by Title 18 § 3571;

I.   NH Rev Stat § 633:2 Criminal Restraint I;

II.   NH Rev Stat § 633:3 False Imprisonment;

III.   Title 18 U.S. Code § 1513 - Retaliating against a witness, victim, or an informant;

IV.   NH Rev Stat § 641:4 False Reports to Law Enforcement I and II;

V.   NH Rev Stat § 644:11 Criminal Deformation I;

VI.   Title 18 U.S. Code § 241;

VII.   Title 18 U.S. Code § 242;

VIII.   25 Code of Federal Regulations § 11.405 Interference with custody (a);

IX.   New Hampshire Revised Statute § 633:4 - Interference With Custody I(a) and II(a);

X.   Title 18 U.S. Code § 514 - Fictitious obligations;

G.  Cheryl Kimbark and Mark Kimbark are to be sanctioned separately, One Hundred Thousand ($100,000.00) U.S.D or to the fullest extent of the law, as prescribed by Title 18 § 3571;

I.   NH Rev Stat § 626:8 Criminal Liability for Conduct of Another I and II (a) and (b) and (c) and III (a);

II.   NH Rev Stat § 626:2 General Requirements of Culpability  I and II (a) and (b) and (d);

III.   NH Rev Stat § 633:2 Criminal Restraint I;

IV.   Title 18 U.S. Code § 1349 - Attempt and conspiracy;

V.   New Hampshire Revised Statute § 633:4 - Interference With Custody I(a) and II(a);

    VI.     NH Rev Stat § 641:4 False Reports to Law Enforcement I and II;

    VII.    NH Rev Stat § 644:11 Criminal Deformation I;

    VIII.   Title 18 U.S. Code § 241;

    IX      Title 18 U.S. Code § 242;

    X.      25 Code of Federal Regulations § 11.405 Interference with custody (a);

    XII.    Title 18 U.S. Code § 514 - Fictitious obligations;

H. Honor and Grant any such further relief as justice may require.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

VOID WHERE PROHIBITED BY LAW
ALL RIGHTS RESERVED WITHOUT PREJUDICE 1-308

Date: 28th of February, 2024

*Matthew-Lane! Hassell*

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

    Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA.