# SUPPLEMENTAL AFFIDAVIT (20 Pages)

Comes now Matthew-Lane: Hassell, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity.

This Affidavit is to be entered into evidence at the earliest possible opportunity. Judges can either act administratively or judicially. It is a maxim of law; "It matters not what is known to the judge, if it is not known to him judicially." 3 Buls. 115 Non refert quid notum sit judice si notum non sit in forma judici. So, if nothing is entered into evidence, the judge must only act administratively and of course will decide in favor of the state and against my interests.

Plaintiff hereby puts all People and persons on legal and lawful NOTICE that I hereby void and terminate all past and present powers of attorney. According to Corpus Juris Secundum Chapter 7 Section 76 Attorneys have a dual obligation, their first duty is to the courts and the public, only when those are satisfied, do they have a duty to the client. With that in mind, I will hold court in Persona Propria Sui Juris. This case is quite simple. This matter has been criminal (emphasis added) from the start.

In regards to the judicial defendants, from the beginning, Judge Todd H. Prevett (9th Circuit - Family Division - Derry) set "ORDERS" against Mr. Hassell on claims and "accusations" by Ms. Kimbark through and by her Attorney Jennifer L. DiTrapano. This is the first count and violation to N.H. RSA 643:2 Misuse of Information II and III. These accusations were not under penalty of perjury, as well as these claims were not in the form of an affidavit, and therefore, was nothing more than hearsay. The Judge did not allow due process protected under the 5th amendment to set any "ORDER", besides 50/50 (equal) custodianship, under the protection of the 14th amendment equal protection under the law, thus injuring Mr. Hassell. This is the first count and violation to N.H. RSA 643:1 Official Oppression. Which deprives the judge of "jurisdiction". Making this a Federal question. The judge also changed "VENUE", to the 10 Circuit - Family Division - Derry Court, based upon the fraudulent and hearsay claims by Devin Aileen Kimbark, through and by her Attorney Jennifer L. DiTrapano, which deprives the following court of jurisdiction. Furthermore, in the "original" civil complaint (Case No. 656-2022-DM-00737, 14th of November, 2022), Mr. Hassell filed in the 10th Circuit - Family Division - Manchester Court, Mr. Hassell explicitly stated "this matter is to be handled as constitutionally as possible. This matter has been handled ever since counter to such "constitutionally as possible." Instead the judges have ignored their Oath to the Constitution (State and Federal) and waged war against it.

Further injuring Mr. Hassell, Judge Michael L. Alfano denied Mr. Hassell at least three times for an evidentiary hearing, continuing to deprive Mr. Hassell of PH and depriving PH of Mr. Hassell, thus denying Mr. Hassell (as well as PH) the protections of the fifth and fourteenth amendment, depriving the judge of authority. Judge Michael L. Alfano, after multiple complaints by Mr. Hassell, "recused" himself based upon Mr. Hassell's reasoning of the Judge's bias and prejudice, amongst other complaints. **Nisselson v. Lernout 469 F.3d 143;**

**2006 U.S. App. LEXIS 27562; 47 Bankr. Ct. Dec. 89 United States Court of Appeals for the First Circuit (2006), Decided No. 05-1774.**

The court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor."

Judge Kerry P. Steckowych (who should know the laws), further injured Mr. Hassell, knowing the previous judge "disqualified/recused" himself, should have immediately set/"ORDERED" an evidentiary hearing. Mr. Hassell put in several "MOTIONS" and prayers for relief, challenging the judges "ORDERS" and jurisdiction and demanding and instructing the judge to prove such and/or change "VENUE" to the U.S. District Court. Judge Kerry P. Steckowych denied to prove such, depriving him of authority. Furthermore, Judge Kerry P. Steckowych admitted, on the record, in the hearing held on the 17th of July, 2023, that he had not read the case file, further depriving him of authority. **Fothergill v. United States 566 F.3d 248 *; 2009 U.S. App. LEXIS 10938 United States Court of Appeals for the First Circuit May 21, 2009, Decided No. 08-1365, No. 08-1951.**

The court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor."

Additionally using the standard of the 12 (b), (6) rule.

In regards to the Kimbark defendants, the Kimbark defendants on the 12th of November, 2022, made false claims (report) to law enforcement, and asserted Mr. Kimbark's position within the government to entice law enforcement, to assist Ms. Kimbark, to take PH from her family domicile, thus conspiring to commit act/s against Mr. Hassell injuring him, as well as PH. The Kimbark defendants have committed many tresspasses injuring Mr. Hassell, as well as PH in their conduct after the fact, causing Mr. Hassell mental anguish and emotional distress and financial abuse and vexatious litigation.

**Rogers v. Garner United States District Court for the District of New Hampshire February 15, 2017, Decided; February 15, 2017, Filed Civil No. 16-cv-520-JL.**

federal courts are required to abstain from enjoining ongoing state court proceedings absent **extraordinary circumstances**. . . . Under Younger, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates [certain] important state interests and [*6] (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims."

Rogers filed for: claims of discrimination and/or due process violations in the state proceedings. Not redress of government.

Rogers has failed to make a sufficient showing of bad faith or other extraordinary circumstances that would warrant this court's exercise of its equitable powers in a manner that would alter the orders issued in that case. Rogers's claims asserted against Judge Garnerconcern judicial acts.

The denial of fair and equal access to the minor child was not a judicial act. As it mentions in the paperwork, it was based on hearsay, not an affidavit and without evidence. So the judges must prove that such action is within the

authority of their job description, which they have not. Additionally, Rogers supra failed to prove due process violations. In Plaintiff's attachments Plaintiff did prove due process violations by each of the judges.

**Rogers v. Garner Civil No. 16-cv-520-JL Reporter 2017 U.S. Dist. LEXIS 36237 United States District Court for the District of New Hampshire February 15, (2017).**

"Dismissing action attempting to interfere with divorce proceedings." There was no marriage, this is a strict custody hearing. In over a year the Plaintiff here is only allowed 2 hours a week supervised visits without cause. Plaintiff was ordered to receive an increase in time of 2 hours every 3 months and after over a year still only allowed the 2 hours. No affidavits against him, no evidence he is unfit.

  Once the judges did violate their oath to defend and protect the New Hampshire Constitution et al and U.S. Constitution et al, once they did violate Canons of Law and violate State Laws (New Hampshire Revised Statutes hereinafter known as N.H. RSA) and federal laws (United States Code Annotated, hereinafter known as U.S.C.A.) they no longer represented the government. It did not take all of these violations listed in the pleadings, but rather only one violation to deprive the judge(s) of their authority to act. Their ORDER(S) are void (VOID AB INITIO) and the court no longer can hear the case, which opens the door to the change of venue to the U.S. Court. **Dr. Jaime Viqueira v. First Bank et al,140 F.3d 12 \*; 1998 U.S. App. LEXIS 6550 \*\*; 40 Fed. R. Serv. 3d (Callaghan) 618 United States Court of Appeals for the First Circuit March 30, 1998, Decided No. 97-2127.**

"Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed."

Additionally using the standard of the 12 (b), (1) rule.

  The issue was no longer one of a father's right to his child but became a Federal Question, vesting the U.S. Court (Federal Court) with jurisdiction pursuant to 28 U.S. Code 1331 - Federal Question, The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. **Acosta-Ramírez v. Banco Popular de Puerto Rico 712 F.3d 14 \*; 2013 U.S. App. LEXIS 6813 \*\*; 20 Wage & Hour Cas. 2d (BNA) 810; 2013 WL 1320411, United States Court of Appeals for the First Circuit April 3, 2013, Decided No. 12-1887.**

The courts subject-matter jurisdiction must be addressed before addressing the merits of a case.

  The U.S. District District of New Hampshire Court has personal jurisdiction over the Defendants. Mr. Hassell has filed an affidavit, which implicates each of the judges in multiple constitutional violations of State and Federal Constitutions, and multiple violations of State and Federal Laws (N.H. RSA and U.S.C.A.) as well as violations of Canons of Law and Rules of Civil Procedure, which left Mr. Hassell an injured and aggrieved party. Mr. Hassell has filed an affidavit which implicates each of the family members have committed acts of libel and defamation of character in order to justify Ms. Devin Kimbark being granted sole custody without any proof of claim.

  **Bell Atl. Corp. v. Twombly 550 U.S. 544; 127 S. Ct. 1955; 167 L. Ed. 2d 929; 2007 U.S. LEXIS 5901; 75 U.S.L.W. 4337; 2007-1 Trade Cas. Supreme Court of the United States November 27, 2006, Argued ; May 21, (2007).**

(CCH) P75,709; 68 Fed. R. Serv. 3d (Callaghan) 661; 20 Fla. L. Weekly Fed. S 267; 41 Comm. Reg. (P & F) 567.
"State a claim to relief that is plausible on its face."
"Factual allegations must be enough to raise the right to relief above the speculative level."
　　　　Plaintiff has raised a Federal question, not only New Hapshire Constitution et al, and U.S. Constitution et al, violations as well as State law and U.S.C.A. (United States Code Annotated a.k.a. Federal Law) violations. The case must proceed in accordance with U.S.C.A. Title 28 Section 1331. **Ashcroft v. Iqbal 556 U.S. 662; 129 S. Ct. 1937; 173 L. Ed. 2d 868; 2009 U.S. LEXIS 3472; 77 U.S.L.W. 4387; 2009-2 Trade Cas. Supreme Court of the United States December 10, 2008, Argued; May 18, (2009).** "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."


## Plaintiff's RESPONSE to REPORT AND RECOMMENDATION;

1. **2021 WL 4847901 Only the Westlaw citation is currently available. United States District Court, D. Maine. U.S. BANK N.A., AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4, Plaintiff, v. Diane JANELLE, Shane Janelle, and Stephen Monaghan, Defendants. No. 2:20-cv-00337-JAW (2021).**
　　　　The Defendants say that this Court's orders are "void for want of cause of action: no evidence of purported movant standing to grant jurisdiction to court for want of proof of possession and ownership of the mortgage note with the endorsement and the mortgage with the endorsement for compliance to Maine Title 14 § 6321 to commence either BIDDC-RE-16-090 and 2:20-cv-0037-JAW." Id. (emphasis in original). If the Magistrate Judge cannot comprehend a simple Claim for Damages, it is perhaps from all the rules like these, which confuse non-lawyers. The Defendants come into 2 groups, each relying on the participation of the other. This is an oversimplified timeline.
1) If Defendant, Ms. Kimbark did not lie and misrepresent the Plaintiff in lower court proceedings, the judges would have had no choice but to properly follow court protocol and schedule hearings before a significant deprivation of rights occurred and thus afford both parties "due process of law" and "equal protection of the law." At that point nobody did anything wrong except Ms. Kimbark.
2) Then, the remainder of the Kimbark family (Mr. Mark Kimbark, a.k.a. Mr. Kimbark and Mrs. Cheryl Kimbark a.k.a. Mrs. Kimbark) gave aid and comfort when they allowed Ms. Kimbark and the minor child to move into their house (residence). All safe and proper.
3) It was not until Mr. and Mrs. Kimbark chose to pay for an attorney on behalf of Ms. Kimbark, that they took an active part in financing and giving safe haven to a reported liar. The adults (Mr. and Mrs. Kimbark) knew Ms. Kimbark did not have sufficient reason nor authority to deprive the father of rights to the child; **Penalbert-Rosa v. Fortuno-Burset 631 F.3d 592; 2011 U.S. App. LEXIS 1780; 31 I.E.R. Cas. (BNA) 1297 United States Court of Appeals for the First Circuit**

4

**January 28, 2011, Decided Nos. 09-2391, 10-1410.**
"an adequate complaint must include not only a plausible claim but also a plausible defendant."

2. Point 1 (page 1 of 12) begins by the Magistrate wrongfully stating, "The punctuation plaintiff uses in his name, as well as several of his arguments, are hallmarks of a "sovereign citizen".
  Mr. Hassell does not understand what the lawful definition is for "sovereign citizen". Magistrate Judge Andrea K. Johnstone fails to describe without being vague and deceitful and ambiguous, what arguments she is referring to.

3. In point 1 (page 1 of 12), it appears, Magistrate Judge Andrea K. Johnstone attempts to liable me as a so-called "sovereign citizen", the same distasteful tactic Judge Michael L. Alfano has attempted to use, in the hearing held on the 22nd of March, 2023, to gain a strategic advantage and distaste for the plaintiff. This strategic advantage, to injure the plaintiff is called "CAPITE MINUTUS" (to lose status and/or legal attributes). As I have stated within the State Court (10th Circuit - Family Division - Derry), the term "sovereign citizen" as I understand it, is an oxymoron. Let the record be clear on this matter, I, Matthew-Lane: Hassell, never have claimed to be a "sovereign citizen" and any who attempts to call Mr. Hassell such, is attempting to injure Mr. Hassell.

4. I must ask the Court to clarify, for the record, are the people of this state not sovereign as confirmed by Chief Justice Grimes, in 108 N.H. 386? "The general court finds that the authority of the department of safety is limited to only the commercial users of the public ways and that the corporate state employees have, by their silence, failed to fully inform the sovereign people of this state that an automobile has been confirmed by Chief Justice Grimes, in 108 N.H. 386, to be "private property" defined by current RSA 382-A:9-109, as "household goods" and "consumer goods" not for commercial use or for profit or gain. Further, the courts have found that corporate public servants who ignore their accountability as mandated in Article 8, N.H. Bill of Rights have by their silence and failure to fully inform the sovereign people of the consequences arising from the corporate "offer to contract," is deemed silent deception and inducement by fraud".

5. Furthermore, I must ask the Magistrate to clarify this for the record; even if one does claim to be a "sovereign citizen", does that exclude an individual from the protections of the New Hampshire Constitution, as well as the protections of State and Federal laws and Statutes? Would such a claim diminish or vanquish an individuals God-given; prerogative and unalienable and natural rights, and change one's conditions from freedom to one of slavery? Which ever way (method) is to my best benefit is the way the courts should always construe their decisions in accordance with *Byars vs. United States, 273 U.S. 28, 47 S.Ct. 248 (1927). **Jarvis v. Vill. Gun Shop, Inc. 805 F.3d 1 *; 2015 U.S. App. LEXIS 18946 United States Court of Appeals for the First Circuit October 30, (2015).** Governmental action is also a required element of a claim under the New Hampshire Constitution.

6. Magistrates REPORT AND RECOMMENDATION lacks substance. While Defendants may have insinuated Plaintiff is or claims to be a "sovereign citizen" it

is not anywhere in the record that Plaintiff makes such claims. None of the Defendants made their accusations under oath and none of them made the accusations under pains and penalties of perjury. Therefore, the Federal Magistrate should treat them as the hearsay and defamation they are; notwithstanding in law. The controversy is; I do not believe the Defendant's have standing to withhold rights to the minor child PH and they and each of them, believe they do have standing to continue to deprive me of Natural Rights (and more) to my minor child.

7. Within the first paragraph, of the first sentence, of the Background section to the Magistrate's REPORT AND RECOMMENDATION. The Kimbark defendants, gave false information by (electronic) telephone and/or in person, on the 12th of November, 2022, to deceive law enforcement in the performance of their official function (violations to NH Rev Stat § 641:4 False Reports to Law Enforcement A I and II and NH Rev Stat § 641:3 Unsworn Falsification I (b) (1) and 18 U.S. Code § 1001 - Statements or entries generally (a) (1)).

8. On the 12 of November, 2022, to gain an advantage and entice law enforcement to assist in depriving me of custodial rights to our 3 week old infant child (PH). Child support and "visitation" were not applicable at this point. This is the beginning (slippery slope/footing in the door/substantial step) (first count) to violation to 25 Code of Federal Regulations (here and after known as CFR) § 11.405 Interference with custody - and New Hampshire Revised Statute (here and after known as N.H. RSA) § 633:4 - Interference With Custody I (a) and II (a), to take PH out of the State of New Hampshire.

    Although, it is noteworthy, it appears, even Magistrate Judge Andrea K. Johnstone can point out the conclusion to the strategic advantage the Kimbark defendant's conduct was seeking to gain against plaintiff in doing these acts, and that is to gain a strategic advantage to deprive plaintiff of custodial rights and to seek "supervised visitation" and non-consenting and non-voluntary forced child support which is fraud in violation of (Social Security Act SEC. 403. U.S.C. Title 42 Section 603 2 I (bb)) and NH Rev Stat § 506:3 all while depriving Mr. Hassell of equal parenting time to PH.

    Furthermore, as prescribed by N.H. RSA 626:7 Defenses; Affirmative Defenses and Presumptions I (a) and (b) and II (a) and (b), neither the state or the defendants (or their council) has rebutted/disputed any affidavit Mr. Hassell has submitted, and none of the defendants or their council has submitted their own counter affidavit, and none of the defendants have entered anything under the penalty of perjury, and neither the state or the defendants (or their council) have disproven beyond a reasonable doubt or a preponderance of evidence to establish the burden of defense to the claims plaintiff is seeking against the defendant(s). Therefore, this matter must be granted summary judgment as a matter of law in Mr. Hassell's favor or be submitted to the jury, and the seventh amendment to the U.S. Constitution demands it. Also see LaLonde v. County of Riverside, 204 F.3d 947 (9th Cir. 2000).

9. In these initial act(s) on the 12th of November, 2022, (to current) by the Kimbark defendants, while PH was on medical assistance (Medicaid), would be when the neglect and emotion and mental abuse to PH was initiated, by depriving PH of the

love and care and compassion and upbring by her father, and furthered as exploitation of a child (PH) through the Courts by the Kimbark defendants pursuant to TITLE LV 546-A:7-a I. (b) Medical Assistance Recipient; Notice of Petition for Spousal Support. Although PH is a vulnerable minor child and not an adult, the effect is still substantial and the same. This has led Mr. Hassell (as PH father) to fear for PH safety and well-being, mentally and emotionally. If this abuse is to be sustained and allowed to continue to PH, PH will grow up in an environment that leaves her at great risk to grow up and manifest into her own state of vulnerable and self-neglect mindset and care. That is clearly not in the best interest of PH or any child. I have provided studies and statistics within the State Court and my pleadings and filings on record will prove this. These studies and statistics have been provided to the Kimbark defendants, through and by MS. Kimbark's Attorney (that Mark Kimbark (principal of the Kimbark defendants household) and Cheryl Kimbark (agent of the Kimbark defendants household) finance or as they have admitted, "spent a small fortune on") proving their ("probative" of control) in that matter and not one of the Kimbark defendants (or the Attorney in the State Court) or Judges (judicial defendants) have cared for the best interest of the child, even with all the evidence to such and they all have knowledge of.

10. This would allow this Court to modify the parental rights and responsibilities pursuant to 461-A:11 (b) and (c) until the jury can decide. 461-A:11 Modification of Parental Rights and Responsibilities. – I. The court may issue an order modifying a permanent order concerning parental rights and responsibilities under any of the following circumstances:

(b) If the court finds repeated, intentional, and unwarranted interference by a parent with the residential responsibilities of the other parent, the court may order a change in the parental rights and responsibilities without the necessity of showing harm to the child, if the court determines that such change would be in accordance with the best interests of the child.

(c) If the court finds by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment.

11. The Kimbark defendants returned to the State of New Hampshire, to Mark Kimbark and Cherl Kimbarks' (here and after known as MR. Kimbark and Mrs. Kimbark) home. The Kimbark defendants continue to knowingly and willingly and recklessly detain and/or conceal PH from Mr. Hassell, making Mr. Kimbark and Mrs. Kimbark libel and culpable, in the entirety of this matter, pursuant to N.H. RSA 626:8 Criminal Liability for Conduct of Another I and II (a) and II (a) and (b) and (c) and III (a) and IV and VII and N.H. RSA 626:2 General Requirements of Culpability I and II (a) and (b) and (d).

12. The Kimbark defendants have enlisted (enticed and solicited with pecuniary interest pursuant to N.H. RSA 629:2 Criminal Solicitation I and III) Attorney (Officer of the Court) Jennifer L. DiTrapano (agent of the Kimbark defendants and the Courts), to attempt pursuant to N.H. RSA 629:1 Attempt I and II, and continue to

attempt, and conspire to make fraudulent and deceptive and manipulative claims and allegations, and to libel and slander and defame my good name, and to contest for denial of the fifth amendment (due process of law/evidentiary hearing) and fourteenth amendment (equal protection under the law/equal custody/equal standards) within the State courts. These act(s) deprived Mr. Hassell of his custodial/natural/human rights protected within the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by the first and fifth and ninth and fourteenth amendments as Stare Decisis and cited by Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985).

13. Therefore, even Attorney Jennifer L. DiTrapano could be equally liable and culpable in the entirety of this matter, assuming she also has an Oath to uphold the Constitutions, and laws (Federal and State).

14. The State Judges (judicial defendants), as well as the Federal (Magistrate Judge Andrea K. Johnstone and all others involved in this controversy), have the responsibility (duty) to respect and "protect" persons from violations of Federal Constitutional rights as cited by Gross v. State of Illinois, 312 F 2d 257; (1963). The Kimbark defendants through and by the solicited (agent) Officer of the Court Jennifer L. DiTrapano, has abused the courts to conspire and deprive me of rights under the color of law, violations to Title 18 U.S. Code § 241 - Conspiracy against rights and Title 18 U.S. Code § 242 - Deprivation of rights under color of law as well as N.H. RSA 629:3 Conspiracy I and II. **Klimowicz v. Deutsche Bank Nat'l Trust Co. 907 F.3d 61; 2018 U.S. App. LEXIS 29545 United States Court of Appeals for the First Circuit (2018).** The application of the doctrine turns on whether the plaintiff's federal suit is "in effect, an end-run around a final state court judgment", Plaintiff claims that once a state officer violates his oath or employment contract he no longer represents the government and therefore each and every of the orders are a nullity.

15. In the concluding sentence to the first paragraph, of the background section, it states "He asserts that, as a result of the defendants' acts, he is allowed only two hours per weekend day of supervised visitation, and was ordered to pay "the highest amount of child support prescribed by law." This again is a misrepresentation of the facts. The State Court ordered the two hours per weekend day of supervised visitation (by the Kimbark defendants), on a progressive scale of an additional two hours per weekend day in the hearing held on the 22nd of March, 2023. Ms. Kimbark along with the other Kimbark defendants' have refused and not complied with the progressive visitation scale once. 11 months after that initial ruling, Mr. Hassell is still only allowed "visitation" for two hours per weekend day. This is a violation of the court order by the Kimbark family.

    The "child support ORDER" (evidence of indebtedness), is not a valid legal order of support or judgment, without being given due process (5th amendment) and equal protection under the law (14th amendment), or the right to be heard pursuant to RSA 458-A:5 and is VOID AB INITIO on its face. The "child support ORDERS" appears to be a fictitious obligation of an agreement to private securities pursuant to Title 18 U.S. Code § 514 (a) (1) and (2) and (3) and 18 U.S. Code § 513 - Securities of the States and private entities (a) and (b), to scheme and defraud

8

Plaintiff pursuant to Title 18 U.S. Code § 1341 - Frauds and swindles and Title 18 U.S. Code § 1349, of Plaintiff's tangible property (legal tender/bills), under the guise of the best interest of the child that the state-court "ORDERED". Which was then passed and/or mailed to Ms. Kimbark. Ms. Kimbark then presents this so-called "ORDER" to the Department of Health and Human Services - Bureau of Child Support Services (sub-agents of the judiciary agents and agents of the Courts/State/Counties/municipalities) (here and after Known as BCSS and/or CPS). Then BCSS used (passed and/or mailed and/or other electronic communication), and threatened and intimidated, to impose fees/sanctions and/or license restrictions of non-compliance, to whom Mr. Hassell earns his wages, to seize Mr. Hassell's property (wages). It is my understanding this would accumulate to fraud of various flavors. This would be for the triers of facts to decide.

     With that being said, I ask the Court to subpoena from the State of New Hampshire the certification pursuant to SEC. 402. [42 U.S.C. 602] (6), and what enforcement standards and procedures that I can, and/or the State will/shall take to further investigate and charge (hold accountable) these act(s) of fraud and abuse and possible kickbacks. **HippoPress, LLC v. SMG, 150 N.H. 304 (2003).** Terminated employee's action against his employer was dismissed where his state law claims were preempted by the Labor Management Relations Act (LMRA) and his constitutional claims failed because he had not alleged that his former employer was a state actor (or that it was acting in concert with a state actor) when it terminated his employment.

16. It is also my understanding that the lower/inferior District Courts are not acting with personal and subject and subject matter jurisdiction to make such "ORDERS". Plaintiff has entered multiple jurisdictional challenges into the Court that no medium of response reasonable under the circumstances to prove jurisdiction has been given. The Court through and by their agents (judicial defendants) has denied to prove such jurisdiction violating the Code of Judicial Conduct 1.1 and 1.2 and pursuant to Title XLII 458-A:6 Priority. Also see 458-A:8 and 458-A:12 III.

17. Furthermore, all of the claims and accusations (so-called evidence) in the entirety of this matter, entered into the State Court, through and by Attorney Jennifer L. DiTrapano, has been from the mind of the client and is completely baseless and self-serving and has not demonstrated any documentation, beyond mere conclusory accusations, to prove it has any air of reality. Attorney Jennifer L. DiTrapano should not have submitted any evidence, she is either an attorney or a witness as cited by **Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964)**. 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

18. The filings and pleadings on file to Case Number 656-2022-DM-00737 shall prove such with evidence, as well as Doc. No. 17 Att: 1 and 2 Exhibits (undisputed). Therefore, the severability clauses Pursuant to 546-B:59 Severability Clause and 458-A:40 Severability Clause this would sever (VOID AB INITIO) "ORDERS" within the State Courts and/or contracts with BCSS. Also pursuant to 458-B:7, Mr.

Hassell was not given an adequate opportunity to contest such "ORDER" within BCSS. Mr. Hassell did certify mail two representatives/employees/agents (Mary Rose and/or Betty Raymond) of BCSS multiple times to contest and no medium of response reasonable under the circumstances was had. Mr. Hassell even spoke to Betty Rose by telephone requesting a hearing and Mr. Hassell was told by Mary Rose she would forward Mr. Hassell's request to the "legal team." Yet, knowing Mr. Hassell was seeking accountability in this matter, the Courts (judicial defendants) and/or BCSS continued this extortion scheme and retaliated against Mr. Hassell, the witness and victim in violation of Title 18 U.S. Code § 1513 and possibly other various flavors of Title 18 Chapter 73 Obstructions of Justice by the judicial defendants by denying and/or rejecting and/or returning Mr. Hassell's pleadings and prayers, to which they are all equally liable and culpable. **Douglas v. Hirshon 63 F.4th 49; 2023 U.S. App. LEXIS 6799 United States Court of Appeals for the First Circuit March 21, (2023).**
This is moot. Plaintiff concedes that no wire fraud can be proven to exist at this time, but reserves his rights to bring future claims if such can be proven and noticed (due process to respond). Bank fraud in violation of U.S.C.A. Title 18 Section 1344 and Securities fraud in violation of Title 18 Section 1348.

19. The Judicial defendants violated their employment contract (Oath of Office and Code of Judicial Conduct (here and after known as CJC) , depriving and denying Mr. Hassell constitutional protections of the 5th amendment due process of law by denying Mr. Hassell an evidentiary hearing and 14th amendment equal protection under the law by denying Mr. Hassell equal custody and equal standards until evidence was founded upon, beyond mere conclusory allegations, and a final judgment can be made. The Judicial defendant Todd H. Prevett denied Mr. Hassell the right to be heard in accordance with CJC 2.6, after I was unable to appear at the hearing held on the 30th of November, 2022, and denied an opportunity to reschedule. Mr. Hassell has not been given the opportunity to be heard by the Courts or BCSS, and the Court has denied to prove its jurisdiction ever since. Therefore, the "ORDERS" are not conclusive and are Prima Facie evidence of fraud. Which would invalidate and sever the enforcement by BCSS. Answering on the challenge of the Rooker-Feldman Doctrine:

**Lance v. Dennis 546 U.S. 459; 126 S. Ct. 1198; 163 L. Ed. 2d 1059; 2006 U.S. LEXIS Supreme Court of the United States February 21, (2006).** Also; **Rossi v. Gemma 489 F.3d 26; 2007 U.S. App. LEXIS 12534 United States Court of Appeals for the First Circuit May 31, 2007, Decided No. 06-2020, No. 06-2021.**
   The district court regarded the § 1983 actions as simply a re-litigation of the battle the property owners had already lost and dismissed the claims. The Younger doctrine is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings. Abstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding;
   The moment the first judge and each judge violated his oath of office (to defend and protect the New Hampshire Constitution et al, and/ or the United

States Constitution et al, and/ or employment contract (Canons of Law) and/ or violates state laws (statutes) and/ or Federal Laws (U.S.C.A.) and/ or exceeded his authority; he no longer represents the government (Brookfield Construction Co. v. Stewart 339 F.2d 753, 119 U.S. App. D.C. 254 (1964) and therefore, there is no ongoing litigation in the state courts. According to the Plaintiff in his Affidavit, all 3 judges have violated some of the above provisions listed in the Claim for Damages. The Claims which the Plaintiff made, must be disproven by the Defendants or it must be accepted as true in accordance with Group v Finletter, 108 F. Supp. 327 (1952) in which it was decided; "Defendant(s) have filed no counter affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A."
(2) that implicates an important state interest;
(3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.

    To deny this claim is to deny justice. Ms. Kimbark has even provided evidence to the court, along with her MOTION TO DISMISS Doc. No. 15 - Att:1 Police reports, which prove Ms. Kimbark lied about Mr. Hassell's character (amongst other lies) and the judges have denied Plaintiff an opportunity to be heard. That is the crux of the problem, the judges cannot play both sides of the fence.
20. By denying Plaintiff his opportunity to a fair hearing, is proof positive, prima facie, clear and unambiguous violations of due process. If Plaintiff cannot be heard by the judge then, neither can Ms. Kimbark and then just as Plaintiff contends, the judges have nothing to substantiate their denial of the minor child from the Plaintiff, which all 3 Defendant Judges have done. Rooker-Feldman doctrine in not applicable. In the quote offered, the case is denied because it challenges federal constitutional issues.
21. Plaintiff claims the Rooker-Feldman doctrine denies redress of government, which is protected by both New Hampshire Constitution Section 1, Art. 10. [Right of Revolution.] "Government being instituted for the common benefit, protection, and security, of the whole community, and not for the private interest or emolument of any one man, family, or class of men; therefore, whenever the ends of government are perverted, and public liberty manifestly endangered, and all other means of redress are ineffectual, the people may, and of right ought to reform the old, or establish a new government. The doctrine of nonresistance against arbitrary power, and oppression, is absurd, slavish, and destructive of the good and happiness of mankind." and the U.S. Constitution 1st Amendment, and therefore must be stricken from the record because it is void ab initio in accordance with Article 6 Clause 2 of the U.S. Constitution. Prove Plaintiff was allowed due process. Prove Plaintiff was afforded equal protection under the law. Prove the court protected the natural rights of the Plaintiff to the care and custody of the minor child. This is a federal issue because the state courts in every city in the United States unjustly deny rights based on hearsay.

    A doctrine a lawyer wrote to oppose another lawyer in court and thereby deny the oppositions right to redress is a fraud upon the court. The RF doctrine is void on it's face. It's just because the BAR will not sue the BAR because they each have a superior duty to the court and not to the client (as mentioned in the Claim for Damages) in accordance with Corpus Juris Secundum Volume 7

Attorney and client (section) § 76 and so the BAR made a decision that the BAR can decide the BAR cannot sue the BAR because the BAR says so.

      As government unless the Defendants file a counter Affidavit, the Defendants simply have no say whatsoever. It is a matter of Stare Decisis Non Rebutted Affidavits are "Prima Facie Evidence in the Case in accordance with U.S. v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). It was also decided; [28]Affidavits are often the only supporting evidence for the issuance of a search or arrest warrant, which, as noted above, requires a higher standard of proof. Affidavits alone should therefore certainly be sufficient to prove a prima facie case in summons enforcement proceedings. I understand there is a difference between Kis supra and these issues but the underlying issue is the same. In Kis supra, the Defendant could file a counter-affidavit and then it would be up to the judge to decide which of the 2 (TWO) Affidavits is more plausible. Then and only then can the judge decide which is "truth." Without a counter-affidavit, which is the case here, the judiciary is bound to decide in favor of the Affiant.

22. In the REPORT AND RECOMMENDATIONS, Standard of Review, first paragraph, it cites "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." The facts are not just well-pleaded, to draw all reasonable inferences in Mr. Hassell's favor, by the evidence provided (Doc. No. 17, attachment 1 Exhibit - State of NH, NH Circuit, 10th Circuit - Family Division - Derry filings) factual evidence of 43 pages of Court filings has already been entered into the Court of constitutional violation/s and Federal laws to sustain injury to plaintiff, and gives the Court subject matter jurisdiction. This appears to be nothing more than an arbitrary exercise of government powers, and further injures Mr. Hassell, financially and emotionally and mentally and deprives plaintiff and PH of a bonding parent/child relationship.

23. Furthermore, Mr. Hassell also brings claims that the Kimbark defendants constantly harass and retaliate and threaten and are interfering with the plaintiff and/or PH, during his "visitations". Mr. and Mrs. Kimbark have consistently allowed their other two minor children to be involved with the supervising of these "visitations". The Kimbark defendants have allowed another family member, that does not reside with them, to visit and sit with them to supervise these visitations. These visitations are at the Kimbark defendants residency. If Mr. Hassell is to be able to see PH, then Mr. Hassell is to be restrained and detained, a violation to N.H. RSA Section 633:2 and imprisoned violation to N.H. RSA § 633:3 and to go where Mr. Hassell does not wish to go and remain where Mr. Hassell does not wish to remain, which is the Kimbark Defendants residency. The Kimbark defendants have become more aggressive and hostile towards MR. Hassell during these visitations, specifically since the claim Mr. Hassell has filed against them (conduct after the fact in violation of Title 18 U.S. Code § 1513 and possibly other various flavors of Title 18 Chapter 73 Obstructions of Justice). The Kimbark defendants have shown they do not want Mr. Hassell at their home (see Doc. No. 11). This is not a safe environment for Mr. Hassell and PH. Mr. Hassell has done nothing to show cause why he would not be able to exercise the rights of a parent with PH. Mr. Hassell is not an absentee parent. Mr. Hassell did not abandon PH. Mr. Hassell is deprived of PH and PH is deprived of Mr. Hassell. As cited by Wise v. Bravo, 666 F.2d 1328, (1981). The rights of parents to parent-child relationships are recognized and upheld. Fantony v. Fantony, 122 A 2d 593, (1956); Brennan v. Brennan, 454 A 2d

901, (1982). State's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial; and visitation rights, is subject to scrutiny by federal judiciary within reach of due process and/or equal protection clauses of 14th Amendment…Fourteenth Amendment applied to states through specific rights contained in the first eight amendments of the Constitution which declares fundamental personal rights…Fourteenth Amendment encompasses and applied to states those preexisting fundamental rights recognized by the Ninth Amendment. The Ninth Amendment acknowledged the prior existence of fundamental rights with it: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The United States Supreme Court in a long line of decisions, has recognized that matters involving marriage, procreation, and the parent-child relationship are among those fundamental "liberty" interests protected by the Constitution. Thus, the decision in Roe v. Wade, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147, (1973), was described by the Supreme Court as founded on the "Constitutional underpinning of … a recognition that the "liberty" protected by the Due Process Clause of the 14th Amendment includes not only the freedoms explicitly mentioned in the Bill of Rights, but also a freedom of personal choice in certain matters of marriage and family life." The non-custodial divorced parent has no way to implement the constitutionally protected right to maintain a parental relationship with his child except through visitation. To acknowledge the protected status of the relationship as the majority does, and yet deny protection under Title 42 USC § 1983, to visitation, which is the exclusive means of effecting that right, is to negate the right completely.

24. The Kimbark defendants have not and can not show, even by the standards of the State Court Order "parenting plan", which they wanted, and the Kimbark defendants do not uphold, to why Mr. Hassell is not able to exercise the progressive scheduled "visitation" with PH. Simply hostile or contemptuous parenting conduct and/or behaviors by the Kimbark defendants, is not good cause.

25. Mr. Hassell has tried to record these visitations for Mr. Hassell and PH safety, and for truth in evidence, to the conduct and behaviors and mentality of the Kimbark defendants and when Mr. Hassell does, the Kimbarks have either threatened to end Mr. Hassell's visit or has retaliated by ending Mr. Hassell's visits. This also leads by not only depriving Mr. Hassell of PH, but also deprives PH of Mr. Hassell, a loving and caring and compassionate father. This also creates mental and emotional abuse (injury) not only to Mr. Hassell, but PH as well. This is an obvious injury of mental and emotional child abuse. Mr. Hassell is searched upon entry of the Kimbark defendants residency, to ensure no recording of these behaviors and conduct can be identified (proven) with truth in evidence, before Mr. Hassell is allowed visitation. As stated above, this is an obstruction of justice count of various flavors, in retaliation and intimidation and threatening, to the claim filed (conduct after the fact) against the Kimbark defendants.

26. The Courts, through the lies of the Kimbark defendants, have conspired and along with BCSS, extorted tangible property and has put Mr. Hassell's safety in the hands of his accusers, with no form of redress or accountability. The Courts by the lies of the Kimbark defendants have allowed mental and emotional and financial abuse and vexatious litigation upon Mr. Hassell, as well as mental and emotional abuse upon PH. Again, this is child abuse (emphasis added). The Courts continue to put Mr. Hassell's safety at risk by not resolving this matter expeditiously and not

subjecting Mr. Hassell to "delay tactics" and/or an arbitrary exercise of government powers. **Tyler v. Supreme Judicial Court of Mass. 914 F.3d 47; 2019 U.S. App. LEXIS 2794 United States Court of Appeals for the First Circuit January 28, 2019.**
"Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."

As stated above there has been no "final state-court judgment", and there can be no judgment recognized, pursuant to the above stated violations. The Rooker-Feldman Doctrine is not applicable in this matter. There is no "absolute immunity" as the judicial defendants did not have jurisdiction. This must be given Summary Judgment as a matter of law, in Mr. Hassell's favor or go to the triers of fact (jury) expeditiously.

27. Mr. Hassell also assertively questions, as stated in point 1. Constitutional Claims "the Kimbark defendants are indisputably private actors." If this was true, then why do the Kimbark defendants continue to use Mr. Kimbarks position with the government? Why did Mrs. Kimbark assert to the Manchester Police Department on the 12th of November, 2022, on the dispatch phone call, her hearsay claims of that "Mr. Hassell disconnected Ms. Kimbarks battery in her (Ms. Kimbarks) vehicle (proven false by Law enforcement) …that her husband (Mr. Kimbark) was a government contractor and doesn't want to make anything worse and at the same time doesn't want to be in a place that could possibly, anything could happen and it's a he said, she said and then her husband's (Mr. Kimbark's) job would be in jeopardy…. Again, Mr. Kimbark himself asserted his involvement within the government (Doc. No. 11), making sure it is indisputably known Mr. Kimbark has ties within the government? Mr. and Mrs. Kimbark assert Mr. Kimbark's government position to their/counter defense. Now government actor, Magistrate Judge Andrea K. Johnstone claims (asserting a defense for the Kimbark defendants), "the Kimbark Defendants are indisputably private actors." That is contrary/counter to the assertions by Mr. and Mrs. Kimbark. Mr. Kimbark does work in the private sector of government and has for many years. Mr. Kimbark has already admitted this himself. Mr. Kimbark has a government securities clearance and his constituents, personally and professionally, are government actors. Mr. Hassell doesn't know if this constitutes "indisputably private actors" or not, but Mr. Hassell asserts, possibly even some constituents of Mr. Kimbark are involved in this matter. Although, Mr. Hassell does not have definitive proof of Mr. Kimbark's personal and/or professional government constituents' involvement in this matter. This may be a reason why the Kimbark defendants appear to have "absolute immunity" for their conspiratory act/s. **Goldstein v. Galvin 719 F.3d 16 \*; 2013 U.S. App. LEXIS 11643 \*\*; 2013 WL 2466861 United States Court of Appeals for the First Circuit June 10, (2013).**

Using the operator's name in the announcement was government speech and could not ground a First Amendment retaliation claim. Allowing the operator to weave a First Amendment retaliation claim out of something so mundane as an official's issuance of a true statement, not couched in inflammatory terms, about a matter of public concern, would trivialize the United States Constitution. It follows inexorably that a person sued only in his official capacity is neither identical to, nor in privity with, the same person sued in his individual capacity. The upshot is that a person who is sued in one capacity (whether official or individual) cannot assert a defense of claim preclusion in a later

action in which he is sued in a different capacity.

It is up to the civil officer to prove his actions of withholding a minor child from one parent or the other is a function of government. Since there is no Affidavit to shield the civil officers from liability, they are possibly civilly and criminally liable. In Goldstein Supra, the statements made were also deemed true, hence no liability. Here, in Hassell, there is no proof the statements were true, hence the civil officer is liable for his actions.

28. The REPORT AND RECOMMENDATIONS appear to not acknowledge the N.H. Bill of Rights to the N.H. Constitution Article 8 Accountability of Magistrates and Officers; Public's Right to Know. The public also has a right to an orderly, lawful, and accountable government. I am not seeking to appeal and/or a "end - run around" a final state decision, there is no final state decision. I am seeking civil damages for violations to Federal and State Constitutions, as well as Federal and State laws and Statutes violations, that all defendants are liable and culpable, for each other.

29. Although, by Fed. R. Civ. P. 60 Relief from a Judgment or Order (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;(4) the judgment is void; (6) any other reason that justifies relief and/or (d) Other Powers to Grant Relief. This rule does not limit a court's power to:(3) set aside a judgment for fraud on the court. Given the facts stated and FRCP 60 (3) and (4) and (6) and (d) (3), this Court can give relief of Judgment and the State Court Proceedings, which is further grounds for either the change of VENUE or Summary Judgment in Mr. Hassell's favor. As well as under Title 28 U.S. Code § 1361 (Action to compel an officer of the United States to perform his duty The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff) it is the duty of the U.S. District Court to allow Mr. Hassell redress of government.

30. Plaintiff has provided several rules, this Court may uphold as to relief for the fraud and fraud upon the Court and misrepresentation and/or misconduct and/or any other reason that justifies relief to include but is not limited to emotional and mental abuse of a child and/or financial and emotional and mental abuse and vexatious litigation, Mr. Hassell has endured, to have the natural and unalienable god-given rights as a parent upheld, to grant plaintiff his prayers for relief from the "ORDERS" of the State Court, until a final civil damages award can be made.

Rooker-Feldman doctrine is not applicable. It denies redress of government, which is protected by both New Hampshire Constitution and the U.S. Constitution and therefore must be stricken from the record because it is void ab initio in accordance with Article 6 Clause 2 of the U.S. Constitution. Prove Plaintiff was allowed due process. Prove Plaintiff was afforded equal protection under the law. Prove the court protected the natural rights of the Plaintiff to the care and custody of the minor child. This is a federal issue because the state

courts do this in every city in the United States.

Rooker-Feldman doctrine; A doctrine a lawyer wrote to oppose another lawyer in court and thereby deny the oppositions right to redress is a fraud upon the court. The RF doctrine is void on its face. It's just because the BAR will not sue the BAR because they each have a superior duty to the court and not to the client (as mentioned in the Claim for Damages) in accordance with Corpus Juris Secundum Volume 7 Attorney and client (section) § 76 and so the BAR made a decision that the BAR can decide the BAR cannot sue the BAR because the BAR says so.

As government unless the Defendants file a counter Affidavit, the Defendants simply have no say whatsoever. It is a matter of Stare Decisis Non Rebutted (undisputed) Affidavits are "Prima Facie Evidence in the Case in accordance with U.S. v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). It was also decided; [28]Affidavits are often the only supporting evidence for the issuance of a search or arrest warrant, which, as noted above, requires a higher standard of proof. Affidavits alone should therefore certainly be sufficient to prove a prima facie case in summons enforcement proceedings. I understand there is a difference between Kis supra and these issues but the underlying issue is the same. In Kis supra, the Defendant could file a counter-affidavit and then it would be up to the judge to decide which of the 2 (TWO) Affidavits is more plausible. Then and only then can the judge decide which is "truth." Without a counter-affidavit, which is the case here, the judiciary is bound to decide in favor of the Affiant.

31. Mr. Hassell has brought this issue to multiple departments/agents within the State of New Hampshire, to include but is not limited to the CJC Committee - Report Number - JC-23-073-G. It is my understanding the committee shall consist of one member and one alternate member who shall each be an active or retired justice of the superior court and one member and one alternate member who shall each be an active or retired clerk of court and who shall be appointed by the supreme court and one member and one alternate member who shall each be a New Hampshire Bar Association member and who shall be appointed by the president of the New Hampshire Bar Association and one public member and one alternate public member, who shall not be a judge, attorney, clerk of court, or elected or appointed public official, shall be appointed by the president of the New Hampshire Bar Association and one public member and one alternate public member, who shall not be a judge, attorney, clerk of court, or elected or appointed public official, shall be appointed by the supreme court and two public members and two alternate public members, who shall not be judges, attorneys, clerks of court, or elected or appointed public officials, shall be appointed by the Governor and one public member and one alternate public member, who shall not be a judge, clerk of court, or attorney, shall be appointed by the president of the Senate and one public member and one alternate public member, who shall not be a judge, clerk of court, or attorney, shall be appointed by the speaker of the House. On this count would not any judges and/or lawyers of the CJC Committee be in conflict and/or in violation of the CJC Rule 2.15 Responding to Judicial and Lawyer Misconduct and should have protected Mr. Hassell from violations of Federal Constitutional rights.

32. Therefore, just by the amount of government representation within the CJC

Committee and constituents and agents of the government of New Hampshire and their duties within this committee, that no medium of response reasonable under the circumstances was had, I have exhausted remedy.

33. In Section B. Judicial Defendants it states " Only judicial action taken in clear absence of all jurisdiction will deprive a judge of absolute immunity. As stated above and pursuant to the laws and statutes above, the judicial defendants do not, and did not have jurisdiction. The judicial defendants denied the Constitutions, they have a sworn Oath to uphold (it is presumed as well, the judges and magistrates of this Court swore an Oath to those Constitutions). The judicial defendants violated federal and State laws and Statutes. The Judicial defendants violated their employment contract of the CJC guidelines. The judicial defendants do not have "absolute immunity". This matter is for the trier of facts to decide. As cited by Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States". [Emphasis supplied in original] Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect.  The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner volatile of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." **Giuliano v. Fulton 399 F.3d 381; 2005 U.S. App. LEXIS 3745 United States Court of Appeals for the First Circuit March 7, (2005).** To state a RICO claim, a Plaintiff must allege 4 elements: 1) conduct; 2) of an enterprise; 3) through a pattern; of racketeering activity. A pattern of racketeering activity is "at least two acts… within ten years of each other" that "violate [ ] one of the federal laws specific in the RICO statute." The Supreme Court has identified two methods for establishing continuity. Under
the "closed-ended" approach, continuity, is established by showing a series of related predicates extending over a substantial period of time that amount to a threat of continued criminal activity.
"…but may state a claim so long as the alleged racketeering acts themselves include a specific threat of repetition extending indefinitely into the future or are part of an ongoing entity's regular way of doing business."
This is because too few acts would suggest that the defendants were engaged in only "sporadic activity," and too short a period of time would suggest that defendants were not engaged in "long-term criminal conduct." Some cases, however, fall into a middle ground where the duration and extensiveness of the alleged conduct does not easily resolve the issue. In these cases, the court examines other indicia of continuity, including whether the RICO allegations concerns only a single scheme that is not far reaching. In such cases, courts

decline to find the requisite continuity.

Merely alleging that the defendant used a governmental body as a tool for facilitating a racketeering scheme that ultimately harmed the plaintiff is not enough to transform a narrow scheme into a broad and far reaching scheme for purposes of the Racketeer Influenced and CorruptOrganizations Act, 18 U.S.C.S. § 1961 et seq.

"According to Giuliano, the [**11] alleged conspirators have persisted in their misrepresentations [*386] to the state courts and to the Commission." How closely that statement applies to this case. Ms. Kimbark, with the aid of her mother and father (Mr. and Mrs. Kimbark) through their attorney, misrepresented the Plaintiff to the state courts [and to the Commission]" Because the RICO statute was only intended to reach long-term criminal conduct, "predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." See notes on RICO under 18 U.S. Code § 1961 – Definitions, listed below.

34. **Thibodeau v. Yazinski Case No. 17-cv-665-JD United States District Court for the District of New Hampshire June 18, 2018, Decided; June 20, (2018).**
"Child custody determinations are 'normal and routine' judicial acts" that trigger immunity.

What a fraud. Only when the judge obeys the Canons of Law, which these judges violated, Constitutional restrictions, which these judges violated, thus these judges have no immunity. Wrap your head around this, "The people created the government and one controls what they create. Therefore, the people have immunity superior to that claimed by the judiciary. Certainly, Thibodeau supra does not mean to implicate that a judge can deny a parent to the minor child without an in depth and thorough investigation, where both parties have been allowed a fair and unbiased hearing before a significant deprivation of rights is ordered."

35. I must ask the Court to clarify this for the record, is it "normal and routine judicial act/s" for the judiciary and/or judicial agents and/or the judicial defendants to war against the/their Oath to uphold the State and Federal constitutions and/or to violate Federal and/or State laws and Statutes and/or to violate the Code of Judicial Conduct? If this is an act of "normal and routine judicial act", as Magistrate Judge Andrea K. Johnstone appears to agree with, would this not be tyranny in the form of a tyrannical government? Would this not, if this is "normal and routine judicial act/s", by the rules and codes and statutes etc., allowing these violations to exist be a deliberate indifference to one parent or another and/or failure to properly train the judicial defendants? **Middlesex County Ethics Comm. v. Garden State Bar Association 457 U.S. 423; 102 S. Ct. 2515; 73 L. Ed. 2d 116; 1982 U.S. LEXIS 2638; 50 U.S.L.W. 4712 Supreme Court of the United States (1982).**This is covered extensively in Rossi supra.Additionally; HN5 The lawyer who is charged with unethical conduct in New Jersey may have counsel, discovery is available, and all witnesses are sworn. COMMENT: In the proceedings in question, Plaintiff (Mr. Hassell) was never afforded the same opportunity, to offer discovery and have Ms. Kimbark sworn (to tell the truth under pains and penalties of perjury), which is another example of due process violations.

The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims. COMMENT: Again, by denying due process of law, the state proceedings did not "afford an adequate opportunity to raise constitutional claims." Which is again, a denial of due process and equal protection. **Mandel v. Town of Orleans 326 F.3d 267; 2003 U.S. App. LEXIS 7097 United States Court of Appeals for the First Circuit April 15, (2003).** Vacating a preliminary injunction order concerning child custody under the Rooker-Feldman doctrine and noting that the doctrine generally prevents a parent from attempting to invalidate a child custody order in federal district court. Was that order even lawful? How often is generally? Did the people who presented those pleading use state constitutional issues? **Rooker-Feldman is at least quasi-jurisdictional, premised on the rule that among federal courts only the U.S. Supreme Court has authority to invalidate state civil judgments.**

**36. Cok v. Cosentino 876 F.2d 1; 1989 U.S. App. LEXIS 7407 United States Court of Appeals for the First Circuit May 26, (1989),** Judges have "absolute immunity from civil liability for any normal and routine judicial act," regardless of the legal theory behind any particular claim.
COMMENT: Again, treason written by lawyers. Cok does not justify judges denying fair and equal access prior to due process of law. Especially here where there is not a single criminal charge and not a single affidavit to support the judges denial of fair access to the child.
**Stump v. Sparkman 435 U.S. 349; 98 S. Ct. 1099; 55 L. Ed. 2d 331; 1978 U.S. LEXIS 74 Supreme Court of the United States Argued January 10, 1978 ; March 28, 1978; Petition For Rehearing Denied June 5, (1978).** (Judicial) immunity applies no matter how erroneous the act may have been, how injurious its consequence, how informal the proceeding, or how malicious the motive. Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.
That is void now. It is in violation of both state and federal constitution. Specifically in Article 2 Section 4 of the U.S. Constitution et al, "The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors."
**Imbler v. Pachtman 424 U.S. 409; 96 S. Ct. 984; 47 L. Ed. 2d 128; 1976 U.S. LEXIS 25 Supreme Court of the United States (1976).**
[Again,] judicial immunity was lost when Plaintiff was not afforded the constitutional protections of due process of law and equal protection of the law. The N.H.R.C.P. mentioned are contingent upon the fact that the judges obeyed their oath of office, which they clearly did not. Show me a single affidavit or shred of evidence to support their claims that they made a correct and unbiased decision to deprive Plaintiff of the child for over a year. They are not immune from prosecution, criminal nor civil. They must be impeached and sanctioned and prosecuted to the full extent of the law in accordance with Article 2 Section 4 U.S. Const.

37. **Middlesex County Ethics Comm. v. Garden State Bar Association 457 U.S. 423; 102 S. Ct. 2515; 73 L. Ed. 2d 116; 1982 U.S. LEXIS 2638; 50 U.S.L.W.**

4712 Supreme Court of the United States (1982). This is covered extensively in Rossi supra. Additionally;

There are extraordinary circumstances, a father has been denied fair and equal access to his child, absent evidence to support the mother's claims that Plaintiff may be a danger to the child.

According to Middlesex, [HN5] The lawyer who is charged with unethical conduct in New Jersey may have counsel, discovery is available, and all witnesses are sworn."

In the proceedings in question, Plaintiff was never afforded the same opportunity, to offer discovery and have Ms. Kimbark sworn (to tell the truth under pains and penalties of perjury), which is another example of due process violations which deprive the judiciary of immunity. Lawyers and judges expect it when they are in the defendant's table, but ignore it when they sit behind the bench and the prosecution's table.

Middlesex also decided; "The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims." Again, by denying Plaintiff due process of law, the state proceedings did not "afford an adequate opportunity to raise constitutional claims." Which is again, a denial of due process and denial of equal protection, stripping the judiciary of immunity.

38. Void where prohibited by law.

39. Further Affiant sayeth not.


ALL RIGHTS RESERVED WITHOUT PREJUDICE 1-308

Date: 28th of February, 2024

_Matthew-Lane: Hassell_

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.


I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA.