# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

FILED - USDC -NH
2024 APR 11 PM 1:34

| | |
|---|---|
| Matthew-Lane: Hassell, Plaintiff | } } } |
| V. | } 1:23-cv-00472-JL-AJ } } |
| Devin Aileen Kimbark DOES 1 - X Defendant/(s) | } } } } |

## MOTION TO STAY ORDER AND JUDGMENT

(4 Pages)

      Comes now, Matthew-Lane; Hassell (here and after, known as Mr. Hassell and/or Plaintiff), with clean hands, in good faith, using fair business practices and full disclosure. A Propria Persona Sui Juris, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury and under my full commercial liability, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity.

1. I, Plaintiff, am in receipt of the document titled "ORDER", signed by Judge Joseph N. Laplante, dated the 1st of April, 2024 and "JUDGMENT" dated the 2nd of April, 2024.

2. In the document (ORDER) described above it states " After due consideration of the objection filed, I herewith approve the report and recommendation of the Magistrate Judge Andrea K. Johnstone dated February 14, 2024."

3. It is unclear to Plaintiff if due to the above mentioned statement "I hereby approve..." by Judge Joseph N. Laplante, if Judge Joseph N. Laplante is acting administratively (in vacation) and not Judicially of the Court.

4. This "ORDER" appears to be on its face an administrative/personal decision (in vacation) and not of a Court, this decision is void ab initio and is construed as nothing more than a blank piece of paper. This principle of law was stated by the U.S. Supreme Court as "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and

certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply VOID, AND THIS IS EVEN PRIOR TO REVERSAL." [Emphasis added]. Valley v. Northern Fire and Marine Ins. Co., 254 U.S. 348, 41 S. Ct. 116 (1920). See also Old Wayne Mut. I. Assoc. v. McDonough, 204 U.S. 8, 27 S.Ct. 236 (1907); Williamson v. Berry, 8 How. 495, 540, 12 L. Ed, 1170, 1189, (1850); Rose v. Himely, 4 Cranch 241, 269, 2 L.Ed. 608, 617 (1808). A void order may be challenged in any court, at any time, and even by third parties. A void order has no legal force or effect. As one court stated, a void order is equivalent to a blank piece of paper." "There is a misconception by some attorneys and judges, that only a judge may declare an order void, but this is not the law: (1) there is no statute nor case law that supports this position, and (2) should there be any case law that allegedly supported this argument, that case would be directly contrary to the law established by the U.S. Supreme Court in Valley v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S. Ct. 116 (1920) as well as other state courts, e.g. by the Illinois Supreme Court in People v. Miller. A party may have a court vacate a void order, but the void order is still void ab initio, whether vacated or not; a piece of paper does not determine whether an order is void, it just memorializes it, makes it legally binding and voids out all previous orders returning the case to the date prior to action leading to void ab initio."

5. It is also unclear to Plaintiff if this is a lawful "ORDER" and in compliance with the Judiciary Act of 1789 and Article III of the U.S. Constitution (here and after known as U.S.C.A. et al) or if this is an administrative decision (not of the Court) by Judge Joseph N. Laplante. I ask the Court to clarify this on the record and for the record?

6. Plaintiff has filed a WRIT OF ERROR to the UNITED STATES COURT OF APPEALS for the First Circuit, as it appears to Plaintiff justice can not be had within the Judiciary (State or Federal) within New Hampshire.

7. Plaintiff reserves his right to APPEAL pending outcome of the WRIT OF ERROR within the First Circuit Court of Appeals.

8. Furthermore, Plaintiff has prayed for relief, for the Court to move and hear in conjunction and concurrent with this tort, the State Court Case Case # 456-2022-DM-00737 multiple times, as this matter arises from substantially the same transaction and no objection has been made to such. Pursuant to Local Rule 42.1 it is Plaintiffs understanding that the Court should have already consolidated these cases. I ask the Court to Honor this consolidation and clarify on the record and for the record why the Court does not follow the same Rules of the Court and allows Defendants to not follow Court Rules/Procedures. Plaintiff asserts this appears to be Prima Facie evidence of bias and prejudice by the Magistrate and Judge Joseph N. Laplante within this Court (conduct prejudicial to the effective and expeditious administration of the business of the "courts").

9. Plaintiff entered a MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW, along with a Supplemental Affidavit (see Doc. No. 21 and Att: 1) on the 28th of February, 2024. None of the three (3) Kimbark Defendants entered an Objection or

counter Affidavit or MOTION by the 29th of March, 2024. Pursuant to Local Rule 55.1. The clerk shall enter a default against any party who fails to respond to a complaint, crossclaim, or counterclaim within the time and in the manner provided by Fed. R. Civ. P. 12."

10. It also appears to Plaintiff the report and recommendations by Magistrate Judge Andrea K. Johnstone are not in compliance with Title 28 United States Code (here and after known as U.S.C.), Sections 636 (b)(1)(A), within Local Rule 72.1 (a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, …., to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.)

11. Plaintiff is seeking injunctive relief (as well as other relief) and has further sought Summary Judgment as a matter of law. The Magistrates Report and Recommendation is clearly erroneous and contrary to law.

12. Dismissal is further in error as none of the Defendant(s) demonstrated a genuine issue of material fact or have entered anything under penalty of perjury or have entered their own affidavit or have given rebuttal to any affidavit Plaintiff has entered. The Court (or the Magistrate) has no facts for a finding of facts to rely on besides those entered within Plaintiff's affidavit. Plaintiff however has made counter argument disproving "Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution", not only in this Court but the State Court as well.

13. Plaintiff has clearly shown the Judicial Defendants violated clearly established statutory and constitutional rights of which a reasonable person (specifically a Judge) would have known. It appears to Plaintiff this would include the agents (Judges, Magistrates, Clerks of Court, etc.) involved in this controversy within the U.S. District Court District of New Hampshire as well.

14. To dismiss Plaintiff's complaint and relief sought is a fraud upon the Court and an enticement of slavery.

15. It is also asserted by Plaintiff that the "ORDER" to approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone would be assenting/allowing Defendant(s) to openly libel and/or slander and/or defame my good name within the filings and pleadings in this Court as well as the State Court. See Frese v. Formella, No. 21-1068 (1st Cir. 2022).

16. Plaintiff was to have till the 12th of April, 2024 to respond to council for the Judicial Defendants Motion to Stay Judicial Defendants' Obligation to Respond to Plaintiff's Motion for Summary Judgment filed on the 29th of March, 2024. It is a moot point to file a response to the Judicial defendants' MOTION TO STAY, until the matter of the WRIT OF ERROR is heard by the First Circuit of Appeals.

## REQUEST FOR RELIEF:

A. Stay any action within the New Hampshire State Circuit/District Courts and the U.S. District Court District of New Hampshire pending outcome of the WRIT OF ERROR in the UNITED STATES COURT OF APPEALS for the First Circuit;

B. Honor and Grant any such further relief as justice may require.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

VOID WHERE PROHIBITED BY LAW
ALL RIGHTS RESERVED WITHOUT PREJUDICE 1-308

Date: 11th of April, 2024

_Matthew-Lane: Hassell_

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA.