Matthew-Lane: Hassell
20 Arlington St. Unit D
Nahua, New Hampshire (03060)
(603) 231-0844
mhas191@yahoo.com

# UNITED STATES COURT OF APPEALS
## for the First Circuit

John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-9057

11th of April, 2024

## WRIT OF ERROR

### (9 Pages)

| | |
|---|---|
| Matthew-Lane: Hassell, et al　　Plaintiff | } |
| v. | } N.H. State Case # 656-2022-DM-00737 } |
| | } |
| | } CIVIL ACTION NUMBER: 1:23-cv-472-JL-AJ |
| Devin Aileen Kimbark, et al. | } |
| DOES I through C | } |
| (1 through 100) | } |
| 　　　Defendant/(s) | } |
| | } |

*2024 APR 12  PM 1: 50*

# STATEMENT OF CLAIM:

Comes now Matthew-Lane: Hassell a.k.a. Matthew Lane Hassell a.k.a. MATTHEW LANE HASSELL a persona propria sui juris, (born in the territory of Tyler, Texas) who respectfully moves this honorable court for Declaratory relief. This Court has Jurisdiction [per 28 USC 1331] because the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, to declare the attached order in violation of Article 3 and the 14th Amendment of the Constitution of the United States, making the order void and a lawful nullity.

The Judiciary Act of 1789, a properly ratified Act of Congress, which conferred governmental power of Law upon the Court, defining the powers and

jurisdiction of the Court. The attached document, ('order') signed "in vacation", is of a judge and not of a Court. Per the Judiciary Act of 1789, there is no remedy at law for redress of this ongoing Due Process violation from a higher State Court.

The United States Constitution et al, and therefore the New Hampshire Constitution et al, conferred power to the Appellate Court to revue and reverse entries of a court, not of a judge. See Attachment 1 a copy of what Plaintiff contends a authentic Order should conform with. The signature is above the name of the courthouse and properly sealed by the Clerk of the Court.

The U.S. courts have failed to handle and correct the mistake behind the administrative power, which was illegally and unlawfully usurped by the congress and judiciary. Federal (and therefore state) judicial agencies (courts) have no power to act unless authorized by congress. Because the congress has only legislative powers, it cannot delegate powers it does not have and therefore cannot delegate judicial power.

Article III (3, THREE) vesting of the judicial power is exclusive and mandatory, wherein it decrees in Section 1; "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office." By stating that the judicial powers shall be vested, Article III made clear that the location of that judicial power was mandatory. Article III authorizes congress to locate judicial power only in inferior courts, not administrative agencies.

Therefore, by setting up administrative tribunals (agencies), congress has unconstitutionally divested the courts of their judicial power. Apart from the structural (State/New Hampshire and U.S.) constitutional violations, administrative adjudication violates the 5th Amendment and the 6th Amendment and the 7th Amendment.

Administrative agencies neglect and set aside the federally superior Rules of Civil Procedure (FRCP) and thereby neglect and set aside the New Hampshire Rules of Civil Procedure (NRCP). Administrative agencies neglect and set aside the federally superior Federal Rules of Evidence (FRE), substituting their own rules or making things up as they go (discretionary to the judge/ magistrate), all of the above is done without legal and lawful authority.

This cross contamination of powers weakens the constitutional protection of separation of powers when they are combined in a single agency. Petitioner has been denied due process of law, has not been informed of the nature and cause of the proceedings (administrative hearing as opposed to a court of common law). Additionally, Petitioner has been denied a trial by a jury of their peers and instead the Administrative Law Judge (ALJ), was the finder of facts in an administrative proceeding.

Then the administrative agency controls the "court" record on appeal. Even when a case reaches an Article III tribunal court for review, there has never been a jury and the facts; record amassed previously gets deferred to by the judge. The 7th Amendment guarantees right to trial by jury in suits at common law

and thereby applies to all civil actions other than in Admiralty and Equity, including actions brought to enforce statutory rights that are corresponding to common law causes of action. So agencies routinely violate the peoples 7th Amendment protection by conducting enforcement proceedings without a jury. For all these reasons, administrative adjudication is an abomination. ALJ's are not members of the judiciary and mandated under Article III.

Article IV Section 4 ordains and establishes that; "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic violence."

Amendment IV ordains and establishes that; "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Does this not include our children?

# SUMMARY:

1. In Doc. No. 23 (ORDER), it states " After due consideration of the objection filed, I herewith approve the report and recommendation of the Magistrate Judge Andrea K. Johnstone dated February 14, 2024." It is to Plaintiff's understanding, due to the above mentioned statement "I hereby approve…" by Judge Joseph N. Laplante, Judge Joseph N. Laplante is acting administratively (in vacation) and not Judicially of the Court. Kindly give clarification on the record and for the record to such, and if this was a lawful Judicial ORDER/decision of the Court or an administrative/in vacation decision.

2. This "ORDER" appears to be on its face an administrative/in vacation decision and not of a Court, this decision is void ab initio. This principle of law was stated by the U.S. Supreme Court as "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. "They are not voidable, but simply VOID."

3. It is to Plaintiff's understanding the Order is not a lawful "ORDER" and not in compliance with the Judiciary Act of 1789 and Article III of the U.S. Constitution (here and after known as U.S. Const.). I ask the Court to clarify this issue on the record and for the record and declare/memorialize the "ORDER" and "JUDGMENT" a legal nullity (void ab initio)?

4. Each and every Order from the State of New Hampshire (NH), NH Circuit Court, 10th Circuit - Family Division - Derry Filings and the State of NH, NH Circuit Court, 9th Circuit - Family Division - Manchester are likewise VOID for the same reasons.

See Document No. 17-1, as Attachment: 17-1 in its entirety. (Both cases included)

5. It also appears to Plaintiff the report and recommendations by Magistrate Judge Andrea K. Johnstone are not in compliance with Title 28 United States Code (here and after known as U.S.C.), Sections 636 (b)(1)(A), within Local Rule 72.1 (a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law and again, in violation of the Judiciary Act of 1789).

6. Plaintiff is seeking injunctive relief (as well as other relief) and has further sought Summary Judgment as a matter of law and on the pleadings. The Magistrates Report and Recommendation is clearly erroneous and contrary to law (see Document. No. 20 Objection to [document] 19 Report and Recommendation and Att: 20-1 Points and Authorities and Doc. No. 21 Motion for Summary Judgment and Att: 21-1 Supplemental Affidavit in their entirety).

7. The Magistrates Report and recommendations was in error as all three (3) of the Kimbark family defendants (Devin Aileen Kimbark and Cheryl L. Kimbark and Mark Edward Kimbark) has each filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. Pursuant to the Rule and law stated in point 5 above, this is another injury to Plaintiff and Prima Facie evidence where Magistrate Judge Andrea K. Johnstone and Judge Joseph N. Laplante conduct is prejudicial to the effective and expeditious administration of the business of the "courts".

8. None of the Defendant(s) demonstrated a genuine issue of material fact nor have any entered anything under penalty of perjury nor have any entered their own affidavit nor have any refuted any statements in whole or in part of any of the multiple affidavits Plaintiff has entered into the court record. The Court (or the Magistrate) has no facts for a finding of facts to rely on besides those facts entered by Plaintiff within Plaintiff's affidavits. Plaintiff however has filed a counter argument proving "Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution", not only in this Court but the State Court as well. This has not been disputed by the Defendant's individually nor collectively.

9. Plaintiff has clearly shown the Judicial Defendants violated clearly established

statutory and constitutional rights of which a reasonable person would have known (amongst other violations as well). Also see Estate of Rahim v. Doe 1, No. 21-1086 (1st Cir. 2022).

10. To dismiss Plaintiff's complaint and relief sought on an opinion and a claim of "immunity" without any proof of such "immunity", and while allowing count after count of multiple violations of clearly established statutory and constitutional rights that a Judge should reasonably know, would be a fraud upon the Court. As cited by Estate of Rahim v. Doe 1, No. 21-1086 (1st Cir. 2022 "The doctrine of qualified immunity shields officers from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" City of Tahlequah v. Bond, 142 S. Ct. 9, 11 (2021) (per curiam) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). It protects "all but the plainly incompetent or those who knowingly violate the law." Id. (quoting District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018)).

11. It is also asserted by Plaintiff that the "ORDER" to approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone would be assenting/allowing Defendant(s) to openly libel and/or slander and/or defame Plaintiff's good name within the filings and pleadings in the District Court as well as the State Court, which is a misdemeanor offense and injuries Plaintiff. See Frese v. Formella, No. 21-1068 (1st Cir. 2022).

12. Plaintiff entered a MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW, along with a Supplemental Affidavit (see Doc. No. 21) on the 28th of February, 2024.

13. 'Follow up on objection' by the 3 (THREE) Kimbark Defendants, to Plaintiff's knowledge and understanding, should have been had by Friday the 29th of March, 2024 and was therefore not timely and should have been rejected by Judge.  None of the three (3) Kimbark Defendants entered an objection or counter Affidavit or MOTION or a genuine dispute to a material fact and are therefore in default pursuant to Local Rule 55.1. Local Rule 55.1 Default states "(a) Entry by Clerk. The clerk shall enter a default against any party who fails to respond to a complaint, crossclaim, or counterclaim within the time and in the manner provided by Fed. R. Civ. P. 12."

14. Judge Joseph N. Laplante made a so-called "ORDER" on Monday the 1st of April, 2024 and "JUDGMENT" was entered on Tuesday the 2nd of April, 2024. Previous to the judgment, Plaintiff filed a MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW, which has not been answered by any party and not addressed by the judge. This is another count of depriving Plaintiff (during the pleadings) of a default Judgment on the pleadings against the Kimbark Defendant's.

# RELIEF:

Plaintiff Matthew Lane Hassell prays for the following relief;

1. This honorable Court decide memorialize the judgment/s and order/s of the United States District Court for the District of New Hampshire, as well as the Courts of Inferior Jurisdiction which include; NH Circuit Court, 10th Circuit - Family Division - Derry and the State of NH, NH Circuit Court, 9th Circuit - Family Division - Manchester a Nullity (void ab initio). The order were not properly authenticated and therefore have no governmental force of law.
2. Honor Plaintiff's prayer for relief in the U.S. District Court for the District of New Hampshire and grant Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW (Doc. No. 21);
3. Honor and grant Petitioner immediate 51/49 custodial grantorship of minor child with retroactive custodial parenting time to start immediately (to include but not limited to one hundred thirty three (133) days Plaintiff was deprived contact with minor child PH from the 12th of November, 2022 till the 25th of March, 2023 and two (2) hours weekend days supervised visitation only from the 25th of March, 2023 till current;
4. Order both parties enjoy equal decision making responsibilities of child daycare and school and medical care, etc., and each party is to reimburse the other party for out-of-pocket expenses;
5. Order an immediate Cease and Desist to the Bureau of Child Support Services wage garnishment and arrerages being sought against Petitioner and return all wages and arrearages unlawfully collected;
6. Plaintiff is requesting an amount in excess of Seventy Five Thousand Dollars;
7. Honor Petitioner's Summary Judgment of Punitive and Injunctive and Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725 (undisputed)) amount in excess of Seventy Five Thousand Dollars as damages. The 3 Judges (Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych) shall each be sanctioned with the following violations;

      I. For violating their (Judicial Defendant's) oath of office and employment contract and authority. In failing to defend and protect the U.S. Constitution and the New Hampshire State Constitution and thereby injuring Plaintiff;

      II. For violations of the U.S. Constitution and denying Plaintiff due process of law (5th Amendment) and equal protection under the law (14th Amendment), I demand their (Judicial Defendant's) employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

      III. For violations of New Hampshire State Constitution, Articles 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge (Judicial Defendant's) and in accordance with Title 15 U.S. Code § 1 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

      IV. For Federal and State Law violations Todd H. Prevett and Michael L. Alfano

and Kerry P. Steckowych are to be sanctioned to the full extent of the law, as prescribed
by state and federal laws,

     F. Devin Aileen Kimbark is to be sanctioned/ Default Judgment entered pursuant
to N.H. Local Rule 55.1 for failure to respond to MOTION FOR SUMMARY JUDGMENT
AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.;

     G. Cheryl L. Kimbark and Mark Edward Kimbark are to be sanctioned/ Default
Judgment entered pursuant to N.H. Local Rule 55.1 separately for failure to respond to MOTION
FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand
($100,000.00) U.S.D

     Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an improper
purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of
litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying
or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so
identified, will likely have evidentiary support after a reasonable opportunity for the further
investigation or discovery; and (4) the complaint otherwise complies with the requirements of
Rule 11.

All Rights Reserved (to include but is not limited to appeal) always and
forever more, without prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_    Dated: 11th of April, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

**NOTARY PUBLIC**

State New Hampshire    County Hillsborough

Subscribed and sworn to, before me, a Notary Public the above signed Matthew-Lane: Hassell.
This 11th day of April year 2024

Notary Public
MY COMMISSION EXPIRES: 4-7-26

DEBRA A FILLEBROWN
Notary Public - New Hampshire
My Commission Expires Apr 7, 2026

I certify that a copy of the above mentioned WRIT has been hand delivered and/or sent by USPS mail to
DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY
GENERAL JOHN M. FORMELLA in regards to the Judicial Defendant's on the 11th of April, 2024.

16Am Jur 2d., Sec. 98:
"While an emergency can not create power and no emergency justifies the violation of any of the provisions of the United States Constitution or States Constitutions. Public emergency such as economic depression for especially liberal construction of constitutional powers and it has been declared that because of national emergency, it is the policy of the courts of times of national peril, so liberally to construed the special powers vested in the chief executive as to sustain an effectuate the purpose there of, and to that end also more liberally to construed the constituted division and classification of the powers of the coordinate branches of the government and in so far as may not be clearly inconsistent with the constitution."

16Am Jur 2d., Sec. 114:
"As to the construction, with reference to Common Law, an important cannon of construction is that constitutions must be construed to reference to the Common Law." " The Common Law, so permitted destruction of the abatement of nuisances by summary proceedings and is was never supposed that a constitutional provision was intended to interfere with this established principle and although there is no common law of the United States in a since of a national customary law as distinguished from the common law of England, adopted in the several states. In interpreting the Federal Constitution, recourse may still be had to the aid of the Common Law of England. It has been said that without reference to the common law, the language of the Federal Constitution could not be understood."

16Am Jur 2d., Sec. 155:
"Since the constitution is intendant for the observance of the judiciary as well as other departments of government and the judges are sworn to support its provisions, the courts are not at liberty to overlook or disregard its commands or counteract evasions thereof, it is their duty in authorized proceedings to give effect to the existing constitution and to obey all constitutional provisions irrespective of their opinion as to the wisdom or the desirability of such provisions and irrespective of the consequences, thus it is said that the courts should be in our alert to enforce the provisions of the United States Constitution and guard against their infringement by legislative fiat or otherwise in accordance with these basic principles, the rule is fixed that the duty in the proper case to declare a law unconstitutional cannot be declined and must be performed in accordance with the delivered judgment of the tribunal before which the validity of the enactment it is directly drawn into question. If the Constitution prescribes one rule and the statute the another in a different rule, it is the duty of the courts to declare that the Constitution and not the statute governs in cases before them for judgment.

16Am Jur 2d., Sec. 177:
"Declaratory judgments actions have often been utilized to test the constitutionality of a statute in government practices. The Uniform Declaratory Judgment Act makes pacific provisions of the determination of construction or validity of statutes and municipal ordinance by declaratory judgment and is considered to furnish a

particularly appropriate method for the determination of controversies relative to the construction and validity of the statute and of ordinances. The Federal Declaratory Judgment Act, although it does not mention declarations as to the construction or validity of the statutes, has been invoked frequently as a means of a saying of the constitutionality of Congressional Legislation. A plaintiff can have a declaratory judgment action on the constitutionality of either the Federal or State statute by a single Federal Judge so long as he does not ask to have the operation of the statute enjoined. A court may grant declaratory relief, unless there is a case of controversy before the court."

16Am Jur 2d., Sec. 256:
"The general rule is that a unconstitutional statute, whether Federal or State, though having the form and name of law as in reality no law, but is wholly void and ineffective for any purpose since unconstitutionality dates from the enactment and not merrily from the date of the decision so braining it. An unconstitutional law in legal contemplation is as inoperative as if it never had been passed. Such a statute lives a question that is purports to settle just as it would be had the statute not ever been enacted. No repeal of an enactment is necessary, since an unconstitutional law is void. The general principles follows that it imposes no duty, converse no rights, creates no office, bestows no power of authority on anyone, affords no protection and justifies no acts performed under it. A contract which rests on a unconstitutional statute creates no obligation to be impaired by subsequent legislation. No one is bound to obey an unconstitutional law. No courts are bound to enforce it. Persons convicted and fined under a statute subsequently held unconstitutional may recover the fines paid. A void act cannot be legally inconsistent with a valid one and an unconstitutional law cannot operate to supersede an existing valid law. Indeed, in so far as a statute runs counter to the fundamental law of the land, it is superseded thereby. Since an unconstitutional statute cannot repeal, or in anyway effect an existing one, if a repealing statute is unconstitutional, the statute which it attempts to repeal, remains in full force and effect and where a statute in which it attempts to repeal remains in full force and effect and where a clause repealing a prior law is inserted in the act, which act is unconstitutional and void, the provision of the repeal of the prior law will usually fall with it and will not be permitted to operate as repealing such prior law. The general principle stated above applied to the constitution as well as the laws of the several states insofar as they are repugnant to the constitution and laws of the United States."

16Am Jur 2d., Sec. 258:
"On the other hand it is clear that Congress cannot by authorization or ratification give the slightest effect to a state law or constitution which is in conflict with the Constitution of the United States."

Witness my hand this ___27th___ day of _____ December

_John E. Gabrielli_

One of the Presiding Judges of the Second
Court of the State of Nevada, in and for

STATE OF NEVADA )
                ) ss.
COUNTY OF WASHOE )

I, L. K. BROWN, County Clerk and ex-officio Clerk of the Second
Court of the State of Nevada, in and for the County of Washoe, do hereby

JOHN E. GABRIELLI

whose name is inscribed to the preceding Certificate, is one of the Presiding
Court, duly elected and qualified, and that the signature of said Judge to s
genuine.

In Witness Whereof, I have hereunto set my hand and
of said Court this _____ day of _____

_L. W. Brown_

County Clerk and ex-officio Clerk of the S
Court of the State of Nevada, in and for t

**Orders on Motions**

1:23-cv-00472-JL-AJ Hassell v. Kimbark et al

## U.S. District Court

## District of New Hampshire

**Notice of Electronic Filing**

The following transaction was entered on 4/1/2024 at 1:41 PM EDT and filed on 4/1/2024

**Case Name:**            Hassell v. Kimbark et al
**Case Number:**          1:23-cv-00472-JL-AJ
**Filer:**
**Document Number:** 23

**Docket Text:**
///ORDER approving re [19] Report and Recommendation. So Ordered by Judge Joseph N. Laplante. (ko)

**1:23-cv-00472-JL-AJ Notice has been electronically mailed to:**

Nathan W. Kenison-Marvin     nathan.w.kenison-marvin@doj.nh.gov, DOJ-CivilBureauCourts@doj.nh.gov, kimberly.j.moriello@doj.nh.gov

**1:23-cv-00472-JL-AJ Notice, to the extent appropriate, must be delivered conventionally to:**

Cheryl L. Kimbark
3 Stoneleigh Drive
Derry, NH 03038

Devin Aileen Kimbark
3 Stoneleigh Drive
Derry, NH 03038

Mark Kimbark
3 Stoneleigh Drive
Derry, NH 03038

Matthew-Lane Hassell
20 Arlington St., Unit D
Nashua, NH 03060

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=4/1/2024] [FileNumber=2781744-0]
[76d0057ed1ce2e687f14a6d151229efac32f417b750f29a64acac82ee646d4c9813a
2a23426d92db03c2a5a96f6e1fe7ad8210f6530f23ed4dd29c66b237bf7f]]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Matthew-Lane Hassell

v.                                    Case No.   23-cv-472-JL

Devin Aileen Kimbark, et al.

ORDER

After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated February 14, 2024.

_____
Joseph N. Laplante
United States District Judge

Date: April 1, 2024

cc:   Matthew-Lane Hassell, pro se
      Devin Aileen Kimbark, pro se
      Cheryl L. Kimbark, pro se
      Mark Kimbark, pro se
      Nathan W. Kenison-Marvin, Esq.

4/2/24, 2:01 PM                                   USNHD Live CM/ECF - U.S. District Court

## Clerk's Orders/Judgments

1:23-cv-00472-JL-AJ Hassell v. Kimbark et al

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 4/2/2024 at 2:01 PM EDT and filed on 4/2/2024

**Case Name:**          Hassell v. Kimbark et al
**Case Number:**        1:23-cv-00472-JL-AJ
**Filer:**
**WARNING: CASE CLOSED on 04/02/2024**
**Document Number:** 24

**Docket Text:**
**JUDGMENT is hereby entered in accordance with [19] Report and Recommendation, [23] Order on Report and Recommendation. Signed by Daniel J. Lynch, Clerk of Court. *(Case Closed)* (ko)**

**1:23-cv-00472-JL-AJ Notice has been electronically mailed to:**

Nathan W. Kenison-Marvin     nathan.w.kenison-marvin@doj.nh.gov, DOJ-CivilBureauCourts@doj.nh.gov, kimberly.j.moriello@doj.nh.gov

**1:23-cv-00472-JL-AJ Notice, to the extent appropriate, must be delivered conventionally to:**

Cheryl L. Kimbark
3 Stoneleigh Drive
Derry, NH 03038

Devin Aileen Kimbark
3 Stoneleigh Drive
Derry, NH 03038

Mark Kimbark
3 Stoneleigh Drive
Derry, NH 03038

Matthew-Lane Hassell
20 Arlington St., Unit D
Nashua, NH 03060

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=4/2/2024] [FileNumber=2782611-0]
[5da64d5ff3cdb810cc3c126757bb3ca9bec8512d5df3e23fc1b5ea421287fddf4b93
f0be2ea81d527c6964fc98de13b953f5c4e199fb36aa2297d603ae27ecd4]]

Case 1:23-cv-00472-JL-AJ   Document 24   Filed 04/02/24   Page 1 of 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Matthew-Lane Hassell

        v.

Devin Aileen Kimbark, et al.          Case No.   23-cv-472-JL-AJ

JUDGMENT

        In accordance with the Order by District Judge Joseph N. Laplante

dated April 1, 2024, approving the Report and Recommendation by

Magistrate Judge Andrea K. Johnstone dated February 14, 2024, judgment

is hereby entered.

        The prevailing party may recover costs consistent with Fed. R.

Civ. P. 54(d) and 28 U.S.C. § 1920.

                                    By the Court:


                                    /s/ Daniel J. Lynch
                                    Daniel J. Lynch
                                    Clerk of Court


Date: April 2, 2024

cc:  Matthew-Lane Hassell, pro se
     Devin Aileen Kimbark, pro se
     Cheryl L. Kimbark, pro se
     Mark Kimbark, pro se
     Nathan W. Kinison-Marvin, Esq.

OF THE CLERK

# UNITED STATES COURT OF APPEALS
### FOR THE FIRST CIRCUIT

MARIA HAMILTON
CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

April 19, 2024

Daniel J. Lynch, Clerk of Court
U.S. District Court
55 Pleasant St
Concord, NH  03301-3941

    Re:  <u>Hassell</u> v. <u>Kimnbark</u> et al No. 1:23-cv-00472-JL
        **Misdirected Filing**

Dear Clerk Lynch:

    Enclosed, please find Matthew-Lane Hassell's Notice of Appeal filed with this court on April 12, 2024. We are transmitting it to you for filing as of the date it was received in this court pursuant to <u>Fed. R. App. P. 4(d)</u>.  Please treat this notice as a duplicate if this pleading has already been filed in your court.

        Sincerely,

        Maria R. Hamilton, Clerk

Encl.

FILED - USDC -NH
2023 DEC 20 PM 2:55

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Matthew-Lane: Hassell, | } | |
| Plaintiff | } | CIVIL ACTION NUMBER: 1:23-cv-472-JL-AJ |
| | } | |
| V. | } | U.S. District Court |
| | } | District of New Hampshire |
| Devin Aileen Kimbark | } | |
| DOES 1 - X | } | |
| Defendant/(s) | } | |
| _____ | } | |

# RESPONSE TO MOTION FOR DISMISSAL WITH PREJUDICE
## 9 Pages

Matthew-Lane: Hassell, Agent
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

Devin Aileen Kimbark
3 Stoneleigh Dr.
Derry, New Hampshire 03038
Phone Number Unknown
Dak0292@yahoo.com

**20th of December, 2023**

      Comes now, Matthew-Lane: Hassell (here and after, known as Matt and/or Claimant), a PropriaPersona Sui Juris, who respectfully requests that this Honorable Court, honor the relief sought and states as follows;

I declare under penalty of perjury and pains this document/response is factual and truthful to the best of my abilities.

      I object to ATTORNEY GENERAL John Formella's representation of the three New Hampshire State Judicial Officers. He is an imposter and has no valid oath of office and no valid BAR card. He should be prosecuted to the full extent of the law, for violations of U.S.C.A. Title 18 Section 912 Impersonating an officer of the United States.

I have previously brought complaints to the ATTORNEY GENERAL (and others) including John Formella, against civil officers involved in this controversy (see attachment 1 proof of mailing). It is therefore a conflict of interest for him or any subordinates of the OFFICE OF THE ATTORNEY GENERAL (hereinafter known as AG) to represent the Judicial Officers. He should know better.

I have reviewed the presented legal argument, and I find the assertions made regarding the Rooker-Feldman Doctrine, Judicial Immunity, EleventhAmendment Sovereign Immunity, and the Younger Doctrine to be lacking in standing. The defense almost seems amateurish. Sure, there are many cases the Attorney General has presented, but none of them specifically address issues presented herein.

I watched a Moor in a court case speak about a 'magic bank account' known as the Cestui Que Trust, which supposedly was paid to every American born people. Then the judge asked for proof. The Moor was unable to prove his claims and the judge rightfully denied his Motion. The same is true here. The judge should read the Defendant's Motion to Dismiss and deny it. The answer presented by the AG is all hearsay. None of the three (3) judges which, the AG is representing have filed an Affidavit, which rebuts my Affidavit. That means my unrebutted Affidavit stands as truth and is prima facie evidence in the case.

This is true as a matter of law, according to the Federal Court decision, Group v. Finletter, 108 F. Supp. 327 (1952) it was decided that; "Defendant has filed no counter affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A."

Group supra was held and in U.S. v. Kis, 658 F2d, 526 (7th Cir 1981) it was expanded when the Federal Court decided; "Non Rebutted Affidavits are "Prima Facie Evidence in the Case." So, since all the AG has to offer is hearsay, I respectfully demand his Motion to Dismiss be denied.

None of the cases, though properly presented, address decisions and holdings of the case Webster BIVENS, Petitioner vs. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS. 91 S.Ct. 1999 (1971).

Bivens supra, identifies several issues which prevent a party from suing Federal agents and those decisions lead to the several issues which may prevent a party from suing state civil officers.

In my Affidavit, BEFORE I filed the lawsuit, I put all civil officers on NOTICE that any claim of immunity is a fraud. Read my Affidavit presented to Devin Kimbark, by and through her attorney. It clearly states (claims):"Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241, 242, 42 U.S.C. 1983, 1985, 1986 and State Constitutions as well as the Constitution for the United States of America."

I wrote in a later Affidavit (which is part of this case) that the judges and attorney Jennifer DiTripano violated clearly established constitutional protections, including but not limited to violations of due process, equal protection under the law and the Supremacy Clause (U.S. Const. Art. 6, Cl. 2). None of those claims have been rebutted under penalty of perjury. Therefore they stand as truth and the case must proceed.

In Rooker-Feldman, attorneys prepared both cases, so they failed to properly NOTICE the civil officers involved, they must obey state and federal constitutions and laws. I did not make that mistake. The attorney received 3 affidavits, on behalf of Miss Kimbark, which have those exact words (quoted in the previous paragraph). All 3 judges have, during the course of their duties, handled that paperwork. They have been NOTICED. It also says clearly in Point #7 of the same affidavit; "This is a self-executing contract. Notice to the principal is notice to the agent, notice to the agent is notice to the principal.  You are hereby bound to inform all of your superiors and subordinates involved in this matter and which may have future interactions with my person or me."

As far as the U.S. Constitution 11th Amendment (immunity), my claims void their "immunity" because they acted outside of their employment contract and violated their oaths to defend and protect the New Hampshire and U.S. Constitutions. As soon as they violated their oaths they no longer represent the government in accordance with (Brookfield Const. Co. v. Stewart, 339 F.2d 753, (1964). Therefore, there is no case in the lower court. Therefore the Rooker-Feldman issue is moot.

Furthermore, Amdt 11.6.4 Tort Actions Against State Officials

In Tindal v. Wesley, the Court adopted the rule of United States v. Lee, a tort suit against federal officials, to permit a tort action against state officials to recover real property held by them and claimed by the state and to obtain damages for the period of withholding.

State immunity afforded by the Eleventh Amendment has long been held not to extend to actions against state officials for damages arising out of willful and negligent disregard of state laws. The reach of the rule is evident in Scheuer v. Rhodes, in which the Court held that plaintiffs were not barred by the Eleventh Amendment or other immunity doctrines from suing the governor and other officials of a state alleging that they deprived plaintiffs of federal rights under color of state law and seeking damages, when it was clear that plaintiffs were seeking to impose individual and personal liability on the officials. There was no executive immunity from suit, the Court held; rather, the immunity of state officials is qualified and varies according to the scope of discretion and responsibilities of the particular office and the circumstances existing at the time the challenged action was taken.

I am clearly suing the civil officers of the court on their individual and official capacity, which removes another issue addressed in Bivens supra. Any law, code, rule or statute which demands I get permission to sue prior to filing must have been drafted by lawyers so as to deny the people our fundamental right to petition the government for redress of grievances which is protected by the First Amendment.

Not only did the judges and lawyer ignore those protections and provisions, they perhaps waged war against the New Hampshire and U.S. Constitutions by denying full faith and credit to judicial proceedings by ignoring multiple "Superior Court" decisions. (Superior Court is herein defined to mean; decisions of State Supreme Courts and Federal Courts and Federal Appellate Courts and the U.S. Supreme Court). I have exhausted remedies and not been satisfied with the results so I must bring this controversy to the federal courts. Declaratory relief is unavailable. All state judges may be paid by the federal government through the Social Security Act, which potentially disqualifies all state judges from hearing this controversy.

Instead of the frivolous smoke screen presented by the AG which is completely without merit, he would have served better to defend his clients by proving the actions of the judges were protected under their employment contract. Because he cannot, he did not use the Title 5 U.S. Code Section 552h (b), also known as the Sunshine Act (also see Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985)), to protect his clients. I guess he realizes like I do that their actions in the lower court are indefensible.

Rooker-Feldman appears to misinterpret the Supremacy Clause, which, when correctly applied, should emphasize the federal court's role in ensuring constitutional principles prevail. Almost 75 years after Rooker-Feldman the Supreme Court heard Printz v. U.S. 521 US 898 (1997) in which the Honorable Chief Justice Scalia, who was then quoting James Madison (At Page 10) held (decided) "The great innovation of this design, was that our citizens would have two political capacities, One state and one federal, each protected from incursion by the other, a legal system unprecedented in forum and design establishing two forms of government each with its' own obligations to the people the local or municipal authorities for distinct and independent portions of the supremacy. This separation of the two spheres is one of the Constitutions structural protections of liberty."

Printz *supra*, clearly instructs the people to go to the federal courts when the state courts deny their rights, as is the case here. There has been no final decision. I did not lose in state court, that case is still ongoing pending a stay so this court may decide issues unresolvable in the New Hampshire State Courts.

Furthermore, jurisdiction has been established, so this matter can be heard in the U.S. District Court District of New Hampshire under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, but the sole and exclusive right of every jurisdiction to decide the outcome of my claims reside within the sole and exclusive right (reicht) of the people and is another fundamental principle as stated in the Bill of Rights of the New Hampshire Constitution Article 7. State Sovereignty - The people of this State have the sole and exclusive right of governing themselves as a free, sovereign, and independent State; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in Congress assembled. June 2, 1784. Therefore, jurisdiction must reside within the people (Jury).

I do not contend injuries caused by the judgment of the lower court, it is just a building. I claim injuries caused by the civil officers of the court violating their oath of office to defend and protect the New Hampshire and U.S. Constitutions. Specifically, I contend the state court denied me equal protection and due process amongst other constitutional issues. I also contend the civil officers violated state and federal laws, which is another reason to change venue from state court to federal court, in accordance with Printz *supra*.

Furthermore, ATTORNEY GENERAL John M. Formella states on page 15, Section III, paragraph 6 (six), line 3 (three) " And finally, there is no reason to believe that Plaintiff did not have an opportunity to raise any constitutional claim related to the proceedings in the state court."

I have in fact raised multiple claims within the state court proceedings and the record and pleadings on file will prove this fact (Claimant offers the Court a few documents entered into the state court as well as decisions being denied by the judicial officers in this controversy as proof) see attachments (42 Pages).

I have in multiple pleadings cited Superior Court decisions giving notice to the Judicial officers their orders are nullities (null and void). Also see Federal Rule of Civil Procedure 60 (specifically (a) - (b)(6)). I don't know what part is unclear? Is it the null? Or the void?  And is also cited by Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732. "A universal principle as old as the law is that proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property."

TAYLOR v. RIOJAS Per Curiam 592 U.S. ___ (2020). SUPREME COURT OF THE UNITED STATES TRENT MICHAEL TAYLOR v. ROBERT RIOJAS, et al. on petition for writ of certiorari to the united states court of appeals for the fifth circuit No. 19–1261. Decided November 2, 2020 Destroys qualified immunity and the necessity of putting government officials on previous NOTICE when lacking such NOTICE would protect the officials due to lack of due process of law and exhaustion of remedy, specifically clearly established precedents which every reasonable government official [officer] should know." I refer to the unrebutted Affidavit that I have entered into the State Court and has been received by Officer of the Court Jennifer L. DiTrapano.

Civil Officers of New Hampshire only have immunity when they obey the New Hampshire Constitution and U.S. Constitution. All civil officers and all people only have immunity when they obey New Hampshire and Federal Laws. As it says in my earliest paperwork, Point 3 of my Affidavit to Devin Kimbark, by and through her attorney Jennifer L. DiTrapano) "Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241, 242, 42 U.S.C. 1983, 1985, 1986 and State Constitutions as well as the Constitution for the United States of America."

I must ask, if there is to be no accountability/liability for public officials as ATTORNEY GENERAL John Formella claims they are "immune" and there is no checks and balances to the separation of powers granted and the good administration of government of the lower courts and their agents and friend(s) within the States, what is the point of having a Federal and/or State Constitution? Would this not be a clear violation of the whole "scheme" of government?

If there is no due process of law (5th Amendment) and equal protection under the law (14th Amendment) and constitutionally protected government restrictions and natural and unalienable rights. Then what stops the possible injury and harms and the possible usurpation of authority and powers not granted to them (the corporate municipality of the state for the United States enterprise ) by the Constitution and the possible administrative malfeasance of the State Court and its agents and agencies and "court friends" and possibly leads to the deprivation of the recht of the people and the possible moral turpitude thereof, to harvest fruits from the forbidden tree?

This would be clear and erroneous obfuscation to enslave the people for peonage, amongst other Federal and State Constitution violations and Federal Laws and State Statute violations.

Furthermore, this would be act(s) of torture in severe mental and emotional distress in the destruction of the family structure to finance a corrupt legal system for the misappropriation of funds such as but not limited to child support through the Social Security Act Title IV-D Section 458 by the corporate agency and court friend, known as the Bureau of Child Support Services as well.

In conclusion, the legal argument presented by ATTORNEY GENERAL John M. Formella lacks a robust foundation, especially when viewed through the lens of constitutional obligations. It is imperative to recognize and fulfill the fiduciary duty to the Federal and State Constitution and the Supremacy Clause.

WHEREFORE, Petitioner, Matthew-Lane: Hassell, a Propria Persona Sui Juris, respectfully demand and instruct that this Honorable Court Honor and Order the following relief:

A. I pray this honorable court deny Defendant(s) MOTION to dismiss the claims against them in its entirety and continue these proceedings;

B. That this honorable court honor temporary relief of unsupervised visitation with the minor child each weekend until these matters can be resolved fully from Friday evening at 6:00 P.M. until Sunday evening at 6:00 P.M.;

C. That this honorable court bar ATTORNEY GENERAL John Formella or any under him of representing the Defendant(s);

D. That this honorable court reduce child support payments to $200.00 per month until such time as the court can reach a final decision on the issues presented in the papers and pleadings on file. If Mr. Hassell should lose this tort, all such payments be totaled any under payments be set to judgment as arrears.
The reason for this request is the amount of child support orders is at the maximum amount allowed by law and is causing Plaintiff financial hardship while the mother Devin Kimbark has not provided credible proof of financial expenses to substantiate such amount;

E. Order any future filings which the defendant(s) makes, which are not under penalty of perjury be stricken from the record by this honorable Court;

F. Honor any such further relief(s) as justice may require.

All Rights Reserved Without Prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

_____   Date: 20th of December, 2023
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL                County of Hillsborough, ss
45 Falcon Crest Way                              State of New Hampshire
Manchester, New Hampshire [03104]   On this 20th day of December, 2023
(603) 231-0844                                       Matthew Hassell
mhas191@yahoo.com                           know to me or proven to be the instrument subscriber
                                                             personally appeared before me and acknowledged
                                                             that he/she executed the foregoing instrument

NASTASIA Y GARABEDIAN
Notary Public - New Hampshire
My Commission Expires May 17, 2028

Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to ATTORNEY GENERAL John M. Formella.

### POINTS AND AUTHORITIES TO FOLLOW (1 PAGE)

TAYLOR v. RIOJAS Per Curiam 592 U.S. ___ (2020). SUPREME COURT OF THE UNITED STATES TRENT MICHAEL TAYLOR v. ROBERT RIOJAS, et al. on petition for writ of certiorari to the united states court of appeals for the fifth circuit No. 19–1261.   Decided November 2, 2020 Destroys qualified immunity and the necessity of putting government officials on previous NOTICE when lacking such NOTICE would protect the officials due to lack of due process of law and exhaustion of remedy, specifically clearly established precedents which every reasonable government official [officer] should know."

Brookfield Const. Co. v. Stewart, 339 F.2d 753,(1964).
Once a Government Official exceeds his Oath of Office, his employment contract or his jurisdiction, he no longer represents the government. Courts may not step in and either stay or compel executive action unless executive official was acting in excess of his statutory authority or transgressed a constitutional limitation, and mere fact that he might be acting erroneously or perhaps even tortuously does not vest courts with jurisdiction to act.

Group v Finletter, 108 F. Supp. 327 (1952).
Defendant has filed no counter affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A.

U.S. v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). Non Rebutted Affidavits are "Prima Facie Evidence in the Case.

Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985). Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976). Also see Griswold v. Connecticut, 381 US 479, (1965).

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Case 1:23-cv-00472-JL-AJ   Document 17   Filed 12/20/23   Page 9 of 9

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

(Intentionally Blank - AFFIDAVIT to follow 23 points, 16 pages)



**UNITED STATES POSTAL SERVICE**

```
              HOOKSETT
      1328 HOOKSETT RD STE 45
      HOOKSETT, NH 03106-9716
           (800)275-8777
08/04/2023                    12:28 PM

Product          Qty    Unit      Price
                        Price

Priority Mail®      1              $9.65
Flat Rate Env
   Concord, NH 03301
   Flat Rate
   Expected Delivery Date
   Sat 08/05/2023
   Insurance                      $0.00
      Up to $100.00 included
   Certified Mail®                $4.35
      Tracking #:
      70222410000126400867
   Return Receipt                 $3.55
      Tracking #:
      9590 9402 8074 2349 0110 29
Total                            $17.55

Grand Total:                     $17.55

Cash                             $20.00
Change                           -$2.45

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
             1-800-222-1811

    Save this receipt as evidence of
insurance. For information on filing an
       insurance claim go to
    https://www.usps.com/help/claims.htm
       or call 1-800-222-1811

         Preview your Mail
        Track your Packages
       Sign up for FREE @
    https://informeddelivery.usps.com

All sales final on stamps and postage
Refunds for guaranteed services only.
      Thank you for your business

    Tell us about your experience
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device
```



```
     or call 1-800-410-7420

UFN: 324814-0114
Receipt #: 840-50300034-2-7317478-2
Clerk: 20
```

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Attorney General John Formella
33 Capital St
Concord, NH 03301

9590 9402 8074 2349 0110 29

2. Article Number (Transfer from service label)
7022 2410 0001 2640 0867

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)      C. Date of Delivery
                                        5/2/23

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

Department of Justice
State Of New Hampshire
33 Capital St.
Concord, NH 03301

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
   (over $500)
□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

```
7022 2410 0001 2640 0867
```

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
□ Return Receipt (hardcopy)          $
□ Return Receipt (electronic)        $
□ Certified Mail Restricted Delivery $
□ Adult Signature Required           $
□ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Attorney General John Formella
Street and Apt. No., or PO Box No.  33 Capital St.
City, State, ZIP+4  Concord, NH 03301

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

# THE STATE OF NEW HAMPSHIRE

## JUDICIAL BRANCH

### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH  03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

MATTHEW LANE HASSELL
45 FALCON CREST WAY
MANCHESTER NH  03104

Case Name:     In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark
Case Number:   656-2022-DM-00737

Enclosed please find a copy of the Court's Order dated August 31, 2023 relative to:

**Petitioners Motion to Challenge, Contest, Rebuke and Rebuttal
the Narrative Order from Hearing Held 17th of July, 2023 and to
Challenge Jurisdiction**

August 31, 2023

Robin E. Pinelle
Clerk of Court

(846)
C:  Jennifer L DiTrapano, ESQ; NH DHHS Office of Child Support

NHJB-2207-DF (07/01/2011)

Matthew-Lane: Hassell
45 FALCON CREST WAY
MANCHESTER, NEW HAMPSHIRE 03104
(603) 231-0844
mhas191@yahoo.com



**THE STATE OF NEW HAMPSHIRE**

**NEW HAMPSHIRE CIRCUIT COURT**

**10th CIRCUIT - FAMILY DIVISION - DERRY**

**10 COURTHOUSE LANE**

**DERRY, N.H. 03038**

**JUDICIAL BRANCH**

**NH CIRCUIT COURT**

**Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964**

**4th of August, 2023**

**STATE OF NEW HAMPSHIRE**

U.S. District Court
District of New Hampshire
55 Pleasant Street
Room 110
Concord, NH 03301

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW HAMPSHIRE**

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

**ROCKINGHAM,**
**SS**

**10th CIRCUIT COURT**
**FAMILY DIVISION-DERRY**
**656-2022-DM-00737**

| | |
|---|---|
| Matthew-Lane: Hassell authorized agent of<br>MATTHEW LANE HASSELL<br>    Petitioner<br><br>    VS.-<br><br>Devin Aileen Kimbark<br>Attorney Jennifer L. DiTrapano<br>    Respondent | CASE NO.: 656-2002-DM-00737<br><br>10th Circuit- Family Division- Derry |



## MOTION TO CHALLENGE, CONTEST, REBUKE AND REBUTTAL THE NARRATIVE ORDER FROM HEARING HELD 17TH OF JULY, 2023 AND TO CHALLENGE JURISDICTION

1) On the 17th of July, 2023 a Pretrial hearing was held, where I ( Petitioner ) brought up several issues ( criminal and civil rules of procedure ) and entered into the court a statement/motion for such, to be put into evidence at the earliest possible opportunity ( that was returned instead ) to including but not limited to those listed below and further grounds and means is added to for the depth and seriousness these issues shall cover;

2) Orders were signed and dated on the 18th of July, 2023 but was held until August 1st of 2023 to be mailed to Petitioner ( proof to follow this motion ), which further proves the fraud and criminal activity from the judge and the 10th Circuit-Family Division-Derry Court in its conspiracy criminal activity upon petitioner and gives grounds, cause and means for all of petitioners criminal complaints and claims for damages, to include but not limited to disqualification of a judge by; New Hampshire Rules of Civil Procedure violations rule 1.2, 2.2, 2.3, 2.11, NH Rev Stat § 626:2 (2022)-General Requirements of Culpability. –I. A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense. He may be guilty of a violation without regard to such culpability. When the law defining an offense prescribes the kind of culpability that is sufficient for its commission, without distinguishing among the material elements thereof, such culpability shall apply to all the material elements, unless a contrary purpose plainly appears, NH Rev Stat § 626:8 (2022) Criminal Liability for Conduct of Another. –I. A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both, treason, terrorism, extorsion, Title 18 Chapter 73 Obstruction of Justice 1505, 1506, 1509, 1512 (2)(A), (2)(B)(i), (2)(B)(ii), racketeering, conspiracy, criminal restraint, false imprisonment, falsifying an official document, false swearing, perjury, 633:1 Kidnapping. – I. A person is guilty of kidnapping if he knowingly confines another under his control with a purpose to: (a) Hold him for ransom ( child support and visitation ) or as a hostage; or (b) Avoid apprehension by a law enforcement official; or (c) Terrorize him or some other person; or (d) Commit an offense against him, Official Oppression pursuant to NH Rev Stat § 643:1 and amongst other Constitutional, Federal and State Violation(s).

3) Territorial Jurisdiction 2022 New Hampshire Revised Statutes 625:4-Territorial Jurisdiction. I am challenging and contesting such Jurisdiction in this matter and a Trial by Jury with an Article III Federal Judge presiding is requested, demanded and instructed for.

    a) Comment; Jurisdiction has been challenged and must be decided given priority as mentioned below.

    b) Basso v. Utah Power & Light Co., 495 F 2d 906, 910. "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." US v. Will 449 US 200, 216 (1980) When a judge acts where he or she does

3

    ii)    Comment; Jurisdiction has been challenged, the previous presiding Judge ( Michael L. Alfano ) has recused himself and this document will show by the current presiding Judge's conduct, that has been challenged and contested the only appropriate Jurisdiction would be not in the tribunal district courts but the Superior Federal Court with a trial by jury and a Article III Federal Judge presiding and therefore all orders set forth are absolutely void in the fullest sense of terms. Dillon v. Dillon, 187 P 27. "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term."

    iii)    Comment; This Stare Decisis Decision by the U.S. Supreme Court has already stated how the orders and lack of authority of the tribunal district court are nullities, and all who are involved in this matter are therefore trespassers against me and gives cause and grounds to not only my schedule fees but also my claim for damages. Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1878) Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers".

b)    Pursuant to NH Rev Stat § 458-A:6 (2022) – Priority. – If a question of existence or exercise of jurisdiction under this chapter is raised in a child-custody proceeding, the question, upon request of a party, shall be given priority on the calendar and handled expeditiously.

    i)    Comment; Since the question was raised, although maybe unusual ( as said by Judge Kerry P. Steckowych in his orders from this hearing ) for the Judge as an Administrative Law Judge to administer the law correctly and not just what he/she feels like by what is standard or normal in his masquerading as a Judge, setting a hearing months away is not giving the proper priority on the calendar and being handled expeditiously. To include but not limited to Stare decisis decisions by; Pfizer v. Lord, 456 F.2d 532; cert denied 92 S Ct 2411; US Ct App MN, (1972). Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality. 28 USCA § 2411;

    ii)    Comment; This motion will show the Judges conduct has disregarded fairness and due process and gives grounds and cause for priority to be given in this matter and to be handled expeditiously. Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694 Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

    iii)    Comment; It is clearly shown that Judge Kerry P. Steckowych ( by his false narrative orders and the record from the hearing held on the 17th of July, 2023 and the motions and pleadings that have been denied and or rejected ) has exceeded his oath of office ( which is also treason and terrorism ) and no longer represents the government and the orders set against me to include child support order, visitation, sanctions or any like such are a complete nullity. Brookfield Construction Co. v. Stewart A.K.A. Brookfield Construction Co., Inc., and Baylor Construction Corp., Appellants, v. J. George STEWART, Individually and as Architect of the

Capitol, Appellee. 339 F.2d 753, 119 U.S. App. D.C. 254.  Once a Government Official exceeds his Oath of Office, his employment contract or his jurisdiction, he no longer represents the government. Courts may not step in and either stay or compel executive action unless executive official was acting in excess of his statutory authority or transgressed a constitutional limitation, and mere fact that he might be acting erroneously or perhaps even tortuously does not vest courts with jurisdiction to act.

iv)   Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882) "No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." Cooper v. Armstrong, 358 US 1, 78 S. Ct. 1401 (1958).  "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.".

v)   Forrester v. White, 484 U.S. 219 (1988), 108 S. Ct. 538, 98 L.Ed.2d 555 (1988) (state court judge did not have absolute immunity from damages suit under S 1983 for his decision to demote and dismiss a probation officer); (b) Judges have long enjoyed absolute immunity from liability in damages for their judicial or adjudicatory acts, primarily in order to protect judicial independence by insulating judges from vexatious actions by disgruntled litigants. Truly judicial acts, however, must be distinguished from the administrative, legislative, or executive functions that judges may occasionally be assigned by law to perform. It is the nature of the function performed — adjudication — rather than the identity of the actor
Comment; I am clearly able to show the violations of State Statutes, Federal law and Constitutionally Protected Rights are being violated in this matter and no immunity or protections shall be given to any and all trespassers involved in such. Harlow v. Fitzgerald, 457 U.S. 800 (1982), QUALIFIED IMMUNITY is designed to shield government officials from actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

vi)   Julliard v. Greenman, 110 US 421: "There is no such thing as a power of inherent sovereignty in the government of the United States .... In this country sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it: All else is withheld."

c)   NH Rev Stat § 633:4 Interference With Custody- Section II. A person is guilty of a misdemeanor if such person knowingly takes, entices away, detains or conceals any child under the age of 18, or causes any such child to be taken, enticed away, detained or concealed, with the intent to detain or conceal such child from: (a) A parent, guardian or other person having lawful parental rights and responsibilities as described in RSA 461-A;

   i)   Comment; This is to include but not limited to visitation and all listed Stare Decisis Court Decision listed herein; also see Black vs. Clark's Greensboro, Inc., 263 N.C. 226, 139 S.E.2d 199, 201 (1964). Any

exercise of force, or expressed or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or go where he does not wish to go, is an imprisonment.

ii) **Regenold v. Baby Fold, Inc., 369 NE 2d 858; 68 Ill 2d 419, appeal dismissed 98 S Ct 1598, 435 US 963, IL, (1977).** Parent's right to custody of child is a right encompassed within protection of this amendment which may not be interfered with under guise of protecting public interest by legislative action which is arbitrary or without reasonable relation to some purpose within competency of state to effect.

iii) **Santosky v. Kramer, 102 S Ct 1388; 455 US 745, (1982).** Even when blood relationships are strained, parents retain vital interest in preventing irretrievable destruction of their family life; if anything, persons faced with forced dissolution of their parental rights have more critical need for procedural protections than do those resisting state intervention into ongoing family affairs.

iv) **Stanley v. Illinois, 405 US 645, 651; 92 S Ct 1208, (1972).** The Court stressed, "the parent-child relationship is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection." A parent's interest in the companionship, care, custody and management of his or her children rises to a constitutionally secured right, given the centrality of family life as the focus for personal meaning and responsibility.

v) **Giozza v. Tiernan, 148 U.S. 657, 662 (1893),** Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."
Comment; This previously decided decision gives further grounds and cause for my rico act claim for damages and the depth of criminality that the district court has acted upon me. **Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991):** The law requires that the official seeking immunity to bear the burden of demonstrating that immunity attaches to the particular function. County or city employees could not bear the burden of demonstrating that sabotage, terrorism, extortion, theft under color of law, discrimination, racketeering, violation of due process, and takings without compensation attaches to their particular function of upholding the Constitution and protecting the property and rights of tax-paying citizens and property owners; therefore, the County would not be immune, either for the conduct of criminals posing as city or county employees.

d) **NH Rev Stat § 633:3 (2022) - False Imprisonment.** – A person is guilty of a misdemeanor if he knowingly confines another unlawfully, as defined in RSA 633:2, so as to interfere substantially with his physical movement.

6

    i)    Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now. Fox v. McCumin, 205 Iowa 752, 21 8 N.W. 499, 501 (1928); Sergeant v. Watson Bros. Tramp. Co., 244 Iowa 185, 52 N.W.2d 86,93 (1952). Every confinement of the person is an imprisonment, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets.

    ii)    Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

    iii)    Colter vs. Lower and Others, 35 Ind. 285, 286-87, 9 Am. Rep. 735 (1871). There is a marked distinction between malicious prosecution and false imprisonment. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is false imprisonment.

e)    NH Rev Stat § 633:2 (2022) - Criminal Restraint. – I. A person is guilty of a class B felony if he knowingly confines another unlawfully in circumstances exposing him to risk of serious bodily injury.

    i)    Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now. Smith v. United States, 502, F.2d.512 (1974) Government may not prohibit or control the conduct of a person for reasons that infringe upon constitutionally guaranteed freedoms.

    ii)    Burlington Transp. Co. v. Josephson, 153 Fed. 2d 372, 276 (1946). The only thing the plaintiff needs to plead and to prove is one of two things, either (1) that the defendant made an arrest or imprisonment, or (2) that the defendant affirmatively instigated, encouraged, incited, or caused the arrest or imprisonment.

    iii)    Daniels vs. Milstead, 221 Ala. 353, 128 So. 447, 448 (1930); De Armond vs. Saunders, 43 Ala. 263, 9 So.2d 747, 751 (1942). In false imprisonment, the essence of the tort is that the plaintiff is forcibly deprived of his liberty, and the good intent of the defendant, or the fact that he had probable cause for believing that an offense was committed, and acted in good faith, will not justify or excuse the trespass.

f)    Rule 2.3. Bias, Prejudice, and Harassment– As an Administrative Law Judge, Judge Kerry P. Steckowych get incentives to be bias and prejudice against by the Social Securities Act-Title IV-D-Section 458-Incentives to the State.

i) Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now, including the denied with the numerous pleadings and motions, over many months for an Evidentiary Hearing by the previous Judge in this matter that recused himself ( Judge Michael L. Alfano ). In re: J.S. and C., 324 A 2d 90; supra 129 NJ Super, at 489.  A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution.

ii) In the Interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584, (1980). Parent's interest in custody of their children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection.)

iii) Yick Wo v. Hopkins, 118 US 356, (1886). Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" was discriminatory and violates the equal protection clause of the Fourteenth Amendment.

g) I requested and demanded my case be set for a Trial by Jury with an Article III Judge to preside, to be sooner than the originally stated 90 days the Judge said in the hearing held on the 17th of July, 2023, a new hearing will be set forth, not the false fraudulent and deceptive narrative and practices ( N.H. Rev. Stat. § 421-A:8 ) the Judge ( mentioned above ) has given to his unlawful order ( Kindly give clarification to the lawful law making such order lawful ), of just requesting an Article III Judge as stated by above mentioned judge. The request for a trial by jury with an Article III or Article III federal judge is still requested, demanded for and instructed, by the obvious false fraudulent narrative ( legal fraud ) of Judge Kerry P. Steckowych. State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967).  No rubber-stamp "signature" "The United States Supreme Court … stressed the need for 'individualized review' to avoid the issuance of 'rubber stamp' warrants." Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

h) It is also requested, demanded and instructed that any and all report(s), record(s), recording(s), reference(s), reporter(s) or any like such be immediately and with haste made available, as evidence to the many fraudulent narratives and orders, both from the Hearings held on the 22nd of March, 2023 and the most recent Hearing held on the 17th of July, 2023.

i) By the several inaccuracies I have pointed out so far to Judge Kerry P. Steckowych narrative order, in this one order from this hearing ( mentioned above ) and there is more ( along with all other narrative orders in this matter ), this is Prima Facie Evidence of which shall make all orders null and void, immediately and with haste. U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud.

j) The Judge in this matter has used the previous judges false narrative orders to the hearing held on the 22nd of March, 2023 where it states I claimed to not be an American Citizen, to be a sovereign citizen and or sentient being which I challenge the accuracies to this also and the Jurat/Affidavit of Truth that the court and Attorney has had with no rebuttal ( United States v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). Non Rebutted Affidavits are "Prima Facie Evidence in the Case.) ( Stancle v. State 917 So. 2d 911 (2005) Because this court must treat all unrefuted allegations as true, a movant's allegations are accepted as true unless they are conclusively refuted by the record. See Thruman v. State, 892 So. 2d 1085 (2004), ( Melorich Builders v. THE SUPERIOR COURT of San Bernadino County (Serbia) 207 Cal Rptr. 47 (Cal. App. 4 Dist. 1984) Uncontested Affidavit taken as true in Opposition of Summary Judgment ) and shall also be evidence to this fraudulent narrative, possibly from not actually doing his due diligence and going through the record(s), report(s), transcript(s) or any like such to include but not limited to reading into said Jurat and the legal and lawful means thereof.

   i. Comment; Again, I have to challenge the Judges in this matter who have given many false fraudulent narratives ( legal fraud ) in their orders and gives further grounds and cause for the orders to be a complete nullity. Wilson v Omaha Tribe, 442 US 633 667, 61 L. Ed. 2d 153 99 S Ct. 2529 (1979) (quoting from the United States v Cooper Corp. 312 US 669 604 85 L. Ed. 1071 61 S Ct. 742 (1941) See also Will v Michigan State Police 491 US 58, 105 L. Ed. 2d 45, 109 S Ct. 2304 which states in pertinent part: "In common usage, the term person does not include the sovereign, [and] statutes employing the [word] are normally construed to exclude it."

k) Yick Wo v Hopkins 118 U.S. 356 (1886) which states in pertinent part: "For the very idea that one may be compelled to hold his life or the means of living, or any material right essential to the enjoyment of life at the mere will of another, seems to be intolerable in any free country where freedom prevails, as being the essence of slavery itself." And goes on to state: "Sovereignty itself is of course not subject to law, for it is the author and source of law, but in our system while

sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts." "...The Congress cannot revoke the Sovereign power of the people to override their will as thus declared." Perry v. United States, 294 U.S. 330, 353 (1935).

l) Comment; By the several inaccuracies I have pointed out so far to Judge Kerry P. Steckowych narrative order, in this one order from this hearing ( mentioned above ) and there is more ( along with all other narrative orders in this matter ), this is Prima Facie Evidence of which shall make all orders null and void, immediately and with haste and is a misuse of information pursuant to NH Rev Stat § 643:2 (2022 - Misuse of Information. – A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if, knowing that official action is contemplated or in reliance on information which he has acquired by virtue of his office or from another public servant, he: I. Acquires or divests himself of a pecuniary interest in any property, transaction or enterprise which may be affected by such action or information; or II. Speculates or wagers on the basis of such action or information; or III. Knowingly aids another to do any of the foregoing.

m) By the judge in this matter denying, returning and or requesting to reject my evidence and claim for damages under the rico act, giving false accuracies in such orders, is further committing fraud against me and therefore shows further his bias, prejudice(s) and harassment and shall be disqualified pursuant to rule 2.11 and the narrative orders to the entirety of this matter shall be null and void and the claims made by Attorney Jennifer L. DiTrapano can only be seen as Perjury pursuant to NH Rev Stat § 641:1 (2022) Perjury. –I. A person is guilty of a class B felony if in any official proceeding: (a) He makes a false material statement under oath or affirmation, or swears or affirms the truth of a material statement previously made, and he does not believe the statement to be true; or (b) He makes inconsistent material statements under oath or affirmation, both within the period of limitations, one of which is false and not believed by him to be true. In a prosecution under this section, it need not be alleged or proved which of the statements is false but only that one or the other was false and not believed by the defendant to be true. II. "Official proceeding" means any proceeding before a legislative, judicial, administrative or other governmental body or official authorized by law to take evidence under oath or affirmation including a notary or other person taking evidence in connection with any such proceeding. "Material" means capable of affecting the course or outcome of the proceeding. A statement is not material if it is retracted in the course of the official proceeding in which it was made before it became manifest that the falsification was or would be exposed and before it substantially affected the proceeding. Whether a statement is material is a question of law to be determined by the court.

n) U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud. *Comment; I have clearly let it be known, I am not a citizen to the United States Federal Government to the District of Columbia. Wheeling Steel Corp. v. Fox, 298 U.S. 193, 80 L. Ed. 1143, 56 S. Ct. 773 The U.S. citizens [citizens of the District of Columbia] residing in one the states of the union, are classified as property and franchises of the federal government as an "individual entity".

o) It is stated that the mother ( respondent ) has concerns that I ( petitioner ) fled the State of Texas to avoid criminal charges and that continues to be a flight risk during the hearing held on the 22nd of March, 2023 ( which no evidence has been provided for and all motions and pleadings have been denied for an evidentiary hearing for proof to such claims, that do not exist ). I do not recall Respondent ever saying anything, but her Attorney has made all claims against me. Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

p) It is stated in the orders given ( orders stated and dated on the 18th of July, 2023, but by the mailing package, was not mailed out until the 1st of August, 2023, proof of mailing envelope to accompany this motion and shows further the fraud of the court in this matter ) that " the court has set the parameters for the Final Hearing and has recused itself from hearing any further matters relating to these parties based on Father's allegations that the court has been biased against him", which is Prima Facie Evidence of the Judges bias, prejudice and harassment, in an attempt to obstruct justice pursuant to Title 18 U.S. CODE CHAPTER 73 Obstruction of Justices 1505, 1506, 1509, 1512 (2)(A), (2)(B)(i), (2)(B)(ii) and Official Oppression pursuant to NH Rev Stat § 643:1 (2022) – Official Oppression. – A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if, with a purpose to benefit himself or another or to harm another, he knowingly commits an unauthorized act which purports to be an act of his office; or knowingly refrains from performing a duty imposed on him by law or clearly inherent in the nature of his office. Pierson v. Ray, 386 U.S. 547 at 567 (1967). "When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudice " Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984). The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake.
Comment; No due process of law or equal protection under the law have been given to Plaintiff but has been denied and rejected on all accounts, which gives further cause and grounds to challenge jurisdiction, the lawfulness in which these matters have been presided over and to bring forth civil criminal complaints on all conspirators in this conspiracy ( N.H. Rev. Stat. § 629:3 ) against petitioner in the entirety of this matter.

q) Which also gives grounds and cause to my Claim for Damages under the rico act, violation(s) of Constitutionally protected rights and NH Rev Stat § 625:5 (2022) – Civil Actions – This code does not bar, suspend, or otherwise affect any right or liability for damages, penalty, forfeiture or other remedy authorized by

law to be recovered or enforced in a civil action, regardless of whether the conduct involved in such civil action constitutes an offense defined in this code. Kentucky v. Graham 473 US 159 (1985). "To succeed on a personal capacity claim against a government official, plaintiff must prove that the official, acting personally under color of state law, deprived Plaintiff of a constitutionally protected right."

*Comment; I have proven on multiple accounts the Judges in this matter ( one has recused himself, the current Judge said on record, which shall be provided by the court as evidence, that he shall recuse himself ( Judge Kerry P. Steckowych ) but now has made falsifying statements in his order contradicting such ) to bring forth my claim for damages, that has been rejected multiple times. Griswold v. Connecticut, 381 US 479, (1965). The Constitution also protects "the individual interest in avoiding disclosure of personal matters." Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care, company, love and affection of his children, and this cannot be taken away from him without due process of law. There is a family right to privacy which the state cannot invade or it becomes actionable for civil rights damages. Palmore v. Sidoti, 104 S Ct 1879; 466 US 429. Reality of private biases and possible injury they might inflict were impermissible considerations under the Equal Protection Clause of the 14th Amendment.

r)   NH Rev Stat § 633:11 (2022) – Civil Remedy. –I. A victim may bring a civil action against a person that commits an offense under this subdivision for damages, injunctive relief, or other appropriate relief.
*Comment; The Judicial Branch, Circuit Courts and Administrative Law Judges involved in this matter are supposed to protect me against these violations and have failed to do so, which is further prima facie evidence of their bias, prejudice(s) and harassment against me and or the seeking of profits through the Social Securities Act-Title IV-D-Section 458-Incentives to the State as previously decided by Gross v. State of Illinois, 312 F 2d 257; (1963). State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. My natural rights as a father have continuously been violated, along with Constitutionally protected rights, Federal Law Violations and State Statute Violations and this must cease and desist immediately and with haste.Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985). The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment (First) and Amendments 5, 9, and 14. The several states have no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985).

s)   Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976).
*Comment; The burden of proof is now put upon the court, judges, magistrates, government or any like such that my rights and freedoms that are questioned and therefore irreparable injuried, is not a fact and are not more than mere allegations that the court has been biased against me, as Judge Kerry P. Steckowych claimes, in his order from the 18th of July, 2023 from the hearing

Case 1:23-cv-00472-JL-AJ   Document 27   Filed 04/12/24   Page 38 of 156
Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 14 of 43

12

held on the 17th of July, 2023.

t)   Bell v. City of Milwaukee, 746 f 2d 1205, 1242^Q45; US Ct App 7th Cir WI,
(1985).  The parent-child relationship is a liberty interest protected by the Due
Process Clause of the 14th Amendment.
* Comment; I ask again, kindly give clarification to the due process of law that
has been given to petitioner.

u)   Carson v. Elrod, 411 F Supp 645, 649; DC E.D. VA (1976).  No bond is more
precious and none should be more zealously protected by the law as the bond
between parent and child."
*Comment; Again, I ask where has any protections of the law or constitution
been administered for petitioners' bond with his child or the rights thereof, or
more so zealously protected by the law for the bond between a father and a
child, as all petitioner as seen is the lack thereof and moreso a zealous
protection against the law to deprive and prevent such bond between a father
and child.

v)   **Rule 2.9 Emergency and Ex Parte Relief**
Ex Parte.  Subject to the provisions of RSA 458:16 and RSA 461-A:9, an emergency order
may be granted without written or oral notice to the other party or attorney only if it
clearly appears to the Court from specific facts shown by sworn statement or by the
verified petition that immediate and irreparable injury, loss, or damage shall result to
the applicant, the children, or the marital estate before the other party or attorney can
be heard.  If the other party is represented or has filed an appearance, normally no relief
will be granted without notice to the other party and an opportunity to be heard. An ex
parte order may be requested by motion of the petitioner/attorney prior to service of
the petition.  A hearing shall be scheduled within thirty (30) days of the issuance of an
ex parte order.  In addition, the party against whom the orders are issued may file a
written request with the court for a hearing on such orders, which hearing shall be held
no later than five (5) days after the request is received.
*Comment; Petitioner is requesting emergency and ex parte relief of One Hundred
Thousand U.S.D. ( $ 100,000.00 ) or the highest percentage to that the court can issue,
for the criminal violations and acts by the Administrative Law Judges that have been
involved in this Court matter ( mentioned above ) that has brought many undue cost(s),
undue hardship(s) and undue burden of loss(es) upon Petitioner and is still continuous
to where Petitioner needs adequate means to further defend his natural right(s) in all
that that encompass(es), seek possible legal representation for these litigation matters,
cost(s) for witness(es), cost(s) for false fraudulent narrative drug test(s), cost(s) for
false fraudulent narrative mental health evaluation(s), cost(s) for LADC test(s), cost(s)
for travel expenses, cost for loss of personal work wage(s) or any like such and all
those moving forward until this matter is concluded. The emergency and ex parte relief
shall be paid back to the court by whichever party/s to be found at fault and or guilty in
this matter.


WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Per/Pro Se,
respectfully request, demand and instruct that this Honorable Court:


A. Grant Petitioner immediate 50/50 custodial grantorship of infant child, with
retrograde of custodial parenting time to start immediately and with haste.


B.  Grant Petitioner a Trial by Jury with an Article III or Article III Federal Judge to
preside over this matter, in its entirety.

C.   Order an immediate Cease and Desist to the Bureau of Child Support Services being sought against Petitioner.

D.   Grant Petitioner immediately, expeditiously and with haste the requested Rule 2.9 Emergency and Ex Parte Relief of One Hundred thousand ( $ 100,000.00 ) U.S.D. or the maximum the Courts can release, which shall be seen to Petitioner as the first honorable and good faith attempt by the Courts, for the criminal acts the Judges mentioned above are guilty of and a beginning point to remedy such complaints brought forth by Petitioner ( to include but not limited to any and all Claim for Damage(s) Rico Act Violation(s) ) and possibly bring immunities, protections and closure to the seeking of Petitioners criminal complaints against any and all acting government employees, Judges, magistrates, entities, corporations or any like such in this matter.                                                          1.   This would not remedy any criminal complaints and seeking of justice and relief for Respondent, Respondents Family Members, Respondents Attorney or the firm she is employed by.

E.   Order Respondent to immediately seek LADC and Mental Health Psychological Testing.

F.   Order Respondent to immediately start Four Times ( 4x ) a week alcohol testing ( Tuesday, Wednesday, Saturday and Sundays ).

**NEW HAMPSHIRE RULES OF CIVIL PROCEDURE, PARENS PATRIAE DOCTRINE**

**All Rights Reserved Without Prejudice U.C.C. 1-308**

**VOID WHERE PROHIBITED BY LAW**

Dated: 4th of August, 2023

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]

I certify that a copy of the above mentioned motion has been hand delivered, forwarded by email and or sent by USPS mail to opposing counsel Attorney Jennifer L. Ditrapano.

**Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991).**  Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.
**Comment; Merely saying motion is inappropriately filed is inadequate and insufficient cause for dismissal or rejection, you must explain the proper formalities and allow me an opportunity to replead.**

Case 1:23-cv-00472-JL-AJ   Document 27   Filed 04/12/24   Page 40 of 156
Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 16 of 43

14



NH CH
10th C
10 Cour
Derry, NH 03038

RETURN SERVICE REQUESTED

US POSTAGE
FIRST CLASS   $ 003.75°

Matthew Hassell
415 Falcon Crest Way
Manchester, NH 03104

# STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

**10th Circuit—Family Division—Derry**
**Case No. 056 2022-DM-00737**

### In The Matter of Matthew Hassell (Father) and Devin Kimbark (Mother)

### ORDER

On June 5, 2023, Father filed into the above captioned marital case a claim for damages purportedly under the RICO act and the Federal Constitution. He named as defendants the county of Rockingham, the City of Manchester, the State of New Hampshire, the N.H. judicial branch, the clerks of court, the Manchester N.H. Police department, his opposing counsel in this case, certain named police officers, certain named judges, the NH Office of child support, and any and all unnamed public servants, among other defendants.

At the March 22, 2023 temporary hearing on the parenting petition, Father stated that he was not an America Citizen. He claimed to be a sovereign citizen and/or sentient being and stated that he was not subject to the laws of the state of New Hampshire, including laws relating to the payment of child support or child custody.

Mother testified that she has been a victim of domestic violence, and that she has concerns that Father fled the State of Texas to avoid criminal charges and that he could be a flight risk. The parties are the parents of Phoenix Hassell, dob 10/22/2022.

The court finds that the claim for damages under the Rico act and Federal Constitution that was filed in this case was inappropriately filed, and is without merit. The pleading is rejected in its entirety, and will be returned to Father. The case will be assigned to a different judge for the next hearing, which is scheduled as a pretrial hearing.

The Clerk's office is requested to reject the pleading entitled claim for damages under Rico Act and Violations of Constitutional law, and to return it to Father by mail at his listed address, and to reschedule the July 26, 2023 hearing with a different judge.

**SO ORDERED.**

Date 6/13/23

Signature of Judge
MICHAEL L. ALFANO
JUDGE
Printed Name of Judge

I Do Not Accept
or Consent, nor Understand Counter offer
Void where Prohibited By Law
All Rights Reserved Without Prejudice UCC-1

Matthew-Lane: Hassell, Agent

45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844

15th of June, 2023



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

**NH CIRCUIT COURT**
Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964
15th of June, 2023

STATE OF NEW
HAMPSHIRE

ROCKINGHAM
,ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY

656-2022-DM-00737

In the Matter of

Matthew-Lane: Hassell and Devin Aileen Kimbark

**MOTION TO CHANGE/MOVE JURISDICTION AND VENUE TO AN OUT-OF- STATE FEDERAL COURT AND TO BE HEARD/PRESIDED BY AN ARTICLE III FEDERAL JUDGE FOR DEPRIVATION OF RIGHTS AGAINST PETITIONER AND CLAIM(S) FOR DAMAGE(S)**

1) On March 22, 2023, the Court held a Temporary Hearing and Structuring Conference in the above-entitled matter.

2) On March 23, 2023, the Court issued Temporary Orders.

3) On April 5, 2023, Petitioner filed a Motion for Objection to Orders From 22nd of March, 2023 with the Court.

4) On April 14, 2023, Respondent filed an Objection to Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

5) On April 14, 2023, the Court issued an Order denying Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

6) On April 24, 2023, Petitioner filed an Objection to Motion for Objection to Motion for Objection to Orders From 22nd of March, 2023.

7) On May 15, 2023, Respondent filed a Motion for Contempt due to Petitioner's unwillingness to be forced and coerced to orders and or contracts, by claims of hearsay (without due process of law) by an incompetent client, to subject himself to investigative purposes to help narrate false claims against Petitioner and to complete a 10-panel hair follicle drug test and pay child support as ordered by the Court on March 23, 2023.

8) On May 17, 2023, Petitioner filed an Opposition to Respondent's Motion for Contempt.

9) As by the many ongoing pleading(s) and demand(s) for relief and justice by Petitioner, that has been denied on every account in this matter, in its entirety, to Petitioner and also the infant child in this matter, Phoenix Hassell as well. Which by the clear DEPRIVATION OF RIGHTS and lack of any DUE PROCESS OF LAW, among other complaint(s) and or STATE and FEDERAL VIOLATION(S) to these so-called proceedings in the name of justice, for which none can be found, afforded or has been given to Petitioner. Which it is, my comprehension, and I ask for clarification to this, is this grounds/cause for mistrial and is this grounds/cause for Claim(s) for Damage(s) and Justice?

10) It is my comprehension and I implore you to correct me if I am wrong, that these so-called orders are possibly not lawful orders pursuant to TITLE 18 U.S. CODE § 1691 - Seal and Teste of Process - All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof?; and not a rubber stamp/copy of seal and signature, and possibly other state and federal violation(s)?

11) It is my comprehension and I implore you to correct me if I am wrong, that these so-called proceedings and the action(s) taken against Petitioner, by any and all who are complicit in conspiring against Petitioner to deprive him of any Due Process of Law; to include but not limited to Attorney Jennifer L. DiTrapano asking for sanction(s) to be placed upon Petitioner, giving no clarification as to law(s) or reason(s) for cause or grounds, which sanction(s) Petitioner should have placed and how Petitioner violated any lawful laws for such pleadings for sanction(s) to be placed upon him are possibly in violation of TITLE 18 U.S. CODE CHAPTER 73 § 1512 - Tampering with a witness, victim, or an informant - (a)(2)(A), (2)(B), (2)(B)(i), (2)(B)(ii), (C), (b)(1), (b)(2), (b)(2)(A), (b)(2)(B), (b)(3), (c)(1), (c)(2), (d)(1), (d)(2), (d)(3), (d)(4) and possibly other state and federal violation(s)?

12) It is my comprehension and I implore you to correct me if I am wrong, that these so-called proceedings are possibly in violation of TITLE 18 U.S. CODE CHAPTER 73 § 1513 - Retaliation against a witness, victim, or an informant and possibly other state and federal violation(s), which includes but not limited to sanction(s) being placed upon Petitioner for possibly ( which an Evidentiary Hearing may have clarified/proven ) no more than his motions entered to the court has already proven his case by Superior Court Stare Decisis decisions, known as case law I do believe in this country and the possible Violation(s) of State and Federal Laws, which an Evidentiary Hearing that Attorney Jennifer L. DiTrapano is apparently willing to go to any length(s) to prevent as to plead for sanction(s), which one can only assume is to further deprive Petitioner of another Constitutionally protected right, and that would be Petitioners Constitutionally Protected First Amendment Right to Freedom of Speech?

13) It is also my comprehension and I implore you to correct me if I am wrong, that these so-called proceedings in the name of justice are possibly in violation of TITLE 18 U.S. CODE CHAPTER 73 § 1505 - Obstruction of proceedings before departments, agencies, and committees and possibly

Case 1:23-cv-00472-JL-AJ   Document 27   Filed 04/12/24   Page 44 of 156
Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 20 of 43

3

other state and federal violation(s), which Petitioner asks for much needed clarification and cause to the entirety of this matter and the numerous motions Petitioner has entered to the Court for which Petitioner has been denied?

14) There has been no Judicial Hearing to set these Orders against me that first did not VIOLATE and or TRESPASS(ES) against my Constitutionally Protected Right(s), Due Process of Law, Equal Protection Under the Law, to be Honorably and in Good Faith instructed to any inaccuracies to my filings and a chance to replead and possibly other STATE and FEDERAL VIOLATION(S), that shall be answered to and or for in this matter, in all that that encompass(es).

15) Given some of the possible facts and truth(s), violations to federal law and complaint(s) petitioner has brought to the attention of you Judge, on more than one occasion, by more than one mean(s), in the what can only be seen as a fruitless, frivolous, Honorable and Good Faith Pursuit by Petitioner to Equally, Lawfully, Competently, and with Giving Fair Notice of the intention(s) and or competent mindset of Petitioner and where it adheres from for the aforementioned above matter, in its entirety. The only PRIMA FACIE EVIDENCE for a CAUSE to why you Judge would administer the law as you have in this matter against Petitioner and infant child is presumed for Profit(s) and or possibly personal prejudice(s) and bias you have with and or for Petitioner. Some Evidence of this can be found in the SOCIAL SECURITIES ACT, TITLE IV, PART D, SECTION 458. and the constant rubber stamped denial of all Petitioners pleading(s) and or demand(s).

WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:

A. It is DEMANDED:

    a. Given the possible fact(s), Laws and Claim(s) by Petitioner that would possibly be proven, if Petitioner was not being deprived his Constitutionally Protected rights and was afforded Due Process of Law;

    b. Since Petitioner has and is being denied any chance to adequately plead and or replead his case;

    c. Having multiple Federal Law Violation(s) acted upon Petitioner and infant child in this matter;

    d. It is DEMANDED, VENUE AND JURISDICTION be moved to an out-of-state Federal Court to be presided over and heard by a ARTICLE III FEDERAL JUDGE to rule in this matter, in its entirety, to include but not limited to: Claim(s) for Damage(s), to investigate the Deprivation of Petitioner and infant child ( Phoenix Hassell ) Constitutionally Protected Rights, Justice and Relief that has been denied on all account(s) related to these so-called proceedings in the name of justice.

B. Move Venue and Jurisdiction in this matter Out-of-STATE, to be presided over and by an ARTICLE III FEDERAL JUDGE, in and with FEDERAL COURT Proceeding(s) and Procedure.

C. Immediately and with haste Rescind all unlawful Orders that TRESPASS ( or has TRESPASSED ) against Petitioner and infant child in this matter, in its entirety, until such:

    a. A ARTICLE III FEDERAL JUDGE can be appointed to and for this matter

    b. Due Process of Law can be established

D. Immediately and with Haste until such ARTICLE III FEDERAL JUDGE is appointed and presiding over this matter:

    a. Order Petitioners Parenting Plan and Parenting Decree be adhered to and complied with

by Respondent, her attorney and any and all others complicit in these unlawful acts against Petitioner and infant child.

    b.   Order Petitioner be awarded retrograded time of Custody of Phoenix Katherine Hassell going back to 12th of November, 2022 to Current.

    c.   Order an Immediate CEASE AND DESIST to and for the BUREAU OF CHILD SUPPORT SERVICES in favor of Petitioner and all action(s) to coerce Petitioner to contract with the BUREAU OF CHILD SUPPORT SERVICES are null and void.

E.   Grant any such further relief as justice may, will and or can require.

F.   VOID WHERE PROHIBITED BY LAW

G.   Furthermore, Matthew saith not.

NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE

VOID WHERE PROHIBITED BY LAW

All Rights Reserved Without Prejudice U.C.C. 1-308

_Matthew-Lane: Hassell_                        Date: 15th of June, 2023
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney Jennifer L. Ditrapano.

# STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

**10th Circuit—Family Division—Derry**
**Case No. 656-2022-DM-00737**

### In The Matter of Matthew Hassell (Father) and Devin Kimbark (Mother)

## <u>ORDER</u>

On July 17, 2023, Father once again presented to the court to be filed into the above captioned marital case a, "Amended" Claim for Damages purportedly under the RICO act and the Federal Constitution. He has presented the same pleadings to the court once again as of June 21, 2023, and June 27, 2023. He again named as defendants the County of Rockingham, the City of Manchester, the State of New Hampshire, the N.H. Judicial Branch, the Clerks of court, the Manchester N.H. Police Department, his opposing counsel in this case, certain named police officers, certain named judges, the NH Office of Child Support, and any and all unnamed public servants, among other defendants. He also attempted to file a Statement to be entered as evidence.

At the March 22, 2023, Temporary Hearing on the parenting petition, Father stated that he was not an America Citizen. He claimed to be a Sovereign Citizen and/or Sentient Being and stated that he was not subject to the laws of the State of New Hampshire, including laws relating to the payment of child support or child custody.

Mother testified that she has been a victim of domestic violence, and that she has concerns that Father fled the State of Texas to avoid criminal charges and that continues to be a flight risk. The parties are the parents of Phoenix Hassell, dob 10/22/2022.

The court finds that the father's claims for damages under the Rico Act and Federal Constitution filed more than once in this case were inappropriately filed and are without merit whatsoever. The pleading is rejected in its entirety, as there is nothing plead therein that actually comes under the RICO statute. The pleadings shall be returned to Father.

The Pretrial Hearing on July 17, 2023, occurred as ordered. The court set the parameters for the Final Hearing and has recused itself from hearing any further matters relating to these parties based on father's allegation that the court has been biased against him.

The Clerk's office shall reject the pleadings entitled Claim for Damages Amended under Rico Act and Violations of Constitutional Law and father's Statement to Be Entered into Evidence and return them to Father by mail at his listed address. In particular the Statement is premature and should have been reserved for potential admission for the Final Hearing. Any of mother's responsive pleadings shall be returned as well, as those matters are moot based on this order.

**SO ORDERED.**

7/19/23
Date

Signature of Judge  Kerry P. Steckowych
Judge



# STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

**10th Circuit—Family Division—Derry**
**Case No.  656-2022-DM-00737**

### In The Matter of Matthew Hassell (Father) and Devin Kimbark (Mother)

### <u>ORDER</u>

On June 5, 2023, Father filed into the above captioned marital case a claim for damages purportedly under the RICO act and the Federal Constitution. He has presented the same pleadings to the court once again as of June 21, 2023, and June 27, 2023. He again named as defendants the County of Rockingham, the City of Manchester, the State of New Hampshire, the N.H. Judicial Branch, the Clerks of court, the Manchester N.H. Police Department, his opposing counsel in this case, certain named police officers, certain named judges, the NH Office of Child Support, and any and all unnamed public servants, among other defendants.

On June 30, 2023, and again on July 3, 2023, father filed identical documents with the court, however he now marks them as "exhibits".  Because there is no matter pending relative to those pleadings, there is no need for exhibits to be filed with the court. The court finds that the father's claims for damages under the Rico Act and Federal Constitution filed more than once in this case were inappropriately filed and are without merit whatsoever. The current exhibits are hereby rejected in their entirety, as there is nothing pending in this court that would require such documents to be filed.  The pleadings are contrary to law, and repeated attempts to file identical documents has caused a waste of court resources and time in order to deal with them repeatedly. As such, the exhibits shall be returned to Father.

The Clerk's office shall reject the latest, identical pleadings entitled "exhibits" and return them to Father by mail at his listed address.

SO ORDERED.

_____
Date

_____
Signature of Judge

Kerry P. Steckowych
Judge
Printed Name of Judge

I, Matthew-Lane: Hassell, Challenge, Contest, rebuke and rebuttle the accuracy, claims and Judgment of Kerry P. Steckowych in this order that I filed anything into the court on July 3, 2023. It is presumed the Judge in this matter has committed legal fraud by such fraudulent false narrative and it is requested, Demanded and instructed that the Judge Recuse themself immediately and a Trial by Jury be set with an Article III Judge to preside in this matter, in its entirety to include but not limited to criminal investigation into this matter.

104

See Reverse Side

This shall be on the record, for the record and let the record show, I have lost all faith in the justice system as I can not get a Fair, Equal or Impartial trial and it appears the judge, the attorney, amongst others are only acting with criminal acts and intension, for profits and personal bias against me, this case shall be dismissed with Prejudice and criminal prosecution shall be administered to all those for all crimes committed to include but not limited to treason for failure of their oath of office to defend the Constitution.

All Righs Reserved   Without Prejudice UCC. 1-308
       VOID Where Prohibited By Law

10th of July, 2023        Matthew-Bovine, Hassell

Matthew-Lane: Hassell, Agent
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603)231-0844

30th of May, 2023



RECEIVED
MAY 3 0 2023
BY:_____

# THE STATE OF NEW HAMPSHIRE
## NEW HAMPSHIRE CIRCUIT COURT
## 10th CIRCUIT - FAMILY DIVISION - DERRY
## 10 COURTHOUSE LANE
## DERRY, N.H. 03038
## JUDICIAL BRANCH

**NH CIRCUIT COURT**
**Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964**
**30th of May, 2023**

STATE OF NEW HAMPSHIRE

ROCKINGHAM,
ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY

656-2022-DM-00737

In the Matter of

Matthew-Lane: Hassell and Devin Aileen
Kimbark

**MOTION FOR CLARIFICATION AND EVIDENTIARY HEARING**

1. NOW COMES, Petitioner, Matthew-Lane: Hassell, a Natural Individual, Pro Se:

2. On March 22nd, 2023, the court held a Temporary Hearing and Structuring Conference in the above-entitled matter.

3. A Evidentiary Hearing was demanded several times, during the above-mentioned hearing, Propria Persona, Pro Se and on the record, for the record, by myself, to and for the accusations, claims and statements, without proof, being made against me by and through Attorney Jennifer L. DiTrapano for and by her incompetent client.



4. On April 5th, 2023 I, Propria Persona, submitted in a Motion for Objection to Orders set forth from the March 22nd, 2023 Hearing, that are being either forced and/or coerced upon me and my person, lacking in due process of law, denying me equal protection under the law, that's constitutionally protected and denying me my unalienable rights, under the disguise of law, which is, the color of law.

5. My demand for an Evidentiary Hearing was denied and orders were set forth against me, without proof, or equal protection under the law, in a means to libel me and to coerce me into non-consensual contracts. It is my comprehension this could be Prima Facie evidence of a violation to 18 U.S.C. § 241 and would prevent the court from acting Honorably and in good faith.

6. **Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991).** Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

7. On the 15th of May, 2023 Attorney Jennifer L. DiTrapano filed a Motion for Contempt against me.

8. On the 17th of May, 2023, I Matthew ( Propeia Persona ) filed an Opposition to Attorney Jennifer DiTrapanos pleading to have me be seen as in Contempt.

9. I am in receipt of the judge's Order, which is a statement of, " a thirty ( 30 ) minute hearing will be scheduled, for all issue(s) ".

10. Will this be an Evidentiary Hearing?

11. I ask who(s) issue(s) will be answered?

12. Will I be given a chance to replead for an Evidentiary Hearing after these issue(s) are explained?

13. Will these issue(s) be explained in Legalese ( which I do not speak or understand ) or Common Law definitions?

14. Will these issue(s) be explained with full disclosure, being true, accurate and complete?

15. Will I be able to get a written copy of the explanation(s) to these issue(s)?

WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:

A. I demand that since I am in Proper Person, the judge must instruct me as to the deficiencies to my pleading(s) and allow me the opportunity to replead for an EVIDENTIARY HEARING.

B. I demand a date be set forth for a Judicial Evidentiary Hearing for Attorney Jennifer L. DiTrapano, to provide proof and to show cause to her claims, accusations and statements of hearsay, libeling me, provided only by an incompetent client and person of unsound mind..

Case 1:23-cv-00472-JL-AJ   Document 27   Filed 04/12/24   Page 51 of 156
Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 27 of 43

3

C.  Deny any pleadings to force and or coerce contract/(s) of any kind on me and or my person.

D.  Deny any pleadings that trespass on my life, liberty or pursuit of happiness.

E.  Grant any such further relief as justice may, will and or can require.

F.  VOID WHERE PROHIBITED BY LAW

G.  Furthermore, Matthew saith not.


NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE
VOID WHERE PROHIBITED BY LAW




Date: 5-30-23

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com




I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney Jennifer L. Ditrapano.

MICHAEL L. ALFANO
JUDGE

Matthew-Lane: Hassell, Agent
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603)231-0844

30th of May, 2023



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

**NH CIRCUIT COURT**
**Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964**
**30th of May, 2023**

STATE OF **NEW HAMPSHIRE**

ROCKINGHAM,
SS

10th CIRCUIT COURT
FAMILY DIVISION-DERRY

656-2022-DM-00737

In the **Matter of**

Matthew-Lane: Hassell and Devin Aileen
Kimbark

RESPONSE TO RESPONDENT'S RESPONSE TO PETITIONER'S SECOND NOTICE OBJECTION TO
MOTION **FOR OBJECTION** FOR MOTION FOR OBJECTION TO ORDERS FROM 22ND OF MARCH
2023 AND OPPOSITION TO RESPONDENTS MOTION FOR **CONTEMPT**

1) On March 22, 2023, the Court held a Temporary Hearing and Structuring Conference in the
   above-entitled matter.

2) On March 23, 2023, the Court issued Temporary Orders.

3) On April 5, 2023, Petitioner filed a Motion for Objection to Orders From 22nd of March, 2023



Case 1:23-cv-00472-JL-AJ   Document 27   Filed 04/12/24   Page 53 of 156
Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 29 of 43

2

with the Court.

4)  On April 14, 2023, Respondent filed an Objection to Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

5)  On April 14, 2023, the Court issued an Order denying Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

6)  On April 24, 2023, Petitioner filed an Objection to Motion for Objection to Motion for Objection to Orders From 22nd of March, 2023.

7)  On May 15, 2023, Respondent filed a Motion for Contempt due to Petitioner's unwillingness to be forced and coerced to orders and or contracts, by claims of hearsay (without due process of law) by an incompetent client, **to subject himself to investigative purposes to help narrate false claims against Petitioner** and to complete a 10-panel hair follicle drug test and pay child support as ordered by the Court on March 23, 2023.

8)  On May 17, 2023, Petitioner filed an Opposition to Respondent's Motion for Contempt.

9)  Contrary to Respondent and or her Attorney's belief, their personal beliefs as Attorney DiTrapano has stated in her motions, are not, in fact, facts. Especially when the Attorney's information and beliefs are bought and or paid for in this matter.

10) This brings to question if possibly Attorney Jennifer L. DiTrapano is acting as much as a claimant against me, as much as she is representing her client?

11) Petitioners continuously files pleadings in an effort to exhaust remedy and seek competent, meeting of minds in this matter, however inartfully decreed to Attorney Jennifer L. DiTrapano.

12) Contrary to Attorney DiTrapanos beliefs, ideology and or prayers for relief, Petitioner is not responsible for her client(s) contract.

13) Respondent is incurring legal fees (that petitioner is not responsible for these contract fee(s)) to respond to all of Petitioner's pleadings, in an attempt by Petitioner to exhaust remedy with honor and good faith, without the need to further this matter, in a need for claim(s) for damage(s) (tort(s)), to and or for, any and all, who have trespassed and or conspired to trespass, on Petitioner and or Phoenix Katherine Hassell and or their persons. Public and or Privately, legally and or lawfully, Criminally and or Equitably.

Case 1:23-cv-00472-JL-AJ    Document 27    Filed 04/12/24    Page 54 of 156
Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 30 of 43

3

14) Respondent's Attorney's prayers for relief and personal beliefs, inappropriately request the Court to deprive the rights of petitioner, coerce and force contract(s) upon petitioner, set orders upon petitioner (under the color of law) and deprive a father (the petitioner) and infant child Phoenix Hassell) from one other.

**WHEREFORE**, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:

A.  Since I am in Proper Person, the judge must instruct me as to the deficiencies to my pleading(s) and allow me the opportunity to replead.

B.  Respond to and answer, on a point by point basis with full disclosure to the Motion I filed in the 10th CIRCUIT - FAMILY DIVISION - DERRY COURTHOUSE on 24th of April, 2023 and on the 17th of May, 2023.

C.  A date be set forth for a Judicial Evidentiary Hearing for Attorney Jennifer L. DiTrapano, to provide proof and to show cause to her claims, accusations and statements of hearsay, libeling me, provided only by an incompetent client and person of unsound mind..

D.  Deny the request for her ( Attorney Jennifer DiTrapano ) client(s) (Devin Aileen Kimbark) contract fees, to be upheld by myself and or my person. I do not and will not contract with Attorney Jennifer L. DiTrapano, or any Attorney in this matter, nor am I responsible for fees accrued for her practiced services.

E.  Deny any pleadings to force and or coerce contract/(s) of any kind on me and or my person.

F.  Deny any pleadings that trespass on my life, liberty or pursuit of happiness.

G.  Grant any such further relief as justice may, will and or can require.

H.  **VOID WHERE PROHIBITED BY LAW**

I.  Furthermore, Matthew saith not.

6/6/23 -
Denied

MICHAEL L. ALFANO
JUDGE

**NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,**
**PARENS PATRIAE DOCTRINE**
**VOID WHERE PROHIBITED BY LAW**

Date: 5-30-23

Matthew-Lane: Hassell authorized agent of
**MATTHEW LANE HASSELL**
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney Jennifer L. Ditrapano.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH  03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

**MATTHEW LANE HASSELL**
**45 FALCON CREST WAY**
**MANCHESTER NH  03104**

Case Name:      **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:    **656-2022-DM-00737**

Enclosed please find a copy of the Court's Order dated April 11, 2023 relative to:

**Respondents Motion for Clarification**

April 11, 2023

Robin E. Pinelle
Clerk of Court

(846)
C:  Jennifer L DiTrapano, ESQ

NHJB-2207-DF (07/01/2011)

## STATE OF NEW HAMPSHIRE

ROCKINGHAM, ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY
656-2022-DM-00737

In the Matter of
Matthew Hassell and Devin Kimbark

### MOTION FOR CLARIFICATION

NOW COMES Devin Kimbark, by and through her attorney, and states as follows:

1.   On March 22, 2023, the Court held a Temporary Hearing and Structuring Conference in this matter.

2.   On March 23, 2023, the Court issued Temporary Orders.

3.   During the hearing, Respondent advised the Court she recently learned she has 88 hours of vacation time that needs to be used by May 2023.

4.   Respondent intends to travel with the minor child and her family to a family home in Myrtle Beach April 19-26, 2023. Petitioner has previously traveled to this home with Respondent and her family.

5.   In a good faith attempt to communicate and co-parent, Respondent discussed her vacation plans with Petitioner. Respondent advised Petitioner she would work with him to make up any parenting time he may miss.

6.   Petitioner advised Respondent she cannot leave the state with their minor child.

7.     During the March 22, 2023 Temporary Hearing, Respondent requested the Court grant her permission to travel to Myrtle Beach from April 19-26, 2023.

8.     The Narrative Order on Temporary Hearing states, in part, Mother, "is requesting vacation time from May 19-26. Father can make up any parenting. She requested this from Father, and he said no."

9.     It appears there is a scrivener's error regarding the month of travel. Respondent intends to travel in April 2023.

10.    The Temporary Orders are not clear as to whether Respondent's travel request was approved.

WHEREFORE, Devin Kimbark, by and through her attorney, respectfully request that this Honorable Court:

A.     Grant this Motion for Clarification;

B.     Clarify that Respondent may travel to Myrtle Beach with the minor child in April 2023;

C.     Clarify that the parties shall work together to allow Petitioner to make up any parenting time that may be missed; and

D.     Grant such further relief as justice may require.

March 31, 2023                          Respectfully Submitted,
                                        Devin Kimbark,
                                        By her attorney,


                                        _____
                                        Jennifer L. DiTrapano
                                        GERMAINE & BLASZKA, P.A.
                                        23 Birch Street
                                        Derry, NH  03038
                                        (603) 434-4125
                                        N.H. Bar No. 273938

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been forwarded by First-Class Mail and E-mail this 31st day of March, 2023 to Matthew Hassell.

Jennifer L. Ditrapano

DATE: 4/11/83
MOTION GRANTED

Michael L. Alfano, Judge

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH 03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

**MATTHEW LANE HASSELL**
**45 FALCON CREST WAY**
**MANCHESTER NH  03104**

Case Name:      **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:    **656-2022-DM-00737**

Please be advised that on March 22, 2023 the Court made the following Order relative to:

**Petitioners Motion for Evidentiary Hearing**

**"Motion Denied."**

**/s/ Judge Michael L. Alfano**

March 23, 2023

Robin E. Pinelle
Clerk of Court

(846)

C:  Jennifer L DiTrapano, ESQ; NH DHHS Office of Child Support

# *STATE OF NEW HAMPSHIRE*
## JUDICIAL BRANCH

**10th Circuit—Family Division—Derry**
**Case No. 622-2022-DM-00737**

### In The Matter of Matthew Hassell (Father) and Devin Kimbark (Mother)

## <u>NARRATIVE ORDER ON TEMPORARY HEARING</u>

On March 22, 2023, the Court held a scheduling and temporary hearing in the above matter. Both parties appeared. Father was self-represented. Mother appeared with counsel.  The parties are the parents of  Phoenix Hassell, dob 10/22/2022.

At the outset, the parties completed the scheduling form with the court, which is approved and so ordered.

1. <u>Temporary hearing.</u>

<u>Law</u>. Contrary to the position of Father, the court has jurisdiction to determine custody under RSA 490-D:2, parenting rights under RSA 461-A:3, and child support under RSA 458-C:1.

Under RSA 490-D:2:

Notwithstanding any law to the contrary and except for the limited need to allow an existing **case** to proceed with the same judge who had presided over it before the implementation of the judicial branch family **division**, following implementation of the **division** at a **division** site in accordance with <u>RSA 490-D:5</u>, jurisdiction over the following matters shall be exclusively exercised through the judicial branch family **division** as procedurally jurisdiction was previously exercised in the superior, district, and probate courts:
I. Petitions for divorce, nullity of marriage, alimony, custody of children, support, and to establish paternity.
II. Actions for support or custody for children of unwed parties.
III. Actions under RSA 169-B, relating to delinquent children except for concurrent jurisdiction with the district court to enter temporary detention orders under <u>RSA 169-B:11</u>, III and 169-B:12, IV(b).
IV. Actions under RSA 169-C, relating to abused and neglected children except for concurrent jurisdiction with the district court to enter orders under <u>RSA 169-C:6</u>, VI and <u>RSA 169-C:6-a</u>.
V. Actions under RSA 169-D, relating to children in need of services except for concurrent jurisdiction with the district court to enter orders under <u>RSA 169-D:8</u>, I, <u>RSA 169-D:9-a</u>, and <u>RSA 169-D:10</u>.
VI. Actions under RSA 173-B, relating to protection of persons from domestic violence except for concurrent jurisdiction with the district **division** to enter temporary protective orders under <u>RSA 173-B:4</u>.

VII. The adoption of children in abuse and neglect **cases** pursuant to RSA 169-C, termination of parental rights **cases** pursuant to RSA 170-C, and guardianships of the person of minors pursuant to paragraph VIII. Jurisdiction over private, agency, and international adoptions shall remain with the probate court.

VIII. The guardianship of the person of minors. In **cases** involving the guardianship of both the person of a minor and the estate of the same minor, jurisdiction shall remain with the probate court.

IX. The termination of parental rights.

X. The change of names of persons who apply therefor in matters relating to jurisdiction in paragraphs I-IX.

Under RSA 461-A:3 Procedure and Jurisdiction:

I. The procedure in cases concerning parental rights and responsibilities, including child support, shall be the same as the procedure for petitions for divorce and legal separation under **RSA** 458. Except as otherwise provided in this chapter, the court, upon proper application and notice to the adverse party, may revise and modify any order made by it, make such new orders as may be necessary, and may award costs as justice may require.

II. In cases where husband and wife or unwed parents are living apart, the court, upon petition of either party, may make such order as to parental rights and responsibilities and support of the children as justice may require. All applicable provisions of this chapter and of **RSA** 458-A, 458-B, 458-C, and 458-D shall apply to such proceedings.

III. The jurisdiction granted by this section shall be limited by the Uniform Child Custody Jurisdiction and Enforcement Act, if another state has jurisdiction as provided in that act.

For the purposes of interpreting that act and any other provision of law which refers to a custodial parent, including but not limited to **RSA** 458-A, any parent with 50 percent or more of the residential responsibility shall be considered a custodial parent.

Under RSA 458-C:1 Purpose.

The purpose of this chapter is to establish a uniform system to be used in the determination of the amount of **child support**, to minimize the economic consequences to children, and to comply with applicable federal law by using specific guidelines based on the following principles:

I. Both parents shall share responsibility for economic **support** of the **children**.

II. The children in an obligor's initial family are entitled to a standard of living equal to that of the obligor's subsequent families.

III. The percentage of net income paid for **child support** should vary according to the number of children and according to income level.

2. <u>Today's hearing.</u>

2

a. _Father's position._

The child was born in October of 2022, and the parties separated on November 12, 2022. At today's hearing, Father stated on the record that he is a sentient being, and not an American citizen. He stated that he does not consent to a contract to pay child support. He wants both parties to pay for the child when the child in his/her care. Father stated that he wants a 51/49 percent parenting plan. He stated that Mother's family pads her up.

Father stated that he does not want the court to appoint a GAL. He stated that Mother is not willing to compromise and that she cannot be trusted with decision making. He is requesting sole decision making responsibilities. Father stated that Mother made false statements on where she has lived, and when she stated that Father fled the state to avoid criminal activities and to recover personal property.

Father presented a claim for personal property. The court explained on the record that this court cannot rule on personal property issues in a parenting case. Jurisdiction for those claims would lie in a separate proceeding in a civil court.

The court does not find that an evidentiary hearing would address any relevant issue that was not covered in today's hearing.

Father stated that he has only seen the child once since the separation. He has refused to agree to two hour visits supervised by Mother. Rather, he has chosen to not see the child at all. He stated that he will not be watched by false criminal complaints. The argument arose because he did not want to go to New York for thanksgiving. He wanted to stay home for Thanksgiving. Mother then chose to leave him and called her family. Her car battery was dead as she was trying to leave. He was accused of sabotage.

Father is requesting a one week on and off with the drop offs at day care. The child is in day care now. Mother was awarded sole decision making, and she picked the day care. He stated that he cannot afford the new day care.

b. _Mother's position._

Counsel for Mother stated that between this Saturday and Monday, counsel received 9 emails from Father. Mother objects to an evidentiary hearing. She agrees that this court cannot resoslve property and phone issues, since the parties are not married. She objects to Father calling himself a prisoner, and the grandparents as visitation wardens. Mother is supportive of safe visitation.

Mother stated that the parties were together for approximately three years. Mother lives with her parents in Derry, where she moved back after the child was born. She stated that Father has a history of domestic violence and criminal activity.

Mother stated that she has a marital restraining order against Father, and wants it to continue to be in place. She stated that both parties drank alcohol heavily before the birth of the child, and then Mother stopped. She stated that Father continues to drink and use marijuana. She stated that Father deals drugs out of his home. She stated that he has thrown her down the stairs. He has 18 criminal charges against him, including four drunk driving charges, the latest in 2020, 2021. He has a 2021 stalking charge against him where she is the victim. He has three charges of simple assault, as well as charges of violation of bail orders and disobeying officers.

3

Mother stated that Father believes that he is sovereign being and not bound by New Hampshire law. He is from Texas, and he fled prior criminal charges. She stated that she is afraid that he will leave with the child. Mother stated that she has offered Father supervised parenting time and he refused. Mother is requesting sole decision making responsibilities. She stated that the child is thriving in her care and meeting all milestones and goals. Mother wants Father to have supervised parenting time with goal towards unsupervised.

Mother is requesting that Father have parenting time on Saturdays and Sundays from 10 am to 12 noon in her home for 3 months. This would increase to 10-1 pm after three months, and gradually from 10-4 pm. She is requesting he not use drugs or alcohol during his parenting time.

Mother stated that she has to use vacation time before the end of May, and she is requesting vacation time from May 19-26. Father can make up any parenting. She requested this from Father, and he said no.

Mother stated that the child is nursing and she cannot produce enough milk for multiple days. Father wants to use a homemade alternative to breast milk, which she objects to. Fathers' plan is for one week on and off, which is contrary to the pediatrician's recommendations, and would affect her breast milk.

Mother stated that Father is proposing changing the child's day care provider.  She stated that the child is used to the day care and comfortable there. Mother is also satisfied and finds the day care clean and responsive.

Mother stated that Father's request for grandparent's visitation is not appropriate.

With regard to child support, Mother stated that Father's income is now $5,196 per month, and Mother's income is $3,054 per month. Mother pays $1,624 per month for day care. The child support guidelines amount is  $246 per week. Mother is requesting retroactive child support for 18 weeks at the rate of $246 per week, which totals $4,428. Mother is requesting that the arrearage be paid at the rate of $19 per week, which is $265 a week total payment until the arrearage is paid. She requests payment through the Bureau.

Mother has already filed her 2022 taxes, and claimed the child. She requests that the marital restraining order remain in place. Mother lives in Derry with her parents. The case was transferred from Manchester.

c.  Father's rebuttal.

In rebuttal, Father denied that he drinks alcohol. He stated that the DUI charges were from 2007, but this was contradicted by the criminal record provided by Mother.  Father stated that when Mother moved out, Mother was producing milk and freezing it.

3.  Findings and rulings.

For the reasons stated, Mother's proposed orders are approved. The signed parenting plan, USO and decree are attached hereto. Father is also ordered to complete a 10 panel hair follicle drug test within 21 days. The order is attached.

4

    The Clerk's office is requested to schedule a 30 minute pretrial conference in approximately 90 days, as the docket permits. The parties are ordered to file and to exchange all of the documents at least 30 days before the hearing. This includes financial affidavits, proposed orders, and child support worksheets.

**SO ORDERED.**

3/23/23
[ Date

_____
Signature of Judge

Michael L. Alfano
_____
Printed Name of Judge
Judge

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - Family Division - Manchester
35 Amherst St.
Manchester NH  03101-1801

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

Case Name:   **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:   **656-2022-DM-00737**

### ORDER ON EX PARTE HEARING

Some of the parties appeared for a follow-up ex parte hearing on 11/30/22 at 10:00 am in this parenting matter.  Petitioner Matthew Hassell failed to appear.  Respondent Devin Kimbark appeared with Attorney Brian Germaine.  The parties have one child together, Phoenix Hassell (newborn).  Based on Petitioner's failure to appear, he is hereby defaulted.  Respondent provided a sworn offer of proof and a proposed order for the Court's consideration.

Respondent Devin Kimbark testified that the Petitioner's ex parte should be denied that this case should be transferred to the proper venue (Derry Family Division), as both parties live in Derry.  Respondent made a verbal request for her own ex parte orders, requesting sole decision-making responsibility, due to the Petitioner's erratic behavior and implicit threats contained in his "manifesto" (pleading #13).  Respondent cited Petitioner's statements in his manifesto where he openly questioned/denied this Court's jurisdiction over him or this case, and otherwise declaring that he will do what he wants.

Respondent is very concerned that Petitioner will abscond with the child.  Respondent states that all of Petitioner's family is in the southern U.S., and Petitioner had previously stated that he fled a legal matter in another state, abandoning his vehicle and possessions in order to avoid legal consequences.  Respondent requests a marital restraining order under RSA 461-A:10, as it appears that Petitioner's erratic behavior has been escalating over the past year.  In spite of all this, Respondent is hopeful that Petitioner will appear and this case may move forward in the normal course.

Based upon the evidence presented to the Court, and taking into account the reasonable inferences that can be drawn from the evidence, and taking into account the Petitioner's failure to appear, the Court finds that Petitioner has not sustained his burden of proof in this case.  The Court could not find that there is an *immediate and irreparable* injury or loss that will result to the Petitioner or the child, if relief were not granted.  The Petitioner's ex parte request (#2) is respectfully DENIED.

The Respondent's verbal requests for ex parte relief are hereby GRANTED.  The Court does find an *immediate and irreparable* injury or loss will result to the Respondent and the child, if relief were not granted.  See Supplemental Ex Parte Order, attached hereto.  The answer and cross-petition for parenting (#10) shall be scheduled in the ordinary course going forward.

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, ss

9th CIRCUIT COURT
FAMILY DIVISION-MANCHESTER
656-2022-DM-737

In the Matter of
Matthew Lane Hassell and Devin Aileen Kimbark

*SUPPLEMENTAL EX PARTE*
~~RESPONDENT'S PROPOSED ORDER~~

1.  Petitioner's Ex-Parte Motion is denied.

2.  The parties' minor child Phoenix Katherine Hassell (d.o.b. 10-22-22) is 5 weeks old.  Respondent is nursing.

3.  The parties shall attend the CIP program and First Appearance. *(handwritten notation)*

4.  After attendance at First Appearance, the Court will schedule mediation in the normal course.

5.  The parties shall communicate by AppClose. *Respondent is awarded sole decision making + sole*

6.  ~~Temporarily, the Petitioner shall exercise parenting time at~~ *residence* ~~Respondent's home, located at 9 Stoneleigh Drive, Derry, New Hampshire,~~ *responsibility* ~~every Saturday and Sunday from 12-1:30 p.m.  Respondent shall supervise~~ ~~Petitioner's time with the parties' minor child.~~

7.  Neither party shall disparage the other.

8.  Petitioner agrees to permit Respondent to come to his home, located at 45 Falcon Crest Way, within 10 days, to retrieve her personal belongings and the baby items purchased by her family. Petitioner shall not interfere or impede Respondent from removing her personal belongings and the baby items purchased by her family.

9.   Respondent   shall   return   the   cell   phone   purchased   by
Petitioner upon the receipt of all of her personal belongings and the
baby items purchased by her family.

10.   The Motion to Change Venue is granted. *A 461-A:10 restraining*
*order is hereby GRANTED against Petitioner*

So Ordered.

Dated: ___11/30/22___

_____
Presiding Judge

*Todd H. Preveff*

FILED - USDC -NH
2023 DEC 20 PM 2:55

Matthew-Lane: Hassell, Agent
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

**AFFIDAVIT**
**OPPORTUNITY TO CURE**
**(22 Points, 16 Pages)**

1) I, Matthew-Lane: Hassell, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities.

2) This document is to be entered into evidence at the earliest possible opportunity. Judges can either act administratively or judicially. It is a maxim of law; "It matters not what is known to the judge, if it is not known to him judicially." 3 Buls. 115 Non refert quid notum sit judice si notum non sit in forma judici. So, if nothing is entered into evidence, the judge must only act administratively and of course will decide in favor of the state and against my interests. My attorneys never explained this to me.

3) I hereby put all People and persons on legal and lawful NOTICE that I hereby void and terminate all past and present powers of attorney. This includes but is not limited to all Attorneys, Counselors, Esquires, Guardians, Guardians Ad Litem, Lawyers, Second Chairs, Solicitors, Stand-by Counsel, and the like.

4) According to Corpus Juris Secundum Chapter 7 Section 76 Attorneys have a dual obligation, their first duty is to the courts and the public, only when those are satisfied, do they have a duty to the client. My attorneys never disclosed this to me.

5) With that in mind, I will hold court in Persona Propria Sui Juris and I let all involved in this controversy know that I do not consent to the proceedings. I object to these proceedings. You are forcing me into an unconscionable contract. It is not your job to do what you are doing. You are only here to

protect my rights and you are violating them. CEASE AND DESIST and give me back my child.

6) "DISCLAIMER:  I have knowledge of copyright laws and have observed the copyright symbol(s) contained within what appears to be all Books, Codes, References, Reporters, and the like,dealing with law, and such a symbol's use and employment in providing notice that the contents therein are the private property of the copyright owner, and I freely admit that I have neither grant, franchise, license, nor letter-patent to use said contents, nor practice the same. Please be advised that all cites thereto, and excerpts therefrom, are utilized and employed herein merely for educational and communicational purposes, to display from where my present understanding inheres from, and, due to the depth of the matter with which this controversy attempts to cover." This is called Fair Use and is allowed for purposes of criticism, news reporting, teaching and parody which doesn't infringe on copyright under 17 U.S.C.A. INCLUSIVE."

7) Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution; Section 2, Article 17 and 38 and 39. Impeachment.

8) Due to that truth, the Uniform Commercial Code 3-402 Signature by representative is in violation of federal laws, state and federal constitutions and therefore void and a nullity. I demand UCC 3-402 be removed from the law books until it is revised so it is not in violation of state and federal constitutions.

9) Comes now Matthew-Lane: Hassell for the purpose of settling all Claims and Charges outstanding, and who honorably file this AFFIDAVIT in order to set off settle and close this account. Matthew-Lane: Hassell is the only authorized representative of the vessel MATTHEW LANE HASSELL.

10) Matthew-Lane: Hassell is the Administrator and Beneficiary as well as holder in due course of the vessel MATTHEW LANE HASSELL, (a Texas corporation) and is not an attorney and not represented by an attorney, so he may be heard by the court in this case, in testimony and may be known through his written word when such is affirmed and attested under penalty of perjury.

11) Matthew-Lane: Hassell is claiming to be a Persona Propria Sui Juris litigant (Affiant); allegations such as those asserted by Affiant(s), however inartfully decreed, are sufficient… which we hold to less stringent standards than formal pleadings drafted by lawyers or attorneys. Haines –vs.- Kerner, 404 U.S. 519 (Reversed & Remanded), and Woods –vs.- Carey, 525 F3d 886, 889-890 (Reversed & Remanded), and claims Pro Per, in his own person, a rule in pleading that pleas to the jurisdiction of the Court must be pleaded in propria persona,  see Kay –vs.- Ehrler, 499 U.S. 432. "…The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737 (1984).

12) If at any time in the past I inadvertently waived my rights or lessened my status through contract, forgive me. No man or woman would knowingly and intelligently; with forethought waive his or her rights. Such agreement would be an unconscionable contract or clause in violation of the Uniform Commercial Code 2-302. Upon that truth I hereby expressly reserve my rights in accordance with the Uniform Commercial Code 1-308 Express reservation of rights.

13) This is a self-executing contract. Notice to the principal is notice to the agent, notice to the agent is notice to the principal.  You are hereby bound to inform all of your colleagues and superiors and subordinates and all who are involved in this matter and all which may have future interactions with my person or me. If there is something you do not understand clearly, it is incumbent upon you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this instrument as per your duties and obligations in respect to this public formal instrument. Your lack of knowledge is cause for you to recuse yourself from this case and find a suitable replacement or succumb to my respectful demands and restore 50-50 (Fifty-Fifty, equal) custody of the minor child(ren)  PHOENIX KATHERINE HASSELL, between both parties of interest.

14) You have 3, (three) days from the receipt of this AFFIDAVIT to respond on a point-by-point basis, via sworn Affidavit, under full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations are an insufficient response and a complete nullity. If an extension of time is needed to properly answer,

please request such in writing. Failure to respond will be deemed Nil Dicit Tacit Acquiescence and constitutes agreement with the facts stated within this AFFIDAVIT and as an acceptance of liability. Traitors, Protestants, Liberals and Heretics take heed for I oppose your causes for I am a non-combatant and a man of peace and a peaceful inhabitant.

15) I have a right to equal access to justice. I hereby demand the rules and procedures of the court and any and all similar paperwork of any agencies involved in this controversy (including but not limited to law enforcement, child protective services A.K.A. CPS, court officers, guardians, guardians ad litem, and the like). I also hereby request a true and correct (certified copy) of the file against me and any and all evidence, affidavits, testimony, reports, papers, and the like, etc., This must be done without cost and without delay in accordance with Brady v. Maryland, 373 U.S. 83 (1963) wherein it was decided that "The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process." This is further mandated in accordance with U.S. v. Tweel, 550 F.2d 297 (1977) wherein it was decided; "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct. If that is the case we hope our message is clear. This sort of deception will not be tolerated, and if this is routine it should be corrected immediately"

16) I respectfully demand you allow me to inspect and verify the Congressional Charter, LLC, LLP or other documents, which prove that CHILD PROTECTIVE SERVICES (hereinafter known as CPS) is an agency of government.
   a. According to the constitution for the United States of America, Article 1 Section 8, there is a list of all agencies of government. Family Court and Child Protective Services are not specifically listed therein and that would lead one to believe their agents are mere corporations in according to Title 28 Section 3002 (15), (A) and (B) and (C) the United States is a federal corporation and all agencies of "government" (city and county and state municipalities) are sub-corporations under their superior authority.

17) If you cannot provide proof CPS is an agency of government, I respectfully demand you allow me to inspect and verify a signed contract or other commercial agreement, which obligates me to personal and subject and subject matter jurisdiction of CPS and/ or the STATE OF NEW HAMPSHIRE

and/ or other such jurisdictions, signed by both parties, in accordance with the Supreme Court decision Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943).

  a. Please make certain the contract(s) you offer contains Full Disclosure;

  b. Please make certain the contract(s) you offer contains the Equal Consideration (what your corporation brings to the table), and the mutual obligation, (what your corporation is obligated to perform) according to the contract.

  c. Please make certain the contract(s) you offer contains the Lawful Terms and Conditions (proof the contract is not based upon fraud); and

  d. Please make certain the contract(s) you offer contains both Signatures of the Parties/ Meeting of the Minds (corporations can't sign because they have no right, or mind, to contract as they are legal fictions).

18) If you cannot provide me a contract or other commercial agreement which obligates me to the jurisdiction of CPS, I respectfully demand you allow me to inspect and verify the AFFIDAVIT in support of WARRANT and a BONAFIDE WARRANT for seizure of my child(ren) PHOENIX KATHERINE HASSELL ALL CAPITAL NAMES OF CHILDREN.

  a. I respectfully demand the aforementioned WARRANT prove it was created within 48 hours of the seizure of my child(ren) in accordance with County of Riverside v. McLaughlin, 500 U.S. 44 and Gerstein v. Pugh, 420 U.S. 103.

  b. I further demand the aforementioned WARRANT be a written order signed and sealed by court officers and include an application for a warrant which is supported by a sworn, detailed statement made by a law enforcement officer appearing before a neutral judge or magistrate in accordance with Mincey v. Arizona, 437 U.S. 385 (1978). Rubber stamp or electronically filed signatures are void and a nullity in accordance with State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967).

  c. I further demand, to comply with Fourth Amendment restrictions, the warrant to seize my child must either on its face or on the face of the accompanying affidavit clearly, expressly, and narrowly specify the triggering event.

  d. Seizures, which are executed after illegal trespass, are invalid under the Fourth Amendment restriction and in accordance with U.S. v. Hotal, 143 F.3d 1223 (1998).

19) If you cannot provide me proof that Child Protective Services, is an agency of government nor provide me a contract or other commercial agreement which obligates me to your jurisdiction, nor provide me a AFFIDAVIT in support of Warrant nor provide me a (BONAFIDE) WARRANT for the seizure of my child, I respectfully demand you dismiss all charges (ORDERS) against me and my person.

    a. I also respectfully demand you place each and every and all officers of the police department and all agents of CPS involved in this controversy on the Brady List as applicable.

    b. I also demand the immediate return of my child and that both parties involved, share equal time from this date retroactively, now and in the future.

    c. I also demand all attempts to collect and/ or enforce child support payments cease and desist immediately and forever more and that all payments of child support be reimbursed to me immediately.

20) Prove that you, and your agency, the clerk of the court, and/ or the judge, magistrate, referee, administrator or any and all such titles is not paid by the same Social Security Act (hereinafter known as SSA) by the federal government to authorize less parenting time and/ or enforce child support"

21) VOID WHERE PROHIBITED BY LAW.

22) Further Affiant sayeth not.

*Matthew-Lane: Hassell*   DATED: *20th of December, 2023*

Matthew-Lane: Hassell
Authorized Representative of
MATTHEW LANE HASSELL-vessel
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603)231-0844
mhas191@yahoo.com

County of *Hillsborough* . ss
State of New Hampshire
On this *20th* day of *December, 2023*
*Matthew Hassell*
know to me or proven to be the instrument subscriber personally appeared before me and acknowledged that he/she executed the foregoing instrument.
_____ Notary Pub.

NASTASIA Y GARABEDIAN
Notary Public - New Hampshire
My Commission Expires May 17, 2028

**POINTS AND AUTHORITIES to Follow (10 Pages)**

**Definitions:**

Color: Means an appearance, semblance, or simulacrum, as distinguished from that which is real.(Black's Law Dictionary 4th Edition, page 331).

Color of Law: Means The appearance or semblance, without the substance, of legal right. State versus Oates, 86 Wis. 599, 202 N.W. 144, 148. (Black's Law Dictionary 4th Edition, page 331).

**Uniform Commercial Codes:**

Uniform Commercial Code § 2-206. Offer and Acceptance in Formation of Contract.
(1) Unless otherwise unambiguously indicated by the language or circumstances
- (a) an offer to make a <u>contract</u> shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances;
- (b) an order or other offer to buy <u>goods</u> for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of <u>conforming</u> or non-conforming goods, but such a shipment of non-conforming goods does not constitute an acceptance if the <u>seller</u> seasonably notifies the <u>buyer</u> that the shipment is offered only as an accommodation to the buyer.

(2) Where the beginning of a requested performance is a reasonable mode of acceptance an offeror who is not notified of acceptance within a reasonable time may treat the offer as having lapsed before acceptance.

Uniform Commercial Code 2-302. Unconscionable contract or clause.
1. If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
2. When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

Uniform Commercial Code 3-402. SIGNATURE BY REPRESENTATIVE.
(a) If a person acting, or purporting to act, as a representative signs an <u>instrument</u> by signing either the name of the <u>represented person</u> or the name of the signer, the represented person is bound by the signature to the same extent the represented person would be bound if the signature were on a simple contract. If the represented person is bound, the signature of the representative is the "authorized signature of the represented person" and the represented person is liable on the instrument, whether or not identified in the instrument.
(b) If a representative signs the name of the representative to an <u>instrument</u> and the signature is an authorized signature of the <u>represented person</u>, the following rules apply:

(1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.

(2) Subject to subsection (c), if (i) the form of the signature does not show unambiguously that the signature is made in a representative capacity or (ii) the represented person is not identified in the instrument, the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument. With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument.

(c) If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.

**Superior Court Decisions:**

Basso v. Utah Power & Light Co., 495 F 2d 906, 910. "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided."

Brady v. Maryland, 373 U.S. 83 (1963) The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process.

Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943): "Governments descend to the level of a mere private corporation, and take on the characteristics of a mere private citizen . . . where private corporate commercial paper [Federal Reserve Notes] and securities [checks] is concerned . . . For purposes of suit, such corporations and individuals are regarded as entities entirely separate from government."

What the Clearfield Doctrine is saying is that when private commercial paper is used by corporate government, then government loses its sovereignty status and becomes no different than a mere private corporation.

As such, government then becomes bound by the rules and laws that govern private corporations which means that if they intend to compel an individual to some specific performance based upon its corporate statutes or corporation rules, then the government, like any private corporation, must be the holder-in-due-course of a contract or other commercial agreement between it and the one upon who demands for specific performance are made.

County of Riverside v. McLaughlin, 500 U.S. 44 (1991), was a United States Supreme Court case which involved the question of whether suspects arrested without a warrant (warrantless arrests) must be brought into court within a reasonable amount of time to determine if there is probable cause for holding the suspect in custody. The Supreme Court found that the County of Riverside's practices in regards to warrantless arrests were unconstitutional and ruled that suspects who are arrested without a warrant must be given probable cause within 48 hours.

Gerstein v. Pugh, 420 U.S. 103 (1975), this Court held that the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest. This case requires us to define what is "prompt" under Gerstein. In instances where it takes longer than 48-hours, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. . . . A jurisdiction that chooses to offer combined proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest."

Haines –vs.- Kerner, 404 U.S. 519 (Reversed & Remanded), allegations such as those asserted by petitioner, however inartfully decreed, are sufficient… which we hold to less stringent standards than formal pleadings drafted by lawyers. and Woods –vs- Carey,  525 F3d 886, 889-890 (Reversed & Remanded), and claims Pro Per, in his own person, a rule in pleading that pleas to the jurisdiction of the Court must be pleaded in propria persona,  see Kay –vs.- Ehrler, 499 U.S. 432. "…The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737 (1984).

H. Liebes and Co. V. Klengenberg, (C. C.A. Cal.), 23 F.2nd 611, 612 (1928).  Re: Contracts: It is an agreement creating obligation, in which there must be competent parties, subject matter, legal consideration, mutuality of agreement, and mutuality of obligation, and agreement must not be so vague or uncertain, that terms are not ascertainable. (See also Lee v. Travelers Insurance).

Lee v. Travelers' Ins. Co. of Hartford Conn., 173 S.C. 185, 175 S.E. 429. "An agreement between two or more parties, preliminary step in making of which is offer by one and acceptance by the other, in which minds of parties meet and concur in understanding of terms. It is an agreement, creating obligation, in which there must be competent parties, subject matter, legal consideration, mutuality of agreement, and mutuality of obligation, and agreement must not be so vague or uncertain that terms are not ascertainable.

Main v. Thiboutot, 448 U.S. 1 (1980). "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." The right of action created by statute relating to deprivation under color of law, of a right secured by the constitution and the laws of the United States and comes claims which are based solely on statutory violations of Federal Law and applied to the claim that claimants had been deprived of their rights, in some capacity, to which they were entitled."

Melo v. US, 505 F2d 1026. "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."

Mincey v. Arizona, 437 U.S. 385 (1978). A warrant is a written order signed by a court authorizing a law-enforcement officer to conduct a search, seizure, or arrest. Searches, seizures, and arrests performed without a valid warrant are deemed presumptively invalid, and any evidence seized without a warrant will be suppressed unless a court finds that the search was reasonable under the circumstances.
An application for a warrant must be supported by a sworn, detailed statement made by a law enforcement officer appearing before a neutral judge or magistrate. The Supreme Court has said that probable cause exists when the facts and circumstances within the police officer's knowledge provide a reasonably trustworthy basis for a man of reasonable caution to believe that a criminal offense has been committed or is about to take place (see *Carroll v. United States*, 267 U.S. 132 (1925). Probable cause can be established by out-of-court statements made by reliable police informants, even though those statements cannot be tested by the magistrate.

State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967). No rubber-stamp "signature" "The United States Supreme Court ... stressed the need for 'individualized review' to avoid the issuance of 'rubber stamp' warrants."

Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

U.S. v. Hotal, 143 F.3d 1223 (1998) 9th Cir. To comply with Fourth Amendment, anticipatory search warrant must either on its face or on the face of the accompanying affidavit clearly, expressly, and narrowly specify the triggering event. Consent to search that is given after illegal entry is tainted and invalid under the Fourth Amendment.

U.S. v. Lang 792 F.2d 1235 (4th Cir. 1986).  The first issue this case raises, and the most significant, is whether an individual holding corporate documents in a representative capacity may assert a fifth amendment privilege against producing those documents in response to a subpoena. Circuits addressing the question have split over the answer. Some confusion exists in the wake of recent Supreme Court decisions on the relationship of the fifth amendment to business-related documents. Traditionally, the fifth amendment privilege could be claimed to shield production of private documents belonging to a natural person, Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), but could not be claimed by an organized entity like a corporation, Hale v. Henkle, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906). Corporate officials seeking to claim an individual fifth

amendment privileges were denied protection because of the policy that a custodian should not be able to shield the collective entity (which has no fifth amendment privilege) from governmental scrutiny by asserting a personal right. United States v. White, 322 U.S. 694, 699, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944); Wilson v. United States, 221 U.S. 361, 378-79, 31 S.Ct. 538, 543, 55 L.Ed. 771 (1911). Under this rule, custodians assume the rights, duties, and privileges of the artificial entity of which they are agents or officers and they are bound by its obligations. The official records and documents that are held by them in a representative rather than personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers might tend to incriminate them personally. White, 322 U.S. at 699, 64 S.Ct. at 1251.

U.S. v. Tweel, 550 F.2d 297, 299-300 (1977) "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading... We cannot condone this shocking conduct...If that is the case we hope our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately"

Ryan v. Commission on Judicial Performance, (1988) 45 Cal. 3d 518, 533 Before sending a person to jail for contempt or imposing a fine, judges are required to provide due process of law, including strict adherence to the procedural requirements contained in the Code of Civil Procedure. Ignorance of these procedures is not a mitigating but an aggravating factor.

Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993). A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. A judgment shown to be void for lack of personal service on the defendant is a nullity.

US v. Rogers 23 F. 658 The question of jurisdiction in the court either over the person, the subject matter or the place where the crime was committed can be raised at any

stage of the criminal proceeding, even upon conviction; it is never presumed, but must always be proved; and it is never waived by the defendant.

**U.S. Constitutional Protections:**

**Article I, Section 1:**
   "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives."

**Article II, Section 1:**
   "The executive Power shall be vested in a President of the United States."

**Article III, Section 1:**
   "The judicial Power of the United States shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

Article IV Section 1
Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

Article VI Clause 2 (Supremacy Clause):
This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

18 U.S. Code § 2076 - Clerk of United States District Court
Whoever, being a clerk of a district court of the United States, willfully refuses or neglects to make or forward any report, certificate, statement, or document as required by law, shall be fined under this title or imprisoned not more than one year, or both.
(June 25, 1948, ch. 645, 62 Stat. 796; Pub. L. 104–294, title VI, § 601(a)(11), Oct. 11, 1996, 110 Stat. 3498.)

**Part I - New Hampshire Constitution Protections:**

Article 1. [Equality of Men; Origin and Object of Government.]. All men are born equally free and independent; Therefore, all government of right originates from the people, is founded in consent, and instituted for the general good.
June 2, 1784*

[Art.] 2. [Natural Rights.] All men have certain natural, essential, and inherent rights among which are, the enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining happiness. Equality of rights under the law shall not be denied or abridged by this state on account of race, creed, color, sex or national origin.
Article 3. [Society, its Organization and Purposes.] When men enter into a state of society, they surrender up some of their natural rights to that society, in order to ensure the protection of others; and, without such an equivalent, the surrender is void.

[Art.] 2-b. [Right of Privacy.] An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent.
December 5, 2018

[Art.] 3. [Society, its Organization and Purposes.] When men enter into a state of society, they surrender up some of their natural rights to that society, in order to ensure the protection of others; and, without such an equivalent, the surrender is void.
June 2, 1784

Article 4. [Rights of Conscience Unalienable.] Among the natural rights, some are, in their very nature unalienable, because no equivalent can be given or received for them. Of this kind are the Rights of Conscience.
June 2, 1784

Amended 1968 to remove obsolete sectarian references.
[Art.] 7. [State Sovereignty.] The people of this State have the sole and exclusive right of governing themselves as a free, sovereign, and independent State; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in Congress assembled.
June 2, 1784

[Art.] 8. [Accountability of Magistrates and Officers; Public's Right to Know.] All power residing originally in, and being derived from, the people, all the magistrates and officers of government are their substitutes and agents, and at all times accountable to them.  Government, therefore, should be open, accessible, accountable and

responsive. To that end, the public's right of access to governmental proceedings and records shall not be unreasonably restricted. The public also has a right to an orderly, lawful, and accountable government. Therefore, any individual taxpayer eligible to vote in the State, shall have standing to petition the Superior Court to declare whether the State or political subdivision in which the taxpayer resides has spent, or has approved spending, public funds in violation of a law, ordinance, or constitutional provision. In such a case, the taxpayer shall not have to demonstrate that his or her personal rights were impaired or prejudiced beyond his or her status as a taxpayer. However, this right shall not apply when the challenged governmental action is the subject of a judicial or administrative decision from which there is a right of appeal by statute or otherwise by the parties to that proceeding.

June 2, 1784
Amended 1976 by providing right of access to governmental proceedings and records.
Amended 2018 by providing that taxpayers have standing to bring actions against the government

[Art.] 14. [Legal Remedies to be Free, Complete, and Prompt.] Every subject of this State is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

June 2, 1784

[Art.] 15. [Right of Accused.] No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse or furnish evidence against himself. Every subject shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face, and to be fully heard in his defense, by himself, and counsel. No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land; provided that, in any proceeding to commit a person acquitted of a criminal charge by reason of insanity, due process shall require that clear and convincing evidence that the person is potentially dangerous to himself or to others and that the person suffers from a mental disorder must be established. Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court.

June 2, 1784
Amended 1966 to provide the right to counsel at state expense if the need is shown.

[Art.] 19. [Searches and Seizures Regulated.] Every subject hath a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions. Therefore, all warrants to search suspected places, or arrest a person for examination or trial in prosecutions for criminal matters, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order, in a warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure; and no warrant ought to be issued; but in cases* and with the formalities, prescribed by law.

[Art.] 23. [Retrospective Laws Prohibited.] Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses.
June 2, 1784

[Art.] 37. [Separation of Powers.] In the government of this State, the three essential powers thereof, to wit, the Legislative, Executive, and Judicial, ought to be kept as separate from, and independent of, each other, as the nature of a free government will admit, or as is consistent with that chain of connection that binds the whole fabric of the Constitution in one indissoluble bond of union and amity.
June 2, 1784

[Art.] 38. [Social Virtues Inculcated.] A frequent recurrence to the fundamental principles of the constitution, and a constant adherence to justice, moderation, temperance, industry, frugality, and all the social virtues, are indispensably necessary to preserve the blessings of liberty and good government; the people ought, therefore, to have a particular regard to all those principles in the choice of their officers and representatives, and they have a right to require of their lawgivers and magistrates, an exact and constant observance of them, in the formation and execution of the laws necessary for the good administration of government.
June 2, 1784

## PART II - New Hampshire Constitution Protections

[Art.] 17. [House to Impeach Before the Senate.] The House of Representatives shall be the Grand Inquest of the State; and all impeachments made by them, shall be heard and tried by the Senate.
June 2, 1784

[Art.] 38. [Senate to Try Impeachments; Mode of Proceeding.] The senate shall be a court, with full power and authority to hear, try, and determine, all impeachments made

by the house of representatives against any officer or officers of the state, for bribery, corruption, malpractice or maladministration, in office; with full power to issue summons, or compulsory process, for convening witnesses before them: But previous to the trial of any such impeachment, the members of the senate shall respectively be sworn truly and impartially to try and determine the charge in question, according to evidence. And every officer, impeached for bribery, corruption, malpractice or maladministration in office, shall be served with an attested copy of the impeachment, and order of the senate thereon with such citation as the senate may direct, setting forth the time and place of their sitting to try the impeachment; which service shall be made by the sheriff, or such other sworn officer as the senate may appoint, at least fourteen days previous to the time of trial; and such citation being duly served and returned, the senate may proceed in the hearing of the impeachment, giving the person impeached, if he shall appear, full liberty of producing witnesses and proofs, and of making his defense, by himself and counsel, and may also, upon his refusing or neglecting to appear hear the proofs in support of the impeachment, and render judgment thereon, his nonappearance notwithstanding; and such judgment shall have the same force and effect as if the person impeached had appeared and pleaded in the trial.
June 2, 1784
Amended 1792 adding mode of proceeding.

[Art.] 39. [Judgment on Impeachment Limited.] Their judgment, however, shall not extend further than removal from office, disqualification to hold or enjoy any place of honor, trust, or profit, under this state, but the party so convicted, shall nevertheless be liable to indictment, trial, judgment, and punishment, according to the laws of the land.
June 2, 1784

# RESPONSE TO MAGISTRATE
# REPORT AND RECOMMENDATIONS
### (12 Pages)

**2021 WL 4847901 Only the Westlaw citation is currently available.
United States District Court, D. Maine. U.S. BANK N.A., AS TRUSTEE FOR
STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2005-4, Plaintiff, v. Diane
JANELLE, Shane Janelle, and Stephen Monaghan, Defendants. No.
2:20-cv-00337-JAW (2021).**

The Defendants say that this Court's orders are "void for want of cause of
action: no evidence of purported movant standing to grant jurisdiction to court
for want of proof of possession and ownership of the mortgage note with the
endorsement and the mortgage with the endorsement for compliance to Maine
Title 14 § 6321 to commence either BIDDC-RE-16-090 and 2:20-cv-0037-JAW."
Id. (emphasis in original).

If the Magistrate Judge cannot comprehend a simple Claim for Damages, it is
perhaps from all the rules like these, which confuse non-lawyers. The
Defendants come into 2 groups, each relying on the participation of the other.
This is an oversimplified timeline.

  1) If Defendant, Ms. Kimbark did not lie and misrepresent the Plaintiff in
     lower court proceedings, the judges would have had no choice but to
     properly follow court protocol and schedule hearings before a significant
     deprivation of rights occurred and thus afford both parties "due process
     of law" and "equal protection of the law." At that point nobody did
     anything wrong except Ms. Kimbark.
  2) Then, the remainder of the Kimbark family (Mr. Mark Kimbark, a.k.a. Mr.
     Kimbark and Mrs. Cheryl Kimbark a.k.a. Mrs. Kimbark) gave aid and
     comfort when they allowed Ms. Kimbark and the minor child to move
     into their house (residence). All safe and proper.
  3) It was not until Mr. and Mrs. Kimbark chose to pay for an attorney on
     behalf of Ms. Kimbark, that they took an active part in financing and
     giving safe haven to a reported liar. The adults (Mr. and Mrs. Kimbark)
     knew Ms. Kimbark did not have sufficient reason nor authority to deprive
     the father of rights to the child. Also see Haines –vs.- Kerner, 404 U.S.
     519.

**Nisselson v. Lernout 469 F.3d 143; 2006 U.S. App. LEXIS 27562; 47 Bankr.
Ct. Dec. 89 United States Court of Appeals for the First Circuit (2006),
Decided No. 05-1774.**
The court assumes "the truth of all well-pleaded facts" and draws "all
reasonable inferences in the plaintiff's favor."

**Fothergill v. United States 566 F.3d 248 *; 2009 U.S. App. LEXIS 10938
United States Court of Appeals for the First Circuit May 21, 2009, Decided
No. 08-1365, No. 08-1951.**

1

The court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor."
Additionally using the standard of the 12 (b), (6) rule.

**Dr. Jaime Viqueira v. First Bank et al,140 F.3d 12 \*; 1998 U.S. App. LEXIS 6550 \*\*; 40 Fed. R. Serv. 3d (Callaghan) 618 United States Court of Appeals for the First Circuit March 30, 1998, Decided No. 97-2127.**
"Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed."
Additionally using the standard of the 12 (b), (1) rule.

**Acosta-Ramírez v. Banco Popular de Puerto Rico 712 F.3d 14 \*; 2013 U.S. App. LEXIS 6813 \*\*; 20 Wage & Hour Cas. 2d (BNA) 810; 2013 WL 1320411, United States Court of Appeals for the First Circuit April 3, 2013, Decided No. 12-1887.**
The courts subject-matter jurisdiction must be addressed before addressing the merits of a case.

**Bell Atl. Corp. v. Twombly 550 U.S. 544; 127 S. Ct. 1955; 167 L. Ed. 2d 929; 2007 U.S. LEXIS 5901; 75 U.S.L.W. 4337; 2007-1 Trade Cas. Supreme Court of the United States November 27, 2006, Argued ; May 21, (2007). (CCH) P75,709; 68 Fed. R. Serv. 3d (Callaghan) 661; 20 Fla. L. Weekly Fed. S 267; 41 Comm. Reg. (P & F) 567.**
"State a claim to relief that is plausible on its face."
"Factual allegations must be enough to raise the right to relief above the speculative level."

**Ashcroft v. Iqbal 556 U.S. 662; 129 S. Ct. 1937; 173 L. Ed. 2d 868; 2009 U.S. LEXIS 3472; 77 U.S.L.W. 4387; 2009-2 Trade Cas. Supreme Court of the United States December 10, 2008, Argued; May 18, (2009).**
"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

**Penalbert-Rosa v. Fortuno-Burset 631 F.3d 592; 2011 U.S. App. LEXIS 1780; 31 I.E.R. Cas. (BNA) 1297 United States Court of Appeals for the First Circuit January 28, 2011, Decided Nos. 09-2391, 10-1410.**
"an adequate complaint must include not only a plausible claim but also a plausible defendant."

**Tyler v. Supreme Judicial Court of Mass. 914 F.3d 47; 2019 U.S. App. LEXIS 2794 United States Court of Appeals for the First Circuit January 28, 2019.**
"Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."

Answering on the challenge of the Rooker-Feldman Doctrine:

**Lance v. Dennis 546 U.S. 459; 126 S. Ct. 1198; 163 L. Ed. 2d 1059; 2006 U.S. LEXIS Supreme Court of the United States February 21, (2006).**

Also;

**Rossi v. Gemma 489 F.3d 26 *; 2007 U.S. App. LEXIS 12534 ** United States Court of Appeals for the First Circuit May 31, 2007, Decided No. 06-2020, No. 06-2021.**

The district court regarded the § 1983 actions as simply a re-litigation of the battle the property owners had already lost and dismissed the claims.

The Younger doctrine is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings.

Abstention is appropriate when the requested relief would interfere

(1) with an ongoing state judicial proceeding;

> COMMENT: The moment the first judge and each judge violated his oath of office (to defend and protect the New Hampshire Constitution et al, and/ or the United States Constitution et al, and/ or employment contract (Canons of Law) and/ or violates state laws (statutes) and/ or Federal Laws (U.S.C.A.) and/ or exceeded his authority; he no longer represents the government (Brookfield Construction Co. v. Stewart 339 F.2d 753, 119 U.S. App. D.C. 254 (1964) and therefore, there is no ongoing litigation in the state courts. According to the Plaintiff in his Affidavit, all 3 judges have violated some the above provisions listed in the Claim for Damages. The Claims which the Plaintiff made, must be disproven by the Defendants or it must be accepted as true in accordance with Group v Finletter, 108 F. Supp. 327 (1952) in which it was decided; "Defendant has filed no counter affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A."

(2) that implicates an important state interest; and

> COMMENT: All across the United States attorneys like DiTrapano have been accused of "coaching" their clients to make false statements, as Plaintiff asserts Ms. Kimbark has made, and the opposing party (which in this case is the Plaintiff) is injured and denied natural rights to their progeny for extended periods of time, typically 6 months to 2 years (in Plaintiff's case it has been over 14 months) and the accuser is not prosecuted in any way.

(3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.

> COMMENT: To deny this claim is to deny justice. A police report which proves Ms. Kimbark lied (see Doc. No. 15 Att: 1), and the judges have denied Plaintiff opportunity to be heard. That is the crux of the problem, the judges cannot play both sides of the fence. By denying Plaintiff his opportunity to a fair hearing, is proof positive, prima facie, clear and unambiguous violations of due process. If Plaintiff cannot be heard by the

judge then, neither can Ms. Kimbark and then just as Plaintiff contends, the judges have nothing to substantiate their denial of the minor child from the Plaintiff, which all 3 Defendant Judges have done.

Rooker-Feldman doctrine in not applicable. In the quote offered the case is denied because it challenges federal constitutional issues. Plaintiff claims the Rooker-Feldman doctrine denies redress of government, which is protected by both New Hampshire Constitution Section 1, Art. 10. [Right ofRevolution.] "Government being instituted for the common benefit, protection, and security, of the whole community, and not for the private interest or emolument of any one man, family, or class of men; therefore, whenever the ends of government are perverted, and public liberty manifestly endangered, and all other means of redress are ineffectual, the people may, and of right ought to reform the old, or establish a new government. The doctrine of nonresistance against arbitrary power, and oppression, is absurd, slavish, and destructive of the good and happiness of mankind." and the U.S. Constitution 1st Amendment, and therefore must be stricken from the record because it is void ab initio in accordance with Article 6 Clause 2 of the U.S. Constitution. Prove Plaintiff was allowed due process. Prove Plaintiff was afforded equal protection under the law. Prove the court protected the natural rights of the Plaintiff to the care and custody of the minor child. This is a federal issue because the state courts in every city in the United States unjustly deny rights based on hearsay.

A doctrine a lawyer wrote to oppose another lawyer in court and thereby deny the oppositions right to redress is a fraud upon the court. The RF doctrine is void on it's face. It's just because the BAR will not sue the BAR because they each have a superior duty to the court and not to the client (as mentioned in the Claim for Damages) in accordance with Corpus Juris Secundum Volume 7 Attorney and client (section) § 76 and so the BAR made a decision that the BAR can decide the BAR cannot sue the BAR because the BAR says so.

As government unless the Defendants file a counter Affidavit, the Defendants simply have no say whatsoever. It is a matter of Stare Decisis Non Rebutted Affidavits are "Prima Facie Evidence in the Case in accordance with U.S. v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). It was also decided; [28]Affidavits are often the only supporting evidence for the issuance of a search or arrest warrant, which, as noted above, requires a higher standard of proof. Affidavits alone should therefore certainly be sufficient to prove a prima facie case in summons enforcement proceedings. I understand there is a difference between Kis supra and these issues but the underlying issue is the same. In Kis supra, the Defendant could file a counter-affidavit and then it would be up to the judge to decide which of the 2 (TWO) Affidavits is more plausible. Then and only then can the judge decide which is "truth." Without a counter-affidavit, which is the case here, the judiciary is bound to decide in favor of the Affiant.

**\*\*\*Efreom v. McKee 46 F.4th 9 \*; 2022 U.S. App. LEXIS 23026 \*\*; 2022 WL 3483975 United States Court of Appeals for the First Circuit August 18, 2022, Decided No. 21-1382.**

4

Also,
**\*\*\*Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280; 125 S. Ct. 1517; 161 L. Ed. 2d 454; 2005 U.S. LEXIS 2929; 73 U.S.L.W. 4266; 18 Fla. L. Weekly Fed. S 206 Supreme Court of the United States; March 30, (2005).**

**Klimowicz v. Deutsche Bank Nat'l Trust Co. 907 F.3d 61; 2018 U.S. App. LEXIS 29545 United States Court of Appeals for the First Circuit (2018).**
The application of the doctrine turns on whether the plaintiff's federal suit is "in effect, an end-run around a final state court judgment" Plaintiff claims that once a state officer violates his oath or employment contract he no longer represents the government and therefore each and every of the orders are a nullity.

**Mandel v. Town of Orleans 326 F.3d 267; 2003 U.S. App. LEXIS 7097 United States Court of Appeals for the First Circuit April 15, (2003).**
Vacating a preliminary injunction order concerning child custody under the Rooker-Feldman doctrine and noting that the doctrine generally prevents a parent from attempting to invalidate a child custody order in federal district court.
Was that order even lawful? How often is generally? Did the people who presented those pleading use state constitutional issues?
**Rooker-Feldman is at least quasi-jurisdictional, premised on the rule that among federal courts only the U.S. Supreme Court has authority to invalidate state civil judgments.**

**Cok v. Cosentino 876 F.2d 1; 1989 U.S. App. LEXIS 7407 United States Court of Appeals for the First Circuit May 26, (1989).**
Judges have "absolute immunity from civil liability for any normal and routine judicial act," regardless of the legal theory behind any particular claim.
COMMENT: Again, treason written by lawyers. Cok does not justify judges denying fair and equal access prior to due process of law. Especially here where there is not a single criminal charge and not a single affidavit to support the judges denial of fair access to the child.

**Stump v. Sparkman 435 U.S. 349; 98 S. Ct. 1099; 55 L. Ed. 2d 331; 1978 U.S. LEXIS 74 Supreme Court of the United States Argued January 10, 1978 ; March 28, 1978; Petition For Rehearing Denied June 5, (1978).**
(Judicial) immunity applies no matter how erroneous the act may have been, how injurious its consequence, how informal the proceeding, or how malicious the motive. Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.
That is void now. It is in violation of both state and federal constitution.
Specifically in Article 2 Section 4 of the U.S. Constitution et al, "The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors."

**Thibodeau v. Yazinski Case No. 17-cv-665-JD United States District Court for the District of New Hampshire June 18, 2018, Decided; June 20, (2018).** "Child custody determinations are 'normal and routine' judicial acts" that trigger immunity.

What a fraud. Only when the judge obeys the Canons of Law, which these judges violated, Constitutional restrictions, which these judges violated, thus these judges have no immunity. Wrap your head around this, "The people created the government and one controls what they create. Therefore, the people have immunity superior to that claimed by the judiciary. Certainly, Thibodeau supra does not mean to implicate that a judge can deny a parent to the minor child without an in depth and thorough investigation, where both parties have been allowed a fair and unbiased hearing before a significant deprivation of rights is ordered."

**Imbler v. Pachtman 424 U.S. 409; 96 S. Ct. 984; 47 L. Ed. 2d 128; 1976 U.S. LEXIS 25 Supreme Court of the United States (1976).**

[Again,] judicial immunity was lost when Plaintiff was not afforded the constitutional protections of due process of law and equal protection of the law. The N.H.R.C.P. mentioned are contingent upon the fact that the judges obeyed their oath of office, which they clearly did not. Show me a single affidavit or shred of evidence to support their claims that they made a correct and unbiased decision to deprive Plaintiff of the child for over a year. They are not immune from prosecution, criminal nor civil. They must be impeached and sanctioned and prosecuted to the full extent of the law in accordance with Article 2 Section 4 U.S. Const.

**Middlesex County Ethics Comm. v. Garden State Bar Association 457 U.S. 423; 102 S. Ct. 2515; 73 L. Ed. 2d 116; 1982 U.S. LEXIS 2638; 50 U.S.L.W. 4712 Supreme Court of the United States (1982).** This is covered extensively in Rossi *supra*. Additionally;

There are extraordinary circumstances, a father has been denied fair and equal access to his child, absent evidence to support the mother's claims that Plaintiff may be a danger to the child.

According to Middlesex, [HN5] The lawyer who is charged with unethical conduct in New Jersey may have counsel, discovery is available, and all witnesses are sworn."

COMMENT: In the proceedings in question, Plaintiff was never afforded the same opportunity, to offer discovery and have Ms. Kimbark sworn (to tell the truth under pains and penalties of perjury), which is another example of due process violations which deprive the judiciary of immunity. Lawyers and judges expect it when they are in the defendant's table, but ignore it when they sit behind the bench and the prosecution's table.

Middlesex also decided; "The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims."

Again, by denying Plaintiff due process of law, the state proceedings did not "afford an adequate opportunity to raise constitutional claims." Which is again, a

denial of due process and denial of equal protection, stripping the judiciary of immunity.

Rossi v. Gemma supra, has been addressed earlier to keep the multiple responses to the multiple incorrect uses of Rooker-Feldman in the area it was first used by defendants.

**Rogers v. Garner Civil No. 16-cv-520-JL Reporter 2017 U.S. Dist. LEXIS 36237 United States District Court for the District of New Hampshire February 15, (2017).**
"Dismissing action attempting to interfere with divorce proceedings." There was no marriage, this is a strict custody hearing. In over a year the Plaintiff here is only allowed 2 hours a week supervised visits without cause. Plaintiff was ordered to receive an increase in time of 2 hours every 3 months and after over a year still only allowed the 2 hours. No affidavits against him, no evidence he is unfit.

**Goldstein v. Galvin 719 F.3d 16 *; 2013 U.S. App. LEXIS 11643 **; 2013 WL 2466861 United States Court of Appeals for the First Circuit June 10, (2013).**
Using the operator's name in the announcement was government speech and could not ground a First Amendment retaliation claim. Allowing the operator to weave a First Amendment retaliation claim out of something so mundane as an official's issuance of a true statement, not couched in inflammatory terms, about a matter of public concern, would trivialize the United States Constitution.
It follows inexorably that a person sued only in his official capacity is neither identical to, nor in privity with, the same person sued in his individual capacity.The upshot is that a person who is sued in one capacity (whether official or individual) cannot assert a defense of claim preclusion in a later action in which he is sued in a different capacity.
COMMENT: It is up to the civil officer to prove his actions of withholding a minor child from one parent or the other is a function of government. Since there is no Affidavit to shield the civil officers from liability, they are possibly civilly and criminally liable. In Goldstein, the statements made were also deemed true, hence no liability. Here, in Hassell, there is no proof the statements were true, hence the civil officer is liable for his actions. Also Mr. Kimbark is a civil officer of the United States just the same as the judges. Mr. Kimbark has an oath of office and a Security Clearance.

**Jarvis v. Vill. Gun Shop, Inc. 805 F.3d 1 *; 2015 U.S. App. LEXIS 18946 United States Court of Appeals for the First Circuit October 30, (2015).**
Governmental action is also a required element of a claim under the New Hampshire Constitution.

**HippoPress, LLC v. SMG, 150 N.H. 304 (2003).**
Terminated employee's action against his employer was dismissed where his state law claims were preempted by the Labor Management Relations Act

(LMRA) and his constitutional claims failed because he had not alleged that his former employer was a state actor (or that it was acting in concert with a state actor) when it terminated his employment.
We do contend that the family is in conspiracy through their attorney to deprive Plaintiff of rights secured and protected by both State and Federal Constitutions.

**Giuliano v. Fulton 399 F.3d 381; 2005 U.S. App. LEXIS 3745 United States Court of Appeals for the First Circuit March 7, (2005).**
To state a RICO claim, a Plaintiff must allege 4 elements: 1) conduct; 2) of an enterprise; 3) through a pattern; of racketeering activity. A pattern of racketeering activity is "at least two acts… within ten years of each other" that "violate [ ] one of the federal laws specific in the RICO statute."
The Supreme Court has identified two methods for establishing continuity. Under
the "closed-ended" approach, continuity is establishedby showing a series of related predicates extending over a substantial period of time that amount to a threat of continued criminal activity.
"…but may state a claim so long as the alleged racketeering acts themselves include a specific threat of repetition extending indefinitely into the future or are part of an ongoing entity's regular way of doing business."
This is because too few acts would suggest that the defendants were engaged in only "sporadic activity," and too short a period of time would suggest that defendants were not engaged in "long-term criminal conduct." Some cases, however, fall into a middle ground where the duration and extensiveness of the alleged conduct does not easily resolve the issue. In these cases, the court examines other indicia of continuity, including whether the RICO allegations concerns only a single scheme that is not far reaching. In such cases, courts decline to find the requisite continuity.
Merely alleging that the defendant used a governmental body as a tool for facilitating a racketeering scheme that ultimately harmed the plaintiff is not enough to transform a narrow scheme into a broad and far reaching scheme for purposes of the Racketeer Influenced and CorruptOrganizations Act, 18 U.S.C.S. § 1961 et seq.
"According to Giuliano, the [**11] alleged conspirators have persisted in their misrepresentations [*386] to the state courts and to the Commission." How closely that statement applies to this case. Ms. Kimbark, with the aid of her mother and father (Mr. and Mrs. Kimbark) through their attorney, misrepresented the Plaintiff to the state courts [and to the Commission]"
Because the RICO statute was only intended to reach long-term criminal conduct, "predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." See notes on RICO under 18 U.S. Code § 1961 – Definitions, listed below.

**Douglas v. Hirshon 63 F.4th 49; 2023 U.S. App. LEXIS 6799 United States Court of Appeals for the First Circuit March 21, (2023).**

This is moot. Plaintiff concedes that no wire fraud can be proven to exist but reserves his rights to bring future claims if such can be proven and noticed (due process to respond). Bank fraud in violation of U.S.C.A. Title 18 Section 1344 and Securities fraud in violation of Title 18 Section 1348.

**\*\*\*Miranda v. Ponce Federal Bank 948 F.2d 41; 1991 U.S. App. LEXIS 25552 United States Court of Appeals for the First Circuit October 29, (1991).**
Again, the reason it appears is because of lawyer definitions. See 18 U.S. Code § 1961- Definitions below.

**18 U.S. Code  1961 - Definitions**
(1) "racketeering activity" means:
(A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year;
(2) "State" means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of theUnited States, any political subdivision, or any department, agency, or instrumentality thereof;
(4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;
(5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;

  This case involves extortion and kidnapping. Granted, this case does not fit the usual idea of kidnapping, but the Plaintiff has had almost no meaningful relationship with the minor child and the courts and the family are depriving him of rights secured and protected by both state and federal constitutions under color of law. If the family is or are members of government is moot in this case because they are conspiring with agents of government and therefore co-conspirators and therefore subject to the same pains and penalties as the major players and perpetrators in the conspiracy.
The State of New Hampshire has a political subdivision or department or agency, knowing how lawyers like to misconstrue words, the court and therefore the judges are a subdivision of the State.
"enterprise" "includes [the Kimbark's,] any individual,… "or other legal entity,…"
So unlike the lawyers who wrote Giuliano, we actually read through the statute looking for the benefit of the people, not the government.
The pattern exists in a few different ways;
A) Judge Micharl L. Alfano has denied me multiple evidentiary hearings and denied me due process of law, equal protection under the law and truth in evidence, more than three (3) times and the Kimbark's, by and through their

attorney, not only participated in those denials of constitutionally protected rights, the Kimbark's and the attorney each benefitted from the "kidnapping" done under duress, which deprived Plaintiff of rights secured and protected by State and Federal Constitutions (remember the et al used previously to describe both constitutions) under color of law. The moment each judge violated the Canons of Law, State or Federal Constitutional protections and U.S.C.A. Title 18 Sections 241 and 241, they no longer represented the government and therefore any coerced appearances were also done in violation of multiple other federal laws (and the corresponding state laws).

Let the case continue and Plaintiff will subpoena the last 20 cases of each judge (redacted of course) to show in each of them an overwhelming majority show the same pattern. Attorneys are coached and taught to have your party make false allegations with impunity. One party is given a disproportionate amount of time. Most fathers get less than 24% of the time. It doesn't matter if I can prove the link to the payments, I can prove state judges routinely deny equal protection under the law and each of the judges violates due process of law, in that they routinely delay and deny hearings for more than 90 days. It is a rule of 3's; 3 days to return or decline a contract, 3 weeks to file motions and answers and the maximum amount of time is 3 months. It has been over a year that Plaintiff has been repeatedly denied equal access to the minor child and a fair and impartial hearing (trial). This is inexcusable and cannot be tolerated. To operate in such an enterprise it must coax and convince the instigators with purse money. After being coached by her attorney, to deny Plaintiff the child, without authority,

**Rogers v. Garner United States District Court for the District of New Hampshire February 15, 2017, Decided; February 15, 2017, Filed Civil No. 16-cv-520-JL.**
federal courts are required to abstain from enjoining ongoing state court proceedings absent **extraordinary circumstances**. . . . Under Younger, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates [certain] important state interests and [*6] (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims."
Rogers filed for: claims of discrimination and/or due process violations in the state proceedings. Not redress of government.
Rogers has failed to make a sufficient showing of bad faith or other extraordinary
circumstances that would warrant this court's exercise of its equitable powers in a manner that would alter the orders issued in that case.
Rogers's claims asserted against Judge Garnerconcern judicial acts.
COMMENT: The denial of fair and equal access to the minor child was not a judicial act. As it mentions in the paperwork, it was based on hearsay, not an affidavit and without evidence. So the judges must prove that such action is within the authority of their job description, which they have not.

Additionally, Rogers supra failed to prove due process violations. In Plaintiff's attachments, Plaintiff did prove due process violations by each of the judges.

## **CONCLUSION:**

In conclusion, given the Exhibits Plaintiff (Mr. Hassell) has already submitted as stated above, to the Court, and the conclusive facts thereof, and the fact all parties involved have unrebutted (undisputed) those facts, as well as Mr. Hassell's Schedule Fees are undisputed by the Courts and by BCSS and by the Judicial defendants and/or their representative/s and has been unrebutted/undisputed in the State Court by the Kimbark defendants or their agent, and the facts of Mr. Hassell's Affidavit in the State Court as well as within this Court (see Att: 2 Exhibit Doc. Nos 17) and all other parties have not entered any document/evidence under penalty of perjury, haven been given opportunity to do so, and all defendants have failed to properly support a defense and/or "genuine" dispute of plaintiff's assertion of facts and no defendant can claim "immunity", and any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution; Section 2, Article 17 and 38 and 39 Impeachment, and within the claims and truth by plaintiff, that are well-pleaded facts and draws all reasonable inferences in the plaintiff's favor and plaintiff has identified part of each claim on which summary judgment is sought, Mr. Hassell moves for Summary Judgment on the pleadings as a matter of law and pursuant to Fed. R. Civ. P. Rule 56. Summary Judgment (A) and (E) (2) and (3) -

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.

To support Mr. Hassell's Summary Judgment on the pleadings, citing Person v. Lyft, Inc., 542 F.Supp.3d 1342 (2021). United States District Court, N.D. Georgia, Atlanta Division. Elcinda PERSON, et al., Plaintiffs, v. LYFT, INC., et al., Defendants. Civil Action File No. 1:19-CV-2914-TWT Signed 06/07/2021.

[1] A court should grant a motion for judgment on the pleadings when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. Fed. R. Civ. P. 12(c).

[2] A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6), 12(c).

[3] A complaint may survive a motion to dismiss for failure to state a claim even if it is improbable that a plaintiff would be able to prove the alleged facts; even if the possibility of recovery is extremely remote and unlikely. Fed. R. Civ. P. 12(b)(6).

[4] In ruling on a motion for judgment on the pleadings, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the nonmoving party. Fed. R. Civ. P. 12(c).

[9] To sufficiently plead the required agency relationship to support a claim for vicarious liability, plaintiff must allege sufficient facts to render it facially plausible that an agency relationship is present.

[10] Actual authority requires agency relationship, which requires: (1) principal to acknowledge that agent will act for it; (2) agent to manifest acceptance of undertaking; and (3) control by principal over actions of agent.

VOID WHERE PROHIBITED BY LAW
ALL RIGHTS RESERVED WITHOUT PREJUDICE 1-308

Date: _28th of February, 2024_

_Matthew-Lane; Hassell_

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA.

# POINTS AND AUTHORITIES (28 Pages)

| | |
|---|---|
| **UNITED STATES CONSTITUTION et al. (Inclusive)** | **PAGE 1** |
| **NEW HAMPSHIRE CONSTITUTION et al. (Inclusive)** | **PAGE 1** |
| **CODE OF FEDERAL REGULATIONS** | **PAGE 4** |
| **SOCIAL SECURITY ACT TITLE IV D** | **PAGE 4** |
| **CANONS OF LAW** | **PAGE 4** |
| **MAXIMS OF LAW** | **Page 6** |
| **UNITED STATES CODE ANNOTATED (U.S.C.A. a.k.a. U.S.CODES)** | **PAGE 8** |
| **NEW HAMPSHIRE REVISED STATUTES** | **PAGE 12** |
| **CASE CITATIONS** | **PAGE 20** |
| **DEFINITIONS** | **PAGE 21** |

## UNITED STATES CONSTITUTION, et al. (Inclusive):

**Article IV Clause 2**
The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.

**Article VI Clause 2 and 3**
This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States.

## New Hampshire State Constitution - Bill of Rights (inclusive):

**Article 1. [Equality of Men; Origin and Object of Government.]. All men are born equally free and independent; Therefore, all government of right originates from the people, is founded in consent, and instituted for the general good.**

**[Art.] 2. [Natural Rights.]** All men have certain natural, essential, and inherent rights among which are, the enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining happiness. Equality of rights under the law shall not be denied or abridged by this state on account of race, creed, color, sex or national origin.
June 2, 1784, Amended 1974 adding sentence to prohibit discrimination.

**[Art.] 2-b. [Right of Privacy.]** An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent.
December 5, 2018.

**[Art.] 4. [Rights of Conscience Unalienable.]** Among the natural rights, some are, in their very nature unalienable, because no equivalent can be given or received for them. Of this kind are the Rights of Conscience. June 2, 1784.

**[Art.] 5. [Religious Freedom Recognized.]** Every individual has a natural and unalienable right to worship God according to the dictates of his own conscience, and reason; and no subject shall be hurt, molested, or restrained, in his person, liberty, or estate, for worshiping God in the manner and season most agreeable to the dictates of his own conscience; or for his religious profession, sentiments, or persuasion; provided he doth not disturb the public peace or disturb others in their religious worship. June 2, 1784.

**[Art.] 7. [State Sovereignty.]** The people of this State have the sole and exclusive right of governing themselves as a free, sovereign, and independent State; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in Congress assembled.
June 2, 1784.

**[Art.] 23. [Retrospective Laws Prohibited.]** Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses. June 2, 1784

**[Art.] 35. [The Judiciary; Tenure of Office, etc.]** It is essential to the preservation of the rights of every individual, his life, liberty, property, and character, **that there be an impartial interpretation of the laws, and administration of justice.** It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit. It is therefore not only the best policy, but for the security of the rights of the people, that the Judges of the Supreme Judicial Court should hold their offices so long as they **behave well;** subject, however, to such limitations, on account of age, as may be provided by the Constitution of the State; and that they should have honorable salaries, ascertained and established by standing laws.


**State Constitution – Oaths and Subscriptions Exclusion from Offices, Etc.**

2

**Part 2, Form of Government,** *House of Representatives, and Senate, and* **Oaths and Subscriptions Exclusion from Offices, Etc., New Hampshire State Constitution.**

**[Art.] 17. [House to Impeach Before the Senate.]** The House of Representatives shall be the Grand Inquest of the State; and all impeachments made by them, shall be heard and tried by the Senate. June 2, 1784

**[Art.] 38. [Senate to Try Impeachments; Mode of Proceeding.]** The senate shall be a court, with full power and authority to hear, try, and determine, all impeachments made by the house of representatives against any officer or officers of the state, for bribery, corruption, malpractice or maladministration, in office; with full power to issue summons, or compulsory process, for convening witnesses before them: But previous to the trial of any such impeachment, the members of the senate shall respectively be sworn truly and impartially to try and determine the charge in question, according to evidence. And every officer, impeached for bribery, corruption, malpractice or maladministration in office, shall be served with an attested copy of the impeachment, and order of the senate thereon with such citation as the senate may direct, setting forth the time and place of their sitting to try the impeachment; which service shall be made by the sheriff, or such other sworn officer as the senate may appoint, at least fourteen days previous to the time of trial; and such citation being duly served and returned, the senate may proceed in the hearing of the impeachment, giving the person impeached, if he shall appear, full liberty of producing witnesses and proofs, and of making his defense, by himself and counsel, and may also, upon his refusing or neglecting to appear hear the proofs in support of the impeachment, and render judgment thereon, his nonappearance notwithstanding; and such judgment shall have the same force and effect as if the person impeached had appeared and pleaded in the trial. June 2, 1784 Amended 1792 adding mode of proceeding.

**[Art.] 39. [Judgment on Impeachment Limited.]** Their judgment, however, shall not extend further than removal from office, disqualification to hold or enjoy any place of honor, trust, or profit, under this state, but the party so convicted, shall nevertheless be liable to indictment, trial, judgment, and punishment, according to the laws of the land. June 2, 1784

**[Art.] 84. [Oath of Civil Officers.]** Any person chosen governor, councilor, senator, or representative, military or civil officer, (town officers excepted) accepting the trust, shall, before he proceeds to execute the duties of his office, make and subscribe the following declaration, viz.

I, A.B. do solemnly swear, that I will bear faith and true allegiance to the United States of America and the state of New Hampshire, and will support the constitution thereof. *So help me God.*

I, A.B. do solemnly and sincerely swear and affirm that I will faithfully and impartially discharge and perform all duties incumbent on me as

..................................................., according to the best of my abilities, agreeably to the rules and regulations of this constitution and laws of the state of New Hampshire. *So help me God.*

Any person having taken and subscribed the oath of allegiance, and the same being filed in the secretary's office, he shall not be obliged to take said oath again.

**Title 25 Code of Federal Regulations** § 11.405 Interference with custody. (a) *Custody of children.* A person commits a misdemeanor if he or she knowingly or recklessly takes or entices any child under the age of 18 from the custody of his or her parent, guardian or other lawful custodian, when he or she has no privilege to do so.

**Social Security Act Title IV -** SEC. 402. [42 U.S.C. 602] (6)CERTIFICATION OF STANDARDS AND PROCEDURES TO ENSURE AGAINST PROGRAM FRAUD AND ABUSE A certification by the chief executive officer of the State that the State has established and is enforcing standards and procedures to ensure against program fraud and abuse, including standards and procedures concerning nepotism, conflicts of interest among individuals responsible for the administration and supervision of the State program, kickbacks, and the use of political patronage.

**Social Security Act Title IV -** SEC. 403. [42 U.S.C. 603 2 I (bb) - (I) describes — (bb) what the applicant will do, to the extent relevant, to ensure that participation in the programs or activities is voluntary, and to inform potential participants that their participation is voluntary.

## CANONS OF LAW:

**CANON 1**
A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

**Rule 1.1 Compliance with the Law**
A judge shall comply with the law, including the Code of Judicial Conduct.

**Rule 1.2 Promoting Confidence in the Judiciary**
A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

**Rule 1.3 Avoiding Abuse of the Prestige of Judicial Office**
A judge shall not abuse the prestige of judicial office to advance the

personal or economic interests of the judge or others, or allow others to do so.

## CANON 2
A judge shall perform the duties of judicial office impartially, competently, and diligently.

### Rule 2.2 Impartiality and Fairness
(A) A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.
(B) A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the ability of all litigants, including self-represented litigants, to be fairly heard.

### Rule 2.3 Bias, Prejudice, and Harassment
(A) A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.
(B) A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.
(C) A judge shall require lawyers in proceedings before the court to refrain from manifesting bias or prejudice, or engaging in harassment, based upon attributes including but not limited to race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, against parties, witnesses, lawyers, or others. (D) The restrictions of paragraphs (B) and (C) do not preclude judges or lawyers from making legitimate reference to the listed factors, or similar factors, when they are relevant to an issue in a proceeding.

### Rule 2.6 Ensuring the Right to Be Heard
(A) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. (B) A judge may encourage parties to a proceeding and their lawyers to settle matters in dispute but shall not act in a manner that coerces any party into settlement.

### Rule 2.15 Responding to Judicial and Lawyer Misconduct
(A) A judge having knowledge that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, trustworthiness, or fitness as a judge in other respects shall inform the appropriate authority.
(B) A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question

regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.
(C) A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code shall take appropriate action.
(D) A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct shall take appropriate action.


## MAXIMS OF LAW (from Bouvier's 1856 Law Dictionary):

Accessorius sequit naturam sui principalis. An accessary follows the nature of his principal. 3 Co. Inst. 349.

Actor qui contra regulam quid adduxit, non est audiendus. He ought not to be heard who advances a proposition contrary to the rules of law.

Actus non reum facit, nisi mens sit rea. An act does not make a person guilty, unless the intention be also guilty.

Ad quaestiones facti non respondent judices; ad quaestione legis non respondent juratores. The judges do not answer to questions of fact; the jury do not answer to questions of law. Cu. Litt. 295.

Aequali jure melior est conditio possidentis. When the parties have equal rights, the condition of the possessor is the better. Mitf. Eq. Pl. 215; Jer. Eq. Jur. 285; 1 Madd. Ch. Pr. 170; Dig. 50, 17, 128. Plowd. 296.

Consentientes et agentes pari poen plectentur. Those consenting and those perpetrating are embraced in the same punishment. 5 Co. 80.

Constructio contra rationem introducta, potius usurpatio quam consuetudo appellari debet. A custom introduced against reason ought rather to be called an usurpation than a custom. Co. Litt. 113.

Culpaestimmiscere. It is a fault to meddle with what does not belong to or does not concern you.

Derativa potestas non potest esse major primitiva. The power which is derived cannot be greater than that from which it is derived. Since I am one of the people and the people created the government, the government must abide by my wishes.  Also see Luther v Borden 48 US 1 12 Led 581 (1849) states in pertinent part: "governments are but trustees acting under derived authority and have no power to delegate what is not delegated to them. But the people as the original fountain might take away what they have delegated and entrust to whom they please."

Idem est facere, et nolle prohibere cum possis. It is the same thing to do a thing as not to prohibit it when in your power. 3 Co. Inst. 178.

Ignorantia excusatur, non juris sed facti. Ignorance of fact may excuse, but not ignorance of law. See Ignorance.

In consimili casu consilile debet esse remedium. In similar cases the remedy should be similar. Hard. 65.

In judicio non creditur nisi juratis. In law none is credited unless he is sworn. All the facts must when established, by witnesses, be under oath or affirmation. Cro. Car. 64.

In maleficio ratihabitio mandato comparatur. He who ratifies a bad action is considered as having ordered it. Dig. 50, 17, 152, 2.

In omnibus obligationibus, in quibus dies non ponitar, praesenti die debutur. In all obligations when no time is fixed for the payment, the thing is due immediately. Dig. 50, 17, 14.

Mala grammatica non vitiat chartam; sed in expositione instrumentorum mala grammatica quoad fieri possit evitanda est. Bad grammar does not vitiate a deed; but in the construction of instruments, bad grammar, as far as it can be done, is to be avoided. 6 Co. 39.

Mandatarius terminos sobi positos transgredi non potest. A mandatory cannot exceed the bounds of his authority. Jenk. Cent. 53.

Multitudo errantium non parit errori patrocinium. The multitude of those who err is no excuse for error. 11 Co. 75.

Praesentia majoris potestatis, minor potestas cessat. In the presence of the superior power, the minor power ceases. Jenk. Cent. 214.

Qualibet paena corporalis, quam vis minima, major est qu libet paen pecuniari . Every corporal punishment, although the very least, is greater than pecuniary punishment. 3 Inst. 220.

Qui non obstat quod obstare potest facere videtur. He who does not prevent what he can, seems to commit the thing. 2 Co. Inst. 146.

Qui non prohibit quod prohibere potest assentire videtur. He who does not forbid what he can forbid, seems to assent. 2 Inst. 305.

Qui per alium facit per seipsum facere videtur. He who does anything through another, is considered as doing it himself. Co. Litt. 258.

Que sentit commodum, sentire debet et onus. He who derives a benefit from a thing, ought to feel the disadvantages attending it. 2 Bouv. Inst. n. 1433.

Quod initio vitiosum est, non potest tractu temporis convalescere. Time cannot render valid an act void in its origin. Dig. 50, 17, 29.

Transgressione multiplicata, crescat paena inflictio. When transgression is multiplied, let the infliction of punishment be increased. 2 Co. Inst. 479.

Ubi non est condendi auctoritas, ibi non est parendi necessitas. Where there is no authority to enforce, there is no authority to obey. Dav. 69.

Vigilantibus et non dormientibus serviunt leges. The laws serve the vigilant, not those who sleep upon their rights. 2 Bouv. Inst. n. 2327.


## U.S.C.A. (U.S. Codes):

**8 U.S. Code § 1481 - Loss of nationality by native-born or naturalized citizen; voluntary action; burden of proof; presumptions**
**(a)** A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality—
**(1)** obtaining naturalization in a foreign state upon his own application or upon an application filed by a duly authorized agent, after having attained the age of eighteen years; or
**(2)** taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state or a political subdivision thereof, after having attained the age of eighteen years; or
**(3)** entering, or serving in, the armed forces of a foreign state if (A) such armed forces are engaged in hostilities against the United States, or (B) such persons serve as a commissioned or non-commissioned officer; or


**Title 18 U.S. Code § 241 - Conspiracy against rights.**
If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
    If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—
They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse
or an attempt to commit aggravated sexual abuse, or an attempt to kill,

they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

**Title 18 U.S. Code § 242 - Deprivation of rights under color of law.**
Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

**Title 18 U.S. Code § 513 - Securities of the States and private entities**
(a)Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined under this title [1] or imprisoned for not more than ten years, or both.
(b)Whoever makes, receives, possesses, sells or otherwise transfers an implement designed for or particularly suited for making a counterfeit or forged security with the intent that it be so used shall be punished by a fine under this title or by imprisonment for not more than ten years, or both. (c)For purposes of this section—
(1)the term "counterfeited" means a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety; (2)the term "forged" means a document that purports to be genuine but is not because it has been falsely altered, completed, signed, or endorsed, or contains a false addition thereto or insertion therein, or is a combination of parts of two or more genuine documents;
(3)the term "security" means—
(A)a note, stock certificate, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, bill, check, draft, warrant, debit instrument as defined in section 916(c) [2] of the Electronic Fund Transfer Act, money order, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest in or participation in any

profit-sharing agreement, collateral-trust certificate, pre-reorganization certificate of subscription, transferable share, investment contract, voting trust certificate, or certificate of interest in tangible or intangible property;
(B)an instrument evidencing ownership of goods, wares, or merchandise; (C)any other written instrument commonly known as a security; (D)a certificate of interest in, certificate of participation in, certificate for, receipt for, or warrant or option or other right to subscribe to or purchase, any of the foregoing; or
(E)a blank form of any of the foregoing;
(4)the term "organization" means a legal entity, other than a government, established or organized for any purpose, and includes a corporation, company, association, firm, partnership, joint stock company, foundation, institution, society, union, or any other association of persons which operates in or the activities of which affect interstate or foreign commerce; and (5)the term "State" includes a State of the United States, the District of Columbia, Puerto Rico, Guam, the Virgin Islands, and any other territory or possession of the United States.

## Title 18 U.S. Code § 514 – Fictitious obligations

(a)Whoever, with the intent to defraud—
(1)draws, prints, processes, produces, publishes, or otherwise makes, or attempts or causes the same, within the United States;
(2)passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the same, or with like intent possesses, within the United States; or
(3)utilizes interstate or foreign commerce, including the use of the mails or wire, radio, or other electronic communication, to transmit, transport, ship, move, transfer, or attempts or causes the same, to, from, or through the United States, any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization, shall be guilty of a class B felony.

## Title 18 U.S. Code § 912 – Officer or employee of the United States.

Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both. (June 25, 1948, ch. 645, 62 Stat. 742; Pub. L. 103–322, title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 2147.)

## Title 18 U.S. Code § 1001 – Statements or entries generally.

(a)Except as otherwise provided in this section, whoever, in any matter

10

within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
(1)falsifies, conceals, or covers up by any trick, scheme, or device a material fact.

**Title 18 U.S. Code § 1341 - Frauds and swindles.**
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**Title 18 U.S. Code § 1349. Attempt and conspiracy.**
Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**Title 18 U.S. Code § 1513 - Retaliating against a witness, victim, or an informant.**
(b)Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for—
(1)the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
(2)any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer;

or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.
(c)If the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the offense under this section shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.
(d)There is extraterritorial Federal jurisdiction over an offense under this section.
(e)Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both. (f)Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.
(g)A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.


## 2022 NEW HAMPSHIRE REVISED STATUTES

### Title 506 - Prevention of Frauds and Perjuries
### Section 506:3 - Assignment of Wages.
N.H. Rev. Stat. § 506:3
No assignment of, or order for, wages to be earned in the future shall be valid against a creditor of the person making it until it has been accepted in writing and a copy of it and of the acceptance has been filed with the clerk of the town or city where the party making it resides.

### Title 458 - Annulment, Divorce and Separation
### Section 458:19-b - Divorce in Another Jurisdiction.
– The circuit court shall have jurisdiction to make such orders or temporary orders of alimony to a divorced wife or divorced husband, or of support to the children of divorced parents as justice shall require in cases where the decree of divorce was not granted in this jurisdiction, even though said divorce decree makes provision for alimony and support, subject to the provisions of RSA 546-B.

### Chapter 546-A - UNIFORM CIVIL LIABILITY FOR SUPPORT
### 546-A:7-a Medical Assistance Recipient; Notice of Petition for Spousal Support. –
I. The department of health and human services, the county attorney, and the department of justice shall be notified and shall have the opportunity to

address the court in any proceeding under this chapter if the court or department of health and human services has concerns relative to: (a) The impact on the ward of any period of Medicaid ineligibility that would result from the proposed gift; (b) Whether the ward has been the victim of a crime or has been or is at risk of being abused, neglected, or exploited within the meaning of RSA 161-F:43; 161-F:43 Definitions. – In this subdivision:

I. " Protective services " means services and action which will, through voluntary agreement or through appropriate court action, prevent neglect, abuse or exploitation of vulnerable adults. Such services shall include, but not be limited to, supervision, guidance, counseling and, when necessary, assistance in the securing of nonhazardous living accommodations, and mental and physical examinations.

II. " Abuse " means any one of the following:

(a) " Emotional abuse " means the misuse of power, authority, or both, verbal harassment, or unreasonable confinement which results or could result in the mental anguish or emotional distress of a vulnerable adult.

(b) " Physical abuse " means the use of physical force which results or could result in physical injury to a vulnerable adult.

(c) " Sexual abuse " means contact or interaction of a sexual nature involving a vulnerable adult without his or her informed consent.

III. " Neglect " means an act or omission which results or could result in the deprivation of essential services or supports necessary to maintain the minimum mental, emotional or physical health and safety of a vulnerable adult. IV. " Exploitation " means the illegal use of a vulnerable adult's person or property for another person's profit or advantage, or the breach of a fiduciary relationship through the use of a person or a person's property for any purpose not in the proper and lawful execution of a trust, including, but not limited to, situations where a person obtains money, property, or services from a vulnerable adult through the use of undue influence, harassment, duress, deception, or fraud.

V. " Serious bodily injury " means any harm to the body which causes or could cause severe, permanent or protracted loss of or impairment to the health or of the function of any part of the body.

VI. " Self-neglect " means an act or omission by a vulnerable adult which results or could result in the deprivation of essential services or supports necessary to maintain his or her minimum mental, emotional or physical health and safety. VII. "Vulnerable" means that the physical, mental, or emotional ability of a person is such that he or she is unable to manage personal, home, or financial affairs in his or her own best interest, or he or she is unable to act or unable to delegate responsibility to a responsible caretaker or caregiver.


**Title XLIII - Domestic Relations**
**Title 458-A - Uniform Child Custody Jurisdiction and Enforcement Act**
**458-A:5 Effect of Child-Custody Determination.**
– A child-custody determination made by a court of this state that had jurisdiction under this chapter binds all persons who have been served in accordance with the laws of this state or notified in accordance with RSA

458-A:7 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to those persons, the determination is conclusive as to all decided issues of law and fact except to the extent the determination is modified.

**Title XLIII - Domestic Relations**
**Title 458-A - Uniform Child Custody Jurisdiction and Enforcement Act**
**458-A:6 Priority. –** If a question of existence or exercise of jurisdiction under this chapter is raised in a child-custody proceeding, the question, upon request of a party, shall be given priority on the calendar and handled expeditiously. Source. 2009, 191:1, eff. Dec. 1, 2010.

**Title XLIII - Domestic Relations**
**Title 458-B - Income Assignment**
**458-B:7 Opportunity to Contest Assignment. –**
I. (a) In cases in which support is payable through the department, within 45 days from the date of the notice to the obligor required by RSA 458-B:5, the department shall:
(1) Provide to the obligor an opportunity to present his case to the department; (2) Determine if the withholding will occur based on an evaluation of the facts; and
(3) Provide notice to the obligor of whether or not the withholding will occur, and if it is to occur, include in the notice the time when the withholding will begin and the information given to the employer in the notice required under RSA 458-B:6.
(b) If the obligor contests the withholding as provided in this section, the notice to the employer required under RSA 458-B:6 shall not be sent until a decision is made under subparagraph I(a)(2).
II. In cases not subject to immediate assignment under RSA 458-B:2, I and in which support is not payable through the department, and where an obligee is seeking to establish or implement an income assignment under this chapter, if an obligor contests assignment, a judicial determination must be made prior to initiating the income assignment.
III. Assignment may not be contested on the basis that a one-month arrearage does not exist at the time of a judicial or administrative hearing if such an arrearage existed at the time when the notice to the obligor was mailed or any time thereafter.

**Title XLIII - Domestic Relations**
**Title 458-B - Income Assignment**
**458-A:8 Appearance and Limited Immunity. –**
I. A party to a child-custody proceeding, including a modification proceeding, or a petitioner or respondent in a proceeding to enforce or register a child-custody determination, is not subject to personal jurisdiction in this state for another proceeding or purpose solely by reason of having participated, or of having been physically present for the purpose of participating, in the proceeding.

**458-A:12 Initial Child-Custody Jurisdiction. –** III. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child-custody determination.

**458-A:40 Severability Clause. –** If any provision of this chapter or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this chapter which can be given effect without the invalid provision or application, and to this end the provisions of this chapter are severable.
Source. 1985, 331:2. 1993, 287:10. 1995, 310:175. 1997, 263:33, eff. Aug. 18, 1997.

**546-B:59 Severability Clause. –** If any provision of this chapter or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this chapter which can be given effect without the invalid provision or application, and to this end the provisions of this chapter are severable.

**Title 626 - General Principles**
**Section 626:2 - General Requirements of Culpability.**
Universal Citation: NH Rev Stat § 626:2 (2022)
626:2 General Requirements of Culpability. –
I. A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense. He may be guilty of a violation without regard to such culpability. When the law defining an offense prescribes the kind of culpability that is sufficient for its commission, without distinguishing among the material elements thereof, such culpability shall apply to all the material elements, unless a contrary purpose plainly appears. II. The following are culpable mental states:
(a) "Purposely." A person acts purposely with respect to a material element of an offense when his conscious object is to cause the result or engage in the conduct that comprises the element.
(b) "Knowingly." A person acts knowingly with respect to conduct or to a circumstance that is a material element of an offense when he is aware that his conduct is of such nature or that such circumstances exist.
(d) "Negligently." A person acts negligently with respect to a material element of an offense when he fails to become aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that his failure to become aware of it constitutes a
gross deviation from the conduct that a reasonable person would observe in the situation.

**Title 626 - General Principles**
**Section 626:7 - Defenses; Affirmative Defenses and Presumptions.** I.
When evidence is admitted on a matter declared by this code to be: (a) A defense, the state must disprove such defense beyond a reasonable doubt;

or (b) An affirmative defense, the defendant has the burden of establishing such defense by a preponderance of the evidence.

II. When this code establishes a presumption with respect to any fact which is an element of an offense, it has the following consequences:

(a) When there is evidence of the facts which give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly negatives the presumed fact; and

(b) When the issue of the existence of the presumed fact is submitted to the jury, the court shall charge that while the presumed fact must, on all the evidence, be proved beyond a reasonable doubt, the law declares that the jury may regard the facts giving rise to the presumption as sufficient evidence of the presumed fact. Source. 1971, 518:1, eff. Nov. 1, 1973.

**Universal Citation: NH Rev Stat § 626:8 (2022)**
**626:8 Criminal Liability for Conduct of Another. –**

I. A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.

II. A person is legally accountable for the conduct of another person when:

(a) Acting with the kind of culpability that is sufficient for the commission of the offense, he causes an innocent or irresponsible person to engage in such conduct; or

(b) He is made accountable for the conduct of such other person by the law defining the offense; or

(c) He is an accomplice of such other person in the commission of the offense. III. A person is an accomplice of another person in the commission of an offense if:

(a) With the purpose of promoting or facilitating the commission of the offense, he solicits such other person in committing it, or aids or agrees or attempts to aid such other person in planning or committing it; or

IV. Notwithstanding the requirement of a purpose as set forth in paragraph III(a), when causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense. In other words, to establish accomplice liability under this section, it shall not be necessary that the accomplice act with a purpose to promote or facilitate the offense. An accomplice in conduct can be found criminally liable for causing a prohibited result, provided the result was a reasonably foreseeable consequence of the conduct and the accomplice acted purposely, knowingly, recklessly, or negligently with respect to that result, as required for the commission of the offense.

VII. An accomplice may be convicted on proof of the commission of the offense and of his complicity therein, though the person claimed to have committed the offense has not been prosecuted or convicted or has been convicted of a different offense or degree of offense or has an immunity to prosecution or conviction or has been acquitted.

**629:1 Attempt. –**
I. A person is guilty of an attempt to commit a crime if, with a purpose that a crime be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step toward the commission of the crime.
II. As used in this section, "substantial step" means conduct that is strongly corroborative of the actor's criminal purpose.

**629:2 Criminal Solicitation. –**
I. A person is guilty of criminal solicitation if, with a purpose that another engage in conduct constituting a crime, he commands, solicits or requests such other person to engage in such conduct.
III. It is no defense to prosecution under this section that the person solicited would be immune from liability for engaging in the criminal conduct by virtue of irresponsibility, incapacity or exemption.

**629:3 Conspiracy. –**
I. A person is guilty of conspiracy if, with a purpose that a crime defined by statute be committed, he agrees with one or more persons to commit or cause the commission of such crime, and an overt act is committed by one of the conspirators in furtherance of the conspiracy.
II. For purposes of paragraph I, "one or more persons" includes, but is not limited to, persons who are immune from criminal liability by virtue of irresponsibility, incapacity or exemption.

**Title 633 - Interference With Freedom**
**Section 633:1 - Kidnapping.**
**Universal Citation: NH Rev Stat § 633:1 (2022)**
**633:1 Kidnapping. –**
I. A person is guilty of kidnapping if he knowingly confines another under his control with a purpose to:
(a) Hold him for ransom or as a hostage; or
(b) Avoid apprehension by a law enforcement official; or
(c) Terrorize him or some other person; or
(d) Commit an offense against him.
I-a. A person is guilty of kidnapping if the person knowingly takes, entices away, detains, or conceals any child under the age of 18 and unrelated to the person by consanguinity, or causes such child to be taken, enticed away, detained, or concealed, with the intent to detain or conceal such child from a parent, guardian, or other person having lawful physical custody of such child. This paragraph shall not apply to law enforcement personnel or department of health and human services personnel engaged in the conduct of their lawful duties.
II. Kidnapping is a class A felony unless the actor voluntarily releases the victim without serious bodily injury and in a safe place prior to trial, in which case it is a class B felony.
III. (a) Upon proof that the victim and defendant were intimate partners or family or household members, as those terms are defined in RSA 631:2-b,

III, a conviction under this section shall be recorded as
"kidnapping-domestic violence."
(b) In addition to any other penalty authorized by law, the court shall levy
a fine of $50 for each conviction recorded as "kidnapping-domestic
violence" under this paragraph. The court shall not reduce or suspend any
sentence or the payment of any fine imposed under this paragraph and
no fine imposed under this paragraph shall be subject to an additional
penalty assessment. If the court determines that the defendant is unable
to pay the fine on the date imposed, the court may defer payment or
order periodic payments thereof. The clerk shall forward all fines collected
under this paragraph to the department of health and human services for
the purposes of RSA 173-B:15. The provisions of RSA 618:8 and RSA
618:9 shall not apply to a fine imposed under this paragraph.
Source. 1971, 518:1. 2001, 230:1. 2014, 152:9, eff. Jan. 1, 2015. 2017, 90:11,
eff. Jan. 1, 2018.

**Title 633 – Interference With Freedom**
**Section 633:2 – Criminal Restraint.** A person is guilty of a class B felony if
he knowingly confines another unlawfully in circumstances exposing him to
risk of serious bodily injury.II. The meaning of "confines another unlawfully",
as used in this section and RSA 633:3, includes but is not limited to
confinement accomplished by force, threat or deception or, in the case of a
person who is under the age of 16 or incompetent, if it is accomplished
without the consent of his parent or guardian. *RSA 633:2*

**Title 633 – Interference With Freedom**
**Universal Citation: NH Rev Stat § 633:3 (2022)**
**633:3 False Imprisonment.** – A person is guilty of a misdemeanor if
he knowingly confines another unlawfully, as defined in RSA 633:2,
so as to interfere substantially with his physical movement.
Source. 1971, 518:1, eff. Nov. 1, 1973.

**Title 633 – Interference With Freedom**
**Section 633:4 – Interference With Custody** I. A person is guilty of a class B
felony if such person knowingly takes from this state or entices away from
this state any child under the age of 18, or causes any such child to be taken
from this state or enticed away from this state, with the intent to detain or
conceal such child from: (a) A parent, guardian or other person having lawful
parental rights and responsibilities as described in RSA 461-A;
II. A person is guilty of a misdemeanor if such person knowingly takes,
entices away, detains or conceals any child under the age of 18, or causes
any such child to be taken, enticed away, detained or concealed, with the
intent to detain or conceal such child from: (a) A parent, guardian or other
person having lawful parental rights and responsibilities as described in
RSA 461-A.

**Universal Citation: NH Rev Stat § 641:3 (2022)**
**641:3 Unsworn Falsification.** –

I. A person is guilty of a misdemeanor if:
(b) With a purpose to deceive a public servant in the performance of his or
her official function, he or she:
(1) Makes any written or electronic false statement which he or she does
not believe to be true;

**Title 641 - Falsification in Official Matters**
**Section 641:4 - False Reports to Law Enforcement.**
**Universal Citation: NH Rev Stat § 641:4 (2022)**
**641:4 False Reports to Law Enforcement. –**
A person is guilty of a misdemeanor if he:
I. Knowingly gives or causes to be given false information to any law
enforcement officer with the purpose of inducing such officer to believe
that another has committed an offense; or
II. Knowingly gives or causes to be given information to any law
enforcement officer concerning the commission of an offense, or the danger
from an explosive or other dangerous substance, knowing that the offense
or danger did not occur or exist or knowing that he has no information
relating to the offense or danger.

**Universal Citation:** NH Rev Stat § 643:1 (2022)
**643:1 Official Oppression. –** A public servant, as defined in RSA 640:2, II, is
guilty of a misdemeanor if, with a purpose to benefit himself or another or to
harm another, he knowingly commits an unauthorized act which purports to be
an act of his office; or knowingly refrains from performing a duty imposed on him
by law or clearly inherent in the nature of his office. **Source.** 1971, 518:1, eff.
Nov. 1, 1973.

Section 643:2 - Misuse of Information.
**Universal Citation:** NH Rev Stat § 643:2 (2022)
**643:2 Misuse of Information. –**
A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if,
knowing that official action is contemplated or in reliance on information which
he has acquired by virtue of his office or from another public servant, he:
I. Acquires or divests himself of a pecuniary interest in any property, transaction
or enterprise which may be affected by such action or information; or
II. Speculates or wagers on the basis of such action or information; or
III. Knowingly aids another to do any of the foregoing. **Source.** 1971, 518:1, eff.
Nov. 1, 1973.
2022 New Hampshire Revised Statutes
Title LXII - Criminal Code
Title 644 - Breaches of the Peace and Related Offenses
Section 644:11 - Criminal Defamation.
**Universal Citation:** NH Rev Stat § 644:11 (2022)
**644:11 Criminal Defamation. –**
I. A person is guilty of a class B misdemeanor if he purposely communicates to
any person, orally or in writing, any information which he knows to be false and

knows will tend to expose any other living person to public hatred, contempt or ridicule.

II. As used in this section "public" includes any professional or social group of which the victim of the defamation is a member. **Source.** 1971, 518:1. 1992, 269:17, eff. July 1, 1992.

**CASE CITATIONS: (INCLUSIVE;** Any and all paperwork entered into the Court Record pertaining to litigation between Matthew-Lane: Hassell, Administrator and Beneficiary of MATTHEW LANE HASSELL, Vessel and DEVIN AILEEN KIMBARK.)

Haines –vs.- Kerner, 404 U.S. 519 (Reversed & Remanded), allegations such as those asserted by petitioner, however inartfully decreed, are sufficient… which we hold to less stringent standards than formal pleadings drafted by lawyers. and Woods –vs- Carey,  525 F3d 886, 889-890 (Reversed & Remanded), and claims Pro Per, in his own person, a rule in pleading that pleas to the jurisdiction of the Court must be pleaded in propria persona,  see Kay –vs.- Ehrler, 499 U.S. 432. "…The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737 (1984).

**Icon Health and Fitness, Inc. v. Strava, Inc., 849 F.3d 1034 (2017). 122 U.S.P.Q.2d 1238 United States Court of Appeals, Federal Circuit. ICON HEALTH AND FITNESS, INC., Appellant v. STRAVA, INC., UA Connected Fitness, Inc., Appellees.**
[2] "Substantial evidence" is something less than the weight of the evidence but more than a mere scintilla of evidence.
The ultimate determination of obviousness is a question of law, but that determination is based on underlying factual findings. 35 U.S.C.A. § 103(a). Attorney argument is not evidence.

**LaLonde v. County of Riverside, 204 F.3d 947 (9th Cir. 2000):**  If, however, there is a material dispute as to the facts regarding what the officer or the plaintiff actually did, the case must proceed to trial, before a jury if requested even when immunity from suit was an issue.  Issues of credibility belong to the trier of fact.  The Seventh Amendment to the Constitution so requires See also Johnson v. Jones, 515 U.S. 304, 317-318 (1995) (holding that the existence of genuine issues of material facts render not appealable a pre-trial denial of summary judgment on the issue of qualified immunity) Once the plaintiff established that material issues of fact existed, the court was required to submit the factual dispute to a jury. Thomson v. Mahre, 110 F.3d 716, 719 (9th Cir. 1997) ([W]here there is a genuine issue of fact on a substantive issue of qualified immunity, the controlling principles of summary judgment and, if there is a jury demand and a material issue of fact, the Seventh Amendment, require submission to a jury.).  It would be impossible for the County to prove any

immunity, when, after receiving a Claim or civil RICO suit with additional charges of terrorism and sabotage, it automatically rejects it in order to play the odds that the Claimant would be too ignorant to follow up where these issues would be taken to trial. The rejected Claim would become Exhibit A.

**Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964).** 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

## DEFINITIONS:

1) "Action", in the sense of a judicial proceeding, includes recoupment, counterclaim, set-off, suit in equity, and any other proceeding in which rights are determined.

2) "Aggrieved party" means a party entitled to pursue a remedy.

3) "Agreement", as distinguished from "contract", means the bargain of the parties in fact, as found in their language or inferred from other circumstances, including course of performance, course of dealing, or usage of trade as provided in Section 1-303.

4) Matthew means Matthew-Lane: Hassell a Natural Person and/ or A Texas National and/ or A Sovereign and/ or an Individual as defined by TITLE 18 Section 1101 (21), and/ or One of the People born in the territory of Texas and/ or The clearly established and specifically designated Administrator and Beneficiary of the U.S. Constitution, A.k.a. Matt, a.k.a. Mr. Hassell, a.k.a. Plaintiff.

5) Audio Recording means any and or all audio recordings which may include but may not include video.

6) "Bank" means a person engaged in the business of banking and includes a savings bank, savings and loan association, credit union, and trust company.

7) "Bearer" means a person in possession of a negotiable instrument, document of title, or certificated security that is payable to bearer or indorsed in blank.

8) Belligerent means in international law as an adjective, it means to engage in a lawful war. As a noun, it designates either of two nations which are actually in a state of war with each other, as well as their allies actively co-operating, as distinguished from a nation which takes no part in the war and maintains a strict indifference as between the contending parties, called a "neutral".

9) "Bill of lading" means a document evidencing the receipt of goods for shipment issued by a person engaged in the business of transporting or forwarding goods.

10) "Branch" includes a separately incorporated foreign branch of a bank.

11)"Burden of establishing" a fact means the burden of persuading the trier of fact that the existence of the fact is more probable than its nonexistence.

12)"Buyer in ordinary course of business" means a <u>person</u> that buys goods in <u>good faith</u>, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person, other than a pawnbroker, in the business of selling goods of that kind. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices. A person that sells oil, gas, or other minerals at the wellhead or minehead is a person in the business of selling goods of that kind. A buyer in ordinary course of business may buy for cash, by exchange of other property, or on secured or unsecured credit, and may acquire goods or documents of title under a preexisting <u>contract</u> for sale. Only a buyer that takes possession of the goods or has a <u>right</u> to recover the goods from the seller under Article 2 may be a buyer in ordinary course of business. "Buyer in ordinary course of business" does not include a person that acquires goods in a transfer in bulk or as security for or in total or partial satisfaction of a <u>money</u> debt.

13)Color means an appearance, semblance, or simulacrum, as distinguished from that which is real.

14)Color of Law means The appearance or semblance, without the substance, of legal right.

15)Conspiracy means 'in criminal law' a combination or confederacy between 2 or more persons formed for the purpose of committing, by their joint efforts, some unlawful or criminal act.

16)"Conspicuous", with reference to a <u>term</u>, means so <u>written</u>, displayed, or presented that a reasonable <u>person</u> against which it is to operate ought to have noticed it. Whether a term is "conspicuous" or not is a decision for the court. Conspicuous terms include the following: (A) a heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same or lesser size; and (B) language in the body of a <u>record</u> or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

17)Constitutional Right means any of the privileges or immunities protecting corporations under the State and/ or Federal Constitution.

18)"Consumer" means an individual who enters into a transaction primarily for personal, family, or household purposes.

19)"Contract", as distinguished from "<u>agreement</u>", means the total legal obligation that results from the parties' agreement as determined by the <u>Uniform Commercial Code</u> as supplemented by any other applicable laws.

20)"Creditor" includes a general creditor, a secured creditor, a lien creditor, and any <u>representative</u> of creditors, including an assignee for the

benefit of creditors, a trustee in bankruptcy, a receiver in equity, and an executor or administrator of an <u>insolvent</u> debtor's or assignor's estate.

21) Damages means money that a defendant pays a plaintiff in a civil case if the plaintiff has won. Damages may be compensatory (for loss or injury) or punitive (to punish and deter future misconduct). Damages also means A pecuniary compensation or indemnity, which may be recovered in the courts by any person who has endured a loss, detriment, or injury, whether to his person, property or rights, through the unlawful act or omission or negligence of another.

22) De facto means (Latin) meaning "in fact" or "actually." Something that exists in fact but not as a matter of law.

23) Defalcation means misappropriation of money or funds held by an official, trustee, or other fiduciary. The sum misappropriated.

24) "Delivery", with respect to an instrument, <u>document of title</u>, or chattel paper, means voluntary transfer of possession.

25) "Document of title" includes <u>bill of lading</u>, dock warrant, dock receipt, <u>warehouse receipt</u> or order for the <u>delivery</u> of goods, and also any other document which in the regular course of business or financing is treated as adequately evidencing that the <u>person</u> in possession of it is entitled to receive, hold, and dispose of the document and the goods it covers. To be a document of title, a document must purport to be issued by or addressed to a bailee and purport to cover goods in the bailee's possession which are either identified or are fungible portions of an identified mass.

26) De jure means (Latin) meaning "in law." Something that exists by operation of law.

27) Due process means; the constitutional guarantee that a litigant (usually the defendant) will receive a fair and impartial trial, being afforded all constitutional guidelines be followed (present evidence, face accusers, call witnesses, be informed of the nature and cause of action, etc.). In civil law, the legal rights of someone who confronts an adverse action threatening liberty or property.

28) Evidence means information presented in testimony or in physical form, that is used to persuade the fact finder (judge or jury) to decide the case in favor of one side or the other.

29) Equitable means pertaining to civil suits in "equity" rather than in "law." In English legal history, the courts of "law" could order the payment of damages and could afford no other remedy (see damages). A separate court of "equity" could order someone to do something or to cease to do something (e.g., injunction). In American jurisprudence, the federal courts have both legal and equitable power, but the distinction is still an important one. For example, a trial by jury is normally available in "law" cases but not in "equity" cases.

30) Exclusionary Rule means doctrine that says evidence obtained in violation of a criminal defendant's constitutional or statutory rights is not admissible at trial.

31) Exculpatory Evidence means evidence indicating that a defendant did not commit the crime.

32)"Fault" means a default, breach, or wrongful act or omission.

33)Federal Question Jurisdiction means jurisdiction given to federal courts in cases involving the interpretation and application of the U.S. Constitution, acts of Congress, and treaties.

34)Foundation means Facts or Truths established by TESTIMONY or AFFIDAVIT entered into the public record with clean hands, good faith, fair business practices and full disclosure, to establish grounds (evidence, proof) for subsequent litigation(s).

35)"Fungible goods" means: (A) goods of which any unit, by nature or usage of trade, is the equivalent of any other like unit; or (B) goods that by agreement are treated as equivalent.

36)"Genuine" means free of forgery or counterfeiting.

37)"Good faith," except as otherwise provided in Article 5, means honesty in fact and the observance of reasonable commercial standards of fair dealing.

38)Hearsay means Statements of counsel or persons, in brief or argument, which are not supported by oath or affidavit. Rumors. Statements, which are not facts before the court. See Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). Evidence presented by a witness who did not see or hear the incident in question but heard about it from someone else. With some exceptions, hearsay generally is not admissible as evidence at trial (see NRS 51 and Federal Rules of Evidence VIII).

39)"Holder" means: (A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession); or (B) the person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession.

40)Grand jury means a body of 16-23 citizens who listen to evidence of criminal allegations, which is presented by the prosecutors, and determine whether there is probable cause to believe an individual committed an offense. See also indictment and U.S. attorney.

41)Impeachment means 1. The process of calling a witness's testimony into doubt. For example, if the attorney can show that the witness may have fabricated portions of his testimony, the witness is said to be "impeached;" 2. The constitutional process whereby the House of Representatives may "impeach" (accuse of misconduct) high officers of the federal government, who are then tried by the Senate. 3. Article II Section 4 of the Constitution for the United States of America which claims; The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.

42)Injunction means a court order preventing one or more named parties from taking some action. A preliminary injunction often is issued to allow fact-finding, so a judge can determine whether a permanent injunction is justified.

43)"Insolvency proceeding" includes an assignment for the benefit of creditors or other proceeding intended to liquidate or rehabilitate the estate of the person involved.

44)"Insolvent" means: (A) having generally ceased to pay debts in the ordinary course of business other than as a result of bona fide dispute; (B) being unable to pay debts as they become due; or (C) being insolvent within the meaning of federal bankruptcy law.

45)Interrogatories means a form of discovery consisting of written questions to be answered in writing and under oath.

46)Judge means an official of the Judicial branch (as provided in Art. III U.S. Const.) with authority to decide lawsuits brought before courts. Used generically, the term judge may also refer to all judicial officers, including Supreme Court justices who do not have secret superior oaths and only have allegiance to their public oath in accordance with Title 5 Section 3331. A person who is authorized by Congress to hear and adjudicate civil, criminal and equitable proceedings. Excludes Administrators.

47)Jurisdiction means 1) The legal authority of a court to hear and decide a certain type of case. It also is used as a synonym for venue, meaning the geographic area over which the court has territorial jurisdiction to decide cases.  2) The geographic area which employees of government and/ or corporations are authorized to operate in during the course of their duties. 3) Authority.

48)LEO means Law Enforcement Officer and includes all law enforcement officers (Alcohol Tobacco and Firearms, Department of Homeland Security, Federal Bureau of Investigations, Drug Enforcement Agency and even includes the agents of the Central Intelligence Agency), who engage in upholding the supreme laws of the land in accordance with Art II U.S.Const. and Art.VI Clause 2 U.S.Const.

49)Letter of Marque means a license to fit out an armed vessel and use it in the capture of enemy merchant shipping and to commit acts, which would otherwise have constituted piracy.

50)"Money" means a medium of exchange currently authorized or adopted by a domestic or foreign government. The term includes a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries.

51)New Hampshire means the free and sovereign Territory. A state in the New England region of the Northeastern United States. It borders Massachusetts to the south, Vermont to the west, Maine and the Gulf of Maine to the east, and the Canadian province of Quebec to the north.

52)New Hampshire Constitution et al means Founding document which delegates authority to all civil officers of the State of New Hampshire.

53)Nil Dicit Tacit Acquiescence means to agree by going silent, literally they agreed by not speaking. Means an acceptance of liability.

54)"Organization" means a person other than an individual.

55)Party In Interest means a party who has standing to be heard by the court in a matter to be decided in the case.  Usually used for bankruptcy cases.  The debtor, U.S. trustee or bankruptcy administrator, case trustee, and creditors are parties in interest for most matters.

56) Peonage means a condition of enforced servitude by which the servitor is restrained of his liberty and compelled to labor in liquidation of some debt or obligations, real or pretended, against his will.

57) Peremptory Challenge means a district court may grant each side in a civil or criminal trial the right to exclude a certain number of prospective jurors without cause or giving a reason.

58) Persona Propria Sui Juris means the proper person within the law. The highest status and standing in law other than Providence, "Dominus Litus" (a.k.a. the Master of the Lawsuit).

59) Precedent means a court decision in an earlier case with facts and legal issues similar to a dispute currently before a court. Judges will generally "follow precedent" - meaning that they use the principles established in earlier cases to decide new cases that have similar facts and raise similar legal issues. A judge will disregard precedent if a party can show that the earlier case was wrongly decided, or that it differed in some significant way from the current case.  See Stare Decisis.

60) "Present value" means the amount as of a date certain of one or more sums payable in the future, discounted to the date certain by use of either an interest rate specified by the parties if that rate is not manifestly unreasonable at the time the transaction is entered into or, if an interest rate is not so specified, a commercially reasonable rate that takes into account the facts and circumstances at the time the transaction is entered into.

61) Providence means God, The Creator, The Most High.

62) Public Thoroughfare means every place a private or public person may walk exclusive of entering buildings and public roadways but which may include driveways which typically allow public access to cross over.

63) Real injury means A real injury is inflicted by any act by which a person's honor or dignity is affected (Page 925 Black's Law 4th Edition).

64) "Record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable for.

65) "Remedy" means any remedial right to which an aggrieved party is entitled with or without resort to a tribunal.

66) "Representative" means a person empowered to act for another, including an agent, an officer of a corporation or association, and a trustee, executor, or administrator of an estate.

67) "Right" includes Natural Rights, Inalienable Rights and Prerogative Rights.

68) Sanction means a penalty or other type of enforcement used to bring about compliance with the law or with rules and regulations.

69) "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. "Security interest" includes any interest of a consignor and a buyer of accounts, chattel paper, a payment intangible, or a promissory note in a transaction that is subject to Article 9. "Security interest" does not include the special property interest of a buyer of goods on identification of those goods to a contract for sale under Section 2-505, the right of a seller or lessor of

goods under Article 2 or 2A to retain or acquire possession of the goods is not a "security interest", but a seller or lessor may also acquire a "security interest" by complying with Article 9. The retention or reservation of title by a seller of goods notwithstanding shipment or <u>delivery</u> to the buyer under Section 2-401 is limited in effect to a reservation of a "security interest." Whether a transaction in the form of a lease creates a "security interest" is determined pursuant to Section <u>1-203</u>.

70) Seize means to take possession of forcibly, to grasp, to snatch or to put in possession.

71) "Send" in connection with a <u>writing</u>, <u>record</u>, or notice means: (A) to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and, in the case of an instrument, to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances; or (B) in any other way to cause to be received any record or notice within the time it would have arrived if properly sent.

72) "Signed" includes using any symbol executed or adopted with present intention to adopt or accept a <u>writing</u>.

73) Stare Decisis means the legal principle of determining points in litigation according to precedent.

74) "STATE" means a State of the United States, which includes; the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States.

75) State means one of the territories of North America.

76) State Constitution means the Constitution for the State of New Hampshire.

77) "Substantial evidence" is something less than the weight of the evidence but more than a mere scintilla of evidence. Icon Health and Fitness, Inc. v. Strava, Inc., 849 F.3d 1034 (2017). 122 U.S.P.Q.2d 1238.

78) Suffer means to allow, to admit, or to permit.  Suffer also means be subjected to something bad or unpleasant.

79) "Surety" includes a guarantor or other secondary obligor.

80) Technicality means a point of law or a small detail of a set of rules, which may or may not adversely affect the outcome of prosecution in criminal proceedings.

81) "Term" means a portion of an <u>agreement</u> that relates to a particular matter.

82) Treason means betrayal after trust.  It also means The offense of attempting by overt acts to overthrow the government of the state to which the offender owes allegiance, or of betraying the state into the hands of a foreign power.

83) Trustee means the representative of the bankruptcy estate who exercises statutory powers, principally for the benefit of the unsecured creditors, under the general supervision of the court and the direct supervision of the U.S. trustee or bankruptcy administrator. The trustee is

a private individual or corporation appointed in all chapter 7, chapter 12, and chapter 13 cases and some chapter 11 cases. The trustee's responsibilities include reviewing the debtor's petition and schedules and bringing actions against creditors or the debtor to recover property of the bankruptcy estate. In chapter 7, the trustee liquidates property of the estate, and makes distributions to creditors. Trustees in chapter 12 and 13 have similar duties to a chapter 7 trustee and the additional responsibilities of overseeing the debtor's plan, receiving payments from debtors, and disbursing plan payments to creditors.

84) UNITED STATES CITIZEN means a civilly dead entity operating as a co-trustee and co-beneficiary of the Public Charitable Trust, the constructive, cestui que trust of the US Inc. under the 14th Amendment, which upholds the debt of the USA and US Inc. (per congressional record, June 13th, 1967, pp. 15641-15646).

85) "Unauthorized signature" means a signature made without actual, implied, or apparent authority. The term includes a forgery.

86) U.S. Constitution et al means Constitution for the United States of America and all variations thereof. A.k.a. Federal Constitution. A.k.a. U.S.Const. a.k.a. Founding document which delegates authority to all civil officers of the United States.

87) U.S.D. means United States Dollars. Also known as Federal Reserve Notes, a species of money.

88) Usurp means to seize and hold any office by force, and without right.

89) Video recording means any video or audio and video recording.

90) vs. (also: v.) means versus and introduces which 2 (or more) parties are in controversy.

91) "Warehouse receipt" means a receipt issued by a person engaged in the business of storing goods for hire.

92) "Writing" includes printing, typewriting, or any other intentional reduction to tangible form. "Written" has a corresponding meaning.

NEW HAMPSHIRE CONSTITUTION, inclusive.
NEW HAMPSHIRE RULES OF CIVIL PROCEDURE, inclusive.
PARENS PATRIAE DOCTRINE, inclusive.

VOID WHERE PROHIBITED BY LAW
ALL RIGHTS RESERVED WITHOUT PREJUDICE 1-308

Date: 20th of February, 2024

Matthew-Lane: Hassell

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

FILED - USDC -NH
2024 FEB 28 PM 3:48

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Matthew-Lane: Hassell, et al | } | |
| Plaintiff | } | CIVIL ACTION NUMBER: 1:23-cv-472-JL-AJ |
| | } | |
| v. | } | |
| | } | |
| Devin Aileen Kimbark, et al. | } | |
| DOES I through C | } | |
| (1 through 100) | } | |
| Defendant/(s) | } | |
| _____ | } | |

## MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW
### In re: RESPONSE TO MAGISTRATE
### REPORT AND RECOMMENDATIONS
### 13 Pages

     Comes now, Matthew-Lane; Hassell (here and after, known as Mr. Hassell and/or Plaintiff), with clean hands, in good faith, using fair business practices and full disclosure. A Propria Persona Sui Juris, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury and under my full commercial liability, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity.

     This case (1:23-cv-00472-JL-AJ) is a landmark case, in which the Federal Question/s cannot be settled by small minds with inferior spirits and covert desires of wealth and prosperity. Our legal system has been infiltrated by people and persons who subverted the legal system to attempt to satisfy their avarice and those who use their status and influence to pervert justice to meet their unjust desires, through bribes, payoffs and campaign contributions.

     The 3 judges of the lower courts (defendants in this matter) have no standing in law. One does not need to await a final decision. The judges individually and collectively violated their oath the moment they accepted the word of Ms. Devin Aileen Kimbark (hereinafter known as Ms. Kimbark), and sanctioned Mr. Matthew-Lane: Hassell (hereinafter known as Plaintiff or Mr. Hassell). Ms. Kimbark's claims were not under oath and therefore could not be criminally prosecuted if she lied in making those statements. The issue is; the false charges of Ms. Kimbark should have fallen on deaf ears. Her claims were not under oath and not under the pains and penalties of perjury. Nobody is to be believed unless under oath.

     In the common law a judge could not even claim immunity, they either obey their oath or they are subject to the consequences of their actions. No man is above the law. The courts offer up all different inventions as to why and how the judges are immune from

**Page 1**

prosecution. This is merely a fraud upon the court, perpetrated by lawyers. An employee is never immune when they do things which injure the boss. Lawyers come up with all variations of excuses and none of these excuses hold truth when compared to the U.S. Constitution, Article VI (6, SIX) Clause 2 (a.k.a. the Supremacy Clause) which says; "*This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.*"

And still lawyers keep lying and cheating and adding never ending exceptions, which keep getting disproven because the Supremacy Clause is constitutional and their newly invented excuses are overruled in a court of competent jurisdiction. The Supremacy Clause is not the be all end all, of the discussion. You must also include Article II (2, TWO) Section 4 which says; "*The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.*"

As it says in Plaintiff's paperwork, again and again, "Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution."

All the "Abatements" and/ or "U.C.C." and/ or "Signature by representative" and/ or "Rooker-Feldman doctrine" and/ or"Younger Doctrine" and/ or "In vacation" are void ab initio (no, not because of Marbury v. Madison, because of the herein mentioned Supremacy Clause and Article II Sec. 4). Because lawyers have been dishonest with their clients, in order to preserve their superior duty to the court, none of these laws, codes, doctrines, mandates, orders and the like, mention the above truths in law.

The People do not have to exhaust remedy when dealing with government. All civil officers of the United States must do is violate their oath of office (and with judges, canons of law included) and their immunity is void and any form of redress the people choose is at the discretion of the people. Yes, read that again, at our discretion. Either you allow remedy through the courts or the People reserve the right; how did the Declaration of Independence phrase it? "*That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their Safety and Happiness.*"

I hereby decree the Judges are abolished from government and must be impeached and sanctioned and prosecuted to the full extent of the law based on the papers on file in this case for violations of the rights of the People (Matthew Lane Hassell and PH).

The moment the judge(s) (civil officers of United States and of the State of New Hampshire and of Hillsborough County and Rockingham County and other municipalities) acted upon Ms. Kimbark's unsupported accusations and then deprived Mr. Hassell of equal rights to the minor child PH, they violated their oath of office and waged war against the New Hampshire Constitution et al and the U.S. Constitution et al. Mr. Hassell repeatedly asked for an evidentiary hearing to clear his good name and the judges individually and collectively denied Mr. Hassell due process of law, thus further injuring him. It has been over a year and

the judges keep switching chairs and switching responsibilities and passing the buck in a conspiracy to deprive Mr. Hassell of his day in court.


FACTS OF THE CASE:

CLAIM AGAINST DEFENDANT JUDGES

**Violations of NHRCP:**

Each of the judicial defendants have violated the New Hampshire Rules of Civil Procedure (hereinafter known as NHRCP) 1 which (b) demands; "(b) The rules shall be construed and administered to secure the just, speedy, and cost-effective determination of every action."

Mr. Hassell may not be able to prove a conspiracy using a 'delay tactic', to deny him of rights but he can easily demonstrate by the fact it has been over a year, with repeated attempts to get to the truth, repeated motions for evidentiary hearings being denied, that the judges and each of them denied a "just, speedy and cost-effective determination" of this action. This left Mr. Hassell an injured and aggrieved party.

Each of the judges have repeatedly delayed justice, continued hearings and denied me due process and equal protection of the law and a fair hearing in violation of New Hampshire Rules of Civil Procedure (hereinafter known as NHRCP) and New Hampshire Canons of Law and the New Hampshire Constitution and the U.S. Constitution and the laws of the United States (U.S.C.A.) and the New Hampshire Revised Statutes.

**Violations of Canons of Law:**

Each of the judicial defendants have violated one or more of the following New Hampshire Canons of Law (hereinafter known as NHCL)

**Canon 1: A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.**

**Rule 1.1 Compliance with the Law:** Plaintiff contends that each of the judges have violated New Hampshire Revised Statutes and Federal Laws (U.S.C.A.), thus injuring me and trespassing against my rights.

**Rule 1.2 Promoting Confidence in the Judiciary.:**
Plaintiff contends that by the judicial defendants' violations of State and Federal constitutions, and State and Federal law, the judicial defendants did not promote confidence in the Judiciary. Being only allowed 2 hour weekend days visitation a week confirms Plaintiff's suspicions.

**Rule 1.3 Avoiding Abuse of the Prestige of Judicial Office.:**

The judicial defendants abuses the prestige of the Judicial Office by allowing Ms. Kimbark to advance her personal interest to our child, based on unproven allegations without allowing Plaintiff an opportunity to be heard, and thereby advancing her economic interest through child support. Plaintiff has lost all confidence for the Judicial Office.

**Canon 2: A judge shall perform the duties of judicial office impartially, competently, and diligently, and;**
**Rule 2.3 Bias, Prejudice, and Harassment and;**
**Rule 2.6 Ensuring the Right to Be Heard;**
**Rule 2.2 Impartiality and Fairness:**
The judicial defendants allowed hearsay, presented as truth, which was not subscribed and sworn or affirmed and attested, under pains and penalties of perjury, against the plaintiff to guide each of the judges in making their decisions, thereby acting impartially.
Todd H. Prevett et al, the first Judicial defendant, would not allow me to reschedule my only missed hearing. I was not represented by counsel. Though this allowed Ms. Kimbark, by and through her attorney to present their side of the case, Ms. Kimbark did not enter an affidavit, so all that was said and all that was presented to the court should have been denied as hearsay and unsubstantiated claims.
Then Michael L. Alfano et al, denied evidentiary hearings (due process) to ensure plaintiff was not heard, and therefore the judiciary could not make a competent decision in the routine of their duties.
Judge Kerry P. Steckowych et al, denied all pleadings by plaintiff, to include but not limited to jurisdictional challenges made by plaintiff, and admitted on the record in the hearing held on the 17th of July, 2023, he did not read the case file. This shows all judicial defendants acted unfairly and/or with bias and/or prejudice, and/or with a lack of diligence and/or competency and conspiracy, thus vexing and injuring plaintiff with repeated violations of the New Hampshire Canons of Law.

**New Hampshire State Constitution – Bill of Rights:**

Each of the judicial defendants have violated the New Hampshire Constitutional Restrictions (hereinafter known as NH Const.)

**Article 1. [Equality of Men; Origin and Object of Government.]. All men are born equally free and independent; Therefore, all government of right originates from the people, is founded in consent, and instituted for the general good.**
Each of the judicial defendants denied me equality, equal rights to the minor child.

**[Art.] 2. [Natural Rights.]** All men have certain natural, essential, and inherent rights among which are, the enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining happiness. Equality of rights under the law shall not be denied or abridged by this state on account of race, creed, color, sex or national origin. June 2, 1784,

Amended 1974 adding sentence to prohibit discrimination.

I have been denied my Natural Right to our child by each of the judges during their so-called routine duties.

**[Art.] 2-b. [Right of Privacy.]** An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent. December 5, 2018.

The judges have insisted on personal information for "voluntary uniform consent orders" and financial reports and other personal and private Information.

**[Art.] 4. [Rights of Conscience Unalienable.]** Among the natural rights, some are, in their very nature unalienable, because no equivalent can be given or received for them. Of this kind are the Rights of Conscience. June 2, 1784.

The judicial defendants have deprived the plaintiff of the unalienable right to the custody and care of PH. There is not now and can never be an equivalent given or received from this deprivement of one's child, the best that can be substantiated (given or received) is retroactive custody.
Plaintiff is and will always be injured by missing PH first steps and watching as she is tasting her first food/s and first union with god (baptism) and bonding with Ph, having her fall asleep in his arms and then tucking her in bed and there be there when she wakes up and all other memories plaintiff will never have in PH early years of life.

**[Art.] 5. [Religious Freedom Recognized.]** Every individual has a natural and unalienable right to worship God according to the dictates of his own conscience, and reason; and no subject shall be hurt, molested, or restrained, in his person, liberty, or estate, for worshiping God in the manner and season most agreeable to the dictates of his own conscience; or for his religious profession, sentiments, or persuasion; provided he doth not disturb the public peace or disturb others in their religious worship. June 2, 1784.

Again, I was denied participation in the Baptism of PH for no other reasons than prejudicial and biased judges acting in bad faith and bad behavior.

**[Art.] 7. [State Sovereignty.]** The people of this State have the sole and exclusive right of governing themselves as a free, sovereign, and independent State; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in Congress Assembled. June 2, 1784.
Certainly this extends to the Natural Right of the man to his progeny.

**[Art.] 23. [Retrospective Laws Prohibited.]** Retrospective laws are highly

injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses. June 2, 1784.

The statutes and policies and procedures used by the judicial defendants, are retrospective and repugnant laws to the New Hampshire State constitution et al, and the U.S. constitution et al. The Judicial defendants have used their (bias and prejudice) discretion, to enforce prohibited retrospective laws that have been unjust and injurious and oppressive against the Plaintiff. The judicial defendants discretion has led to violation, by either the judicial defendants or the Kimbark defendants to include but is not limited to; violation of State and Federal Laws.

**[Art.] 35. [The Judiciary; Tenure of Office, etc.]** It is essential to the preservation of the rights of every individual, his life, liberty, property, and character, **that there be an impartial interpretation of the laws, and administration of justice.** It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit. It is therefore not only the best policy, but for the security of the rights of the people, that the Judges of the Supreme Judicial Court should hold their offices so long as they **behave well;** subject, however, to such limitations, on account of age, as may be provided by the Constitution of the State; and that they should have honorable salaries, ascertained and established by standing laws.

Because of the judicial defendants administration of justice (ORDERS) were not had in an impartial interpretation of the laws, which is essential to the preservation of the rights of plaintiff, and his life, and his liberty, and his property, and his character, the judicial defendants clear violation to their Oath of Office and Canons of Law, have not shown they have behaved well, and should not hold their office.

## State Constitution - Oaths and Subscriptions Exclusion from Offices, Etc.

*Part 2, Form of Government, Oaths and Subscriptions Exclusion from Offices, Etc., New Hampshire State Constitution.*

**[Art.] 84. [Oath of Civil Officers.]** Any person chosen governor, councilor, senator, or representative, military or civil officer, (town officers excepted) accepting the trust, shall, before he proceeds to execute the duties of his office, make and subscribe the following declaration, viz.

I, A.B. do solemnly swear, that I will bear faith and true allegiance to the United States of America and the state of New Hampshire, and will support the constitution thereof. *So help me God.*

I, A.B. do solemnly and sincerely swear and affirm that I will faithfully and impartially discharge and perform all duties incumbent on me as ................................................., according to the best of my abilities, agreeably

to the rules and regulations of this constitution and laws of the state of New Hampshire. *So help me God*.

Any person having taken and subscribed the oath of allegiance, and the same being filed in the secretary's office, he shall not be obliged to take said oath again.

Because all New Hampshire civil officers must have the Oath of Office which dictates they will "bear faith and true allegiance to the United States of America and the state of New Hampshire, and will support the constitution thereof." So, all civil officers must defend and protect the New Hampshire Constitution and the U.S. Constitution.

## NEW HAMPSHIRE REVISED STATUTES and FEDERAL LAWS:

**Each of the judicial defendants have violated the New Hampshire Revised Statutes and/ or U.S.C.A. (hereinafter known as State Laws or Federal Laws).**

NH Rev Stat § 643:1 - Official Oppression;

NH Rev Stat § 643:2 - Misuse of Information - II and III;

NH Rev Stat § 626:2 - General Requirements of Culpability – I and II (a) and (b) and (d);

NH Rev Stat § 626:8 - Criminal Liability for Conduct of Another – I and II (a) and (b) and (c) and III (a);

Title 18 U.S. Code § 1349 - Attempt and conspiracy;

NH Rev Stat § 629:3 Conspiracy – I and II;

NH Rev Stat § 629:1 Attempt – I and II;

Title 18 U.S. Code § 241 - Conspiracy against rights;

Title 18 U.S. Code § 242 - Deprivation of rights under color of law;

18 U.S. Code § 514 – Fictitious obligations - (a)(1) and (2) and (3);

NH Rev Stat § 629:2 Criminal Solicitation – I and III

N.H. Rev. Stat. § 506:3 - Assignment of Wages

NH Rev Stat § 641:4 - False Reports to Law Enforcement - I and II;

NH Rev Stat § 641:3 - Unsworn Falsification – I (b) (1)

25 Code of Federal Regulations § 11.405 Interference with custody - (a);

NH Rev Stat § 633:4 - Interference With Custody - I and II;

18 U.S. Code § 1001 - Statements or entries generally - (a)(1);

Sᴇᴄ. 403. [42 U.S.C. 603 2 I (bb);

NH Rev Stat § 626:7 - Defenses; Affirmative Defenses and Presumptions;

NH Rev Stat § 458-A:5 Effect of Child-Custody Determination;

NH Rev Stat § 458-A:6 Priority;

NH Rev Stat § 458-A:8 Appearance and Limited Immunity - I;

NH Rev Stat § 458-A:12 Initial Child-Custody Jurisdiction – III;

18 U.S. Code § 513 - Securities of the States and private entities - (a) and (b);

18 U.S. Code § 1341 - Frauds and swindles;

18 U.S. Code § 1513 - Retaliating against a witness, victim, or an informant - (b)(1) and (2) - ((g) A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.);

NH Rev Stat § 633:2 - Criminal Restraint - I;

NH Rev Stat § 633:3 (2022) - False Imprisonment;

U.S.C.A. Title 42 §1983;


CLAIM AGAINST DEFENDANT KIMBARK FAMILY which includes:
DEVIN AILEEN KIMBARK (a.k.a. Ms. Kimbark) and
CHERYL L. KIMBARK (a.k.a. Mrs. Kimbark) and
MARK EDWARD KIMBARK (a.k.a. Mr. Kimbark).
Each of the KIMBARK FAMILY defendants have violated the New Hampshire Rules of Civil Procedure 1 (hereinafter known as NHRCP) by hiring an attorney to delay and deny justice and prevent a fair hearing.
Mr. Hassell may not be able to prove a conspiracy using a 'delay tactic', to deny him of rights but he can easily demonstrate by the fact it has been over a year, with repeated attempts to get to the truth, repeated motions for evidentiary hearings being denied, that the

KIMBARK FAMILY and each of them denied a "just, speedy and cost-effective determination" of this action. This left Mr. Hassell an injured and aggrieved party.

Each of the KIMBARK FAMILY have repeatedly delayed justice, continued hearings and denied me due process and equal protection of the law and a fair hearing in violation of NHRCP and the New Hampshire Constitution and the U.S. Constitution and the laws of the United States (U.S.C.A.) and the New Hampshire Revised Statutes.

The first time police were called to intervene was over two (2) years ago. Ms. Kimbark and plaintiff left the bar and after driving a little bit, plaintiff could feel the alcohol taking affect so he pulled over. Ms. Kimbark was so angry plaintiff would not keep driving she began screaming at him on the side of the road. Someone else called law enforcement and when they arrived Ms. Kimbark claimed plaintiff had pushed her. Plaintiff was immediately guilty without proof. When Ms. Kimbark sobered up and realized what she had done and denied pursuing this false claim against the plaintiff.

The second time law enforcement was involved was at Plaintiffs domicile. Plaintiff had called law enforcement as Ms. Kimbark was acting irrational and verbally and physically assaulting plaintiff. Plaintiff was not seeking criminal charges against Ms. Kimbark, but needed the assistance from law enforcement to remove Ms. Kimbark from Plaintiff's domicile. Once again Ms. Kimbark made a false police report.

The third time law enforcement was called Ms. Kimbark was texting her mother saying Plaintiff would not allow her to leave. Mrs. Kimbark wrongfully called law enforcement that plaintiff sabotaged Ms. Kimbark's vehicle. Law enforcement upon investigating found no evidence of sabotage was made. Ms. Kimbark's battery was dead. Ms. Kimbark informed law enforcement no assault or threats were made by the plaintiff (see police report Att: 1).

On what grounds do the KIMBARK FAMILY have to justify detaining and restraining PH from the Plaintiff. This is kidnapping-domestic violence and criminal restraint and false imprisonment and interference with custody and holding PH for ransom, along with multiple other charges cited within this document (NHRS and U.S.C.A.).

The only way the courts could have denied Plaintiff is for the KIMBARK FAMILY to misrepresent him in an open court of law. They and each of them Ms. Kimbark and Mrs. Kimbark and Mr. Kimbark acted in conspiracy by and through their attorney JENNIFER L. DI TRAPANO and had ex-parte communications with colleagues within the judiciary to deny Plaintiff rights under color of law.

As Mrs. Kimbark mentioned to police, Mr. Kimbark works for the government, Mr. Kimbark wrote by his own hand (allegedly) that he Mr. Kimbark is a former Navy (Ret.) and a 25 year plus employee history of a company that supports and defends our troops" (Mr. Kimbarks motion to dismiss; Point 24 overview) as if that fact might sway or influence the judiciary. It shows cohesion and more to the point, he has an oath of office to defend and protect the U.S. Constitution and through employment the New Hampshire Constitution.

In accordance with Evans v. Newton 382 U.S. 296; 86 S. Ct. 486; 15 L. Ed. 2d 373; 1966 U.S. LEXIS 2530 Supreme Court of the United States November 9-10, 1965, Argued; January 17, (1966), "When private individuals or groups are endowed by the state with powers or functions governmental in nature, they become agencies or instrumentalities of the state and subject to its constitutional limitations." Thus, because Mr. Kimbark is a government contractor with an Oath to the New Hampshire Constitution, he is liable to the same constitutional limitations. Mr. Kimbark paid an

attorney in an attempt to deprive Plaintiff of Natural and Unalienable and Prerogative Rights, certainly due process of law and equal protection of the law. Their actions prove their intentions.

Evans also decided; "Conduct that is formally "private" may become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." Mr. Kimbark need not even appear, both he and Mrs. Kimbark allow the mother ((Ms. Kimbark) and child (PH). When Mr. Kimbark was a private citizen, his oath was moot. Once he used that in this jurisdiction, he opened the gates of his past and identified as a government agent. Of course he has the same state and federal constitutional restrictions and as important, oath to honor and defend and protect both constitutions.

Obviously the KIMBARK FAMILY said and wrote unsubstantiated defamatory statements to judges and gained the custody of the minor child. Plaintiff brought the original action to court because Ms. Kimbark denied him fair and equal access to the child. Parents have no right and no authority to deny a child to the other parent. It is cruel and unusual. To continue to lie and deny Plaintiff shows deliberate indifference. The order is void ab initio, because it is not based on any credible witness, it was done in fraud and Ms. Kimbark still does not testify under pains and penalties of perjury.

The KIMBARK FAMILY has only presented "conclusory" statements to the lower court. The KIMBARK FAMILY have proven themselves adverse witnesses. The lower court has no "actual conclusions" to work on. None of them even made a statement in the lower court under penalty of perjury so the judges had no credible witness and lacked judiciary authority. Therefore, to file an order which denied Plaintiff is a denial of due process and a denial of equal protection under the law.

## REQUEST FOR RELIEF:

WHEREFORE, Petitioner, Matthew-Lane: Hassell, a Propria Persona Sui Juris, respectfully demand and instruct that this Honorable Court, Honor and ORDER the following relief:

A.  Honor and grant Petitioner immediate 51/49 custodial grantorship of minor child with retroactive custodial parenting time to start immediately;

B.  Order both parties enjoy equal decision making responsibilities of child daycare and school and medical care, etc., and each party is to reimburse the other party for out-of-pocket expenses;

C.  Order an immediate Cease and Desist to the Bureau of Child Support Services wage garnishment and arrerages being sought against Petitioner and return all wages and arrearages unlawfully collected;

D.  I am requesting an amount in excess of Seventy Five Thousand Dollars;

E. Honor Petitioner's Summary Judgment of Punitive and Injunctive and Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725 (undisputed)) amount in excess of Seventy Five Thousand Dollars as damages. The 3 Judges (Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych) shall each be sanctioned with the following violations;

I.      For violating their oath of office and employment contract and authority. In failing to defend and protect the U.S. Constitution and the New Hampshire State Constitution and thereby injuring me;

II.      For violations of the U.S. Constitution and denying me due process of law (5th Amendment) and equal protection under the law (14th Amendment), I demand their employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

III.      For violations of New Hampshire State Constitution, Articles 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge and in accordance with Title 15 U.S. Code § 1 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

IV. For Federal and State Law violations Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych are to be sanctioned to the full extent of the law, as prescribed by Title 15 U.S. Code § 1 and Title 18 § 3571;

A.      NH Rev Stat § 643:1 Official Oppression;

B.      NH Rev Stat § 626:8 Criminal Liability for Conduct of Another I and II(a) and (b) and (c) and III(a);

C.      NH Rev Stat § 626:2 General Requirements of Culpability I and II(a) and (b);

D.      Title 18 U.S. Code § 241;

E.      Title 18 U.S. Code § 242;

F.      NH Rev Stat § 633:2 Criminal Restraint I;

G.      NH Rev Stat § 633:3 False Imprisonment;

H.      NH Rev Stat § 643:2 - Misuse of Information - II and III;

I.      Title 18 U.S. Code § 1513 - Retaliating against a witness, victim, or an informant;

    J.     Title 18 U.S. Code § 514 - Fictitious obligations;

    K.    Title 18 U.S. Code § 513 - Securities of the States and private entities - (a) and (b);

F. Devin Aileen Kimbark is to be sanctioned One Hundred Thousand ($100,000.00) U.S.D or to the fullest extent of the law, as prescribed by Title 18 § 3571;

    I.     NH Rev Stat § 633:2 Criminal Restraint I;

    II.    NH Rev Stat § 633:3 False Imprisonment;

    III.   Title 18 U.S. Code § 1513 - Retaliating against a witness, victim, or an informant;

    IV.   NH Rev Stat § 641:4 False Reports to Law Enforcement I and II;

    V.    NH Rev Stat § 644:11 Criminal Deformation I;

    VI.   Title 18 U.S. Code § 241;

    VII.  Title 18 U.S. Code § 242;

    VIII.  25 Code of Federal Regulations § 11.405 Interference with custody (a);

    IX.   New Hampshire Revised Statute § 633:4 - Interference With Custody I(a) and II(a);

    X.    Title 18 U.S. Code § 514 - Fictitious obligations;

G. Cheryl Kimbark and Mark Kimbark are to be sanctioned separately, One Hundred Thousand ($100,000.00) U.S.D or to the fullest extent of the law, as prescribed by Title 18 § 3571;

    I.     NH Rev Stat § 626:8 Criminal Liability for Conduct of Another I and II (a) and (b) and (c) and III (a);

    II.    NH Rev Stat § 626:2 General Requirements of Culpability I and II (a) and (b) and (d);

    III.   NH Rev Stat § 633:2 Criminal Restraint I;

    IV.   Title 18 U.S. Code § 1349 - Attempt and conspiracy;

    V.    New Hampshire Revised Statute § 633:4 - Interference With Custody I(a) and II(a);

VI.     NH Rev Stat § 641:4 False Reports to Law Enforcement I and II;

VII.    NH Rev Stat § 644:11 Criminal Deformation I;

VIII.   Title 18 U.S. Code § 241;

IX      Title 18 U.S. Code § 242;

X.      25 Code of Federal Regulations § 11.405 Interference with custody (a);

XII.    Title 18 U.S. Code § 514 - Fictitious obligations;

H.  Honor and Grant any such further relief as justice may require.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

VOID WHERE PROHIBITED BY LAW
ALL RIGHTS RESERVED WITHOUT PREJUDICE 1-308

Date: 28th of February, 2024

Matthew-Lane: Hassell

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

   Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991).  Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA.

# SUPPLEMENTAL AFFIDAVIT (20 Pages)

Comes now Matthew-Lane: Hassell, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity.

This Affidavit is to be entered into evidence at the earliest possible opportunity. Judges can either act administratively or judicially. It is a maxim of law; "It matters not what is known to the judge, if it is not known to him judicially." 3 Buls. 115 Non refert quid notum sit judice si notum non sit in forma judici. So, if nothing is entered into evidence, the judge must only act administratively and of course will decide in favor of the state and against my interests.

Plaintiff hereby puts all People and persons on legal and lawful NOTICE that I hereby void and terminate all past and present powers of attorney. According to Corpus Juris Secundum Chapter 7 Section 76 Attorneys have a dual obligation, their first duty is to the courts and the public, only when those are satisfied, do they have a duty to the client. With that in mind, I will hold court in Persona Propria Sui Juris. This case is quite simple. This matter has been criminal (emphasis added) from the start.

In regards to the judicial defendants, from the beginning, Judge Todd H. Prevett (9th Circuit - Family Division - Derry) set "ORDERS" against Mr. Hassell on claims and "accusations" by Ms. Kimbark through and by her Attorney Jennifer L. DiTrapano. This is the first count and violation to N.H. RSA 643:2 Misuse of Information II and III. These accusations were not under penalty of perjury, as well as these claims were not in the form of an affidavit, and therefore, was nothing more than hearsay. The Judge did not allow due process protected under the 5th amendment to set any "ORDER", besides 50/50 (equal) custodianship, under the protection of the 14th amendment equal protection under the law, thus injuring Mr. Hassell. This is the first count and violation to N.H. RSA 643:1 Official Oppression. Which deprives the judge of "jurisdiction". Making this a Federal question. The judge also changed "VENUE", to the 10 Circuit - Family Division - Derry Court, based upon the fraudulent and hearsay claims by Devin Aileen Kimbark, through and by her Attorney Jennifer L. DiTrapano, which deprives the following court of jurisdiction. Furthermore, in the "original" civil complaint (Case No. 656-2022-DM-00737, 14th of November, 2022), Mr. Hassell filed in the 10th Circuit - Family Division - Manchester Court, Mr. Hassell explicitly stated "this matter is to be handled as constitutionally as possible. This matter has been handled ever since counter to such "constitutionally as possible." Instead the judges have ignored their Oath to the Constitution (State and Federal) and waged war against it.

Further injuring Mr. Hassell, Judge Michael L. Alfano denied Mr. Hassell at least three times for an evidentiary hearing, continuing to deprive Mr. Hassell of PH and depriving PH of Mr. Hassell, thus denying Mr. Hassell (as well as PH) the protections of the fifth and fourteenth amendment, depriving the judge of authority. Judge Michael L. Alfano, after multiple complaints by Mr. Hassell, "recused" himself based upon Mr. Hassell's reasoning of the Judge's bias and prejudice, amongst other complaints. **Nisselson v. Lernout 469 F.3d 143;**

**2006 U.S. App. LEXIS 27562; 47 Bankr. Ct. Dec. 89 United States Court of Appeals for the First Circuit (2006), Decided No. 05-1774.**

The court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor."

Judge Kerry P. Steckowych (who should know the laws), further injured Mr. Hassell, knowing the previous judge "disqualified/recused" himself, should have immediately set/"ORDERED" an evidentiary hearing. Mr. Hassell put in several "MOTIONS" and prayers for relief, challenging the judges "ORDERS" and jurisdiction and demanding and instructing the judge to prove such and/or change "VENUE" to the U.S. District Court. Judge Kerry P. Steckowych denied to prove such, depriving him of authority. Furthermore, Judge Kerry P. Steckowych admitted, on the record, in the hearing held on the 17th of July, 2023, that he had not read the case file, further depriving him of authority. **Fothergill v. United States 566 F.3d 248 *; 2009 U.S. App. LEXIS 10938 United States Court of Appeals for the First Circuit May 21, 2009, Decided No. 08-1365, No. 08-1951.**

The court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor."

Additionally using the standard of the 12 (b), (6) rule.

In regards to the Kimbark defendants, the Kimbark defendants on the 12th of November, 2022, made false claims (report) to law enforcement, and asserted Mr. Kimbark's position within the government to entice law enforcement, to assist Ms. Kimbark, to take PH from her family domicile, thus conspiring to commit act/s against Mr. Hassell injuring him, as well as PH. The Kimbark defendants have committed many tresspasses injuring Mr. Hassell, as well as PH in their conduct after the fact, causing Mr. Hassell mental anguish and emotional distress and financial abuse and vexatious litigation.

**Rogers v. Garner United States District Court for the District of New Hampshire February 15, 2017, Decided; February 15, 2017, Filed Civil No. 16-cv-520-JL.**

federal courts are required to abstain from enjoining ongoing state court proceedings absent **extraordinary circumstances.** . . . Under Younger, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates [certain] important state interests and [*6] (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims."

Rogers filed for: claims of discrimination and/or due process violations in the state proceedings. Not redress of government.

Rogers has failed to make a sufficient showing of bad faith or other extraordinary circumstances that would warrant this court's exercise of its equitable powers in a manner that would alter the orders issued in that case. Rogers's claims asserted against Judge Garnerconcern judicial acts.

The denial of fair and equal access to the minor child was not a judicial act. As it mentions in the paperwork, it was based on hearsay, not an affidavit and without evidence. So the judges must prove that such action is within the

authority of their job description, which they have not. Additionally, Rogers supra failed to prove due process violations. In Plaintiff's attachments Plaintiff did prove due process violations by each of the judges.

**Rogers v. Garner Civil No. 16-cv-520-JL Reporter 2017 U.S. Dist. LEXIS 36237 United States District Court for the District of New Hampshire February 15, (2017).**

"Dismissing action attempting to interfere with divorce proceedings." There was no marriage, this is a strict custody hearing. In over a year the Plaintiff here is only allowed 2 hours a week supervised visits without cause. Plaintiff was ordered to receive an increase in time of 2 hours every 3 months and after over a year still only allowed the 2 hours. No affidavits against him, no evidence he is unfit.

Once the judges did violate their oath to defend and protect the New Hampshire Constitution et al and U.S. Constitution et al, once they did violate Canons of Law and violate State Laws (New Hampshire Revised Statutes hereinafter known as N.H. RSA) and federal laws (United States Code Annotated, hereinafter known as U.S.C.A.) they no longer represented the government. It did not take all of these violations listed in the pleadings, but rather only one violation to deprive the judge(s) of their authority to act. Their ORDER(S) are void (VOID AB INITIO) and the court no longer can hear the case, which opens the door to the change of venue to the U.S. Court. **Dr. Jaime Viqueira v. First Bank et al,140 F.3d 12 \*; 1998 U.S. App. LEXIS 6550 \*\*; 40 Fed. R. Serv. 3d (Callaghan) 618 United States Court of Appeals for the First Circuit March 30, 1998, Decided No. 97-2127.**

"Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed."

Additionally using the standard of the 12 (b), (1) rule.

The issue was no longer one of a father's right to his child but became a Federal Question, vesting the U.S. Court (Federal Court) with jurisdiction pursuant to 28 U.S. Code 1331 - Federal Question, The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. **Acosta-Ramírez v. Banco Popular de Puerto Rico 712 F.3d 14 \*; 2013 U.S. App. LEXIS 6813 \*\*; 20 Wage & Hour Cas. 2d (BNA) 810; 2013 WL 1320411, United States Court of Appeals for the First Circuit April 3, 2013, Decided No. 12-1887.**

The courts subject-matter jurisdiction must be addressed before addressing the merits of a case.

The U.S. District District of New Hampshire Court has personal jurisdiction over the Defendants. Mr. Hassell has filed an affidavit, which implicates each of the judges in multiple constitutional violations of State and Federal Constitutions, and multiple violations of State and Federal Laws (N.H. RSA and U.S.C.A.) as well as violations of Canons of Law and Rules of Civil Procedure, which left Mr. Hassell an injured and aggrieved party. Mr. Hassell has filed an affidavit which implicates each of the family members have committed acts of libel and defamation of character in order to justify Ms. Devin Kimbark being granted sole custody without any proof of claim.

**Bell Atl. Corp. v. Twombly 550 U.S. 544; 127 S. Ct. 1955; 167 L. Ed. 2d 929; 2007 U.S. LEXIS 5901; 75 U.S.L.W. 4337; 2007-1 Trade Cas. Supreme Court of the United States November 27, 2006, Argued ; May 21, (2007).**

(CCH) P75,709; 68 Fed. R. Serv. 3d (Callaghan) 661; 20 Fla. L. Weekly Fed. S 267; 41 Comm. Reg. (P & F) 567.
"State a claim to relief that is plausible on its face."
"Factual allegations must be enough to raise the right to relief above the speculative level."

Plaintiff has raised a Federal question, not only New Hapshire Constitution et al, and U.S. Constitution et al, violations as well as State law and U.S.C.A. (United States Code Annotated a.k.a. Federal Law) violations. The case must proceed in accordance with U.S.C.A. Title 28 Section 1331. **Ashcroft v. Iqbal 556 U.S. 662; 129 S. Ct. 1937; 173 L. Ed. 2d 868; 2009 U.S. LEXIS 3472; 77 U.S.L.W. 4387; 2009-2 Trade Cas. Supreme Court of the United States December 10, 2008, Argued; May 18, (2009).** "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."


## Plaintiff's RESPONSE to REPORT AND RECOMMENDATION;

**1. 2021 WL 4847901 Only the Westlaw citation is currently available. United States District Court, D. Maine. U.S. BANK N.A., AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4, Plaintiff, v. Diane JANELLE, Shane Janelle, and Stephen Monaghan, Defendants. No. 2:20-cv-00337-JAW (2021).**

The Defendants say that this Court's orders are "void for want of cause of action: no evidence of purported movant standing to grant jurisdiction to court for want of proof of possession and ownership of the mortgage note with the endorsement and the mortgage with the endorsement for compliance to Maine Title 14 § 6321 to commence either BIDDC-RE-16-090 and 2:20-cv-0037-JAW." Id. (emphasis in original). If the Magistrate Judge cannot comprehend a simple Claim for Damages, it is perhaps from all the rules like these, which confuse non-lawyers. The Defendants come into 2 groups, each relying on the participation of the other. This is an oversimplified timeline.
1) If Defendant, Ms. Kimbark did not lie and misrepresent the Plaintiff in lower court proceedings, the judges would have had no choice but to properly follow court protocol and schedule hearings before a significant deprivation of rights occurred and thus afford both parties "due process of law" and "equal protection of the law." At that point nobody did anything wrong except Ms. Kimbark.
2) Then, the remainder of the Kimbark family (Mr. Mark Kimbark, a.k.a. Mr. Kimbark and Mrs. Cheryl Kimbark a.k.a. Mrs. Kimbark) gave aid and comfort when they allowed Ms. Kimbark and the minor child to move into their house (residence). All safe and proper.
3) It was not until Mr. and Mrs. Kimbark chose to pay for an attorney on behalf of Ms. Kimbark, that they took an active part in financing and giving safe haven to a reported liar. The adults (Mr. and Mrs. Kimbark) knew Ms. Kimbark did not have sufficient reason nor authority to deprive the father of rights to the child; **Penalbert-Rosa v. Fortuno-Burset 631 F.3d 592; 2011 U.S. App. LEXIS 1780; 31 I.E.R. Cas. (BNA) 1297 United States Court of Appeals for the First Circuit**

**January 28, 2011, Decided Nos. 09-2391, 10-1410.**
"an adequate complaint must include not only a plausible claim but also a plausible defendant."

2. Point 1 (page 1 of 12) begins by the Magistrate wrongfully stating, "The punctuation plaintiff uses in his name, as well as several of his arguments, are hallmarks of a "sovereign citizen".
        Mr. Hassell does not understand what the lawful definition is for "sovereign citizen". Magistrate Judge Andrea K. Johnstone fails to describe without being vague and deceitful and ambiguous, what arguments she is referring to.

3. In point 1 (page 1 of 12), it appears, Magistrate Judge Andrea K. Johnstone attempts to liable me as a so-called "sovereign citizen", the same distasteful tactic Judge Michael L. Alfano has attempted to use, in the hearing held on the 22nd of March, 2023, to gain a strategic advantage and distaste for the plaintiff. This strategic advantage, to injure the plaintiff is called "CAPITE MINUTUS" (to lose status and/or legal attributes). As I have stated within the State Court (10th Circuit - Family Division - Derry), the term "sovereign citizen" as I understand it, is an oxymoron. Let the record be clear on this matter, I, Matthew-Lane: Hassell, never have claimed to be a "sovereign citizen" and any who attempts to call Mr. Hassell such, is attempting to injure Mr. Hassell.

4. I must ask the Court to clarify, for the record, are the people of this state not sovereign as confirmed by Chief Justice Grimes, in 108 N.H. 386? "The general court finds that the authority of the department of safety is limited to only the commercial users of the public ways and that the corporate state employees have, by their silence, failed to fully inform the sovereign people of this state that an automobile has been confirmed by Chief Justice Grimes, in 108 N.H. 386, to be "private property" defined by current RSA 382-A:9-109, as "household goods" and "consumer goods" not for commercial use or for profit or gain. Further, the courts have found that corporate public servants who ignore their accountability as mandated in Article 8, N.H. Bill of Rights have by their silence and failure to fully inform the sovereign people of the consequences arising from the corporate "offer to contract," is deemed silent deception and inducement by fraud".

5. Furthermore, I must ask the Magistrate to clarify this for the record; even if one does claim to be a "sovereign citizen", does that exclude an individual from the protections of the New Hampshire Constitution, as well as the protections of State and Federal laws and Statutes? Would such a claim diminish or vanquish an individuals God-given; prerogative and unalienable and natural rights, and change one's conditions from freedom to one of slavery? Which ever way (method) is to my best benefit is the way the courts should always construe their decisions in accordance with *Byars vs. United States, 273 U.S. 28, 47 S.Ct. 248 (1927). **Jarvis v. Vill. Gun Shop, Inc. 805 F.3d 1 *; 2015 U.S. App. LEXIS 18946 United States Court of Appeals for the First Circuit October 30, (2015).** Governmental action is also a required element of a claim under the New Hampshire Constitution.

6. Magistrates REPORT AND RECOMMENDATION lacks substance. While Defendants may have insinuated Plaintiff is or claims to be a "sovereign citizen" it

is not anywhere in the record that Plaintiff makes such claims. None of the Defendants made their accusations under oath and none of them made the accusations under pains and penalties of perjury. Therefore, the Federal Magistrate should treat them as the hearsay and defamation they are; notwithstanding in law. The controversy is; I do not believe the Defendant's have standing to withhold rights to the minor child PH and they and each of them, believe they do have standing to continue to deprive me of Natural Rights (and more) to my minor child.

7. Within the first paragraph, of the first sentence, of the Background section to the Magistrate's REPORT AND RECOMMENDATION. The Kimbark defendants, gave false information by (electronic) telephone and/or in person, on the 12th of November, 2022, to deceive law enforcement in the performance of their official function (violations to NH Rev Stat § 641:4 False Reports to Law Enforcement A I and II and NH Rev Stat § 641:3 Unsworn Falsification I (b) (1) and 18 U.S. Code § 1001 - Statements or entries generally (a) (1)).

8. On the 12 of November, 2022, to gain an advantage and entice law enforcement to assist in depriving me of custodial rights to our 3 week old infant child (PH). Child support and "visitation" were not applicable at this point. This is the beginning (slippery slope/footing in the door/substantial step) (first count) to violation to 25 Code of Federal Regulations (here and after known as CFR) § 11.405 Interference with custody - and New Hampshire Revised Statute (here and after known as N.H. RSA) § 633:4 - Interference With Custody I (a) and II (a), to take PH out of the State of New Hampshire.

Although, it is noteworthy, it appears, even Magistrate Judge Andrea K. Johnstone can point out the conclusion to the strategic advantage the Kimbark defendant's conduct was seeking to gain against plaintiff in doing these acts, and that is to gain a strategic advantage to deprive plaintiff of custodial rights and to seek "supervised visitation" and non-consenting and non-voluntary forced child support which is fraud in violation of (Social Security Act SEC. 403. U.S.C. Title 42 Section 603 2 I (bb)) and NH Rev Stat § 506:3 all while depriving Mr. Hassell of equal parenting time to PH.

Furthermore, as prescribed by N.H. RSA 626:7 Defenses; Affirmative Defenses and Presumptions I (a) and (b) and II (a) and (b), neither the state or the defendants (or their council) has rebutted/disputed any affidavit Mr. Hassell has submitted, and none of the defendants or their council has submitted their own counter affidavit, and none of the defendants have entered anything under the penalty of perjury, and neither the state or the defendants (or their council) have disproven beyond a reasonable doubt or a preponderance of evidence to establish the burden of defense to the claims plaintiff is seeking against the defendant(s). Therefore, this matter must be granted summary judgment as a matter of law in Mr. Hassell's favor or be submitted to the jury, and the seventh amendment to the U.S. Constitution demands it. Also see LaLonde v. County of Riverside, 204 F.3d 947 (9th Cir. 2000).

9. In these initial act(s) on the 12th of November, 2022, (to current) by the Kimbark defendants, while PH was on medical assistance (Medicaid), would be when the neglect and emotion and mental abuse to PH was initiated, by depriving PH of the

love and care and compassion and upbring by her father, and furthered as exploitation of a child (PH) through the Courts by the Kimbark defendants pursuant to TITLE LV 546-A:7-a I. (b) Medical Assistance Recipient; Notice of Petition for Spousal Support. Although PH is a vulnerable minor child and not an adult, the effect is still substantial and the same. This has led Mr. Hassell (as PH father) to fear for PH safety and well-being, mentally and emotionally. If this abuse is to be sustained and allowed to continue to PH, PH will grow up in an environment that leaves her at great risk to grow up and manifest into her own state of vulnerable and self-neglect mindset and care. That is clearly not in the best interest of PH or any child. I have provided studies and statistics within the State Court and my pleadings and filings on record will prove this. These studies and statistics have been provided to the Kimbark defendants, through and by MS. Kimbark's Attorney (that Mark Kimbark (principal of the Kimbark defendants household) and Cheryl Kimbark (agent of the Kimbark defendants household) finance or as they have admitted, "spent a small fortune on") proving their ("probative" of control) in that matter and not one of the Kimbark defendants (or the Attorney in the State Court) or Judges (judicial defendants) have cared for the best interest of the child, even with all the evidence to such and they all have knowledge of.

10. This would allow this Court to modify the parental rights and responsibilities pursuant to 461-A:11 (b) and (c) until the jury can decide. 461-A:11 Modification of Parental Rights and Responsibilities. – I. The court may issue an order modifying a permanent order concerning parental rights and responsibilities under any of the following circumstances:

(b) If the court finds repeated, intentional, and unwarranted interference by a parent with the residential responsibilities of the other parent, the court may order a change in the parental rights and responsibilities without the necessity of showing harm to the child, if the court determines that such change would be in accordance with the best interests of the child.

(c) If the court finds by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment.

11. The Kimbark defendants returned to the State of New Hampshire, to Mark Kimbark and Cherl Kimbarks' (here and after known as MR. Kimbark and Mrs. Kimbark) home. The Kimbark defendants continue to knowingly and willingly and recklessly detain and/or conceal PH from Mr. Hassell, making Mr. Kimbark and Mrs. Kimbark libel and culpable, in the entirety of this matter, pursuant to N.H. RSA 626:8 Criminal Liability for Conduct of Another I and II (a) and II (a) and (b) and (c) and III (a) and IV and VII and N.H. RSA 626:2 General Requirements of Culpability I and II (a) and (b) and (d).

12. The Kimbark defendants have enlisted (enticed and solicited with pecuniary interest pursuant to N.H. RSA 629:2 Criminal Solicitation I and III) Attorney (Officer of the Court) Jennifer L. DiTrapano (agent of the Kimbark defendants and the Courts), to attempt pursuant to N.H. RSA 629:1 Attempt I and II, and continue to

attempt, and conspire to make fraudulent and deceptive and manipulative claims and allegations, and to libel and slander and defame my good name, and to contest for denial of the fifth amendment (due process of law/evidentiary hearing) and fourteenth amendment (equal protection under the law/equal custody/equal standards) within the State courts. These act(s) deprived Mr. Hassell of his custodial/natural/human rights protected within the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by the first and fifth and ninth and fourteenth amendments as Stare Decisis and cited by Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985).

13.Therefore, even Attorney Jennifer L. DiTrapano could be equally liable and culpable in the entirety of this matter, assuming she also has an Oath to uphold the Constitutions, and laws (Federal and State).

14.The State Judges (judicial defendants), as well as the Federal (Magistrate Judge Andrea K. Johnstone and all others involved in this controversy), have the responsibility (duty) to respect and "protect" persons from violations of Federal Constitutional rights as cited by Gross v. State of Illinois, 312 F 2d 257; (1963). The Kimbark defendants through and by the solicited (agent) Officer of the Court Jennifer L. DiTrapano, has abused the courts to conspire and deprive me of rights under the color of law, violations to Title 18 U.S. Code § 241 - Conspiracy against rights and Title 18 U.S. Code § 242 - Deprivation of rights under color of law as well as N.H. RSA 629:3 Conspiracy I and II. **Klimowicz v. Deutsche Bank Nat'l Trust Co. 907 F.3d 61; 2018 U.S. App. LEXIS 29545 United States Court of Appeals for the First Circuit (2018).** The application of the doctrine turns on whether the plaintiff's federal suit is "in effect, an end-run around a final state court judgment", Plaintiff claims that once a state officer violates his oath or employment contract he no longer represents the government and therefore each and every of the orders are a nullity.

15.In the concluding sentence to the first paragraph, of the background section, it states "He asserts that, as a result of the defendants' acts, he is allowed only two hours per weekend day of supervised visitation, and was ordered to pay "the highest amount of child support prescribed by law." This again is a misrepresentation of the facts. The State Court ordered the two hours per weekend day of supervised visitation (by the Kimbark defendants), on a progressive scale of an additional two hours per weekend day in the hearing held on the 22nd of March, 2023. Ms. Kimbark along with the other Kimbark defendants' have refused and not complied with the progressive visitation scale once. 11 months after that initial ruling, Mr. Hassell is still only allowed "visitation" for two hours per weekend day. This is a violation of the court order by the Kimbark family.

The "child support ORDER" (evidence of indebtedness), is not a valid legal order of support or judgment, without being given due process (5th amendment) and equal protection under the law (14th amendment), or the right to be heard pursuant to RSA 458-A:5 and is VOID AB INITIO on its face. The "child support ORDERS" appears to be a fictitious obligation of an agreement to private securities pursuant to Title 18 U.S. Code § 514 (a) (1) and (2) and (3) and 18 U.S. Code § 513 - Securities of the States and private entities (a) and (b), to scheme and defraud

Plaintiff pursuant to Title 18 U.S. Code § 1341 - Frauds and swindles and Title 18 U.S. Code § 1349, of Plaintiff's tangible property (legal tender/bills), under the guise of the best interest of the child that the state-court "ORDERED". Which was then passed and/or mailed to Ms. Kimbark. Ms. Kimbark then presents this so-called "ORDER" to the Department of Health and Human Services - Bureau of Child Support Services (sub-agents of the judiciary agents and agents of the Courts/State/Counties/municipalities) (here and after Known as BCSS and/or CPS). Then BCSS used (passed and/or mailed and/or other electronic communication), and threatened and intimidated, to impose fees/sanctions and/or license restrictions of non-compliance, to whom Mr. Hassell earns his wages, to seize Mr. Hassell's property (wages). It is my understanding this would accumulate to fraud of various flavors. This would be for the triers of facts to decide.

With that being said, I ask the Court to subpoena from the State of New Hampshire the certification pursuant to SEC. 402. [42 U.S.C. 602] (6), and what enforcement standards and procedures that I can, and/or the State will/shall take to further investigate and charge (hold accountable) these act(s) of fraud and abuse and possible kickbacks. **HippoPress, LLC v. SMG, 150 N.H. 304 (2003).** Terminated employee's action against his employer was dismissed where his state law claims were preempted by the Labor Management Relations Act (LMRA) and his constitutional claims failed because he had not alleged that his former employer was a state actor (or that it was acting in concert with a state actor) when it terminated his employment.

16. It is also my understanding that the lower/inferior District Courts are not acting with personal and subject and subject matter jurisdiction to make such "ORDERS". Plaintiff has entered multiple jurisdictional challenges into the Court that no medium of response reasonable under the circumstances to prove jurisdiction has been given. The Court through and by their agents (judicial defendants) has denied to prove such jurisdiction violating the Code of Judicial Conduct 1.1 and 1.2 and pursuant to Title XLII 458-A:6 Priority. Also see 458-A:8 and 458-A:12 III.

17. Furthermore, all of the claims and accusations (so-called evidence) in the entirety of this matter, entered into the State Court, through and by Attorney Jennifer L. DiTrapano, has been from the mind of the client and is completely baseless and self-serving and has not demonstrated any documentation, beyond mere conclusory accusations, to prove it has any air of reality. Attorney Jennifer L. DiTrapano should not have submitted any evidence, she is either an attorney or a witness as cited by **Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964).** 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

18. The filings and pleadings on file to Case Number 656-2022-DM-00737 shall prove such with evidence, as well as Doc. No. 17 Att: 1 and 2 Exhibits (undisputed). Therefore, the severability clauses Pursuant to 546-B:59 Severability Clause and 458-A:40 Severability Clause this would sever (VOID AB INITIO) "ORDERS" within the State Courts and/or contracts with BCSS. Also pursuant to 458-B:7, Mr.

Hassell was not given an adequate opportunity to contest such "ORDER" within BCSS. Mr. Hassell did certify mail two representatives/employees/agents (Mary Rose and/or Betty Raymond) of BCSS multiple times to contest and no medium of response reasonable under the circumstances was had. Mr. Hassell even spoke to Betty Rose by telephone requesting a hearing and Mr. Hassell was told by Mary Rose she would forward Mr. Hassell's request to the "legal team." Yet, knowing Mr. Hassell was seeking accountability in this matter, the Courts (judicial defendants) and/or BCSS continued this extortion scheme and retaliated against Mr. Hassell, the witness and victim in violation of Title 18 U.S. Code § 1513 and possibly other various flavors of Title 18 Chapter 73 Obstructions of Justice by the judicial defendants by denying and/or rejecting and/or returning Mr. Hassell's pleadings and prayers, to which they are all equally liable and culpable. **Douglas v. Hirshon 63 F.4th 49; 2023 U.S. App. LEXIS 6799 United States Court of Appeals for the First Circuit March 21, (2023).**
This is moot. Plaintiff concedes that no wire fraud can be proven to exist at this time, but reserves his rights to bring future claims if such can be proven and noticed (due process to respond). Bank fraud in violation of U.S.C.A. Title 18 Section 1344 and Securities fraud in violation of Title 18 Section 1348.

19. The Judicial defendants violated their employment contract (Oath of Office and Code of Judicial Conduct (here and after known as CJC) , depriving and denying Mr. Hassell constitutional protections of the 5th amendment due process of law by denying Mr. Hassell an evidentiary hearing and 14th amendment equal protection under the law by denying Mr. Hassell equal custody and equal standards until evidence was founded upon, beyond mere conclusory allegations, and a final judgment can be made. The Judicial defendant Todd H. Prevett denied Mr. Hassell the right to be heard in accordance with CJC 2.6, after I was unable to appear at the hearing held on the 30th of November, 2022, and denied an opportunity to reschedule. Mr. Hassell has not been given the opportunity to be heard by the Courts or BCSS, and the Court has denied to prove its jurisdiction ever since. Therefore, the "ORDERS" are not conclusive and are Prima Facie evidence of fraud. Which would invalidate and severe the enforcement by BCSS. Answering on the challenge of the Rooker-Feldman Doctrine:

**Lance v. Dennis 546 U.S. 459; 126 S. Ct. 1198; 163 L. Ed. 2d 1059; 2006 U.S. LEXIS Supreme Court of the United States February 21, (2006). Also; Rossi v. Gemma 489 F.3d 26; 2007 U.S. App. LEXIS 12534 United States Court of Appeals for the First Circuit May 31, 2007, Decided No. 06-2020, No. 06-2021.**
        The district court regarded the § 1983 actions as simply a re-litigation of the battle the property owners had already lost and dismissed the claims. The Younger doctrine is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings. Abstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding;
        The moment the first judge and each judge violated his oath of office (to defend and protect the New Hampshire Constitution et al, and/ or the United

States Constitution et al, and/ or employment contract (Canons of Law) and/ or violates state laws (statutes) and/ or Federal Laws (U.S.C.A.) and/ or exceeded his authority; he no longer represents the government (Brookfield Construction Co. v. Stewart 339 F.2d 753, 119 U.S. App. D.C. 254 (1964) and therefore, there is no ongoing litigation in the state courts. According to the Plaintiff in his Affidavit, all 3 judges have violated some of the above provisions listed in the Claim for Damages. The Claims which the Plaintiff made, must be disproven by the Defendants or it must be accepted as true in accordance with Group v Finletter, 108 F. Supp. 327 (1952) in which it was decided; "Defendant(s) have filed no counter affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A."

(2) that implicates an important state interest;

(3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.

To deny this claim is to deny justice. Ms. Kimbark has even provided evidence to the court, along with her MOTION TO DISMISS Doc. No. 15 - Att:1 Police reports, which prove Ms. Kimbark lied about Mr. Hassell's character (amongst other lies) and the judges have denied Plaintiff an opportunity to be heard. That is the crux of the problem, the judges cannot play both sides of the fence.

20. By denying Plaintiff his opportunity to a fair hearing, is proof positive, prima facie, clear and unambiguous violations of due process. If Plaintiff cannot be heard by the judge then, neither can Ms. Kimbark and then just as Plaintiff contends, the judges have nothing to substantiate their denial of the minor child from the Plaintiff, which all 3 Defendant Judges have done. Rooker-Feldman doctrine in not applicable. In the quote offered, the case is denied because it challenges federal constitutional issues.

21. Plaintiff claims the Rooker-Feldman doctrine denies redress of government, which is protected by both New Hampshire Constitution Section 1, Art. 10. [Right of Revolution.] "Government being instituted for the common benefit, protection, and security, of the whole community, and not for the private interest or emolument of any one man, family, or class of men; therefore, whenever the ends of government are perverted, and public liberty manifestly endangered, and all other means of redress are ineffectual, the people may, and of right ought to reform the old, or establish a new government. The doctrine of nonresistance against arbitrary power, and oppression, is absurd, slavish, and destructive of the good and happiness of mankind." and the U.S. Constitution 1st Amendment, and therefore must be stricken from the record because it is void ab initio in accordance with Article 6 Clause 2 of the U.S. Constitution. Prove Plaintiff was allowed due process. Prove Plaintiff was afforded equal protection under the law. Prove the court protected the natural rights of the Plaintiff to the care and custody of the minor child. This is a federal issue because the state courts in every city in the United States unjustly deny rights based on hearsay.

A doctrine a lawyer wrote to oppose another lawyer in court and thereby deny the oppositions right to redress is a fraud upon the court. The RF doctrine is void on it's face. It's just because the BAR will not sue the BAR because they each have a superior duty to the court and not to the client (as mentioned in the Claim for Damages) in accordance with Corpus Juris Secundum Volume 7

Attorney and client (section) § 76 and so the BAR made a decision that the BAR can decide the BAR cannot sue the BAR because the BAR says so.

As government unless the Defendants file a counter Affidavit, the Defendants simply have no say whatsoever. It is a matter of Stare Decisis Non Rebutted Affidavits are "Prima Facie Evidence in the Case in accordance with U.S. v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). It was also decided; [28]Affidavits are often the only supporting evidence for the issuance of a search or arrest warrant, which, as noted above, requires a higher standard of proof. Affidavits alone should therefore certainly be sufficient to prove a prima facie case in summons enforcement proceedings. I understand there is a difference between Kis supra and these issues but the underlying issue is the same. In Kis supra, the Defendant could file a counter-affidavit and then it would be up to the judge to decide which of the 2 (TWO) Affidavits is more plausible. Then and only then can the judge decide which is "truth." Without a counter-affidavit, which is the case here, the judiciary is bound to decide in favor of the Affiant.

22. In the REPORT AND RECOMMENDATIONS, Standard of Review, first paragraph, it cites "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." The facts are not just well-pleaded, to draw all reasonable inferences in Mr. Hassell's favor, by the evidence provided (Doc. No. 17, attachment 1 Exhibit - State of NH, NH Circuit, 10th Circuit - Family Division - Derry filings) factual evidence of 43 pages of Court filings has already been entered into the Court of constitutional violation/s and Federal laws to sustain injury to plaintiff, and gives the Court subject matter jurisdiction. This appears to be nothing more than an arbitrary exercise of government powers, and further injures Mr. Hassell, financially and emotionally and mentally and deprives plaintiff and PH of a bonding parent/child relationship.

23.Furthermore, Mr. Hassell also brings claims that the Kimbark defendants constantly harass and retaliate and threaten and are interfering with the plaintiff and/or PH, during his "visitations". Mr. and Mrs. Kimbark have consistently allowed their other two minor children to be involved with the supervising of these "visitations". The Kimbark defendants have allowed another family member, that does not reside with them, to visit and sit with them to supervise these visitations. These visitations are at the Kimbark defendants residency. If Mr. Hassell is to be able to see PH, then Mr. Hassell is to be restrained and detained, a violation to N.H. RSA Section 633:2 and imprisoned violation to N.H. RSA § 633:3 and to go where Mr. Hassell does not wish to go and remain where Mr. Hassell does not wish to remain, which is the Kimbark Defendants residency. The Kimbark defendants have become more aggressive and hostile towards MR. Hassell during these visitations, specifically since the claim Mr. Hassell has filed against them (conduct after the fact in violation of Title 18 U.S. Code § 1513 and possibly other various flavors of Title 18 Chapter 73 Obstructions of Justice). The Kimbark defendants have shown they do not want Mr. Hassell at their home (see Doc. No. 11). This is not a safe environment for Mr. Hassell and PH. Mr. Hassell has done nothing to show cause why he would not be able to exercise the rights of a parent with PH. Mr. Hassell is not an absentee parent. Mr. Hassell did not abandon PH. Mr. Hassell is deprived of PH and PH is deprived of Mr. Hassell. As cited by Wise v. Bravo, 666 F.2d 1328, (1981). The rights of parents to parent-child relationships are recognized and upheld. Fantony v. Fantony, 122 A 2d 593, (1956); Brennan v. Brennan, 454 A 2d

901, (1982). State's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial; and visitation rights, is subject to scrutiny by federal judiciary within reach of due process and/or equal protection clauses of 14th Amendment...Fourteenth Amendment applied to states through specific rights contained in the first eight amendments of the Constitution which declares fundamental personal rights...Fourteenth Amendment encompasses and applied to states those preexisting fundamental rights recognized by the Ninth Amendment. The Ninth Amendment acknowledged the prior existence of fundamental rights with it: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The United States Supreme Court in a long line of decisions, has recognized that matters involving marriage, procreation, and the parent-child relationship are among those fundamental "liberty" interests protected by the Constitution. Thus, the decision in Roe v. Wade, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147, (1973), was described by the Supreme Court as founded on the "Constitutional underpinning of ... a recognition that the "liberty" protected by the Due Process Clause of the 14th Amendment includes not only the freedoms explicitly mentioned in the Bill of Rights, but also a freedom of personal choice in certain matters of marriage and family life." The non-custodial divorced parent has no way to implement the constitutionally protected right to maintain a parental relationship with his child except through visitation. To acknowledge the protected status of the relationship as the majority does, and yet deny protection under Title 42 USC § 1983, to visitation, which is the exclusive means of effecting that right, is to negate the right completely.

24.The Kimbark defendants have not and can not show, even by the standards of the State Court Order "parenting plan", which they wanted, and the Kimbark defendants do not uphold, to why Mr. Hassell is not able to exercise the progressive scheduled "visitation" with PH. Simply hostile or contemptuous parenting conduct and/or behaviors by the Kimbark defendants, is not good cause.

25.Mr. Hassell has tried to record these visitations for Mr. Hassell and PH safety, and for truth in evidence, to the conduct and behaviors and mentality of the Kimbark defendants and when Mr. Hassell does, the Kimbarks have either threatened to end Mr. Hassell's visit or has retaliated by ending Mr. Hassell's visits. This also leads by not only depriving Mr. Hassell of PH, but also deprives PH of Mr. Hassell, a loving and caring and compassionate father. This also creates mental and emotional abuse (injury) not only to Mr. Hassell, but PH as well. This is an obvious injury of mental and emotional child abuse. Mr. Hassell is searched upon entry of the Kimbark defendants residency, to ensure no recording of these behaviors and conduct can be identified (proven) with truth in evidence, before Mr. Hassell is allowed visitation. As stated above, this is an obstruction of justice count of various flavors, in retaliation and intimidation and threatening, to the claim filed (conduct after the fact) against the Kimbark defendants.

26.The Courts, through the lies of the Kimbark defendants, have conspired and along with BCSS, extorted tangible property and has put Mr. Hassell's safety in the hands of his accusers, with no form of redress or accountability. The Courts by the lies of the Kimbark defendants have allowed mental and emotional and financial abuse and vexatious litigation upon Mr. Hassell, as well as mental and emotional abuse upon PH. Again, this is child abuse (emphasis added). The Courts continue to put Mr. Hassell's safety at risk by not resolving this matter expeditiously and not

subjecting Mr. Hassell to "delay tactics" and/or an arbitrary exercise of government powers. **Tyler v. Supreme Judicial Court of Mass. 914 F.3d 47; 2019 U.S. App. LEXIS 2794 United States Court of Appeals for the First Circuit January 28, 2019.**
"Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."

As stated above there has been no "final state-court judgment", and there can be no judgment recognized, pursuant to the above stated violations. The Rooker-Feldman Doctrine is not applicable in this matter. There is no "absolute immunity" as the judicial defendants did not have jurisdiction. This must be given Summary Judgment as a matter of law, in Mr. Hassell's favor or go to the triers of fact (jury) expeditiously.

27. Mr. Hassell also assertively questions, as stated in point 1. Constitutional Claims "the Kimbark defendants are indisputably private actors." If this was true, then why do the Kimbark defendants continue to use Mr. Kimbarks position with the government? Why did Mrs. Kimbark assert to the Manchester Police Department on the 12th of November, 2022, on the dispatch phone call, her hearsay claims of that "Mr. Hassell disconnected Ms. Kimbarks battery in her (Ms. Kimbarks) vehicle (proven false by Law enforcement) …that her husband (Mr. Kimbark) was a government contractor and doesn't want to make anything worse and at the same time doesn't want to be in a place that could possibly, anything could happen and it's a he said, she said and then her husband's (Mr. Kimbark's) job would be in jeopardy…. Again, Mr. Kimbark himself asserted his involvement within the government (Doc. No. 11), making sure it is indisputably known Mr. Kimbark has ties within the government? Mr. and Mrs. Kimbark assert Mr. Kimbark's government position to their/counter defense. Now government actor, Magistrate Judge Andrea K. Johnstone claims (asserting a defense for the Kimbark defendants), "the Kimbark Defendants are indisputably private actors." That is contrary/counter to the assertions by Mr. and Mrs. Kimbark. Mr. Kimbark does work in the private sector of government and has for many years. Mr. Kimbark has already admitted this himself. Mr. Kimbark has a government securities clearance and his constituents, personally and professionally, are government actors. Mr. Hassell doesn't know if this constitutes "indisputably private actors" or not, but Mr. Hassell asserts, possibly even some constituents of Mr. Kimbark are involved in this matter. Although, Mr. Hassell does not have definitive proof of Mr. Kimbark's personal and/or professional government constituents' involvement in this matter. This may be a reason why the Kimbark defendants appear to have "absolute immunity" for their conspiratory act/s. **Goldstein v. Galvin 719 F.3d 16 *; 2013 U.S. App. LEXIS 11643 **; 2013 WL 2466861 United States Court of Appeals for the First Circuit June 10, (2013).**

Using the operator's name in the announcement was government speech and could not ground a First Amendment retaliation claim. Allowing the operator to weave a First Amendment retaliation claim out of something as mundane as an official's issuance of a true statement, not couched in inflammatory terms, about a matter of public concern, would trivialize the United States Constitution. It follows inexorably that a person sued only in his official capacity is neither identical to, nor in privity with, the same person sued in his individual capacity. The upshot is that a person who is sued in one capacity (whether official or individual) cannot assert a defense of claim preclusion in a later

action in which he is sued in a different capacity.

It is up to the civil officer to prove his actions of withholding a minor child from one parent or the other is a function of government. Since there is no Affidavit to shield the civil officers from liability, they are possibly civilly and criminally liable. In Goldstein Supra, the statements made were also deemed true, hence no liability. Here, in Hassell, there is no proof the statements were true, hence the civil officer is liable for his actions.

28. The REPORT AND RECOMMENDATIONS appear to not acknowledge the N.H. Bill of Rights to the N.H. Constitution Article 8 Accountability of Magistrates and Officers; Public's Right to Know. The public also has a right to an orderly, lawful, and accountable government. I am not seeking to appeal and/or a "end - run around" a final state decision, there is no final state decision. I am seeking civil damages for violations to Federal and State Constitutions, as well as Federal and State laws and Statutes violations, that all defendants are liable and culpable, for each other.

29. Although, by Fed. R. Civ. P. 60 Relief from a Judgment or Order (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;(4) the judgment is void; (6) any other reason that justifies relief and/or (d) Other Powers to Grant Relief. This rule does not limit a court's power to:(3) set aside a judgment for fraud on the court. Given the facts stated and FRCP 60 (3) and (4) and (6) and (d) (3), this Court can give relief of Judgment and the State Court Proceedings, which is further grounds for either the change of VENUE or Summary Judgment in Mr. Hassell's favor. As well as under Title 28 U.S. Code § 1361 (Action to compel an officer of the United States to perform his duty The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff) it is the duty of the U.S. District Court to allow Mr. Hassell redress of government.

30. Plaintiff has provided several rules, this Court may uphold as to relief for the fraud and fraud upon the Court and misrepresentation and/or misconduct and/or any other reason that justifies relief to include but is not limited to emotional and mental abuse of a child and/or financial and emotional and mental abuse and vexatious litigation, Mr. Hassell has endured, to have the natural and unalienable god-given rights as a parent upheld, to grant plaintiff his prayers for relief from the "ORDERS" of the State Court, until a final civil damages award can be made.
Rooker-Feldman doctrine is not applicable. It denies redress of government, which is protected by both New Hampshire Constitution and the U.S. Constitution and therefore must be stricken from the record because it is void ab initio in accordance with Article 6 Clause 2 of the U.S. Constitution. Prove Plaintiff was allowed due process. Prove Plaintiff was afforded equal protection under the law. Prove the court protected the natural rights of the Plaintiff to the care and custody of the minor child. This is a federal issue because the state

courts do this in every city in the United States.

Rooker-Feldman doctrine; A doctrine a lawyer wrote to oppose another lawyer in court and thereby deny the oppositions right to redress is a fraud upon the court. The RF doctrine is void on its face. It's just because the BAR will not sue the BAR because they each have a superior duty to the court and not to the client (as mentioned in the Claim for Damages) in accordance with Corpus Juris Secundum Volume 7 Attorney and client (section) § 76 and so the BAR made a decision that the BAR can decide the BAR cannot sue the BAR because the BAR says so.

As government unless the Defendants file a counter Affidavit, the Defendants simply have no say whatsoever. It is a matter of Stare Decisis Non Rebutted (undisputed) Affidavits are "Prima Facie Evidence in the Case in accordance with U.S. v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). It was also decided; [28]Affidavits are often the only supporting evidence for the issuance of a search or arrest warrant, which, as noted above, requires a higher standard of proof. Affidavits alone should therefore certainly be sufficient to prove a prima facie case in summons enforcement proceedings. I understand there is a difference between Kis supra and these issues but the underlying issue is the same. In Kis supra, the Defendant could file a counter-affidavit and then it would be up to the judge to decide which of the 2 (TWO) Affidavits is more plausible. Then and only then can the judge decide which is "truth." Without a counter-affidavit, which is the case here, the judiciary is bound to decide in favor of the Affiant.

31. Mr. Hassell has brought this issue to multiple departments/agents within the State of New Hampshire, to include but is not limited to the CJC Committee - Report Number - JC-23-073-G. It is my understanding the committee shall consist of one member and one alternate member who shall each be an active or retired justice of the superior court and one member and one alternate member who shall each be an active or retired clerk of court and who shall be appointed by the supreme court and one member and one alternate member who shall each be a New Hampshire Bar Association member and who shall be appointed by the president of the New Hampshire Bar Association and one public member and one alternate public member, who shall not be a judge, attorney, clerk of court, or elected or appointed public official, shall be appointed by the president of the New Hampshire Bar Association and one public member and one alternate public member, who shall not be a judge, attorney, clerk of court, or elected or appointed public official, shall be appointed by the supreme court and two public members and two alternate public members, who shall not be judges, attorneys, clerks of court, or elected or appointed public officials, shall be appointed by the Governor and one public member and one alternate public member, who shall not be a judge, clerk of court, or attorney, shall be appointed by the president of the Senate and one public member and one alternate public member, who shall not be a judge, clerk of court, or attorney, shall be appointed by the speaker of the House. On this count would not any judges and/or lawyers of the CJC Committee be in conflict and/or in violation of the CJC Rule 2.15 Responding to Judicial and Lawyer Misconduct and should have protected Mr. Hassell from violations of Federal Constitutional rights.

32. Therefore, just by the amount of government representation within the CJC

Committee and constituents and agents of the government of New Hampshire and their duties within this committee, that no medium of response reasonable under the circumstances was had, I have exhausted remedy.

33. In Section B. Judicial Defendants it states " Only judicial action taken in clear absence of all jurisdiction will deprive a judge of absolute immunity. As stated above and pursuant to the laws and statutes above, the judicial defendants do not, and did not have jurisdiction. The judicial defendants denied the Constitutions, they have a sworn Oath to uphold (it is presumed as well, the judges and magistrates of this Court swore an Oath to those Constitutions). The judicial defendants violated federal and State laws and Statutes. The Judicial defendants violated their employment contract of the CJC guidelines. The judicial defendants do not have "absolute immunity". This matter is for the trier of facts to decide. As cited by Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States". [Emphasis supplied in original] Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect.  The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner volatile of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." **Giuliano v. Fulton 399 F.3d 381; 2005 U.S. App. LEXIS 3745 United States Court of Appeals for the First Circuit March 7, (2005).** To state a RICO claim, a Plaintiff must allege 4 elements: 1) conduct; 2) of an enterprise; 3) through a pattern; of racketeering activity. A pattern of racketeering activity is "at least two acts… within ten years of each other" that "violate [ ] one of the federal laws specific in the RICO statute." The Supreme Court has identified two methods for establishing continuity. Under the "closed-ended" approach, continuity, is established by showing a series of related predicates extending over a substantial period of time that amount to a threat of continued criminal activity.
"…but may state a claim so long as the alleged racketeering acts themselves include a specific threat of repetition extending indefinitely into the future or are part of an ongoing entity's regular way of doing business."
This is because too few acts would suggest that the defendants were engaged in only "sporadic activity," and too short a period of time would suggest that defendants were not engaged in "long-term criminal conduct." Some cases, however, fall into a middle ground where the duration and extensiveness of the alleged conduct does not easily resolve the issue. In these cases, the court examines other indicia of continuity, including whether the RICO allegations concerns only a single scheme that is not far reaching. In such cases, courts

decline to find the requisite continuity.

Merely alleging that the defendant used a governmental body as a tool for facilitating a racketeering scheme that ultimately harmed the plaintiff is not enough to transform a narrow scheme into a broad and far reaching scheme for purposes of the Racketeer Influenced and CorruptOrganizations Act, 18 U.S.C.S. § 1961 et seq.

"According to Giuliano, the [**11] alleged conspirators have persisted in their misrepresentations [*386] to the state courts and to the Commission." How closely that statement applies to this case. Ms. Kimbark, with the aid of her mother and father (Mr. and Mrs. Kimbark) through their attorney, misrepresented the Plaintiff to the state courts [and to the Commission]" Because the RICO statute was only intended to reach long-term criminal conduct, "predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." See notes on RICO under 18 U.S. Code § 1961 – Definitions, listed below.

34. **Thibodeau v. Yazinski Case No. 17-cv-665-JD United States District Court for the District of New Hampshire June 18, 2018, Decided; June 20, (2018).**
"Child custody determinations are 'normal and routine' judicial acts" that trigger immunity.
What a fraud. Only when the judge obeys the Canons of Law, which these judges violated, Constitutional restrictions, which these judges violated, thus these judges have no immunity. Wrap your head around this, "The people created the government and one controls what they create. Therefore, the people have immunity superior to that claimed by the judiciary. Certainly, Thibodeau supra does not mean to implicate that a judge can deny a parent to the minor child without an in depth and thorough investigation, where both parties have been allowed a fair and unbiased hearing before a significant deprivation of rights is ordered."

35. I must ask the Court to clarify this for the record, is it "normal and routine judicial act/s" for the judiciary and/or judicial agents and/or the judicial defendants to war against the/their Oath to uphold the State and Federal constitutions and/or to violate Federal and/or State laws and Statutes and/or to violate the Code of Judicial Conduct? If this is an act of "normal and routine judicial act", as Magistrate Judge Andrea K. Johnstone appears to agree with, would this not be tyranny in the form of a tyrannical government? Would this not, if this is "normal and routine judicial act/s", by the rules and codes and statutes etc., allowing these violations to exist be a deliberate indifference to one parent or another and/or failure to properly train the judicial defendants? **Middlesex County Ethics Comm. v. Garden State Bar Association 457 U.S. 423; 102 S. Ct. 2515; 73 L. Ed. 2d 116; 1982 U.S. LEXIS 2638; 50 U.S.L.W. 4712 Supreme Court of the United States (1982).**This is covered extensively in Rossi supra.Additionally; HN5 The lawyer who is charged with unethical conduct in New Jersey may have counsel, discovery is available, and all witnesses are sworn. COMMENT: In the proceedings in question, Plaintiff (Mr. Hassell) was never afforded the same opportunity, to offer discovery and have Ms. Kimbark sworn (to tell the truth under pains and penalties of perjury), which is another example of due process violations.

The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims. COMMENT: Again, by denying due process of law, the state proceedings did not "afford an adequate opportunity to raise constitutional claims." Which is again, a denial of due process and equal protection. **Mandel v. Town of Orleans 326 F.3d 267; 2003 U.S. App. LEXIS 7097 United States Court of Appeals for the First Circuit April 15, (2003).** Vacating a preliminary injunction order concerning child custody under the Rooker-Feldman doctrine and noting that the doctrine generally prevents a parent from attempting to invalidate a child custody order in federal district court. Was that order even lawful? How often is generally? Did the people who presented those pleading use state constitutional issues? **Rooker-Feldman is at least quasi-jurisdictional, premised on the rule that among federal courts only the U.S. Supreme Court has authority to invalidate state civil judgments.**


**36. Cok v. Cosentino 876 F.2d 1; 1989 U.S. App. LEXIS 7407 United States Court of Appeals for the First Circuit May 26, (1989),** Judges have "absolute immunity from civil liability for any normal and routine judicial act," regardless of the legal theory behind any particular claim.

COMMENT: Again, treason written by lawyers. Cok does not justify judges denying fair and equal access prior to due process of law. Especially here where there is not a single criminal charge and not a single affidavit to support the judges denial of fair access to the child.

**Stump v. Sparkman 435 U.S. 349; 98 S. Ct. 1099; 55 L. Ed. 2d 331; 1978 U.S. LEXIS 74 Supreme Court of the United States Argued January 10, 1978 ; March 28, 1978; Petition For Rehearing Denied June 5, (1978).** (Judicial) immunity applies no matter how erroneous the act may have been, how injurious its consequence, how informal the proceeding, or how malicious the motive. Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.

That is void now. It is in violation of both state and federal constitution. Specifically in Article 2 Section 4 of the U.S. Constitution et al, "The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors."

**Imbler v. Pachtman 424 U.S. 409; 96 S. Ct. 984; 47 L. Ed. 2d 128; 1976 U.S. LEXIS 25 Supreme Court of the United States (1976).**

[Again,] judicial immunity was lost when Plaintiff was not afforded the constitutional protections of due process of law and equal protection of the law. The N.H.R.C.P. mentioned are contingent upon the fact that the judges obeyed their oath of office, which they clearly did not. Show me a single affidavit or shred of evidence to support their claims that they made a correct and unbiased decision to deprive Plaintiff of the child for over a year. They are not immune from prosecution, criminal nor civil. They must be impeached and sanctioned and prosecuted to the full extent of the law in accordance with Article 2 Section 4 U.S. Const.


**37. Middlesex County Ethics Comm. v. Garden State Bar Association 457 U.S. 423; 102 S. Ct. 2515; 73 L. Ed. 2d 116; 1982 U.S. LEXIS 2638; 50 U.S.L.W.**

**4712 Supreme Court of the United States (1982).**This is covered extensively in Rossi supra.Additionally;

There are extraordinary circumstances, a father has been denied fair and equal access to his child, absent evidence to support the mother's claims that Plaintiff may be a danger to the child.

According to Middlesex, [HN5] The lawyer who is charged with unethical conduct in New Jersey may have counsel, discovery is available, and all witnesses are sworn."

In the proceedings in question, Plaintiff was never afforded the same opportunity, to offer discovery and have Ms. Kimbark sworn (to tell the truth under pains and penalties of perjury), which is another example of due process violations which deprive the judiciary of immunity. Lawyers and judges expect it when they are in the defendant's table, but ignore it when they sit behind the bench and the prosecution's table.

Middlesex also decided; "The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims." Again, by denying Plaintiff due process of law, the state proceedings did not "afford an adequate opportunity to raise constitutional claims." Which is again, a denial of due process and denial of equal protection, stripping the judiciary of immunity.

38. Void where prohibited by law.

39. Further Affiant sayeth not.

ALL RIGHTS RESERVED WITHOUT PREJUDICE 1-308

Date: 28th of February, 2024

Matthew-Lane: Hassell

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

I certify that a copy of the above mentioned motion has been hand delivered and/or sent by USPS mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA.